FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

AUG 1 3 2026

TAMMY H. DOWNS, CLERK
By: DEP CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
Central Division

BRADLEY BURCHFIELD, individually and as the direct purchaser/beneficial owner of the subject claim,

Plaintiff,

v.

ALIBABA GROUP HOLDING LIMITED; ALIBABA.COM SINGAPORE E-COMMERCE PTE. LIMITED, also known as Alibaba.com Singapore E-Commerce Private Limited; ALIBABA.COM U.S. LLC; ALIBABA.COM U.S. E-COMMERCE CORP., also known as Alibaba.com US E-Commerce Corp.; ALIBABA GROUP (U.S.) INC.; ALIEXPRESS E-COMMERCE ONE PTE. LTD.; AUS MERCHANT SERVICES, INC., formerly known as Alipay U.S., Inc and Alipay U.S. Escrow, Inc.; ZICHANG NEW MATERIALS (SHANDONG) CO., LTD.; ZHISHANG NEW MATERIALS (SHANDONG) CO., LTD. (name, translation, beneficiary, affiliate, or account variation to be clarified); SHAANXI BLOOM TECH CO. LTD.; John Doe Alibaba Platform, Payment, Owner, Operator, Parent, Subsidiary, Affiliate, Agent, Business-Partner, Compliance, Payment-Routing, or Alter-Ego Entities 1-10; and John Doe Seller/ Merchant Account Operators, Sales Agents, Payment Beneficiaries, Payment Processors, Payment-Routing Participants, Chemical-Product Solicitors, Import/ Shipment Participants, and Co-Conspirators 1-20,

Defendants.

No. 4:26-cv-826-KGB

[Removed from Circuit Court of Pulaski County, Arkansas]

This case assigned to District Judge Baker
and to Magistrate Judge Harris

## NOTICE OF REMOVAL

Defendants Alibaba Group Holding Limited ("AGHL"); Alibaba Group (U.S.) Inc.;

Alibaba.com US E-Commerce Corp.; Alibaba.com U.S. LLC; and AUS Merchant Services, Inc. ("AUS") (collectively, "the Removing Defendants"), by filing this Notice of Removal and related papers, hereby remove this *pro se* lawsuit from the Circuit Court of Pulaski County, Arkansas to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 (and any other applicable laws). The Removing Defendants request that this lawsuit be assigned to Judge D.P. Marshall Jr. because it is closely related to another *pro se* lawsuit pending before Judge Marshall (*Burchfield v. Alibaba.com Singapore E-Commerce Pte. Limited, et al.*, No. 4:26-cv-00611-DPM-JJV) filed recently by the same plaintiff involving the same events alleged in this lawsuit. The grounds for this removal are set forth in more detail below.

**BACKGROUND AND PROCEDURAL HISTORY**

1. On July 8, 2026, Plaintiff commenced this lawsuit in the Circuit Court of Pulaski County, Arkansas by filing a Complaint, captioned *Bradley Burchfield v. Alibaba Group Holding Limited, et al.*, Case No. 60CV-26-8633 (the "State Court Lawsuit").[1] A copy of the Complaint and other papers filed in the State Court Lawsuit that can be downloaded online (including papers served on the Removing Defendants) are attached collectively as **Exhibit 1**.

2. In the State Court Lawsuit, Plaintiff sues the Removing Defendants and other defendants for breach of contract, fraud, and other state law claims arising out of a June 1, 2021 purchase (or attempted purchase) of a chemical product from a third-party seller via the Alibaba.com website. The Complaint seeks compensatory damages, punitive damages, and other monetary relief in excess of $75,000 and to the highest amount permitted by Arkansas law. *See*

---

[1] The case caption set forth above tracks the case caption created by Plaintiff for the State Court Lawsuit. The Removing Defendants are required to use the same caption for this Notice of Removal. By using that caption here, the Removing Defendants do not concede that the wording of the case caption is entirely correct and accurate.

Complaint ¶¶ 112-14 & page 2.

**BASIS FOR REMOVAL—DIVERSITY JURISDICTION**

3. The Removing Defendants remove the State Court Lawsuit to this Court because this Court has diversity jurisdiction, in accordance with 28 U.S.C. §§ 1332, 1441. As discussed below: (a) there is complete diversity of citizenship between Plaintiff and all Defendants (excluding the John Doe defendants[2]); and (b) the amount in controversy exceeds $75,000 (exclusive of interest and costs) as required by 28 U.S.C § 1332(a).

4. Plaintiff Bradley Burchfield is, and was when the State Court Lawsuit was commenced, a resident and citizen of the State of Arkansas. *See* Complaint ¶¶ 7, 23, 24; Lexis/Nexis SmartLinx Person Report for Bradley Burchfield (showing numerous Arkansas addresses for Plaintiff over many years; real property owned by Plaintiff in Arkansas; Plaintiff's voter registration in Arkansas; Arkansas licenses issued to Plaintiff; numerous Arkansas registrations for various vehicles owned by Plaintiff) (excerpts attached as **Exhibit 2**).[3]

5. For purposes of determining jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332, Defendant AGHL is, and was when the State Court Lawsuit was commenced, a citizen of foreign states because it is (and was) a corporation incorporated under the laws of the Cayman Islands, with its principal place of business in the People's Republic of China ("China").

