ELECTRONICALLY FILED
Pulaski County Circuit Court
Terri Hollingsworth, Circuit/County Clerk
2026-Jul-22 12:27:20
60CV-26-8633
C06D03 : 4 Pages

**IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS**
**CIVIL DIVISION**

**BRADLEY BURCHFIELD** **PLAINTIFF**

v. **CASE NO. 60CV-26-8633**

**ALIBABA GROUP HOLDING LIMITED, et al.** **DEFENDANTS**

**PLAINTIFF'S MOTION FOR LIMITED CORPORATE-STRUCTURE, JURISDICTIONAL, AGENCY, ALTER-EGO, SELLER-VERIFICATION, TRADE ASSURANCE, PAYMENT, AND ACTUAL-CONTROL DISCOVERY AND TO DEFER RELATED DEFENSES**

Plaintiff moves under Arkansas Rules of Civil Procedure 26, 30(b)(6), 33, 34, 36, and 42 for a limited discovery period directed to facts uniquely within Defendants' possession and necessary to determine personal jurisdiction, the proper Alibaba entity or entities, agency, apparent authority, Trade Assurance responsibility, seller verification, payment routing, successor or related entities, actual governance and control rights, and whether any corporate form was used to evade contractual or legal obligations.

**FACTS ESTABLISHING THE NEED FOR TARGETED DISCOVERY**

1. Alibaba.com US E-Commerce Corp. answered the small-claims complaint by denying participation and attributing any non-delivery to Zichang or other entities. The answer did not identify the specific Alibaba legal entity that operated the relevant platform functions, administered Trade Assurance, controlled the seller account, possessed the order records, or had authority to offer a refund or platform credit.
2. The June 29, 2026 Alibaba Non-Prosecution Agreement identifies the International Commerce Business Unit, or ICBU, as the business unit operating Alibaba.com and identifies Alibaba.com Singapore E-Commerce Pte. Limited, Alibaba.com U.S. LLC, and Alibaba.com U.S. e-Commerce Corp. as entities housing that unit.
3. The NPA Statement of Facts describes ICBU's marketplace operation, Gold and Verified supplier programs, Trade Assurance payment service through April 2021, seller policies and enforcement, private messaging and quotation systems, and transaction-related revenue. Plaintiff's contract dated June 1, 2021 bears Trade Assurance branding. Discovery is needed to identify the responsible entity during the transition period and on the contract date.
4. Alibaba customer service later reviewed or claimed to review the same order, discussed logistics and customer-service records, escalated the matter, and offered a $500 Alibaba credit. Those acts support targeted discovery into platform control, record custody, agency, and settlement authority. Plaintiff offers the communications for notice, control, and discovery relevance, not as compromise evidence proving liability or damages.
5. The AUS Non-Prosecution Agreement states that AUS and affiliates provided payment processing and settlement services enabling overseas Alibaba.com sellers to accept U.S.-dollar payments from U.S. buyers, received merchant and buyer identities and sale-order descriptions, accepted

funds into U.S. bank accounts, and associated payments with overseas merchants through unique routable beneficiary identifiers.

6. Plaintiff has not been able to verify from public information the current legal existence, owners, officers, capitalization, successor status, or operating assets of Zichang. Those facts are central because the responding Alibaba defendant affirmatively attributes responsibility to Zichang.

7. No defendant has appeared in the separately filed circuit action as of this filing. Certain defendants have been served, as demonstrated by returned certified-mail receipts. The requested discovery may be served on a particular defendant only after valid service or voluntary appearance.

## NARROW HISTORICAL CONTEXT SUPPORTING VERIFICATION DISCOVERY

8. Public federal enforcement materials concerning Li Fangwei, also known as Karl Lee, describe the alleged use of multiple China-based companies, variants of company names and addresses, and U.S.-dollar transactions to conceal the responsible commercial actor. Project Alpha reported in 2014 that Sinotech (Dalian) Carbon & Graphite Manufacturing Corporation, identified by the United States as part of that network, continued to appear as an Alibaba-verified Gold Supplier after public designation. Plaintiff does not allege that Zichang or any present Defendant is affiliated with Li Fangwei. The historical example is offered only to explain why underlying seller-verification, beneficial-ownership, related-account, address, bank-beneficiary, and name-change records are relevant.

