ELECTRONICALLY FILED
Pulaski County Circuit Court
Terri Hollingsworth, Circuit/County Clerk
2026-Jul-22 12:27:20
60CV-26-8633
C06D03 : 3 Pages

**IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS**
**CIVIL DIVISION**

**BRADLEY BURCHFIELD** **PLAINTIFF**

v. **CASE NO.** 60CV-26-8633

**ALIBABA GROUP HOLDING LIMITED, et al.** **DEFENDANTS**

## MEMORANDUM IN SUPPORT OF CONSOLIDATION AND LIMITED CORPORATE-STRUCTURE, JURISDICTIONAL, AGENCY, ALTER-EGO, SELLER-VERIFICATION, TRADE ASSURANCE, PAYMENT, AND ACTUAL-CONTROL DISCOVERY

### I. CONSOLIDATION IS AUTHORIZED AND WILL AVOID INCONSISTENT RULINGS

Arkansas Rule of Civil Procedure 42(a) permits consolidation of actions involving common questions of law or fact and authorizes joint proceedings designed to avoid unnecessary cost or delay. Consolidation is discretionary. Missouri Pacific Railroad Co. v. Arkansas Sheriff's Boys' Ranch, 280 Ark. 53, 655 S.W.2d 389 (1983). The two cases here concern the same order, alleged non-delivery, seller, Trade Assurance framework, customer-service response, and core records. The broader circuit complaint adds parties and theories that cannot be adjudicated efficiently in isolation from the transferred record. Returned green cards in the broader action establish service, not an appearance; no defendant has filed a responsive paper there as of this filing.

### II. ARKANSAS LAW PERMITS ALTER-EGO RELIEF WHEN THE CORPORATE FORM IS ABUSED, BUT THE ISSUE DEPENDS ON FACTS

Arkansas recognizes corporate separateness but will disregard the corporate form in special circumstances when it has been illegally or fraudulently abused to the injury of a third party. K.C. Properties of Northwest Arkansas, Inc. v. Lowell Investment Partners, LLC, 373 Ark. 14, 32-33, 280 S.W.3d 1, 15-16 (2008); Anderson v. Stewart, 366 Ark. 203, 208-14, 234 S.W.3d 295, 299-303 (2006); EnviroClean, Inc. v. Arkansas Pollution Control & Ecology Commission, 314 Ark. 98, 104, 858 S.W.2d 116, 120 (1993). The doctrine is equitable, applied cautiously, and turns on the circumstances of each case. Humphries v. Bray, 271 Ark. 962, 966, 611 S.W.2d 791, 793 (Ark. App. 1981); Banks v. Jones, 239 Ark. 396, 399, 390 S.W.2d 108, 110 (1965).

### III. THE RECURRING VEIL-PIERCING CONSIDERATIONS MAKE THE REQUESTED RECORDS MATERIAL

Arkansas decisions identify circumstances such as using an entity to hinder creditors, evade contract or statutory obligations, or perpetrate fraud or injustice. Anderson, 366 Ark. at 209-14. Anderson affirmed veil piercing where records were not properly maintained, protections and assets were withdrawn after litigation, and substantially the same operators continued the same business through another company. Winchel v. Craig involved dissolution or asset transfer after a claim arose, formation of a new company performing the same business, and failure to provide for the pending liability. 55 Ark. App. 373, 381-82, 934 S.W.2d 946, 950-51 (1996). Plaintiff does not ask the Court to declare alter ego from allegations alone; he seeks the records necessary to determine whether the nominal seller was independent, accurately identified, capable of satisfying its obligations, or connected to platform, affiliate, successor, agency, or payment entities in a legally material way.

### IV. THE DISCOVERY IS RELEVANT, PROPORTIONAL, AND LARGELY INACCESSIBLE TO PLAINTIFF

Rule 26(b)(1) permits discovery of nonprivileged matters relevant to claims or defenses and proportional to the case, considering the importance of the issues, amount in controversy, relative access to information, resources, usefulness, and burden. The relevant information is concentrated in Defendants'

corporate, seller-account, payment, compliance, and customer-service systems. Rule 33 requires a corporation to answer through an officer or agent using information available to the corporation; Rule 34 reaches documents and electronically stored information in a party's possession, custody, or control; and Rule 30(b)(6) permits an organization to designate witnesses about specified matters.

