ELECTRONICALLY FILED
Pulaski County Circuit Court
Terri Hollingsworth, Circuit/County Clerk
2026-Aug-10 15:37:09
60CV-26-8633
C06D03 : 4 Pages

**IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS**
**CIVIL DIVISION**

| | |
|---|---|
| BRADLEY BURCHFIELD,<br>Plaintiff,<br>v.<br>ALIBABA GROUP HOLDING LIMITED, *et al.*,<br>Defendants. | No. 60CV-26-8633 |

**FIVE DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR JURISDICTIONAL AND OTHER DISCOVERY AND TO DEFER RELATED DEFENSES**

Five companies named by *pro se* Plaintiff Bradley Burchfield as defendants in this lawsuit—Alibaba Group Holding Limited; Alibaba.com U.S. LLC; Alibaba.com US E-Commerce Corp.; Alibaba Group (U.S.) Inc.; and AUS Merchant Services, Inc. (collectively, "the Opposing Defendants")—hereby oppose Plaintiff's July 22, 2026 "Plaintiff's Motion for Limited Corporate-Structure, Jurisdictional, Agency, Alter-Ego, Seller-Verification, Trade Assurance, Payment, and Actual-Control Discovery and to Defer Related Defenses" ("Plaintiff's Discovery Motion").

Although the Opposing Defendants have not yet filed any responses to Plaintiff's Complaint in this lawsuit (the 30-day deadline for filing such responses has not elapsed), the Opposing Defendants file this Opposition out of an abundance of caution because the certificate of service for Plaintiff's Discovery Motion is improperly vague, which precludes the Opposing Defendants from ascertaining on which of the numerous defendants named in this lawsuit Plaintiff claims to have served Plaintiff's Discovery Motion. Plaintiff's certificate of service fails to identify any allegedly served defendant by name and fails to specify, for any allegedly served defendant,

the alleged method of service or who (which person) allegedly was served. Moreover, that certificate discusses service "on all counsel of record, if any," but there were no counsel of record when Plaintiff's Discovery Motion was filed on July 22, 2026 because no defendant had entered its appearance (or otherwise filed any papers) in this lawsuit at that time.

Plaintiff's Discovery Motion should be denied because it is premature and otherwise fundamentally flawed. Plaintiff is improperly jumping the gun by trying to present discovery issues for advisory rulings by this Court that are not actual, live discovery disputes. To be clear, there are ***no*** discovery disputes at this point in this lawsuit: (a) no defendants have filed responses to Plaintiff's Complaint; (b) there are no pending discovery requests, so the Opposing Defendants have not objected or otherwise responded to any discovery requests; and (c) the parties have not conferred about any discovery disputes, as required by Rule 37(a)(2) of the Arkansas Rules of Civil Procedure. The Court should not waste its time ruling—in a vacuum—on numerous, complicated discovery issues addressed in Plaintiff's Discovery Motion, instead of issuing a ruling based on a proper record that includes one or more specific discovery disputes arising out of one or more specific interrogatories and/or document requests and the statement required by Rule 37(a)(2).

Plaintiff's Discovery Motion (and the memorandum in support) make various assertions and arguments that are irrelevant, erroneous, and/or otherwise lack merit, but, for the reasons discussed above, there is no need and no good reason for the Opposing Defendants to litigate those assertions and arguments at this time. The lack of point-by-point rebuttals in this Opposition to Plaintiff's assertions and arguments should not be construed as any admissions by the Opposing Defendants that those assertions and arguments are relevant and/or meritorious. The Opposing

Defendants reserve the right to rebut those assertions and arguments during a later phase of this lawsuit, if necessary.

By filing this Opposition, the Opposing Defendants do not waive any defenses (including but not limited to lack of personal jurisdiction) to Plaintiff's allegations and claims, and they reserve the right to assert all defenses at a later date. This Opposition is filed to ensure that the record in this lawsuit cannot be construed by the Court or by Plaintiff as a lack of opposition to Plaintiff's Discovery Motion.

In conclusion, for the foregoing reasons, the Court should deny Plaintiff's Discovery Motion.

Dated: August 10, 2026

Respectfully submitted,

MCDANIEL WOLFF, PLLC

Bart W. Calhoun, No. 2011221
Brittany D. Webb, No. 2023139
Ginny Ashcraft, No. 2023232
1307 West 4th Street
Little Rock, AR 72201
(501) 954-8000
bart@mcdanielwolff.com
bwebb@mcdanielwolff.com
gashcraft@mcdanielwolff.com

*Attorneys for Defendants Alibaba Group Holding Limited, Alibaba.com U.S. LLC, Alibaba.com US E-Commerce Corp., Alibaba Group (U.S.) Inc., and AUS Merchant Services, Inc.*

CERTIFICATE OF SERVICE

I hereby certify that on August 10, 2026, I electronically filed the foregoing Opposition with the Clerk of the Court using the eFlex system. I further certify that, because Plaintiff is proceeding pro se and is not a registered eFlex participant, I served a true and correct copy of the foregoing Opposition via United States First-Class Mail, postage prepaid, addressed to Plaintiff as follows:

Bradley Burchfield
5420 Kavanaugh Blvd #7927
Little Rock, AR 72217

/s/ Brittany D. Webb
Brittany D. Webb, Ark. Bar No. 2023139