**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF ARKANSAS**
**Central Division**

| | |
|---|---|
| BRADLEY BURCHFIELD,<br>Plaintiff,<br>v.<br>ALIBABA GROUP HOLDING LIMITED, *et al.*,<br>Defendants. | No. 4:26-cv-00826-KGB |

**FIVE DEFENDANTS' BRIEF IN SUPPORT OF MOTION TO DISMISS**

Pursuant to Rule 12(b)(2), Rule 12(b)(6), and Rule 81(c)(2)(C) of the Federal Rules of Civil Procedure, five defendants—Alibaba Group Holding Limited ("AGHL"), Alibaba.com US E-Commerce Corp., Alibaba.com U.S. LLC, Alibaba Group (U.S.) Inc., and AUS Merchant Services, Inc. ("AUS") (collectively, the "Moving Defendants")—ask the Court to dismiss all claims asserted against them in Plaintiff's Complaint (ECF No. 2).

**PRELIMINARY STATEMENT**

This is a frivolous lawsuit by a *pro se* plaintiff—Bradley Burchfield—who is an ex-convict and frequent filer of lawsuits against various Alibaba defendants that repeatedly have been dismissed. This lawsuit arises out of an alleged purchase or attempted purchase of a chemical product via Alibaba.com ("the Alibaba.com Platform") from a third-party seller located in China—Zichang New Materials (Shandong) Co. Ltd. ("Zichang")—that is a named defendant in this lawsuit.[1] That transaction involved a contract between Burchfield Sales and Consulting LLC

[1] This brief refers to that alleged transaction as a purchase or attempted purchase of a product because Plaintiff makes inherently contradictory, implausible allegations about a factual issue that should be

("BSAC LLC")—***not*** Plaintiff—as the buyer and Zichang as the seller; none of the Moving Defendants were parties to that contract.

This lawsuit (along with Plaintiff's other pending lawsuits involving the same alleged events at issue here) is the latest chapter in a years-long vendetta that Plaintiff has pursued against various companies (and individuals) allegedly associated with the Alibaba.com Platform by filing frivolous *pro se* lawsuits in this Court, the Western District of Arkansas, and the Northern District of California. As discussed below, Plaintiff voluntarily dismissed one of those lawsuits ***with prejudice*** and, in a filed stipulation signed by him, acknowledged that: (a) dismissal is appropriate because no viable claim exists; and (b) no compensation had been paid or promised to him.

Enough is enough; the Court should end Plaintiff's harassment campaign by granting this motion for the reasons discussed in more detail below. The claims asserted against the Moving Defendants should be dismissed because Plaintiff cannot satisfy his burden of establishing that this Court has personal jurisdiction over the Moving Defendants in this case (Section I below). In the alternative, the Court should dismiss the claims asserted against the Moving Defendants because: (a) those claims are barred by res judicata principles (Section II.A below); (b) those claims are barred by applicable statutes of limitations (Section II.B below); (c) the breach-of-contract claim fails for lack of a contract between Plaintiff and any of the Moving Defendants (Section II.C below); and (d) Plaintiff is not the proper party to assert his other claims (Section II.D below). Finally, certain claims asserted against the Moving Defendants should be dismissed because the Complaint fails to plead fraud with particularity and therefore violates the heightened pleading standard imposed by Rule 9(b) of the Federal Rules of Civil Procedure (Section II.E below).

---

squarely within his own knowledge. He alleges that the product was "not delivered as promised," but he also alleges that, if the purchased product was delivered, it: (a) was "not as represented"; (b) was "not fit for the lawful commercial, industrial, rust-inhibitor, or similar represented use"; and (c) "did not satisfy the contract, advertising, seller representations, or Trade Assurance promises." Complaint ¶ 3.

## ALLEGATIONS AND PROCEDURAL HISTORY

This lawsuit, which was recently removed to this Court, involves a breach-of-contract claim (Count I) and various other Arkansas state law claims asserted against the Moving Defendants, Zichang (the Chinese third-party seller that allegedly sold the chemical product at issue here) and other defendants. The Complaint specifically refers to the alleged contract as the "Trade Assurance Purchase Contract." Complaint ¶¶ 15, 27, 65.

This is not the first or second or even third time that Plaintiff has sued AGHL and other defendants allegedly associated with the Alibaba.com Platform. As discussed below, three RICO lawsuits that he filed to seek damages for the same purchase (or attempted purchase) at issue here were dismissed by this Court, the Western District of Arkansas, and the Northern District of California. *See infra* pages 20-21. Moreover, Plaintiff filed other federal court lawsuits that named as defendants various companies and/or individuals allegedly associated with the Alibaba.com Platform.[2]

## LEGAL STANDARDS GOVERNING *PRO SE* LAWSUITS

Although a *pro se* complaint should be construed liberally, it "still must allege sufficient facts to support the claims advanced." *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004). A court presiding over a *pro se* lawsuit cannot "supply additional facts" or "construct a legal theory for

---

[2] In 2020, Plaintiff filed a lawsuit in the Western District of Arkansas (*Burchfield v. Jones, et al.*, No. 6:20-cv-06121) against numerous defendants, including President Donald Trump; Jeff Bezos; and Jack Ma, who was identified in the caption of that lawsuit as "owner Alibab.com [*sic*] and alibaba express." In 2020, Plaintiff filed a lawsuit in the Western District of Arkansas (*Burchfield v. McCormick, et al.*, No. 6:20-cv-06121) against numerous defendants, including President Donald Trump; "Members of the United States Congress"; and "Jak [*sic*] Ma," who was identified in the caption of that lawsuit as "Owner of Alibaba.com and Aliexpress.com." In 2021, Plaintiff filed a lawsuit in this Court (*Burchfield v. Clark, et al.*, No. 4:21-cv-339-DPM) against numerous defendants, including "General Assembly of Arkansas Members"; Jeff Bezos; Jack Ma, who was identified in the caption of that lawsuit as "Owner, Alibaba.com"; and David Zhang, who was identified in that caption as "CEO, Alibaba.com." All of those cases were dismissed.

plaintiff that assumes facts that have not been pleaded." *Id*. (quotation marks omitted); *see Stringer v. St. James R-1 Sch. Dist.*, 446 F.3d 799, 802 (8th Cir. 2006) (quoting *Stone*, 364 F.3d at 914).

## ARGUMENT

### I. The Court Should Dismiss The Claims Asserted Against The Moving Defendants Because Plaintiff Cannot Satisfy His Burden Of Establishing That This Court Has Personal Jurisdiction Over The Moving Defendants In This Lawsuit.

Personal jurisdiction is "an essential element" of a court's jurisdiction, "without which the court is powerless to proceed to an adjudication." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999) (quotation marks omitted). When personal jurisdiction has been controverted or denied by a defendant, the plaintiff has the burden of proving facts sufficient to establish that the court has personal jurisdiction over the defendant. *See Dever v. Hentzen Coatings, Inc.*, 380 F.3d 1070, 1072 (8th Cir. 2004). The plaintiff's personal jurisdiction showing "must be tested, not by the pleadings alone, but by the affidavits and exhibits presented with the motions and in opposition thereto." *Id*. (quotation marks omitted). Personal jurisdiction must be established as to each defendant, *see Bristol-Myers Squibb Co. v. Superior Court*, 582 U.S. 255, 268 (2017) (quoting *Rush v. Savchuk*, 444 U.S. 320, 332 (1980) (emphasis added)), so it is "plainly unconstitutional" for a court to "consider[] the 'defending parties' together and aggregat[e] their forum contacts in determining whether it ha[s] [personal] jurisdiction," *Rush*, 444 U.S. at 331-32.

