# EXHIBIT 2

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF ARKANSAS**

| | |
|---|---|
| BRADLEY BURCHFIELD,<br><br>Plaintiff,<br><br>v.<br><br>ALIBABA.COM SINGAPORE E-COMMERCE PRIVATE LIMITED, *et al.*,<br><br>Defendants. | No. 4:26-cv-00611-DPM |

**DECLARATION OF XINGJIAN ZHAO**
**REGARDING ALIBABA.COM US E-COMMERCE CORP.**

I, Xingjian Zhao, declare as follows:

1. I make this declaration based on personal knowledge and my review of corporate records in the regular course of my duties. I am over the age of eighteen and am authorized to make the statements set forth in this declaration. If called as a witness, I could and would competently testify to the statements set forth below.

2. I am Senior Legal Counsel for Alibaba.com Hong Kong Limited, which provides legal services to "Alibaba" entities and affiliates, including Defendant Alibaba.com US E-Commerce Corp.

3. As part of my duties and responsibilities, I coordinate and supervise the work of outside counsel representing "Alibaba" companies in U.S. litigation, including Alibaba.com US E-Commerce Corp. In the course of providing legal services and guidance to "Alibaba" companies, I have learned, and on that basis can testify to, the following information.

4. Alibaba.com US E-Commerce Corp. is a corporation that is incorporated under the laws of the State of Delaware and has its principal place of business in the State of New York.

5. Alibaba.com US E-Commerce Corp. is a separate legal entity and maintains its own books and records.

6. Alibaba.com US E-Commerce Corp. does not own, operate, or control Alibaba.com ("the Alibaba.com Platform") and does not exercise any control over any products listed for sale, or actually sold, by third-party sellers on the Alibaba.com Platform.

7. Alibaba.com US E-Commerce Corp. is not registered to do business in the State of Arkansas. Alibaba.com US E-Commerce Corp. does not direct, target, or specifically tailor any of its business activities to or at the State of Arkansas.

8. Alibaba.com US E-Commerce Corp. has no office in the State of Arkansas.

9. Alibaba.com US E-Commerce Corp. has no employee in the State of Arkansas.

10. Alibaba.com US E-Commerce Corp. did not participate in or supervise any transaction where Plaintiff Bradley Burchfield (or his company) allegedly bought or tried to buy a product on the Alibaba.com Platform from a third-party seller called Zichang New Materials (shandong) Co. Ltd. ("Zichang").

11. Alibaba.com US E-Commerce Corp. does not represent – and is not an agent for – any buyers or any sellers in any transactions where a buyer and a seller have made contact via the Alibaba.com Platform, so Alibaba.com US E-Commerce Corp. was not an agent for Zichang when Mr. Burchfield (or his company) allegedly bought or tried to buy a product from Zichang.

12. Alibaba.com US E-Commerce Corp. does not have any communications with users or members of the Alibaba.com Platform, so Mr. Burchfield could not have communicated with Alibaba.com US E-Commerce Corp. about any product that Mr. Burchfield (or his company) allegedly bought or tried to buy from Zichang.

13. Alibaba.com US E-Commerce Corp. does not send advertisements, marketing e-mails, or other messages – or control or have any input into the content of advertisements, marketing e-mails, or other messages – that may be sent or otherwise transmitted to potential buyers of products that sellers make available for purchase on the Alibaba.com Platform. Therefore, neither Mr. Burchfield nor his company could have received: (a) any advertisements, marketing e-mails, or other messages from Alibaba.com US E-Commerce Corp.; or (b) any advertisements, marketing e-mails, or messages where Alibaba.com US E-Commerce Corp. had any control over their content.

14. Alibaba.com US E-Commerce Corp. does not introduce potential buyers to sellers or otherwise play any role in creating any contacts between sellers and potential buyers, so Alibaba.com US E-Commerce Corp. could not have introduced Mr. Burchfield (or his company) to Zichang or played any role in creating any contacts between Mr. Burchfield (or his company) and Zichang.

15. Alibaba.com US E-Commerce Corp. plays no role in the sale process involving a product offered for sale by a seller to a buyer via the Alibaba.com Platform, so Alibaba.com US E-Commerce Corp. could not have played any role in the sale process involving any purchase (or attempted purchase) by Mr. Burchfield (or his company) of a product offered for sale by Zichang.

16. Alibaba.com US E-Commerce Corp. plays no role in manufacturing any product offered for sale by a seller to a buyer via the Alibaba.com Platform, so Alibaba.com US E-Commerce Corp. could not have played any role in manufacturing the product that Mr. Burchfield (or his company) allegedly bought or tried to buy from Zichang.

17. Alibaba.com US E-Commerce Corp. plays no role in the shipping and distribution process for any product offered for sale by a seller to a buyer via the Alibaba.com Platform, so

Alibaba.com US E-Commerce Corp. could not have played any role in the shipping or distribution process for the product that Mr. Burchfield (or his company) allegedly bought or tried to buy from Zichang.

18. Alibaba.com US E-Commerce Corp. does not take possession or control of, and does not take title to, products offered for sale on the Alibaba.com Platform, so Alibaba.com US E-Commerce Corp. could not have taken possession or control of, and could not have taken title to, the product that Mr. Burchfield (or his company) allegedly bought or tried to buy from Zichang.

19. Zichang has never been an agent for Alibaba.com US E-Commerce Corp. Alibaba.com US E-Commerce Corp. has never stated or done anything to suggest, or create the appearance, that Zichang is Alibaba.com US E-Commerce Corp.'s agent.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 20th day of August, 2026.

Xingjian Zhao