FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

AUG 27 2026

TAMMY H. DOWNS, CLERK
By: DEP CLERK

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

| | |
|---|---|
| **BRADLEY BURCHFIELD**<br>**Plaintiff,** | **Case No.**<br>**4:26-cv-00826-KGB** |
| **v.** | **Hon. Kristine G. Baker** |
| **ALIBABA GROUP HOLDING LIMITED, et al.**<br>**Defendants.** | |

# PLAINTIFF'S MOTION TO DISQUALIFY COUNSEL, OR ALTERNATIVELY FOR VERIFIED CONFLICT DISCLOSURE AND HEARING

Plaintiff Bradley Burchfield moves under the Court's inherent authority, the governing professional-conduct rules, and the authorities stated in the accompanying brief to disqualify Beixiao Robert Liu, to the extent the live docket confirms his current appearance and affiliation with Balance Law PLLC; and Bart W. Calhoun, Virgina Ashcraft and Brittany Dawn Webb, to the extent the live docket confirms their current appearances and affiliation with McDaniel, Wolff, Ward, Calhoun, & Richardson, PLLC d/b/a McDaniel Wolff. If the Court concludes that the present record does not yet justify that extraordinary remedy, Plaintiff requests verified disclosures, in camera review of any informed written consent, an opportunity for the affected clients to receive independent advice, a prompt evidentiary hearing, and a short stay of substantive deadlines while the issue is resolved.

Plaintiff does not contend that a litigant can manufacture a conflict merely by suing opposing counsel. The request turns on the particular overlap alleged here: the proposed defendants are the law firms themselves; the challenged conduct concerns a report used in the related Alibaba litigation; and litigation choices in the pending action may affect the firms' own exposure. The complaint's allegations are not presented as adjudicated facts.

## GROUNDS

1. This motion is expressly conditioned on commencement of the new Pulaski County action against Balance Law PLLC and McDaniel Wolff. See Exhibit A attached. A file marked copy can be filed upon request.
2. The counsel targeted by this motion are limited to Beixiao Robert Liu, to the extent the live docket confirms his current appearance and affiliation with Balance Law PLLC; and Bart W. Calhoun, Virgina Ashcraft and Brittany Dawn Webb, to the extent the live docket confirms their current appearances and affiliation with McDaniel, Wolff, Ward, Calhoun, & Richardson, PLLC d/b/a McDaniel Wolff. Every appearance and affiliation must be verified against the live docket on the filing date.
3. The SmartLinx report identifies Balance Law PLLC as the organization for which it was created.
4. The current evidence indicates that McDaniel Wolff filed the report as Exhibit 2 in Pulaski County case 60CV-26-8633 on August 10, 2026, before that action was removed into this case.
5. The supplied attorney report, last updated August 24, 2026, lists Liu, Calhoun, Webb, and Virginia Ashcraft.
6. Harold Gong is not listed in the supplied August 24 attorney report for this action and is not targeted here.
7. Arkansas Rule of Professional Conduct 1.7(a)(2) addresses a significant risk that representation will be materially limited by a lawyer's personal interest; Rule 1.7(b) requires the lawyer reasonably to believe competent and diligent representation remains possible and requires each affected client to give informed consent confirmed in writing. Rule 1.10 concerns lawyers associated in a firm, and Rule 1.16 requires withdrawal when continued representation would violate the Rules or other law.
8. The advocate-witness rule is secondary, not presumed. Plaintiff seeks relief under Rule 3.7 only if a developed record shows that a particular lawyer's testimony is material, unavailable from

another source, and potentially prejudicial to the lawyer's client. Plaintiff does not ask the Court to treat relevance alone as necessity.

## REQUEST FOR RELIEF

Plaintiff asks the Court to enter an order:

1. Disqualifying Beixiao Robert Liu, to the extent the live docket confirms his current appearance and affiliation with Balance Law PLLC; and Bart W. Calhoun, Virginia Ashcraft, and Brittany Dawn Webb, to the extent the live docket confirms their current appearances and affiliation with McDaniel, Wolff, Ward, Calhoun, & Richardson, PLLC d/b/a McDaniel Wolff, but only after confirming the current appearances, affiliations, and conflict predicate on a competent record.
2. Or, alternatively, requiring verified conflict disclosures, lodging any written consents in camera, permitting independent client advice, and conducting a prompt hearing.
3. Staying substantive merits deadlines for the shortest reasonable period necessary to resolve the issue, while allowing emergency protective and ministerial filings.
4. Requiring all parties and counsel to preserve the report, native file, metadata, transmission records, redaction communications, engagement and conflict records, and other potentially relevant nonprivileged evidence.
5. Directing that the unredacted report and any identifying family information not be republished in a public filing absent prior leave and appropriate Rule 5.2 treatment.
6. Granting such other narrowly tailored relief as the Court deems just.

## PROPOSED SUPPORTING MATERIALS

• Exhibit A — file-marked complaint commencing the new Pulaski County action against the two firms.

Respectfully submitted,

Bradley Burchfield 8/27/26

**BRADLEY BURCHFIELD, Pro Se**
5420 Kavanaugh Blvd. #7927
Little Rock, AR 72217
479-223-0038

burchfieldbradley123@gmail.com
Date: 8/27/26
Signature: ____________________

**CERTIFICATE OF SERVICE**

I certify that on 8/27/26 I served this filing and its public attachments on all counsel of record by [CM/ECF / eFlex / other authorized method]. Any in camera material was submitted only as ordered.

/s/ Bradley Burchfield.