6. For purposes of determining jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332, Defendant Alibaba.com Singapore E-Commerce Pte. Limited is, and was when the State Court Lawsuit was commenced, a citizen of the Republic of Singapore ("Singapore")

---

[2] John Doe defendants—*i.e.*, defendants sued under fictitious names—must be disregarded for purposes of assessing whether complete diversity exists. 28 U.S.C. § 1441(b).

[3] Out of an abundance of caution, Exhibit 2 has been redacted in certain respects. Upon request, the Removing Defendants will submit an unredacted version of Exhibit 2 to the Court.

because it is (and was) a corporation incorporated under the laws of Singapore, with its principal place of business in Singapore. Declaration of Kaixuan (Harold) Gong ("Gong Declaration") ¶ 5 (attached as **Exhibit 3**).

7. For purposes of determining jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332, Defendant Alibaba.com US E-Commerce Corp. is, and was when the State Court Lawsuit was commenced, a citizen of the State of Delaware and the State of New York because it is (and was) a corporation incorporated under the laws of the State of Delaware, with its principal place of business in the State of New York.

8. For purposes of determining jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332, Defendant Alibaba Group (U.S.) Inc. is, and was when the State Court Lawsuit was commenced, a citizen of the State of Delaware and the State of California because it is (and was) a corporation incorporated under the laws of the State of Delaware, with its principal place of business in the State of California.

9. For purposes of determining jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332, Defendant Alibaba.com U.S. LLC is, and was when the State Court Lawsuit was commenced, a limited liability company with one member—Alibaba.com US E-Commerce Corp. As an American limited liability company, Alibaba.com U.S. LLC takes the citizenship of its member for purposes of diversity jurisdiction. *See Lee v. Airgas Mid-South, Inc.*, 793 F.3d 894, 897 (8th Cir. 2015) (stating that limited liability company's citizenship is that of its members for diversity jurisdiction purposes). Thus, Defendant Alibaba.com U.S. LLC is, and was when the State Court Lawsuit was commenced, a citizen of the State of Delaware and the State of New York.

10. For purposes of determining jurisdiction based on diversity of citizenship under 28

U.S.C. § 1332, Defendant AliExpress E-Commerce One Pte. Ltd. is, and was when the State Court Lawsuit was commenced, a citizen of Singapore because it is (and was) a corporation incorporated under the laws of Singapore, with its principal place of business in Singapore. Declaration of Xingjian Zhao ("Zhao Declaration") ¶ 5 (attached as **Exhibit 4**).

11. For purposes of determining jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332, Defendant AUS is, and was when the State Court Lawsuit was commenced, a citizen of the State of Delaware and the State of California because it is (and was) a corporation incorporated under the laws of the State of Delaware, with its principal place of business in the State of California.

12. Defendant Zichang New Materials (Shandong) Co., Ltd. and Defendant Zhishang New Materials (Shandong) Co., Ltd. are two names for the same company, so this Notice of Removal refers to that defendant as "Zichang/Zhishang." Declaration of Beixiao Robert Lui ("Lui Declaration") ¶¶ 4-5 (attached as **Exhibit 5**).[4] For purposes of determining jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332, Zichang/Zhishang is, and was when the State Court Lawsuit was commenced, a citizen of China because it is (and was) a corporation incorporated under the laws of China, with its principal place of business in China. Liu Declaration ¶ 5 (and Exhibit A attached thereto).

13. For purposes of determining jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332, Defendant Shaanxi Bloom Tech Co. Ltd. is, and was when the State Court Lawsuit was commenced, a citizen of China because it is (and was) a corporation incorporated under the laws of China, with its principal place of business in China. Liu Declaration ¶¶ 6-7 (and Exhibit B and Exhibit C attached thereto).

---

[4] Undersigned counsel Beixiao Robert Liu was born in China and is fluent in Mandarin Chinese and English. Lui Declaration ¶ 3.

14. In sum, complete diversity of citizenship exists in this case based on Plaintiff's citizenship (Arkansas) and the citizenships of the defendants (Cayman Islands, China, Singapore, California, Delaware, New York).

15. The jurisdictional amount-in-controversy requirement set by 28 U.S.C. § 1332 also is satisfied because the Complaint seeks compensatory damages, punitive damages, and other monetary relief in excess of $75,000 and to the highest amount permitted by Arkansas law. *See* Complaint ¶¶ 112-14 & page 2.

**PROCEDURAL REQUIREMENTS FOR REMOVAL**

16. The Circuit Court of Pulaski County, Arkansas is located with the Eastern District of Arkansas (Central Division), so this removal satisfies 28 U.S.C. § 1446(a).