## PUBLIC OWNERSHIP RESEARCH NARROWS THE REQUESTED DISCOVERY

9. Alibaba Group Holding Limited's 2026 Form 20-F and Exhibit 8.1 publicly identify relevant subsidiaries and consolidated entities, including Alibaba.com Singapore E-Commerce Private Limited and Alibaba Group (U.S.) Inc. Alibaba's March 31, 2026 Form 13F reports Weibo and XPeng and does not report GEO Group or CoreCivic. BlackRock's separate reported positions in Alibaba, GEO Group, and CoreCivic reflect common outside investment management, not operational control by Alibaba or a correctional company.

10. Plaintiff therefore does not seek private-prison investment discovery and does not offer common institutional ownership as proof of alter ego, conspiracy, or crime of pecuniary gain. Ownership discovery is limited to actual beneficial ownership and actual board-designation, veto, contractual, management, data-access, compliance, payment, or operational control rights. Any pecuniary-gain issue should turn on alleged transaction-related value received in connection with unlawful conduct, not lawful securities ownership.

## REQUESTED LIMITED SUBJECTS

11. the entity or entities that operated or housed ICBU, Alibaba.com, Trade Assurance, seller verification, customer service, dispute resolution, compliance, payment, refund or credit authority, and record custody during 2020 through 2022;

12. the ownership chain, intercompany agreements, shared services, officers, employees, databases, domains, and actual control rights among the named Alibaba entities;

13. any outside investor or other person possessing actual board-appointment, veto, consent, management, compliance, payment, or operational-control rights over a named Defendant, while excluding passive investment holdings lacking such rights;

14. Zichang's formation, current status, beneficial ownership, officers, capitalization, operating address, seller account, account administrators, verification records, related accounts, name changes, successor entities, bank beneficiaries, devices, IP addresses, and compliance history;
15. Order No. 91906090501027582, including contract, payment, fees, shipment, logistics, dispute, refund, credit, customer-service, and audit-log records;
16. the entity and person that reviewed the order, communicated with Plaintiff, and authorized or funded the offered $500 credit;
17. payment processing, merchant identification, beneficiary routing, fees, settlement, refund, chargeback, and transaction records;
18. the factual basis for personal-jurisdiction, nonparticipation, corporate-separateness, proper-party, agency, apparent-authority, and alter-ego defenses;
19. the identity of persons or entities responsible for each disputed platform function and any indemnity, insurance, defense, reimbursement, or allocation agreement; and
20. preservation, retention, migration, deletion, and present custody of responsive information.

**REQUESTED PROCEDURE**

1. Enter a 120-day limited discovery period beginning on the date of the Court's order;
2. Permit interrogatories, requests for production, requests for admission, and organizational depositions limited to the subjects identified above;
3. Require reasonable preservation of relevant electronically stored information and seller-account, payment, order, customer-service, corporate, and compliance records;
4. Defer disposition of personal-jurisdiction, corporate-separateness, agency, alter-ego, and proper-party defenses until the limited period closes and the parties have an opportunity to supplement their submissions;
5. Conduct a status conference after the limited period to determine additional discovery, amendment, dismissal of unrelated entities, or dispositive-motion scheduling; and
6. Grant such other relief as is just.

Respectfully submitted,

Bradley Burchfield

**Bradley Burchfield, Plaintiff Pro Se**
5420 Kavanaugh Blvd #7927
Little Rock, Arkansas 72217
Phone: 479-223-0038
Email: burchfieldbradley123@gmail.com

Date: 7/22/26, 2026

**CERTIFICATE OF SERVICE**

I certify that on 7/22/26, 2026, I served a true and correct copy of the foregoing on every defendant that had been validly served in the applicable action, at the address shown on that

defendant's proof of service, and on all counsel of record, if any, by a method permitted under Arkansas Rule of Civil Procedure 5. Returned certified-mail receipts establish service; they do not by themselves constitute an appearance. No representation is made that this certificate constitutes original service of process on an unserved defendant.

**Bradley Burchfield, Plaintiff Pro Se**
5420 Kavanaugh Blvd #7927
Little Rock, Arkansas 72217
Phone: 479-223-0038
Email: burchfieldbradley123@gmail.com