## V. THE ALIBABA AND AUS AGREEMENTS IDENTIFY CONCRETE SYSTEMS AND RECORDS

The Alibaba NPA defines ICBU as the Alibaba.com operating unit housed in Alibaba.com Singapore E-Commerce Pte. Limited, Alibaba.com U.S. LLC, and Alibaba.com U.S. e-Commerce Corp. Its Statement of Facts describes marketplace operation, Gold and Verified supplier programs, Trade Assurance, seller policies, enforcement authority, private messaging, and transaction-related fees. The AUS NPA describes payment processing for overseas Alibaba.com merchants, possession of merchant and buyer identities and sale-order descriptions, U.S.-dollar collection into U.S. bank accounts, and association of payments with merchants through unique beneficiary identifiers. Those materials do not prove liability for this order, but they identify systems and records that can answer disputed entity and jurisdiction questions.

## VI. THE LI FANGWEI/SINOTECH HISTORY IS USED ONLY TO EXPLAIN THE SELLER-VERIFICATION SUBJECTS

Federal public materials alleged that Li Fangwei used a network of China-based companies, repeated or variant addresses, new company names, and U.S.-dollar transactions to conceal the responsible actor. Project Alpha later reported that Sinotech (Dalian) Carbon & Graphite Manufacturing Corporation remained listed as an Alibaba-verified Gold Supplier after public designation. Plaintiff does not allege any connection between that network and the present Defendants. The history is used only to explain why actual seller-verification, beneficial-ownership, related-account, name-change, address, and payment-beneficiary records are material. Any later evidentiary use remains subject to the Arkansas Rules of Evidence.

## VII. PUBLIC OWNERSHIP RESEARCH DOES NOT SUPPORT A PRISON-INVESTMENT OR COMMON-INVESTOR THEORY

Alibaba Group Holding Limited's 2026 Form 20-F and Exhibit 8.1 identify relevant subsidiaries and consolidated entities, including Alibaba.com Singapore E-Commerce Private Limited and Alibaba Group (U.S.) Inc. Alibaba's Form 13F for the quarter ended March 31, 2026 lists Weibo and XPeng and does not list GEO Group or CoreCivic. BlackRock's separate Form 13F positions in Alibaba, GEO Group, and CoreCivic reflect a shared independent investment manager, not an ownership or control relationship among those issuers. Plaintiff does not rely on common institutional ownership as proof of alter ego, conspiracy, or criminal pecuniary gain and does not seek unrelated private-prison investment discovery.

## VIII. ACTUAL-CONTROL AND TRANSACTION-VALUE QUESTIONS REMAIN PROPER

The absence of a supportable prison-investment theory narrows the case; it does not eliminate discovery into actual control. The interrogatories ask whether any parent, affiliate, investor, creditor, manager, or other person possessed actual rights to appoint directors, veto decisions, direct operations, control data or compliance, administer Trade Assurance, process payments, or allocate liability. They also ask which entity received transaction-related fees, commissions, membership revenue, processing revenue, or other value. Those subjects bear directly on agency, corporate separateness, personal jurisdiction, proper-party defenses, and any properly pleaded pecuniary-gain theory tied to alleged unlawful conduct.

## IX. A LIMITED, SEQUENCED PERIOD IS THE LEAST BURDENSOME APPROACH

A 120-day targeted period followed by a status conference will permit the Court to determine the correct parties and jurisdictional facts before extensive merits discovery. It will allow Plaintiff to narrow claims or dismiss entities shown to have no role and is less burdensome than parallel cases, repeated service disputes, or piecemeal motions based on information uniquely controlled by Defendants.

**CONCLUSION**

The Court should consolidate or coordinate the actions, designate a lead case and single operative pleading, preserve the transferred record, authorize the requested limited discovery, and defer disposition of personal-jurisdiction, alter-ego, agency, and proper-party defenses until the targeted record is developed.

Respectfully submitted,

Bradley Burchfield

**Bradley Burchfield, Plaintiff Pro Se**
5420 Kavanaugh Blvd #7927
Little Rock, Arkansas 72217
Phone: 479-223-0038
Email: burchfieldbradley123@gmail.com

Date: 7/22/26, 2026

**CERTIFICATE OF SERVICE**

I certify that on 7/22/26, 2026, I served a true and correct copy of the foregoing on every defendant that had been validly served in the applicable action, at the address shown on that defendant's proof of service, and on all counsel of record, if any, by a method permitted under Arkansas Rule of Civil Procedure 5. Returned certified-mail receipts establish service; they do not by themselves constitute an appearance. No representation is made that this certificate constitutes original service of process on an unserved defendant.

Bradley Burchfield

**Bradley Burchfield, Plaintiff Pro Se**
5420 Kavanaugh Blvd #7927
Little Rock, Arkansas 72217
Phone: 479-223-0038
Email: burchfieldbradley123@gmail.com