One kind of personal jurisdiction is called "general jurisdiction" (also known as "all-purpose jurisdiction"). *See Bristol-Myers Squibb*, 582 U.S. at 262; *Daimler AG v. Bauman*, 571 U.S. 117, 127-28 (2014). *Daimler* "considerably altered the analytic landscape" regarding due process limitations on a court's ability to assert general personal jurisdiction over a corporate defendant. *Brown v. Lockheed Martin Corp.*, 814 F.3d 619, 629 (2d Cir. 2016) (rejecting plaintiff's reliance on pre-*Daimler* cases). After *Daimler*, due process principles preclude a court from

exercising general personal jurisdiction over a corporate defendant unless it has been sued in a forum "in which the corporation is fairly regarded as at home." *Daimler*, 571 U.S. at 137.[3] Thus, there are now two bases for asserting general personal jurisdiction—the defendant's place of incorporation and principal place of business. *See id.*

The second kind of personal jurisdiction is called "specific jurisdiction" (also known as "case-linked jurisdiction"). *See Bristol-Myers Squibb*, 582 U.S. at 262; *Daimler*, 571 U.S. at 127-28. The due process inquiry to determine whether a court can assert specific personal jurisdiction over a nonresident defendant "focuses on the relationship among the defendant, the forum, and the litigation." *Walden v. Fiore*, 571 U.S. 277, 283-84 (2014) (quotation marks omitted). Thus, for a court to assert specific personal jurisdiction consistent with due process principles, "the defendant's suit-related conduct must create a substantial connection with the forum State." *Id*. at 284. Moreover, due process limits "principally protect the liberty of the nonresident defendant—not the convenience of plaintiffs or third parties[,]" so the Supreme Court has "consistently rejected attempts to satisfy the defendant-focused 'minimum contacts' inquiry by demonstrating contacts between the plaintiff (or third parties) and the forum State." *Id*. This means that the relationship among the defendant, the forum, and the litigation "must arise out of contacts that the defendant *himself* creates with the forum State." *Id*. (emphasis in original; quotation marks omitted). In other words, "however significant the plaintiff's contacts with the forum may be, those contacts cannot be decisive." *Id*. at 285 (quotation marks omitted).

---

[3] The Arkansas long-arm statute extends personal jurisdiction to the maximum limits permissible by the United States Constitution, so this Court should focus on due process principles without separately analyzing whether that statute authorizes the Court to exercise personal jurisdiction. *See, e.g., Wilkins v. Trial Lawyers, Inc.*, No. Civ. 05-5118, 2006 WL 375618, at *3 (W.D. Ark. Jan. 25, 2006) (citing *Davis v. St. Johns Health Sys., Inc.*, 71 S.W.3d 55, 58 (Ark. 2002)).

### A. AGHL

***First***, Plaintiff cannot satisfy his burden of establishing that this Court has general personal jurisdiction over AGHL in this lawsuit because AGHL is not "at home" in Arkansas within the meaning of the Supreme Court's *Daimler* ruling discussed above. AGHL (a non-operating holding company with numerous subsidiaries) is incorporated under the laws of the Cayman Islands and has its principal place of business in the People's Republic of China. Declaration of Jieyun Li Regarding Alibaba Group Holding Limited ¶¶ 4-5 ("Li AGHL Declaration") (attached as **Exhibit 1**). AGHL is not registered to do business in Arkansas or in any other state in the United States of America. *Id*. ¶ 10. AGHL does not have any offices in Arkansas or elsewhere in the United States of America. *Id*. ¶ 11. AGHL does not have any employees in Arkansas, in the United States of America, or anywhere else in the world. *Id*. ¶ 12. Thus, Plaintiff cannot satisfy his burden of establishing that AGHL is "at home" in Arkansas, so the Court does not have general personal jurisdiction over AGHL in this lawsuit.

***Second***, Plaintiff also cannot satisfy his burden of establishing that this Court has specific personal jurisdiction over AGHL as to his claims because AGHL did not engage in "suit-related conduct" that created a substantial connection with Arkansas within the meaning of the Supreme Court's *Walden* ruling discussed above. This lawsuit involves an alleged purchase (or attempted purchase) of a product from a third-party seller via the Alibaba.com Platform. The Alibaba.com Platform is an electronic web-based platform for exchanging information and offering services online between buyers and sellers all over the world. Li AGHL Declaration ¶ 7. It is a "business-to-business" platform, which means that the platform connects potential buyers that are businesses and potential sellers that are businesses. *Id*. AGHL does not own, operate, or control the Alibaba.com Platform and does not exercise day-to-day control over the indirect subsidiary that

owns and operates that platform. *Id.* ¶¶ 8-9. AGHL does not direct, target, or specifically tailor any of its business activities to or at Arkansas or the United States of America. *Id.* ¶ 10.

Moreover, AGHL did not have any communications with Plaintiff and did not have any connection to the product that he or his company (BSAC LLC) allegedly bought or tried to buy from a third-party seller.[4] AGHL does not exercise any control over any products listed for sale, or actually sold, by third-party sellers on the Alibaba.com Platform. Li AGHL Declaration ¶ 9. AGHL did not participate in or supervise any transaction where Plaintiff (or his company) allegedly bought or tried to buy a product on the Alibaba.com Platform from the third-party seller Zichang. *Id.* ¶ 13. AGHL does not represent—and is not an agent for—any buyers or any sellers in any transactions where a buyer and a seller have made contact via the Alibaba.com Platform, so AGHL was not an agent for Zichang when Plaintiff (or his company) allegedly bought or tried to buy a product from Zichang. *Id.* ¶ 14. AGHL does not have any communications with users or members of the Alibaba.com Platform, so Plaintiff could not have communicated with AGHL about any product that he (or his company) allegedly bought or tried to buy from Zichang. *Id.* ¶ 15. AGHL does not send advertisements, marketing e-mails, or other messages—or control or have any input into the content of advertisements, marketing e-mails, or other messages—that may be sent or otherwise transmitted to potential buyers of products that sellers make available for purchase on the Alibaba.com Platform. *Id.* ¶ 16. Therefore, neither Plaintiff nor his company could have received: (a) any advertisements, marketing e-mails, or other messages from AGHL; or (b) any advertisements, marketing e-mails, or messages where AGHL had any control over their content. *Id.* AGHL does not introduce potential buyers to sellers or otherwise play any role in

---

[4] As discussed above (pages 1-2) and below (pages 25-26), the transaction at issue here actually was an alleged purchase (or attempted purchase) by BSAC LLC, not by Plaintiff himself. The Court can rule on the personal jurisdiction arguments presented here without focusing on that distinction because it does not affect the personal jurisdiction analysis.