17. The State Court Lawsuit was filed on July 8, 2026. On July 15, 2026, Plaintiff attempted to serve the summons and complaint in the State Court Lawsuit on Defendant AGHL via a registered agent.[5] Plaintiff served the summons and complaint in the State Court lawsuit on the other Removing Defendants after July 15, 2026. This Notice of Removal is being filed less than thirty days after July 15, 2026, so this Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b).

18. Defendant Alibaba.com Singapore E-Commerce Pte. Limited has not been properly served within the meaning of 28 U.S.C. § 1446(b)(2)(A). Gong Declaration ¶ 3 (Exhibit 3), so the Removing Defendants are permitted to remove the State Court Lawsuit to this Court without obtaining that defendant's consent to removal. *See Hunter v. Page County, Iowa*, 102 F.4th 853,

[5] Although that was not proper service on AGHL, to simplify and narrow the issues before this Court, AGHL declines to challenge service of process in this action only, so the Court need not address that issue. The decision to forego objecting to service of process in this action should not be construed as a waiver by AGHL of the right to object to service of process in any other proceeding; AGHL reserves the right to assert that defense in other proceedings, including with respect to any similar or identical service methods used against AGHL elsewhere.

867-68 (8th Cir. 2024); *see also, e.g.*, *Shakouri v. Davis*, 923 F.3d 407, 410 (5th Cir. 2019); *Knight v. Mooring Capital Fund, LLC*, 749 F.3d 1180, 1183-84 (10th Cir. 2014). In any event, if Alibaba.com Singapore E-Commerce Pte. Limited had been properly served, that defendant would consent to removal of the State Court Lawsuit to this Court. Gong Declaration ¶ 4.

19. Defendant AliExpress E-Commerce One Pte. Ltd. has not been properly served within the meaning of 28 U.S.C. § 1446(b)(2)(A), Zhao Declaration ¶ 3 (Exhibit 4), so the Removing Defendants are permitted to remove the State Court Lawsuit to this Court without obtaining that defendant's consent to removal. *See Hunter*, 102 F.4th at 867-68; *see also, e.g.*, *Shakouri*, 923 F.3d at 410; *Knight*, 749 F.3d at 1183-84. In any event, even if AliExpress E-Commerce One Pte. Ltd. had been properly served, that defendant would consent to removal of the State Court Lawsuit to this Court. Zhao Declaration ¶ 4.

20. Defendant Zichang/Zhishang and Defendant Shaanxi Bloom Tech. Co. Ltd. have not been properly served within the meaning of 28 U.S.C. § 1446(b)(2)(A), so the Removing Defendants are permitted to remove the State Court Lawsuit to this Court without obtaining those defendants' consent to removal. *See Hunter*, 102 F.4th at 867-68; *see also, e.g.*, *Shakouri*, 923 F.3d at 410; *Knight*, 749 F.3d at 1183-84.

21. Although the Complaint names certain "John Doe" defendants, the Removing Defendants are permitted to remove the State Court Lawsuit to this Court without obtaining consent to removal from the John Doe defendants. *See, e.g.*, *Plumlee v. Humana Ins. Co.*, No. 4:09-CV-00780 GTE, 2009 WL 10676845, at *2 (E.D. Ark. Nov. 3, 2009).

22. None of the defendants are citizens of the State of Arkansas, so 28 U.S.C. § 1441(b)(2) does not preclude this removal.

23. A copy of the written notice required by 28 U.S.C. § 1446(d) is attached as **Exhibit 6**. It will be promptly filed in the Circuit Court of Pulaski County, Arkansas and promptly served on Plaintiff.

**CONCLUSION**

24. For the foregoing reasons, the Removing Defendants remove the State Court Lawsuit to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 (and any other applicable laws).

25. The Removing Defendants do not waive any defenses (including but not limited to lack of personal jurisdiction) and expressly reserve the right to raise all defenses in future proceedings.

26. If any question arises as to the propriety of this removal, the Removing Defendants request the opportunity to present written and oral argument in support of removal.

Dated: August 13, 2026

Respectfully submitted,

BALANCE LAW FIRM

By: /s/ B. Robert Liu

B. Robert Liu (NY Bar: 5697552)
1 World Trade Center, Suite 8500
New York, NY 10007
(212) 741-8080
robert.liu@balancelawfirm.com

*Attorneys for Defendants Alibaba Group Holding Limited, Alibaba Group (U.S.) Inc., Alibaba.com US E-Commerce Corp., Alibaba.com U.S. LLC, and AUS Merchant Services, Inc.*

CERTIFICATE OF SERVICE

I hereby certify that on August 13, 2026, I served a true and correct copy of the foregoing Notice of Removal (with exhibits) via United States First-Class Mail, postage prepaid, addressed to Plaintiff as follows:

Bradley Burchfield
5420 Kavanaugh Blvd. #7927
Little Rock, AR 72217

Dated: August 13, 2026

B. Robert Liu
B. Robert Liu (NY Bar: 5697552)