creating any contacts between sellers and potential buyers, so AGHL could not have introduced Plaintiff (or his company) to Zichang or played any role in creating any contacts between him (or his company) and Zichang. *Id*. ¶ 17. AGHL plays no role in the sale process involving a product offered for sale by a seller to a buyer via the Alibaba.com Platform, so AGHL could not have played any role in the sale process involving any purchase (or attempted purchase) by Plaintiff (or his company) of a product offered for sale by Zichang. *Id*. ¶ 18. AGHL plays no role in manufacturing any product offered for sale by a seller to a buyer via the Alibaba.com Platform, so AGHL could not have played any role in manufacturing the product that Plaintiff (or his company) allegedly bought or tried to buy from Zichang. *Id*. ¶ 19. AGHL plays no role in the shipping and distribution process for any product offered for sale by a seller to a buyer via the Alibaba.com Platform, so AGHL could not have played any role in the shipping or distribution process for the product that Plaintiff (or his company) allegedly bought or tried to buy from Zichang. *Id*. ¶ 20. AGHL does not take possession or control of, and does not take title to, products offered for sale on the Alibaba.com Platform, so AGHL could not have taken possession or control of, and could not have taken title to, the product that Plaintiff (or his company) allegedly bought or tried to buy from Zichang. *Id*. ¶ 21. Zichang has never been an agent for AGHL, and AGHL has never stated or done anything to suggest, or create the appearance, that Zichang is AGHL's agent. *Id*. ¶ 22.

In sum, Plaintiff cannot satisfy his burden of establishing that AGHL engaged in any suit-related conduct that created a substantial connection with Arkansas, so this Court does not have specific personal jurisdiction over AGHL in this lawsuit.

**B. Alibaba.com US E-Commerce Corp.**

***First***, Plaintiff cannot satisfy his burden of establishing that this Court has general personal jurisdiction over Alibaba.com US E-Commerce Corp. in this lawsuit because that defendant is not

"at home" in Arkansas within the meaning of the Supreme Court's *Daimler* ruling. Alibaba.com US E-Commerce Corp. is incorporated under the laws of the State of Delaware and has its principal place of business in the State of New York. Declaration of Xingjian Zhao Regarding Alibaba.com US E-Commerce Corp. ¶ 4 ("Zhao Alibaba.com US E-Commerce Corp. Declaration ") (attached as **Exhibit 2**). Alibaba.com US E-Commerce Corp. is not registered to do business in Arkansas. *Id*. ¶ 7. Alibaba.com US E-Commerce Corp. has no office in Arkansas and has no employee in Arkansas. *Id*. ¶¶ 8-9. Therefore, Plaintiff cannot satisfy his burden of establishing that Alibaba.com US E-Commerce Corp. is "at home" in Arkansas, which means that the Court does not have general personal jurisdiction over that defendant in this lawsuit.

***Second***, Plaintiff also cannot satisfy his burden of establishing that this Court has specific personal jurisdiction over Alibaba.com US E-Commerce Corp. as to his claims because that defendant did not engage in "suit-related conduct" that created a substantial connection with Arkansas within the meaning of the Supreme Court's *Walden* ruling. Alibaba.com US E-Commerce Corp. does not own, operate, or control the Alibaba.com Platform and does not exercise any control over any products listed for sale, or actually sold, by third-party sellers on that platform. Zhao Alibaba.com US E-Commerce Corp. Declaration ¶ 6. Alibaba.com US E-Commerce Corp. does not direct, target, or specifically tailor any of its business activities to or at Arkansas. *Id*. ¶ 7.

Furthermore, as shown below, Alibaba.com US E-Commerce Corp. did not have any communications with Plaintiff and did not have any connection to the product that he (or his company) allegedly bought or tried to buy from the third-party seller Zichang. Alibaba.com US E-Commerce Corp. did not participate in or supervise any transaction where Plaintiff (or his company) allegedly bought or tried to buy a product on the Alibaba.com Platform from Zichang.

Zhao Alibaba.com US E-Commerce Corp. Declaration ¶ 10. Alibaba.com US E-Commerce Corp. does not represent—and is not an agent for—any buyers or any sellers in any transactions where a buyer and a seller have made contact via the Alibaba.com Platform, so Alibaba.com US E-Commerce Corp. was not an agent for Zichang when Plaintiff (or his company) allegedly bought or tried to buy a product from Zichang. *Id*. ¶ 11. Alibaba.com US E-Commerce Corp. does not have any communications with users or members of the Alibaba.com Platform, so Plaintiff could not have communicated with that defendant about any product that he (or his company) allegedly bought or tried to buy from Zichang. *Id*. ¶ 12. Alibaba.com US E-Commerce Corp. does not send advertisements, marketing e-mails, or other messages—or control or have any input into the content of advertisements, marketing e-mails, or other messages—that may be sent or otherwise transmitted to potential buyers of products that sellers make available for purchase on the Alibaba.com Platform. *Id*. ¶ 13. Therefore, neither Plaintiff nor his company could have received: (a) any advertisements, marketing e-mails, or other messages from Alibaba.com US E-Commerce Corp.; or (b) any advertisements, marketing e-mails, or messages where that defendant had any control over their content. *Id*. Alibaba.com US E-Commerce Corp. does not introduce potential buyers to sellers or otherwise play any role in creating any contacts between sellers and potential buyers, so that defendant could not have introduced Plaintiff (or his company) to Zichang or played any role in creating any contacts between him (or his company) and Zichang. *Id*. ¶ 14. Alibaba.com US E-Commerce Corp. plays no role in the sale process involving a product offered for sale by a seller to a buyer via the Alibaba.com Platform, so that defendant could not have played any role in the sale process involving any purchase (or attempted purchase) by Plaintiff (or his company) of a product offered for sale by Zichang. *Id*. ¶ 15. Alibaba.com US E-Commerce Corp. plays no role in manufacturing any product offered for sale by a seller to a buyer via the Alibaba.com

Platform, so that defendant could not have played any role in manufacturing the product that Plaintiff (or his company) allegedly bought or tried to buy from Zichang. *Id.* ¶ 16. Alibaba.com US E-Commerce Corp. plays no role in the shipping and distribution process for any product offered for sale by a seller to a buyer via the Alibaba.com Platform, so that defendant could not have played any role in the shipping or distribution process for the product that Plaintiff (or his company) allegedly bought or tried to buy from Zichang. *Id.* ¶ 17. Alibaba.com US E-Commerce Corp. does not take possession or control of, and does not take title to, products offered for sale on the Alibaba.com Platform, so Alibaba.com US E-Commerce Corp. could not have taken possession or control of, and could not have taken title to, the product that Plaintiff (or his company) allegedly bought or tried to buy from Zichang. *Id.* ¶ 18. Zichang has never been an agent for Alibaba.com US E-Commerce Corp., and Alibaba.com US E-Commerce Corp. has never stated or done anything to suggest, or create the appearance, that Zichang is Alibaba.com US E-Commerce Corp.'s agent. *Id.* ¶ 19.

In sum, Plaintiff cannot satisfy his burden of establishing that Alibaba.com US E-Commerce Corp. engaged in any suit-related conduct that created a substantial connection with Arkansas, so this Court does not have specific personal jurisdiction over that defendant in this lawsuit.

**C. Alibaba.com U.S. LLC**

***First***, Plaintiff cannot satisfy his burden of establishing that this Court has general personal jurisdiction over Alibaba.com U.S. LLC in this lawsuit because that defendant is not "at home" in Arkansas within the meaning of the Supreme Court's *Daimler* ruling discussed above. Alibaba.com U.S. LLC is a limited liability company that is organized under the laws of Delaware and has its principal place of business in Delaware. Declaration of Xingjian Zhao Regarding

Alibaba.com U.S. LLC ¶ 4 ("Zhao Alibaba.com U.S. LLC Declaration") (attached as **Exhibit 3**). Alibaba.com U.S. LLC is not registered to do business in Arkansas. *Id.* ¶ 7. Alibaba.com U.S. LLC has no office in Arkansas and has no employee or member in Arkansas. *Id.* ¶¶ 8-9. Thus, Plaintiff cannot satisfy his burden of establishing that Alibaba.com U.S. LLC is "at home" in Arkansas, so the Court does not have general personal jurisdiction over that defendant in this lawsuit.

***Second***, Plaintiff also cannot satisfy his burden of establishing that this Court has specific personal jurisdiction over Alibaba.com U.S. LLC as to his claims because that defendant did not engage in "suit-related conduct" that created a substantial connection with Arkansas within the meaning of the Supreme Court's *Walden* ruling discussed above. Alibaba.com U.S. LLC does not own, operate, or control the Alibaba.com Platform. Zhao Alibaba.com U.S. LLC Declaration ¶ 6. Alibaba.com U.S. LLC does not direct, target, or specifically tailor any of its business activities to or at Arkansas. *Id.* ¶ 7.

Furthermore, as shown below, Alibaba.com U.S. LLC did not have any communications with Plaintiff and did not have any connection to the product that he (or his company) allegedly bought or tried to buy from the third-party seller Zichang. Alibaba.com U.S. LLC does not exercise any control over any products listed for sale, or actually sold, by third-party sellers on the Alibaba.com Platform. Zhao Alibaba.com U.S. LLC Declaration ¶ 6. Alibaba.com U.S. LLC did not participate in or supervise any transaction where Plaintiff (or his company) allegedly bought or tried to buy a product on the Alibaba.com Platform from the third-party seller Zichang. *Id.* ¶ 10. Alibaba.com U.S. LLC does not represent—and is not an agent for—any buyers or any sellers in any transactions where a buyer and a seller have made contact via the Alibaba.com Platform, so that defendant was not an agent for Zichang when Plaintiff (or his company) allegedly bought or tried to buy a product from Zichang. *Id.* ¶ 11. Alibaba.com U.S. LLC does not have any

communications with users or members of the Alibaba.com Platform, so Plaintiff could not have communicated with that defendant about any product that he (or his company) allegedly bought or tried to buy from Zichang. *Id.* ¶ 12. Alibaba.com U.S. LLC does not send advertisements, marketing e-mails, or other messages—or control or have any input into the content of advertisements, marketing e-mails, or other messages—that may be sent or otherwise transmitted to potential buyers of products that sellers make available for purchase on the Alibaba.com Platform. *Id.* ¶ 13. Therefore, neither Plaintiff nor his company could have received: (a) any advertisements, marketing e-mails, or other messages from Alibaba.com U.S. LLC; or (b) any advertisements, marketing e-mails, or messages where that defendant had any control over their content. *Id.* Alibaba.com U.S. LLC does not introduce potential buyers to sellers or otherwise play any role in creating any contacts between sellers and potential buyers, so that defendant could not have introduced Plaintiff (or his company) to Zichang or played any role in creating any contacts between him (or his company) and Zichang. *Id.* ¶ 14. Alibaba.com U.S. LLC plays no role in the sale process involving a product offered for sale by a seller to a buyer via the Alibaba.com Platform, so that defendant could not have played any role in the sale process involving any purchase (or attempted purchase) by Plaintiff (or his company) of a product offered for sale by Zichang. *Id.* ¶ 15. Alibaba.com U.S. LLC plays no role in manufacturing any product offered for sale by a seller to a buyer via the Alibaba.com Platform, so that defendant could not have played any role in manufacturing the product that Plaintiff (or his company) allegedly bought or tried to buy from Zichang. *Id.* ¶ 16. Alibaba.com U.S. LLC plays no role in the shipping and distribution process for any product offered for sale by a seller to a buyer via the Alibaba.com Platform, so that defendant could not have played any role in the shipping or distribution process for the product that Plaintiff (or his company) allegedly bought or tried to buy from Zichang. *Id.* ¶ 17. Alibaba.com

U.S. LLC does not take possession or control of, and does not take title to, products offered for sale on the Alibaba.com Platform, so that defendant could not have taken possession or control of, and could not have taken title to, the product that Plaintiff (or his company) allegedly bought or tried to buy from Zichang. *Id.* ¶ 18. Zichang has never been an agent for Alibaba.com U.S. LLC, and Alibaba.com U.S. LLC has never stated or done anything to suggest, or create the appearance, that Zichang is Alibaba.com U.S. LLC's agent. *Id.* ¶ 19.

In sum, Plaintiff cannot satisfy his burden of establishing that Alibaba.com U.S. LLC engaged in any suit-related conduct that created a substantial connection with Arkansas, so this Court does not have specific personal jurisdiction over that defendant in this lawsuit.

**D. Alibaba Group (U.S.) Inc.**

***First***, Plaintiff cannot satisfy his burden of establishing that this Court has general personal jurisdiction over Alibaba Group (U.S.) Inc. in this lawsuit because that company is not "at home" in Arkansas within the meaning of the Supreme Court's *Daimler* ruling. Alibaba Group (U.S.) Inc. is incorporated under the laws of the State of Delaware and has its principal place of business in the State of California. Declaration of Jieyun Li Regarding Alibaba Group (U.S.) Inc. ¶ 4 ("Li Alibaba Group (U.S.) Inc. Declaration") (attached as **Exhibit 4**). Alibaba Group (U.S.) Inc. is not registered to do business in Arkansas. *Id.* ¶ 6. Alibaba Group (U.S.) Inc. does not have any offices or any employees in Arkansas. *Id.* ¶¶ 7-8. Therefore, Plaintiff cannot satisfy his burden of establishing that Alibaba Group (U.S.) Inc. is "at home" in Arkansas, which means that the Court does not have general personal jurisdiction over that defendant in this lawsuit.

***Second***, Plaintiff also cannot satisfy his burden of establishing that this Court has specific personal jurisdiction over Alibaba Group (U.S.) Inc. as to his claims because that defendant did not engage in "suit-related conduct" that created a substantial connection with Arkansas within the

meaning of the Supreme Court's *Walden* ruling. Alibaba Group (U.S.) Inc. does not own, operate, or control the Alibaba.com Platform and does not exercise any control over any products listed for sale, or actually sold, by third-party sellers on that platform. Li Alibaba Group (U.S.) Inc. Declaration ¶ 9. Alibaba Group (U.S.) Inc. does not direct, target, or specifically tailor any of its business activities to or at Arkansas. *Id.* ¶ 6.

Furthermore, as shown below, Alibaba Group (U.S.) Inc. did not have any communications with Plaintiff and did not have any connection to the product that he (or his company) allegedly bought or tried to buy from the third-party seller Zichang. Alibaba Group (U.S.) Inc. did not participate in or supervise any transaction where Plaintiff (or his company) allegedly bought or tried to buy a product on the Alibaba.com Platform from Zichang. Li Alibaba Group (U.S.) Inc. Declaration ¶ 10. Alibaba Group (U.S.) Inc. does not represent—and is not an agent for—any buyers or any sellers in any transactions where a buyer and a seller have made contact via the Alibaba.com Platform, so that defendant was not an agent for Zichang when Plaintiff (or his company) allegedly bought or tried to buy a product from Zichang. *Id.* ¶ 11. Alibaba Group (U.S.) Inc. does not have any communications with users or members of the Alibaba.com Platform, so Plaintiff could not have communicated with that defendant about any product that he (or his company) allegedly bought or tried to buy from Zichang. *Id.* ¶ 12. Alibaba Group (U.S.) Inc. does not send advertisements, marketing e-mails, or other messages—or control or have any input into the content of advertisements, marketing e-mails, or other messages—that may be sent or otherwise transmitted to potential buyers of products that sellers make available for purchase on the Alibaba.com Platform. *Id.* ¶ 13. Therefore, neither Plaintiff nor his company could have received: (a) any advertisements, marketing e-mails, or other messages from Alibaba Group (U.S.) Inc.; or (b) any advertisements, marketing e-mails, or messages where that defendant had any

control over their content. *Id*. Alibaba Group (U.S.) Inc. does not introduce potential buyers to sellers or otherwise play any role in creating any contacts between sellers and potential buyers, so that defendant could not have introduced Plaintiff (or his company) to Zichang or played any role in creating any contacts between him (or his company) and Zichang. *Id*. ¶ 14. Alibaba Group (U.S.) Inc. plays no role in the sale process involving a product offered for sale by a seller to a buyer via the Alibaba.com Platform, so that defendant could not have played any role in the sale process involving any purchase (or attempted purchase) by Plaintiff (or his company) of a product offered for sale by Zichang. *Id*. ¶ 15. Alibaba Group (U.S.) Inc. plays no role in manufacturing any product offered for sale by a seller to a buyer via the Alibaba.com Platform, so that defendant could not have played any role in manufacturing the product that Plaintiff (or his company) allegedly bought or tried to buy from Zichang. *Id*. ¶ 16. Alibaba Group (U.S.) Inc. plays no role in the shipping and distribution process for any product offered for sale by a seller to a buyer via the Alibaba.com Platform, so that defendant could not have played any role in the shipping or distribution process for the product that Plaintiff (or his company) allegedly bought or tried to buy from Zichang. *Id*. ¶ 17. Alibaba Group (U.S.) Inc. does not take possession or control of, and does not take title to, products offered for sale on the Alibaba.com Platform, so that defendant could not have taken possession or control of, and could not have taken title to, the product that Plaintiff (or his company) allegedly bought or tried to buy from Zichang. *Id*. ¶ 18. Zichang has never been an agent for Alibaba Group (U.S.) Inc., and Alibaba Group (U.S.) Inc. has never stated or done anything to suggest, or create the appearance, that Zichang is Alibaba Group (U.S.) Inc.'s agent. *Id*. ¶ 19.

In sum, Plaintiff cannot satisfy his burden of establishing that Alibaba Group (U.S.) Inc. engaged in any suit-related conduct that created a substantial connection with Arkansas, so this Court does not have specific personal jurisdiction over that defendant in this lawsuit.

### E. AUS

***First***, Plaintiff cannot satisfy his burden of establishing that this Court has general personal jurisdiction over AUS in this lawsuit because AUS is not "at home" in Arkansas within the meaning of the Supreme Court's *Daimler* ruling. AUS is a corporation that is incorporated under the laws of the State of Delaware and has its principal place of business in the State of California. Declaration of Jing Kang ¶ 3 ("Kang Declaration") (attached as **Exhibit 5**). AUS does not have any offices or employees in Arkansas. *Id*. ¶¶ 6-7. Therefore, Plaintiff cannot satisfy his burden of establishing that AUS is "at home" in Arkansas, which means that the Court does not have general personal jurisdiction over AUS in this lawsuit.

***Second***, Plaintiff also cannot satisfy his burden of establishing that this Court has specific personal jurisdiction over AUS as to his claims because AUS did not engage in "suit-related conduct" that created a substantial connection with Arkansas within the meaning of the Supreme Court's *Walden* ruling discussed above. Plaintiff speculates—through an "information and belief" allegation—that AUS may have been involved in processing the payment for the June 1, 2021 purchase on the Alibaba.com Platform that is at issue in this lawsuit, *see* Complaint ¶ 14, but that speculation is unfounded. AUS is not, and has not been, the only company providing payment processing services for sale/purchase e-commerce transactions consummated via the Alibaba.com Platform. Kang Declaration ¶ 8. Several other companies provide, and have provided, payment processing services for sale/purchase e-commerce transactions consummated via the Alibaba.com Platform. *Id*. AUS did not process any Alibaba.com transaction in which "Burchfield" was the buyer between May 15, 2021 to June 15, 2021, so AUS did not participate in or supervise the transaction at issue in this lawsuit. *Id*. ¶ 9.[5] AUS does not own, operate, or control the Alibaba.com

[5] The search conducted by AUS for transactions processed by AUS between May 15, 2021 to June 15, 2021 in which "Burchfield" was the buyer would capture any transaction in which the buyer's name included the

Platform. Kang Declaration ¶ 10. AUS does not direct, target, or specifically tailor any of its business activities to or at Arkansas. *Id.* ¶ 5.

Furthermore, as shown below, AUS did not have any communications with Plaintiff and did not have any connection to the product that he (or his company) allegedly bought or tried to buy from the third-party seller Zichang. AUS does not exercise any control over any products listed for sale, or actually sold, by third-party sellers on the Alibaba.com Platform. Kang Declaration ¶ 10. AUS does not represent—and is not an agent for—any buyers or any sellers in any transactions where a buyer and a seller have made contact via the Alibaba.com Platform, so AUS was not an agent for Zichang when Plaintiff (or his company) allegedly bought or tried to buy a product from Zichang. *Id.* ¶ 11. AUS does not have any communications with buyers of products on the Alibaba.com Platform, so Plaintiff could not have communicated with AUS about any product that he (or his company) allegedly bought or tried to buy from Zichang. *Id.* ¶ 12. AUS does not send advertisements, marketing e-mails, or other messages—or control or have any input into the content of advertisements, marketing e-mails, or other messages—that may be sent or otherwise transmitted to potential buyers of products that sellers make available for purchase on the Alibaba.com Platform. *Id.* ¶ 13. Therefore, neither Plaintiff nor his company could have received: (a) any advertisements, marketing e-mails, or other messages from AUS; or (b) any advertisements, marketing e-mails, or messages where AUS had any control over their content. *Id.* AUS does not introduce potential buyers to sellers or otherwise play any role in creating any contacts between sellers and potential buyers, so AUS could not have introduced Plaintiff (or his company) to Zichang or played any role in creating any contacts between him (or his company) and Zichang. *Id.* ¶ 14. AUS plays no role in manufacturing any product offered for sale by a seller

word "Burchfield," regardless of whether that word was part of an individual's name or part of a company's name. Kang Declaration ¶ 9.

to a buyer via the Alibaba.com Platform, so AUS could not have played any role in manufacturing the product that Plaintiff (or his company) allegedly bought or tried to buy from Zichang. *Id*. ¶ 15. AUS plays no role in the shipping and distribution process for any product offered for sale by a seller to a buyer via the Alibaba.com Platform, so AUS could not have played any role in the shipping or distribution process for the product that Plaintiff (or his company) allegedly bought or tried to buy from Zichang. *Id*. ¶ 16. AUS does not take possession or control of, and does not take title to, products offered for sale on the Alibaba.com Platform, so AUS could not have taken possession or control of, and could not have taken title to, the product that Plaintiff (or his company) allegedly bought or tried to buy from Zichang. *Id*. ¶ 17. Zichang has never been an agent for AUS, and AUS has never stated or done anything to suggest, or create the appearance, that Zichang is AUS's agent. *Id*. ¶ 18.

In sum, Plaintiff cannot satisfy his burden of establishing that AUS engaged in any suit-related conduct that created a substantial connection with Arkansas, so this Court does not have specific personal jurisdiction over AUS in this lawsuit.

## II. In The Alternative, The Court Should Dismiss All Claims Asserted Against The Moving Defendants Because Those Claims Are Flawed In Various Respects.

### A. Plaintiff's Claims are Barred by Res Judicata Principles.

The claim-preclusive effect of a judgment issued by a federal court in a federal question case is an issue of federal common law. *See In re Finstad*, 4 F.4th 693, 696 (8th Cir. 2021). The preclusive effect of a judgment is defined by claim preclusion and issue preclusion, which are collectively referred to as "res judicata." *See New Hampshire v. Maine*, 532 U.S. 742, 748 (2001). Under the doctrine of claim preclusion, a final judgment forecloses successive litigation of the same claim, whether or not relitigation of the claim raises the same issues as the earlier suit. *See id.* Issue preclusion bars "successive litigation of an issue of fact or law actually litigated and

resolved in a valid court determination essential to the prior judgment," even if the issue recurs in the context of a different claim. *Id.* at 748-49. By precluding parties from contesting matters that parties have had a full and fair opportunity to litigate, claim preclusion and issue preclusion "protect[] their adversaries from the expense and vexation attending multiple lawsuits, conserve[] judicial resources, and foster[] reliance on judicial action by minimizing the possibility of inconsistent decisions." *Montana v. United States*, 440 U.S. 147, 153-54 (1979).

In light of Plaintiff's prior lawsuits in three different federal courts, res judicata principles preclude Plaintiff from revisiting the same alleged factual and legal issues in this lawsuit.

Plaintiff previously asserted civil RICO claims, which arose out of the same Alibaba.com transaction at issue in this lawsuit, in this Court in a lawsuit captioned *Burchfield v. Alibaba.com LLC, et al.*, No. 4:22-cv-00861-LPR (E.D. Ark.). The Complaint filed by Plaintiff in that case is attached as **Exhibit 6**.[6] Plaintiff voluntarily dismissed that lawsuit ***with prejudice***, in a stipulation signed by him acknowledging that "dismissal is appropriate because no viable claim exists." February 2023 Stipulation of Dismissal (attached as **Exhibit 7**). That stipulation also stated that "no compensation in any form has passed directly or indirectly to Plaintiff and no promise, understanding, or agreement to give any such compensation has been made." *Id.*

Plaintiff also asserted civil RICO claims, which arose out of the same Alibaba.com transaction at issue in this lawsuit, in a California federal court in a lawsuit captioned *Burchfield v. Alibaba Group Holding Ltd., et al.*, No. 4:22-cv-02925-HSG (N.D. Cal.). Plaintiff filed an Amended Complaint in that case (attached as **Exhibit 8**), after 28 U.S.C. § 1915 screening of his initial complaint led the court to: (a) hold that it failed to state a RICO claim; and (b) dismiss that

---

[6] That pleading and some of the other exhibits attached to this brief are publicly available court records, so this Court is permitted to take judicial notice of those records without converting this motion to dismiss into a motion for summary judgment. *See, e.g.*, *Stahl v. U.S. Dep't of Agriculture*, 327 F.3d 697, 700 (8th Cir. 2003); *State of Missouri ex rel. Nixon v. Coeur D'Alene Tribe*, 164 F.3d 1102, 1107 (8th Cir. 1999).

pleading with leave to amend. After Plaintiff filed the Amended Complaint, the court dismissed it without leave to amend, stating that the court was "convinced that [Plaintiff] cannot allege facts to cure the defects" identified by the court's order and that "granting Plaintiff further leave to amend would be futile." Order Dismissing Case (attached as **Exhibit 9**).

Plaintiff also asserted civil RICO claims, which arose out of the same Alibaba.com transaction at issue in this lawsuit, in a lawsuit that was initially filed in this Court and then transferred to the Western District of Arkansas, captioned *Burchfield v. Alibaba Group Holding Ltd., et al.*, No. 1:22-cv-01023-SOH (W.D. Ark.). The Complaint and Amended Complaint filed in that lawsuit are attached respectively as **Exhibit 10** and **Exhibit 11**. After engaging in 28 U.S.C. § 1915 screening of those pleadings, Magistrate Judge Bryant issued a report and recommendation in May 2022: (a) stating that Plaintiff was then "an inmate of the Randall L. Williams Correctional Facility of the Arkansas Division of Correction"; (b) recommending that all of his "federal claims be dismissed for failure to state a claim;"; and (c) recommending that "the Court certify pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith." *Burchfield v. Alibaba Group Holding Ltd.*, No. 1:22-cv-01023-SOH, 2022 WL 2082306, at *1, 10 (W.D. Ark. May 17, 2022). Judge Hickey adopted that report and recommendation in its entirety, dismissing Plaintiff's federal claims "for failure to state a claim upon which relief may be granted" and certifying "that an in forma pauperis appeal of this Order would not be taken in good faith." *Burchfield v. Alibaba Group Holding Ltd.*, No. 1:22-cv-01023-SOH, 2022 WL 2079880 (W.D. Ark. June 9, 2022).

This lawsuit is a perfect example of why courts use res judicata principles to prevent the kind of duplicative, vexatious litigation abuse perpetrated by Plaintiff. After unsuccessfully pursuing claims arising out of the same purchase (or attempted purchase) at issue here in three prior federal lawsuits against various defendants that Plaintiff believes are associated with the

Alibaba.com Platform, he is not allowed to continue his harassment campaign by trying to take yet another bite of the apple. Plaintiff could have asserted the claims alleged in this lawsuit in those prior lawsuits. He apparently thinks that he is allowed to clog up court dockets by vexatiously relitigating *ad nauseam* the same purchase (or attempted purchase) at issue here in multiple, duplicative lawsuits against various defendants that he believes are associated with the Alibaba.com Platform, but that is not correct because res judicata principles give courts tools to protect defendants from "the expense and vexation attending multiple lawsuits, conserve[] judicial resources, and foster[] reliance on judicial action by minimizing the possibility of inconsistent decisions." *Montana*, 440 U.S. at 153-54. Plaintiff had full and fair opportunities to litigate his claims against various Alibaba defendants in his prior lawsuits, so the Court should dismiss all claims asserted against the Moving Defendants based on res judicata principles.

**B. Plaintiff's Claims are Barred by the Applicable Statutes of Limitations.**

This lawsuit involves a June 1, 2021 purchase (or attempted purchase) of a product via the Alibaba.com Platform pursuant to a contract (the "Trade Assurance Purchase Contract") between Zichang (the seller) and BSAC LLC (the buyer). *See* Complaint ¶ 3, 15; Trade Assurance Purchase Contract (ECF No. 1-2, at ECF page 367). Plaintiff waited more than five years and then filed this lawsuit on July 8, 2026.

Plaintiff's claims are barred by the applicable statutes of limitations. Under Arkansas law, a statute-of-limitations period begins to run when there is a "complete and present cause of action," which means "when the injury occurs, not when it is discovered." *Dye v. Diamante*, 2017 Ark. 42, *9, 510 S.W.3d 759, 765 (2017) (quotation marks omitted).

Count I is a breach-of-contract claim, but BSAC LLC—***not*** Plaintiff—was a party to the alleged contract for the purchase (or attempted purchase) of the chemical product at issue here,

and none of the Moving Defendants were parties to that contract. Thus, for purposes of this motion to dismiss, Count I is governed by a three-year statute of limitations that governs an action "founded upon any contract, obligation, or liability not under seal and not in writing," Ark. Code Ann. § 16-56-105(1), or an action "founded on any contract or liability, express or implied," Ark. Code Ann. § 16-56-105(3); *see Pounders v. Rief*, 2009 Ark. 581 (2009) (distinguishing between three-year statute of limitations applicable to actions for breach of an implied contract and five-year statute of limitations applicable to actions for breach of a written contract, Ark. Code Ann. § 16-56-111). In this case, the three-year statute of limitations applies because "there was not a written contractual agreement that would bring [Plaintiff's] claim under the five-year statute of limitations." *Pounders*, 2009 Ark. 581, at *3. Plaintiff filed this lawsuit more than three years after the alleged injury occurred, so Count I is barred by the statute of limitations.[7] In the alternative, if the Court concludes that the five-year statute-of-limitations for breach of a written contract, Ark. Code Ann. § 16-56-111, should apply to Count I, that claim still would be time-barred. Plaintiff filed this lawsuit more than five years after the alleged injury occurred, so Count I is barred by that statute of limitations, if it applies to Count I.

Likewise, Count II ("Fraud/Misrepresentation/Fraudulent Concealment") is barred by the applicable statute of limitations. The limitations period for fraud is three years. *See Riddle v. Udouj*, 371 Ark. 452, 461, 267 S.W.3d 586, 593 (2007) (citing Ark. Code Ann. § 16-56-105); *Nobles v. Tumey*, 2010 Ark. App. 731, *9, 379 S.W.3d 639, 646 (2010) (same). If Plaintiff was

[7] Even assuming for the sake of argument that Plaintiff's discovery of the alleged injury were deemed relevant under Arkansas law, Plaintiff's prior litigation conduct establishes that Plaintiff discovered the alleged injury more than four years before he filed this lawsuit on July 8, 2026. The Complaint (Exhibit 10) and Amended Complaint (Exhibit 11) in one of Plaintiff's prior lawsuits (discussed above) were filed respectively in February and March 2022, so Plaintiff was aware of the alleged injury more than four years before he filed this lawsuit.

defrauded, his alleged injury occurred well over three years ago, so Count II should be dismissed as untimely.

Count III, which alleges a claim based on the Arkansas Deceptive Trade Practices Act ("ADTPA"), also is barred by the applicable statute of limitations. The limitations period for an ADTPA claim is five years. *See* Ark. Code Ann. § 4-88-115; *Sheppard v. Orkin Exterminating Co.*, No. 4:07CV01183 BSM, 2009 WL 1850312, at *2 (E.D. Ark. June 26, 2009) (citing Ark. Code Ann. § 4-88-115). If Plaintiff was injured by an ADTPA violation, that alleged injury occurred more than five years ago, so Count III should be dismissed as untimely.

Count IV alleges that Plaintiff is entitled to civil remedies as a person injured or damaged by felony conduct, *see* Ark. Code Ann. § 16-118-107, but that claim also is barred by the applicable statute of limitations. In Count IV (Paragraphs 87-88), Plaintiff alleges felony predicate acts involving computer fraud (Ark. Code Ann. § 5-41-103) and theft by deception (Ark. Code Ann. § 5-36-103). The limitations period for computer fraud is three years. Ark. Code Ann. § 5-41-103(c). Fraud is the most closely analogous claim to a theft-by-deception claim, so the three-year limitations period for fraud claims also should apply to Count IV. If Plaintiff was injured by felony conduct as alleged in the Complaint, that alleged injury occurred more than three years ago, which means that Count IV should be dismissed as untimely.

Count V ("Unjust Enrichment") is another untimely claim that is barred by the applicable statute of limitations. The limitations period for an unjust enrichment claim is three years. *See Graham v. Catamaran Health Solutions LLC*, 940 F.3d 401, 408 (8th Cir. 2017) (citing Ark. Code Ann. § 16-56-105). If any of the Moving Defendants were unjustly enriched as alleged in the Complaint, that occurred more than three years ago, so Count V should be dismissed as untimely.

Finally, Count VI alleges a civil conspiracy claim that also is barred by the applicable statute of limitations. In Arkansas, civil conspiracy "is not a stand-alone claim; rather, claims alleging civil conspiracy are governed by the applicable statute of limitations for the underlying wrong that is the object of the conspiracy." *Graham*, 940 F.3d at 408. Alleged fraudulent conduct is the underlying wrong that is the object of the alleged civil conspiracy in this case, *see* Complaint ¶ 100, so the three-year limitations period applicable to fraud claims applies to Count VI. For the reasons discussed above, Count VI should be dismissed as untimely.[8]

### C. Plaintiff's Breach-of-Contract Claim (Count I) Fails Because there was no Contract between Plaintiff and any of the Moving Defendants.

The first element of a breach-of-contract claim requires a plaintiff to establish "that [plaintiff] and [defendant] entered into a contract." Arkansas Model Jury Instructions-Civil, AMI 2401. Plaintiff's breach-of-contract claim (Count I) is flawed because it fails both aspects of that fundamental requirement.

***First***, BSAC LLC—***not*** Plaintiff—was the party to the alleged contract involving the purchase (or attempted purchase) of the chemical product at issue in this lawsuit. The first page of that contract (the "Trade Assurance Purchase Contract") identifies BSAC LLC as the "Buyer's Registered Company Name/Contact Name" (ECF No.1-2, at ECF page 367). This Court is allowed to consider the contract itself when ruling on this motion to dismiss because that document is "necessarily embraced by the pleadings." *Schreiner v. Quicken Loans, Inc.*, 774 F.3d 442, 444 (8th Cir. 2014). The Complaint alleges the content of the contract, *see, e.g.*, Complaint ¶¶ 15, 27, and specifically identifies that contract as one of Plaintiff's exhibits, *id*. ¶ 120, and Plaintiff filed that

---

[8] The last two counts in the Complaint (Count VII and Count VIII) allege a grab-bag of legal theories and remedies that are not free-standing causes of action in their own right, so there is no need for the Court to analyze whether those counts are timely. If the other claims are dismissed on statute of limitations grounds (or on other grounds), then Count VII and Count VIII also must be dismissed.

contract (ECF No. 1-2, at ECF pages 367-74) in this lawsuit without questioning the authenticity of that document, so it does not matter that he did not physically attach the contract to his Complaint, *see Hughes v. City of Cedar Rapids, Iowa*, 840 F.3d 987, 998 (8th Cir. 2016) (stating that "materials that are necessarily embraced by the pleadings" within the meaning of *Schreiner*, 774 F.3d at 444, "include documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleadings" (quotation marks omitted)).[9]

To state the obvious, Plaintiff and BSAC LLC are legally separate and distinct,[10] so Plaintiff—who was not the buyer/signatory for the contract at issue in Count I—is not the proper party to seek damages for an alleged breach of that contract. For example, if Plaintiff had been sued in a breach-of-contract lawsuit for failing to pay for the chemical product at issue in this lawsuit, he could have defended against that lawsuit by arguing that he is not the proper defendant—and pointing out: (a) that the contract shows BSAC LLC (not Plaintiff) as the buyer; and (b) that BSAC LLC (not Plaintiff) is a party to that contract. Moreover, if Plaintiff were to recover breach-of-contract damages here on Count I, nothing would preclude BSAC LLC from subsequently seeking damages from the Moving Defendants in a separate lawsuit for the same alleged breach of contract. Plaintiff is not entitled to reap the benefits of doing business through a limited liability company (BSAC LLC) and then disregard the corporate form, when it suits his

[9] The Complaint alleges that "Plaintiff entered into an Alibaba.com Trade Assurance Purchase Contract for Order No.91906090501027582," Complaint ¶ 27, but that is incorrect, as shown by the contract itself (discussed above). In fact, ***BSAC LLC*** entered into that contract, so any actions by Plaintiff must have been taken on behalf of BSAC LLC in his capacity as a member and/or officer of that limited liability company.

[10] "[A] corporation and its stockholders are separate and distinct, even though a stockholder may own the majority or all of the stock," and that rule applies "to limited liability companies and their members." *Thomason v. Randall*, No. 4:12-CV-4155, 2015 WL 247707, at *3 & n.1 (W.D. Ark. Jan. 20, 2015).

litigation strategy, by suing in his individual capacity to seek damages for breach of a contract that was entered into by BSAC LLC—not by Plaintiff.[11]

***Second***, the breach-of-contract claim also is fundamentally flawed because none of the Moving Defendants were parties to the Trade Assurance Purchase Contract, so those defendants did not enter into that contract. Whatever may eventually be established regarding Plaintiff's allegations that ***Zichang*** entered into (and then breached) the contract, that does not mean that the Moving Defendants can be held liable for breaching a contract that they did not sign or otherwise enter into as parties to the contract. For this reason as well, Count I should be dismissed as to the Moving Defendants.

**D. Plaintiff's Other Claims (Count II through Count VI) Fail Because Plaintiff is not the Proper Party to Assert them.**

Plaintiff is not the proper party to assert the other claims alleged in this lawsuit, so those claims should be dismissed on that basis as well. Assuming for the sake of argument that any injuries were caused that can fairly be traced to the Moving Defendants' conduct alleged in the Complaint (which the Moving Defendants deny), such injuries were felt by BSAC LLC, not Plaintiff. Thus, if Plaintiff were to recover damages here for any of the claims asserted in Count II through Count VI, nothing would preclude BSAC LLC from later seeking damages in a separate lawsuit against the Moving Defendants for the same conduct alleged in those claims.

**E. The Complaint Violates Rule 9(b)'s Heightened Pleading Standard Because it Fails to Plead Fraud with Particularity.**

"Claims grounded in fraud must meet the heightened pleading requirement in Rule 9(b) [of the Federal Rules of Civil Procedure]," *Collins v. Metropolitan Life Ins. Co.*, 117 F.4th 1010, 1017

---

[11] Moreover, Paragraph 12.8 of the Trade Assurance Purchase Contract (ECF No. 1-2, at ECF page 374) states that "[n]either party may assign this Contract, in whole or in part, to any third party." Plaintiff was not a party to that contract, so he is a "third party" to that contract within the meaning of Paragraph 12.8.

(8th Cir. 2024), which means that a plaintiff alleging fraud "'must state with particularity the circumstances constituting fraud,'" *id.* (quoting Rule 9(b)). "When Rule 9(b) applies, the complaint must allege such matters as the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what was obtained or given up thereby." *Collins*, 117 F.4th at 1017 (quotation marks omitted). In other words, Rule 9(b) requires a plaintiff to plead "the who, what, when, where, and how: the first paragraph of any newspaper story." *Summerhill v. Terminix, Inc.*, 637 F.3d 877, 880 (8th Cir. 2011) (quotation marks omitted).

Plaintiff's vague fraud claim (Count II) falls well short of satisfying the heightened pleading requirement of Rule 9(b). Plaintiff does not identify with particularity the time, place, and contents of the allegedly false representations, nor do his allegations identify the person(s) who allegedly made the misrepresentation(s) and what allegedly was obtained or given up due to the misrepresentation(s). Thus, Count II should be dismissed on that basis as well.

The ADTPA claim (Count III), which accuses defendants of engaging in "deceptive, false, unconscionable, or misleading business practices," Complaint ¶ 75, also fails to satisfy the Rule 9(b) heightened pleading standard. That statutory deceptive trade practices claim is covered by Rule 9(b) and must satisfy the pleading-with-particularity requirement. *See E-Shops Corp. v. U.S. Bank Nat'l Ass'n*, 678 F.3d 659, 665 (8th Cir. 2012) (holding that claim alleging violation of Minnesota's deceptive trade practices act was required to satisfy Rule 9(b) heightened pleading requirement); *U.S. ex rel. Beck v. Truradiation Partners Arkansas LLC*, No. 5:15-CV-5275, 2018 WL 2993539, at *2 (W.D. Ark. June 14, 2018) (holding that ADTPA claim "must be pleaded with particularity in order to survive dismissal"). Count III is vague and lacks the details required by Rule 9(b). Plaintiff does not identify the time, place, and contents of the allegedly false representations with particularity, and he fails to identify the person(s) who allegedly made the

misrepresentation(s) and what allegedly was obtained or given up due to the misrepresentation(s)—so Count III should be dismissed.[12]

## CONCLUSION

For the foregoing reasons, the Court should grant this motion and dismiss all claims asserted against the Moving Defendants for lack of personal jurisdiction. In the alternative, the Court should dismiss all claims asserted against the Moving Defendants because those claims are flawed for the reasons set forth above in Section II.

Dated: August 20, 2026

Respectfully submitted,

McDANIEL WOLFF, PLLC

Bart W. Calhoun, No. 2011221
Brittany D. Webb, No. 2023139
Ginny Ashcraft, No. 2023232
McDaniel Wolff, PLLC
1307 West 4th Street
Little Rock, AR 72201
(501) 954-8000
bart@mcdanielwolff.com
bwebb@mcdanielwolff.com
gashcraft@mcdanielwolff.com

and

BALANCE LAW FIRM

B. Robert Liu (NY Bar: 5697552)
1 World Trade Center, Suite 8500
New York, NY 10007
(212) 741-8080
robert.liu@balancelawfirm.com

*Attorneys for Defendants Alibaba Group Holding Limited, Alibaba.com US E-Commerce Corp., Alibaba.com U.S. LLC, Alibaba Group (U.S.) Inc., and AUS Merchant Services, Inc.*

---

[12] Plaintiff's claims are flawed for various other reasons, but there is no need to belabor the point here by making this brief longer than necessary. The Moving Defendants reserve the right to assert other arguments later to challenge Plaintiff's claims.