FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
AUG 27 2026
TAMMY H. DOWNS, CLERK
By: DEP CLERK

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**BRADLEY BURCHFIELD**
**Plaintiff,**

**v.**

**ALIBABA GROUP HOLDING LIMITED, et al.**
**Defendants.**

**Case No.**
**4:26-cv-00826-KGB**

**Hon. Kristine G. Baker**

# BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO DISQUALIFY COUNSEL, OR ALTERNATIVELY FOR VERIFIED CONFLICT DISCLOSURE AND HEARING

## INTRODUCTION

Disqualification is a drastic remedy and should not be granted simply because an adversary names a lawyer or firm in another action. This motion instead presents a narrower question: after a real, file-marked complaint makes the two firms defendants over report-related conduct in the related litigation, does their own exposure create a significant risk that the judgment of the lawyers appearing here is materially limited? The requested record should permit the Court to answer that question without presuming either liability or misconduct.

The motion targets only Liu/Balance Law and Calhoun-Ashcraft-Webb /McDaniel Wolff, subject to live-docket verification. It expressly excludes lawyers whose affiliation with either proposed firm defendant is not established. Where the present record is incomplete, disclosure, in camera review, independent advice, and a hearing are appropriate alternatives to immediate disqualification.

## FACTUAL BACKGROUND

The Pulaski County action names Balance Law PLLC and McDaniel Wolff as defendants based on report-related conduct in the related Alibaba litigation.

The SmartLinx report identifies Balance Law PLLC as the organization for which it was created.

The current evidence indicates that McDaniel Wolff filed the report as Exhibit 2 in Pulaski County case 60CV-26-8633 on August 10, 2026, before that action was removed into this case.

The supplied attorney report, last updated August 24, 2026, lists Liu, Calhoun, Webb, and Virginia Ashcraft.

Harold Gong is not listed in the supplied August 24 attorney report for this action and is not targeted here.

The new complaint's allegations are not self-proving. For this motion, a copy of the complaint, parties, subject matter, and requested relief are offered to identify adversity and potential material limitation. Evidence on disputed conduct should be presented through admissible exhibits, declarations, testimony, or judicially noticeable docket materials—not argument alone.

## GOVERNING LAW

### I. Disqualification receives strict scrutiny.

Federal courts have inherent authority to supervise lawyers appearing before them, but disqualification is an extreme measure. Macheca Transportation Co. v. Philadelphia Indemnity Insurance Co., 463 F.3d 827, 833–34 (8th Cir. 2006), requires strict scrutiny and holds that an advocate should be disqualified as a witness only when the lawyer is truly necessary—not merely relevant or useful. See also Zerger & Mauer LLP v. City of Greenwood, 751 F.3d 928, 931–32 (8th Cir. 2014) (inherent authority and conflict-based disqualification). Arkansas likewise treats disqualification as a drastic measure to be imposed only when clearly required. Helena Country Club v. Brocato, 2018 Ark. 16, at 6–8, 535 S.W.3d 272, 276–77; Burnette v. Morgan, 303 Ark. 150, 153–54, 794 S.W.2d 145, 147 (1990). A Rules violation does not automatically compel disqualification.

## II. Personal-interest conflicts require a concrete material-limitation analysis.

Arkansas Rule of Professional Conduct 1.7(a)(2) identifies a concurrent conflict when there is a significant risk that representation will be materially limited by a lawyer's responsibilities to another client, a former client, a third person, or the lawyer's personal interest. Even a consentable conflict requires the lawyer reasonably to believe competent and diligent representation remains possible and requires informed consent, confirmed in writing, from each affected client. Ark. R. Prof'l Conduct 1.7(b). Rule 1.16(a)(1) requires withdrawal if continued representation would violate the Rules or other law.

## III. Imputation requires association in a firm; co-counsel status alone is insufficient.

Rule 1.10(a) addresses lawyers who are associated in a firm. The rule does not make every co-counsel team a single firm, and its personal-interest exception must be evaluated on the facts. Accordingly, the motion limits imputation to lawyers whose firm association is shown by the live docket or competent evidence. This limitation is especially important for Gong, whose supplied docket entry identifies an appearance but not a firm.

## IV. The advocate-witness rule is a secondary, evidence-dependent ground.

Under Weigel v. Farmers Insurance Co., 356 Ark. 617, 625–27, 158 S.W.3d 147, 153–54 (2004), the moving party must show that the lawyer's testimony is material, unobtainable elsewhere, and prejudicial or potentially prejudicial to the client. Macheca applies the same necessity-centered restraint. The motion therefore does not seek disqualification merely because a lawyer may possess relevant information.

# ARGUMENT

## I. A filed action against the firms would create a concrete question of material limitation.

Since the new state action has been filed, the firms will face their own litigation exposure concerning the report. At the same time, counsel may be asked to advise existing clients about preserving communications, identifying custodians, describing who obtained and filed the report, responding to privacy requests, asserting or waiving privilege, allocating responsibility, resolving

claims, or choosing witnesses. A choice that protects a client could increase a firm's exposure; a choice that protects the firm could limit the client's options. That objective alignment problem is the Rule 1.7(a)(2) issue requiring adjudication.

The Court should nevertheless distinguish a concrete conflict from a manufactured one. In Hatfield v. Ornelas, No. 5:22-cv-05110, ECF No. 98, at 4–8 (W.D. Ark. Jan. 23, 2023), the court rejected a self-protection theory where disqualification was not absolutely necessary. That caution supports demanding evidence here. It does not foreclose relief if the file-marked complaint, appearances, report provenance, client positions, and conflict disclosures establish an actual significant risk of material limitation.

## II. Confidentiality and self-defense interests make independent advice and in camera review important.

Rule 1.6(b)(5) may permit a lawyer to disclose protected information to the extent reasonably necessary to defend against an accusation concerning the lawyer's conduct. That exception protects a lawyer's ability to defend, but it also underscores why the firm's personal defense interests can diverge from the client's interests. The Court can protect both by permitting independent advice, receiving written consents in camera, and requiring a privilege log rather than public disclosure of privileged substance.

## III. No valid waiver should be presumed from silence or continued representation.

A valid Rule 1.7(b) consent requires enough information for each affected client to appreciate the material risks and reasonably available alternatives, and the consent must be confirmed in writing. The motion does not ask that privileged legal advice be published. It asks that the existence and sufficiency of any consent be verified and, if necessary, reviewed in camera after the client has an opportunity for independent advice.

## IV. The remedy should be proportional to the proof.

If the developed record establishes a nonconsentable or unwaived material-limitation conflict, disqualification of the affected lawyer and any properly imputed firm lawyers is appropriate. If

material facts remain unresolved, the Court can first order declarations, limited nonprivileged discovery, independent advice, and a hearing; temporarily restrict substantive filings; preserve evidence; and decide disqualification after findings. This staged remedy respects the client's choice of counsel while protecting the integrity of the proceeding.

## CONCLUSION

The Court should grant the motion after the filing predicates and conflict elements are proven. At minimum, it should require verified disclosures, in camera review of any written consents, independent client advice, and a prompt hearing before further substantive advocacy by the challenged counsel. Any order should be limited to verified current appearances and should protect the unredacted report and unrelated family information from republication.

Respectfully submitted,

**BRADLEY BURCHFIELD, Pro Se**
5420 Kavanaugh Blvd. #7927
Little Rock, AR 72217
479-223-0038
burchfieldbradley123@gmail.com
Date: 8/27/26
Signature: ____________________

## CERTIFICATE OF SERVICE

I certify that on 8/27/26 I served this filing and its public attachments on all counsel of record by [CM/ECF / eFlex / other authorized method]. Any in camera material was submitted only as ordered.

/s/ Bradley Burchfield

Exhibit A

**IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS**
**HON. CATHLEEN V COMPTON - 3RD DIVISION 6TH CIRCUIT**

BRADLEY BURCHFIELD V BALANCE LAW PLLC ET AL

60CV-26-11307

**SUMMONS**

**THE STATE OF ARKANSAS TO DEFENDANT:**

BALANCE LAW PLLC
NEW YORK SECRETARY OF STATE
ONE COMMERCE PLAZA
99 WASHINGTON AVENUE
ALBANY, NY 12231

A lawsuit has been filed against you. The relief demanded is stated in the attached complaint. Within 30 days after service of this summons on you (not counting the day you received it) - or 60 days if you are incarcerated in any jail, penitentiary, or other correctional facility in Arkansas - you must file with the clerk of this court a written answer to the complaint or a motion under Rule 12 of the Arkansas Rules of Civil Procedure.

The answer or motion must also be served on the plaintiff or plaintiff's attorney, whose name and address are:

BRADLEY BURCHFIELD
5420 KAVANAUGH BLVD #7927
Little Rock, AR 72217

If you fail to respond within the applicable time period, judgment by default may be entered against you for the relief demanded in the complaint.

Additional notices:
• Notice of Right to Consent to Disposition of Case by a State District Court Judge

CLERK OF COURT

Ruth Elkins

Ruth Elkins, DC

Date: 08/27/2026

Address of Clerks Office

TERRI HOLLINGSWORTH, CIRCUIT CLERK
CIRCUIT COURT OF PULASKI COUNTY
401 W. MARKHAM
LITTLE ROCK, AR 72201

**NOTICE OF RIGHT TO CONSENT**
**TO DISPOSITION OF CASE BY A STATE DISTRICT COURT JUDGE**

In accordance with Administrative Order Number 18, you are hereby notified that upon the consent of all the parties in a case, a State District Court Judge may be authorized to conduct all proceedings, including trial of the case and entry of a final judgment. Copies of appropriate consent forms are available from the Circuit Clerk.

You should be aware that your decision to consent or not to consent to the disposition of your case before a State District Court Judge is entirely voluntary, and by consenting to the reference of this matter to a State District Court Judge, the parties waive their right to a jury trial, and any appeal in the case shall be taken directly to the Arkansas Supreme Court or Court of Appeals as authorized by law.

You should communicate your consent by completing the Form -- CONSENT TO PROCEED BEFORE A STATE DISTRICT COURT JUDGE -- and return to the Circuit Clerk.

Circuit Clerk

Date: 08/27/2026

No. 60CV-26-11307 This summons is for BALANCE LAW PLLC (name of Defendant).

PROOF OF SERVICE

☐ On ________________ [date] I personally delivered the summons and complaint to the defendant at ______________________________________________ [place]; or

☐ After making my purpose to deliver the summons and complaint clear, on ________________ [date] I left the summons and complaint in the close proximity of the defendant by ____________________________________________________________ [describe how the summons and complaint was left] after he/she refused to receive it when I offered it to him/her; or

☐ On ________________ [date] I left the summons and complaint with _________________, a member of the defendant's family at least 18 years of age, at _________________________ [address], a place where the defendant resides; or

☐ On ________________ [date] I delivered the summons and complaint to _________________ [name of individual], an agent authorized by appointment or by law to receive service of summons on behalf of _________________________ [name of defendant]; or

☐ On ________________ [date] at ___________________________ [address], where the defendant maintains an office or other fixed location for the conduct of business, during normal working hours I left the summons and complaint with

_____________________________________________________________________________

[name and job description]; or

☐ I am the plaintiff or an attorney of record for the plaintiff in a lawsuit, and I served the summons and complaint on the defendant by certified mail, return receipt requested, restricted delivery, as shown by the attached signed return receipt.

☐ I am the plaintiff or attorney of record for the plaintiff in this lawsuit, and I mailed a copy of the summons and complaint by first-class mail to the defendant together with two copies of a notice and acknowledgment and received the attached notice and acknowledgment form within twenty days after the date of mailing.

☐ Other [specify]:

_____________________________________________________________________________

☐ I was unable to execute service because:

_____________________________________________________________________________

_____________________________________________________________________________

My fee is $ ____.

**To be completed if service is by a sheriff or deputy sheriff:**

Date: ______________ SHERIFF OF ________ COUNTY, ARKANSAS

By: ____________________________
[Signature of server]

____________________________
[Printed name, title, and badge number]

**To be completed if service is by a person other than a sheriff or deputy sheriff:**

Date: ______________ By: ____________________________
[Signature of server]

____________________________
[Printed name]

Address: ____________________________________________________________
____________________________________________________________

Phone: ____________________________

Subscribed and sworn to before me this date: _____________

____________________________
Notary Public

My commission expires: ___________________

Additional information regarding service or attempted service:
______________________________________________________________________________
______________________________________________________________________________

ELECTRONICALLY FILED
Pulaski County Circuit Court
Terri Hollingsworth, Circuit/County Clerk
2026-Aug-27 08:42:07
60CV-26-11307
C06D03 : 7 Pages

**IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS**
**__________________ DIVISION**

| | |
|---|---|
| **BRADLEY BURCHFIELD**<br>Plaintiff,<br><br>v.<br><br>**BALANCE LAW PLLC; and MCDANIEL, WOLFF, WARD, CALHOUN, & RICHARDSON, PLLC d/b/a MCDANIEL WOLFF, Defendants.** | **Case No.** ________________ |

**COMPLAINT AND JURY DEMAND**

Plaintiff Bradley Burchfield, appearing pro se, brings this individual action against Balance Law PLLC and McDaniel, Wolff, Ward, Calhoun, & Richardson, PLLC d/b/a McDaniel Wolff. Plaintiff alleges the following facts from personal knowledge, the public court records identified below, and. where expressly stated, information and belief.

**I. PARTIES, JURISDICTION, AND VENUE**

1. Plaintiff Bradley Burchfield is a natural person residing in Pulaski County, Arkansas.
2. Defendant Balance Law PLLC is, on information and belief, a New York professional limited liability company, New York Department of State ID No. 5566949, with a reported process address at 1 World Trade Center, Suite 8500, New York, New York 10007. The New York Secretary of State is the statutory agent for service on the entity.
3. Defendant McDaniel, Wolff, Ward, Calhoun, & Richardson, PLLC is an Arkansas professional limited liability company, Arkansas filing No. 811194601, doing business as McDaniel Wolff. Its principal and registered-agent address is 1307 W. 4th Street, Little Rock, Arkansas 72201, and its registered agent is Vincent M. Ward at that address.
4. This Court has subject-matter jurisdiction over this Arkansas tort action. The amount sought is within the jurisdiction of the Pulaski County Circuit Court.
5. Arkansas Code Annotated section 16-4-101(B) extends personal jurisdiction to the maximum extent permitted by due process. Plaintiff invokes specific. case-linked jurisdiction over Balance Law and does not allege that Balance Law is generally at home in Arkansas.
6. On July 20, 2026, B. Robert Liu filed an entry of appearance, ECF No. 15, in Burchfield v. Alibaba Group Holding Limited, No. 4:26-cv-00611-DPM (E.D. Ark.). The filing identified Liu's firm as Balance Law and entered his appearance for Alibaba Group Holding Limited

and Alibaba.com U.S. E-Commerce Corp. On July 29, 2026, Liu, using his Balance Law email signature, sent Plaintiff a proposed service-of-process agreement addressing Alibaba Group Holding Limited in No. 4:26-cv-00611-DPM and Pulaski County Circuit Court Case No. 60CV-26-8633.

7. The removal papers for Pulaski County Circuit Court Case No. 60CV-26-8633, later docketed as No. 4:26-cv-00826-KGB in the Eastern District of Arkansas, identify Liu and Balance Law as counsel for Alibaba Group Holding Limited, Alibaba Group (U.S.) Inc., Alibaba.com U.S. E-Commerce Corp., Alibaba.com U.S. LLC, and AUS Merchant Services Inc. Balance Law also filed the removal papers described below in No. 4:26-cv-00827-LPR.

8. McDaniel Wolff is an Arkansas entity located in Pulaski County. Its challenged filing was made in Pulaski County Circuit Court Case No. 60CV-26-8633.

9. Plaintiff's claims arise from or relate to Defendants' Arkansas-directed representation, their handling and alleged transmission of the report described below for use in Arkansas litigation, and the filing of that report in a Pulaski County court record.

10. Venue is proper in Pulaski County under Arkansas Code Annotated section 16-60-101(a)(1) and (3) because a substantial part of the alleged publication occurred through a Pulaski County court filing, the resulting public-record exposure occurred here, and Plaintiff resided here at the time.

11. Plaintiff brings an individual action only. The total monetary recovery sought or accepted on all claims against all Defendants combined is irrevocably limited to not more than $75,000 in the aggregate, exclusive only of taxable costs and post-judgment interest. Plaintiff waives any recovery above that aggregate ceiling and files a separate binding stipulation contemporaneously with this Complaint.

## II. FACTUAL ALLEGATIONS

12. On August 8, 2026, at 1:13 p.m. EST, a LexisNexis SmartLinx Person Report concerning Plaintiff was created. The report states on its face that it was created for Balance Law PLLC and labels itself "FOR INFORMATIONAL PURPOSES ONLY."

13. The report is approximately forty-five pages. It aggregates and links information concerning Plaintiff and nonparty family members and associates, including names, relationship links, current and historical addresses, contact and location information, personal and real-property information, and other identifying or locating data. Plaintiff alleges that the report's face also restricts reproduction outside the organization for which it was obtained per Lexis Nexis

employee Howard McCray who will be subpoenaed for deposition or statement. This Complaint intentionally does not reproduce those details in the report.

14. The immediate family members identified in the report were not parties to the litigation in which the report was filed. By linking those persons, relationships, addresses, and assets to Plaintiff, the report disclosed information about Plaintiff's private family and personal life as well as about the nonparties.

15. The compiled report went materially beyond the narrow facts needed to identify Plaintiff's state of residence or to address service, standing, jurisdiction, or another discrete issue. Plaintiff alleges on information and belief that the unnecessary use of the complete report was intended, at least in part, to pressure or intimidate him. Plaintiff bases that belief in part on a prior communication from an Alibaba-related sender directing him to "keep silent."

16. On August 10, 2026, at 3:37:09 p.m., McDaniel Wolff electronically filed Five Defendants' Opposition to Plaintiff's Motion in Pulaski County Circuit Court Case No. 60CV-26-8633 and attached the SmartLinx report as Exhibit 2. The opposition bears the names of McDaniel Wolff attorneys Bart Calhoun, Brittany Webb, and Ginny Ashcraft, and the certificate of service was executed by Brittany Webb. The attached report continued to identify Balance Law PLLC as the organization for which it had been created.

17. A copy of the report also appears in the record of No. 4:26-cv-00827-LPR, which was removed from Pulaski County Circuit Court Case No. 60CV-26-9730. Plaintiff's presently available records do not identify the individual who selected, transmitted, or uploaded the state-court copy in that matter. Plaintiff therefore does not attribute that particular state-court upload to a specific Defendant except as otherwise alleged on information and belief below.

18. On August 13, 2026, Balance Law, through B. Robert Liu, filed notices of removal in Burchfield v. Alibaba Group Holding Limited, No. 4:26-cv-00826-KGB, and Burchfield v. Alibaba.com Singapore E-Commerce Private Limited, No. 4:26-cv-00827-LPR. Paragraph 4 of each notice expressly relied on the August 8 SmartLinx report and attached excerpts as Exhibit 2. Each notice stated that the exhibit had been redacted in certain respects and was filed under Balance Law's signature block.

19. The filing in Case No. 60CV-26-8633 made the report available through a Pulaski County court record, and the removed records made the report or excerpts available through records of the United States District Court for the Eastern District of Arkansas.

20. On August 24, 2026, B. Robert Liu emailed Plaintiff, copying McDaniel Wolff attorneys Bart Calhoun, Brittany Webb, and Ginny Ashcraft. Liu referred to "the exhibit we filed" and stated that counsel would address what should be filed with the court in "the two cases that were removed from state court." Liu stated that counsel was willing to consider requested redactions and asked Plaintiff to provide a marked-up version of the exhibit.

21. Before and after that email, Plaintiff made repeated written requests that family-member names, relationship links, addresses, and other nonparty information be removed or sealed. Plaintiff identified the categories to be redacted without publicly filing another unredacted copy. Plaintiff does not characterize Liu's August 24 response itself as an express refusal, but alleges that the continued exposure after repeated notice intensified the pressure and fear caused by the filing.

22. **Balance Law's conduct.** Balance Law's separately documented conduct includes obtaining or causing the creation of the report under its organization name, expressly relying on the report in two removal notices, attaching report excerpts to those notices, and later referring to "the exhibit we filed."

23. **McDaniel Wolff's conduct.** McDaniel Wolff's separately documented conduct includes possessing the report identifying Balance Law as the requesting organization and filing it as Exhibit 2 in Case No. 60CV-26-8633 on August 10, 2026.

24. **Transmission alleged on information and belief.** Plaintiff was not a participant in, and lacks access to, Defendants' internal communications. Based on the report's identification of Balance Law as the organization for which it was created; McDaniel Wolff's possession and filing of that report less than two days later; the firms' representation of overlapping Alibaba defendants; Balance Law's subsequent use of the report in both removed cases; and Liu's August 24 statement, Plaintiff alleges on information and belief that Balance Law caused a copy of, or access to, the report to be furnished to McDaniel Wolff after 1:13 p.m. EST on August 8 and before 3:37:09 p.m. on August 10, 2026, for use in the litigation.

25. The individual sender and recipient, precise time and method, any instructions concerning exhibit use or redaction, and the accompanying communications are principally within Defendants' and their agents' possession. Plaintiff will seek those facts through proportionate discovery, including requests for production, interrogatories, depositions, and nonparty subpoenas.

26. Plaintiff further alleges on information and belief that one or more of the Alibaba entities represented in the related actions directed, authorized, or participated in decisions concerning the report. Those entities include Alibaba Group Holding Limited, Alibaba.com Singapore E-Commerce Pte. Ltd., AUS Merchant Services Inc., AliExpress E-Commerce One Pte. Ltd., Alibaba Group (U.S.) Inc., Alibaba.com U.S. LLC, and Alibaba.com U.S. E-Commerce Corp. Plaintiff also believes responsive records may exist in communications between Balance Law and Sullivan & Cromwell LLP and between Balance Law and Quinn Emanuel Urquhart & Sullivan, LLP concerning Plaintiff, the report, or the related cases. Plaintiff does not allege that every interfirm communication is unprivileged; he seeks discoverable factual communications, attachments, transmission metadata, and an appropriate privilege log for material withheld.

27. The presently available source records include the report's creation page, McDaniel Wolff's August 10 opposition and Exhibit 2 in Case No. 60CV-26-8633, Balance Law's August 13 notices of removal and Exhibit 2 attachments in Nos. 4:26-cv-00826-KGB and 4:26-cv-00827-LPR, and Liu's August 24 email. Plaintiff has not attached an unredacted copy of the report to this Complaint.

28. Plaintiff's safety concerns were heightened by the U.S. Department of Justice's July 1, 2026 public announcement that Alibaba Group Holding Limited and AUS Merchant Services Inc. agreed to pay $600 million to resolve allegations that they failed to prevent merchants from selling and importing illegal pharmaceuticals, controlled substances, listed chemicals, pill presses, and other illegal products. Plaintiff does not allege that Defendants in this action personally committed the conduct described in that agreement; he alleges that the public announcement affected the seriousness and reasonableness of his reaction to the disclosure of family-location information.

29. Plaintiff contacted the sheriff's office in the county where immediate family members reside and requested additional patrol attention. He did so because the report linked family identities and location information to litigation involving Alibaba entities.

30. Plaintiff has taken reasonable steps to mitigate the exposure, including repeated redaction requests and requests for sealing or tailored replacement exhibits in the federal actions.

31. Plaintiff has experienced loss of privacy, fear for family safety, anxiety, emotional distress, and time and expense associated with seeking redaction, sealing, and additional safety

measures. Plaintiff will prove the nature and amount of recoverable damages through admissible evidence.

32. The challenged conduct is not alleged merely as an inaccurate or defamatory statement made in advocacy. Plaintiff challenges the alleged acquisition, interfirm transmission, selection, and public filing of a compiled personal-data report containing unnecessary information about Plaintiff's private family relationships and locations. Plaintiff alleges that publication of the complete data compilation was not reasonably necessary to establish residence or another material issue and exceeded any legitimate litigation purpose.

## III. COUNT I - PUBLIC DISCLOSURE OF PRIVATE FACTS

33. Plaintiff incorporates paragraphs 1 through 32 as if fully stated here.

34. The report disclosed facts concerning Plaintiff's private life, including his family relationships and the identities, addresses, contact details, and asset-location information linked to those relationships. Plaintiff had not placed those compiled details at issue merely by alleging Arkansas residence.

35. Filing the report in a publicly accessible court record communicated the compiled facts to the public at large or made them substantially certain to become public knowledge.

36. Disclosure of the identified family and personal-data fields would be highly offensive to a reasonable person because the report created a detailed relationship and location profile unrelated to the merits.

37. The family identities, relationship links, precise addresses, contact details, and asset-location fields were not matters of legitimate public concern and had no material litigation purpose beyond any narrowly relevant fact that could have been presented through a tailored, redacted extract.

38. **Balance Law.** Balance Law directly obtained or caused the creation of the report, used excerpts in two federal filings, and, as alleged on information and belief in paragraph 24, caused the report or access to it to be furnished to McDaniel Wolff for litigation use.

39. **McDaniel Wolff.** McDaniel Wolff possessed the report and publicly filed it as Exhibit 2 in Pulaski County Circuit Court Case No. 60CV-26-8633 on August 10, 2026.

40. Defendants knew or reasonably should have known that the report contained extensive personal and nonparty information unnecessary to the limited issues for which residence

evidence was purportedly offered and that filing it in a court record would make the information publicly available.

41. The separately alleged conduct of each Defendant was a substantial factor and proximate cause of the public exposure and Plaintiff's resulting injuries.

42. As a result, Plaintiff seeks compensatory damages and any additional monetary relief legally available on the proof, subject to the binding aggregate cap below.

## IV. DAMAGES AND BINDING AGGREGATE LIMITATION

43. Plaintiff seeks damages for legally compensable loss of privacy, emotional distress, fear, mitigation efforts, time, expense, and any other injury proved at trial. Plaintiff also requests punitive damages, prejudgment interest, and any fee or statutory addition only if authorized and proved. All monetary relief against all Defendants combined is subject to the aggregate limitation in the next paragraph.

44. The combined total of compensatory damages, punitive damages, prejudgment interest, statutory additions, fee awards, and every other form of monetary relief sought or accepted by Plaintiff against all Defendants shall not exceed $75,000 in the aggregate. Only taxable costs and post-judgment interest are excluded. Plaintiff irrevocably waives any award or recovery above that limit and seeks no class relief.

## V. JURY DEMAND

45. Plaintiff demands a trial by jury on every issue so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court: (a) enter judgment in his favor on Count I; (b) award compensatory damages and any punitive damages or other monetary relief legally available on the proof, subject in all events to the binding $75,000 aggregate cap; (c) award taxable costs and post-judgment interest as allowed by law; (d) provide a jury trial on triable issues; and (e) grant any other nonmonetary relief the Court determines proper and legally available.

Date: 8/26/26

Respectfully submitted,

[signature]

**Bradley Burchfield, Pro Se**
5420 Kavanaugh Blvd #7927
Little Rock, AR 72217
Phone: 479-223-0038
Email: burchfieldbradley123@gmail.com

ELECTRONICALLY FILED
Pulaski County Circuit Court
Terri Hollingsworth, Circuit/County Clerk
2026-Aug-27 08:42:07
60CV-26-11307
C06D03 : 2 Pages

**IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS**
**____ DIVISION**

**BRADLEY BURCHFIELD**
**Plaintiff,**

**v.**

**Case No.**

**BALANCE LAW PLLC; and**
**MCDANIEL, WOLFF, WARD,**
**CALHOUN, & RICHARDSON, PLLC**
**d/b/a MCDANIEL WOLFF,**
**Defendants.**

**<u>BINDING STIPULATION AND LIMITATION OF RECOVERY</u>**

Plaintiff Bradley Burchfield states and stipulates as follows:

1. This is an individual action. Plaintiff does not seek relief on behalf of a class, collective, or other person.
2. The maximum total monetary recovery Plaintiff seeks, will accept, or may enforce on all claims against all Defendants combined is exactly $75,000 in the aggregate.
3. The $75,000 aggregate cap includes compensatory damages, nominal damages, punitive damages, statutory damages or multipliers, restitution, disgorgement, prejudgment interest, attorney-fee awards, and every other form of monetary relief, whether pleaded now or later.
4. Only taxable court costs and post-judgment interest accruing on an entered judgment are excluded from the aggregate cap.
5. Plaintiff irrevocably waives any right to recover, accept, or enforce more than $75,000 in aggregate monetary relief against all Defendants combined and will not amend a pleading or stipulate to relief in a manner inconsistent with this limitation.

6. If a verdict or award would otherwise exceed the cap, Plaintiff asks the Court to reduce it so that the aggregate recoverable monetary relief does not exceed $75,000, exclusive only of taxable costs and post-judgment interest.

7. Plaintiff intends this stipulation to be binding as a judicial admission throughout this action, including for jurisdictional and amount-in-controversy purposes.

I declare under penalty of perjury that I have read this stipulation, understand it, and agree to be bound by it.

Date: 8/26/26

Respectfully submitted,

Bradley Burchfield

Bradley Burchfield, Pro Se
5420 Kavanaugh Blvd #7927
Little Rock, AR 72217
Phone: 479-223-0038
Email: burchfieldbradley123@gmail.com

**Optional acknowledgment**

State of Arkansas )
County of Pulaski )

Subscribed and sworn before me on August 26, 2026 by Bradley Burchfield.

Shyreen Hightower

Notary Public
My commission expires: August 14, 2035

SHYREEN HIGHTOWER
NOTARY PUBLIC
#00008102
EXPIRES AUGUST 14, 2036
SALINE COUNTY, ARKANSAS

ELECTRONICALLY FILED
Pulaski County Circuit Court
Terri Hollingsworth, Circuit/County Clerk
2026-Aug-27 08:42:07
60CV-26-11307
C06D03 : 4 Pages

**IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS**
**________________ DIVISION**

**BRADLEY BURCHFIELD**
Plaintiff,

**v.**

**BALANCE LAW PLLC; and**
**MCDANIEL, WOLFF, WARD, CALHOUN, & RICHARDSON, PLLC d/b/a MCDANIEL WOLFF,**
**Defendants.**

**Case No. ________________**

## PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION TO BALANCE LAW PLLC

Pursuant to Arkansas Rules of Civil Procedure 26, 26.1, and 34, Plaintiff requests that Balance Law PLLC produce the documents and electronically stored information described below. This is the first set directed to Balance Law PLLC. These requests exclude substantive legal advice, counsel's mental impressions, legal strategy, and unrelated client information.

**DEFINITIONS**

**REQUEST NO. 1:** "Report" means the LexisNexis SmartLinx Person Report created on or about August 8, 2026, at 1:13 p.m. EST, identifying Balance Law PLLC as the organization for which it was created and appearing in the records of Pulaski County Circuit Court Case No. 60CV-26-8633 and federal Case Nos. 4:26-cv-00826-KGB and 4:26-cv-00827-LPR.

**REQUEST NO. 2:** "Communication" means a nonprivileged transmission of factual information by email, letter, message, ticket, memorandum, meeting note, or other medium, including attachments and available sender, recipient, date, time, subject-line, file-name, and transmission metadata.

**REQUEST NO. 3:** "Document" includes writings, records, forms, images, reports, emails, messages, logs, audit trails, metadata, and other electronically stored information within the responding party's possession, custody, or control.

**REQUEST NO. 4:** "Filing" means the technical selection, labeling, conversion, upload, submission, acceptance, rejection, sealing, redaction, or replacement of the Report in a state or federal court record.

**REQUEST NO. 5:** "Outside Firms" means Sullivan & Cromwell LLP and Quinn Emanuel Urquhart & Sullivan, LLP.

**REQUEST NO. 6:** "Related Actions" means Pulaski County District Court Case No. PCSC-26-189; Pulaski County Circuit Court Case Nos. 60CV-26-8633 and 60CV-26-9730; and federal Case Nos. 4:26-cv-00611-DPM, 4:26-cv-00826-KGB, and 4:26-cv-00827-LPR, but only to the extent a record concerns Plaintiff, the Report, its acquisition, transmission, use, filing, redaction, sealing, or replacement.

**REQUEST NO. 7:** "Relevant Period" means June 29, 2026, through August 25, 2026.

**INSTRUCTIONS**

**REQUEST NO. 8:** Produce documents as kept in the ordinary course of business or organize and label them to correspond to each request.

**REQUEST NO. 9:** Produce emails and messages with attachments and available sender, recipient, copied-recipient, date, time, subject-line, file-name, and transmission metadata; produce structured data in native or reasonably usable form.

**REQUEST NO. 10:** The requests seek reasonably accessible sources. Identify any source withheld as not reasonably accessible and explain the burden with particularity.

**REQUEST NO. 11:** If information is withheld as privileged or work product, expressly make the claim and provide the description and privilege log required by Arkansas Rule of Civil Procedure 26(b)(5), without revealing protected substance.

**REQUEST NO. 12:** Redact unrelated personal information and unrelated client-matter information. Produce each reasonably segregable, nonprivileged remainder and any attachment not independently privileged.

**REQUEST NO. 13:** Supplement the response as Arkansas Rule of Civil Procedure 26(e) requires.

**REQUEST NO. 14:** Serve a written response within the time set by Arkansas Rule of Civil Procedure 34(b)(2): generally 30 days after service of the request, except that a defendant has the longer of 30 days after service of the request or 45 days after service of the summons and complaint, unless the Court orders or the parties agree otherwise in writing.

**REQUEST NO. 15:** Electronic production may be made to burchfieldbradley123@gmail.com by secure link, encrypted email, or another agreed method.

**REQUEST NO. 16:** State each objection with specificity, identify the part of a request to which it applies, and produce the portion to which no objection is made.

**REQUESTS FOR PRODUCTION**

**REQUEST NO. 17:** The Report in the exact form first obtained or generated, together with available file metadata, download history, order record, and report identifier.

**REQUEST NO. 18:** Documents sufficient to show the product, account, date and time, requester or user, query criteria, permissible-purpose designation, and organization associated with creation of the Report.

**REQUEST NO. 19:** The agreement, terms of use, user guide, data-use restriction, court-filing restriction, and privacy or redaction policy governing the account and product used to create the Report on August 8, 2026. Pricing may be redacted unless directly relevant.

**REQUEST NO. 20:** All nonprivileged communications transmitting the Report or a link, excerpt, or data from it to McDaniel Wolff or any defendant in Case Nos. 60CV-26-8633, 60CV-26-9730, 4:26-cv-00611-DPM, 4:26-cv-00826-KGB, or 4:26-cv-00827-LPR.

**REQUEST NO. 21:** All nonprivileged communications limited to the factual handling, intended recipient, proposed exhibit use, technical filing, sealing, redaction, or replacement of the Report. This request excludes substantive legal advice, mental impressions, and litigation strategy.

**REQUEST NO. 22:** All versions of the Report or excerpt prepared for filing, including marked, converted, compressed, OCR, redacted, sealed, and replacement versions, with available creation and modification metadata.

**REQUEST NO. 23:** All nonprivileged communications with LexisNexis concerning whether this specific SmartLinx Report could be transmitted to another organization, publicly filed, sealed, redacted, or replaced.

**REQUEST NO. 24:** Documents sufficient to identify each nonlawyer custodian, records employee, vendor contact, or other person with knowledge of the Report's acquisition, transmission, or technical handling, including role and contact information.

**REQUEST NO. 25:** All nonprivileged communications during the Relevant Period between Balance Law PLLC and Sullivan & Cromwell LLP concerning Plaintiff, the Report, or a Related Action.

**REQUEST NO. 26:** All nonprivileged communications during the Relevant Period between Balance Law PLLC and Quinn Emanuel Urquhart & Sullivan, LLP concerning Plaintiff, the Report, or a Related Action.

**REQUEST NO. 27:** Every Report copy, excerpt, attachment, link, download, image, or derivative file transmitted during the Relevant Period between Balance Law PLLC and either Outside Firm, with available file and transmission metadata.

**REQUEST NO. 28:** All nonprivileged communications during the Relevant Period between Balance Law PLLC and either Outside Firm conveying or memorializing a request, authorization, direction, or factual instruction to obtain, search for, download, transmit, use, attach, file, redact, seal, restrict, or replace the Report.

**REQUEST NO. 29:** A privilege log for responsive material withheld in whole or part, consistent with Arkansas Rule of Civil Procedure 26(b)(5), identifying the date, author or sender, recipients, document type, general subject, attachment status, privilege or protection asserted, and basis for the claim without disclosing protected substance.

**CERTIFICATE OF SERVICE**

I certify that on 8/27/26, I served these requests on counsel for Balance Law PLLC by Process Server Hired 8/27/26. These discovery requests are served, not filed, unless the Court directs otherwise.

Date: 8/26/26

Respectfully submitted,

Bradley Burchfield

**Bradley Burchfield, Pro Se**
5420 Kavanaugh Blvd #7927
Little Rock, AR 72217
Phone: 479-223-0038
Email: burchfieldbradley123@gmail.com

ELECTRONICALLY FILED
Pulaski County Circuit Court
Terri Hollingsworth, Circuit/County Clerk
2026-Aug-27 08:42:07
60CV-26-11307
C06D03 : 4 Pages

**IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS**
**__________________ DIVISION**

**BRADLEY BURCHFIELD**
Plaintiff,

**v.**

**BALANCE LAW PLLC; and**
**MCDANIEL, WOLFF, WARD, CALHOUN, &**
**RICHARDSON, PLLC d/b/a MCDANIEL WOLFF,**
**Defendants.**

**Case No. ________________**

**PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION TO MCDANIEL, WOLFF, WARD, CALHOUN, & RICHARDSON, PLLC D/B/A MCDANIEL WOLFF**

Pursuant to Arkansas Rules of Civil Procedure 26, 26.1, and 34, Plaintiff requests that McDaniel, Wolff, Ward, Calhoun, & Richardson, PLLC d/b/a McDaniel Wolff produce the documents and electronically stored information described below. This is the first set directed to McDaniel Wolff. These requests exclude substantive legal advice, counsel's mental impressions, legal strategy, and unrelated client information.

**DEFINITIONS**

**REQUEST NO. 1:** "Report" means the LexisNexis SmartLinx Person Report created on or about August 8, 2026, at 1:13 p.m. EST, identifying Balance Law PLLC as the organization for which it was created and appearing in the records of Pulaski County Circuit Court Case No. 60CV-26-8633 and federal Case Nos. 4:26-cv-00826-KGB and 4:26-cv-00827-LPR.

**REQUEST NO. 2:** "Communication" means a nonprivileged transmission of factual information by email, letter, message, ticket, memorandum, meeting note, or other medium, including attachments and available sender, recipient, date, time, subject-line, file-name, and transmission metadata.

**REQUEST NO. 3:** "Document" includes writings, records, forms, images, reports, emails, messages, logs, audit trails, metadata, and other electronically stored information within the responding party's possession, custody, or control.

**REQUEST NO. 4:** "Filing" means the technical selection, labeling, conversion, upload, submission, acceptance, rejection, sealing, redaction, or replacement of the Report in a state or federal court record.

**REQUEST NO. 5:** "Outside Firms" means Sullivan & Cromwell LLP and Quinn Emanuel Urquhart & Sullivan, LLP.

**REQUEST NO. 6:** "Related Actions" means Pulaski County District Court Case No. PCSC-26-189; Pulaski County Circuit Court Case Nos. 60CV-26-8633 and 60CV-26-9730; and federal Case Nos. 4:26-cv-00611-DPM, 4:26-cv-00826-KGB, and 4:26-cv-00827-LPR, but only to the extent a record concerns Plaintiff, the

Report, its acquisition, transmission, use, filing, redaction, sealing, or replacement.

**REQUEST NO. 7:** "Relevant Period" means June 29, 2026, through August 25, 2026.

**INSTRUCTIONS**

**REQUEST NO. 8:** Produce documents as kept in the ordinary course of business or organize and label them to correspond to each request.

**REQUEST NO. 9:** Produce emails and messages with attachments and available sender, recipient, copied-recipient, date, time, subject-line, file-name, and transmission metadata; produce structured data in native or reasonably usable form.

**REQUEST NO. 10:** The requests seek reasonably accessible sources. Identify any source withheld as not reasonably accessible and explain the burden with particularity.

**REQUEST NO. 11:** If information is withheld as privileged or work product, expressly make the claim and provide the description and privilege log required by Arkansas Rule of Civil Procedure 26(b)(5), without revealing protected substance.

**REQUEST NO. 12:** Redact unrelated personal information and unrelated client-matter information. Produce each reasonably segregable, nonprivileged remainder and any attachment not independently privileged.

**REQUEST NO. 13:** Supplement the response as Arkansas Rule of Civil Procedure 26(c) requires.

**REQUEST NO. 14:** Serve a written response within the time set by Arkansas Rule of Civil Procedure 34(b)(2): generally 30 days after service of the request, except that a defendant has the longer of 30 days after service of the request or 45 days after service of the summons and complaint, unless the Court orders or the parties agree otherwise in writing.

**REQUEST NO. 15:** Electronic production may be made to burchfieldbradley123@gmail.com by secure link, encrypted email, or another agreed method.

**REQUEST NO. 16:** State each objection with specificity, identify the part of a request to which it applies, and produce the portion to which no objection is made.

**REQUESTS FOR PRODUCTION**

**REQUEST NO. 17:** Each copy of the Report received, maintained, transmitted, or filed, in native or original received form with available metadata.

**REQUEST NO. 18:** All nonprivileged transmittal communications by which the Report or a link, excerpt, or data from it was received from Balance Law PLLC, a defendant, an Outside Firm, or another source.

**REQUEST NO. 19:** Documents sufficient to show the date, source, recipient, file name, exhibit label, and chain of custody for the Report filed as Exhibit 2 in Pulaski County Circuit Court Case No. 60CV-26-8633.

**REQUEST NO. 20:** ECF, eFlex, e-filing, upload, conversion, validation, acceptance, rejection, and receipt records for the Filing, including nonprivileged technical audit data and the identity or role of the person who performed the upload.

**REQUEST NO. 21:** All nonprivileged communications limited to the factual handling, source, recipient, technical filing, sealing, redaction, or replacement of the Report. This request excludes substantive legal advice, mental impressions, and litigation strategy.

**REQUEST NO. 22:** All marked, redacted, replacement, compressed, OCR, exhibit-stamped, sealed, or otherwise modified versions of the Report, with available creation and modification metadata.

**REQUEST NO. 23:** All nonprivileged communications received from Plaintiff on or after August 24, 2026, identifying requested redactions, and all factual or administrative responses concerning whether and when a sealed, redacted, or replacement version would be submitted.

**REQUEST NO. 24:** Documents sufficient to identify each nonlawyer records custodian, staff member, or vendor with knowledge of the Report's receipt, technical processing, upload, sealing, or redaction, including role and contact information.

**REQUEST NO. 25:** All nonprivileged communications during the Relevant Period between McDaniel, Wolff, Ward, Calhoun, & Richardson, PLLC d/b/a McDaniel Wolff and Sullivan & Cromwell LLP concerning Plaintiff, the Report, or a Related Action.

**REQUEST NO. 26:** All nonprivileged communications during the Relevant Period between McDaniel, Wolff, Ward, Calhoun, & Richardson, PLLC d/b/a McDaniel Wolff and Quinn Emanuel Urquhart & Sullivan, LLP concerning Plaintiff, the Report, or a Related Action.

**REQUEST NO. 27:** Every Report copy, excerpt, attachment, link, download, image, or derivative file transmitted during the Relevant Period between McDaniel Wolff and either Outside Firm, with available file and transmission metadata.

**REQUEST NO. 28:** All nonprivileged communications during the Relevant Period between McDaniel Wolff and either Outside Firm conveying or memorializing a request, authorization, direction, or factual instruction to obtain, receive, transmit, use, attach, file, redact, seal, restrict, or replace the Report.

**REQUEST NO. 29:** A privilege log for responsive material withheld in whole or part, consistent with Arkansas Rule of Civil Procedure 26(b)(5), identifying the date, author or sender, recipients, document type, general subject, attachment status, privilege or protection asserted, and basis for the claim without disclosing protected substance.

**CERTIFICATE OF SERVICE**

I certify that on 8/27/26, I served these requests on counsel for McDaniel, Wolff, Ward, Calhoun, & Richardson, PLLC d/b/a McDaniel Wolff by Process Server hired 8/27/26. These discovery requests are served, not filed, unless the Court directs otherwise.

Date: 8/26/2026

Respectfully submitted,

Bradley Burchfield

**Bradley Burchfield, Pro Se**
5420 Kavanaugh Blvd #7927
Little Rock, AR 72217
Phone: 479-223-0038
Email: burchfieldbradley123@gmail.com

Arkansas Rule of Civil Procedure 45 - Subpoena in a Civil Case (Documents Only)

**IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS**
**3rd DIVISION**

| | |
|---|---|
| **BRADLEY BURCHFIELD**<br>Plaintiff,<br><br>v.<br><br>**BALANCE LAW PLLC; and**<br>**MCDANIEL, WOLFF, WARD, CALHOUN, & RICHARDSON, PLLC**<br>**d/b/a MCDANIEL WOLFF,**<br>**Defendants.** | **Case No.** 60CV-26-11307 |

## SUBPOENA IN A CIVIL CASE
### DOCUMENTS ONLY - NO APPEARANCE

**TO: SULLIVAN & CROMWELL LLP, through its Custodian of Records**
125 Broad Street
New York, NY 10004-2498

**[X] YOU ARE COMMANDED** no later than thirty (30) business days after service of this subpoena to produce and permit inspection and copying of the documents, electronically stored information, and tangible things described in Attachment A.

**[ ] APPEARANCE OR TESTIMONY:** Not commanded. This is a document-only subpoena. No deposition, hearing, trial appearance, testimony, or inspection of premises is required.

| | |
|---|---|
| **Place and method of production:**<br>125 Broad Street<br>New York, NY 10004-2498<br>Electronic production is permitted to burchfieldbradley123@gmail.com by secure link, encrypted email, or another agreed method. | **Compliance deadline:**<br>Thirty (30) business days after service<br>Deadline date: 10/15/26<br>5:00 p.m. local time |

This subpoena excludes privileged matter and protected trial-preparation material. Any claim of privilege or work-product protection must be made consistently with Arkansas Rule of Civil Procedure 26(b)(5).

**NOTICE TO REQUESTING PARTY:** Because no appearance is commanded, Arkansas Rule of Civil Procedure 45(b)(1) requires service of a copy on every other party by email, facsimile, or hand delivery at least three (3) business days before service on the recipient. Promptly provide every other party a copy of all material produced by Sullivan & Cromwell LLP.

Date issued: August 27, 2026

**CLERK OF PULASKI COUNTY CIRCUIT COURT**

**Clerk or Deputy Clerk (Court Seal)**

**Requested for issuance by:**

Bradley Burchfield, Plaintiff Pro Se
5420 Kavanaugh Blvd #7927
Little Rock, AR 72217
Phone: 479-223-0038
Email: burchfieldbradley123@gmail.com

SEAL OF THE CIRCUIT COURT PULASKI COUNTY, ARKANSAS

# PROOF OF SERVICE

Burchfield v. Balance Law PLLC, et al. | Case No. ________________

I received this subpoena for Sullivan & Cromwell LLP, through its Custodian of Records, on ________________.

[ ] I served a true copy on the named recipient or an authorized representative as follows:

Name and title: ________________

Place of service: ________________

Date and time: ________________

Manner of service: ________________

[ ] I returned the subpoena unexecuted because: ________________

________________

No witness attendance was commanded; therefore no attendance or mileage fee was tendered.

I declare under penalty of perjury under the laws of the State of Arkansas that the foregoing is true and correct.

Executed on: ________________

________________
Signature of server

________________
Printed name and title

________________
Address of server

## NOTICE TO PERSONS SUBJECT TO SUBPOENAS

Document-only subpoena. Arkansas Rule of Civil Procedure 45(b)(1) permits a subpoena to command production of designated books, papers, documents, or tangible things without requiring an appearance at a deposition, hearing, or trial. This subpoena commands no appearance.

Protection and costs. On a prompt motion made no later than the compliance deadline, the court may quash or modify a subpoena that is unreasonable or oppressive. The court may condition denial of that motion on advancement of the reasonable cost of production. Ark. R. Civ. P. 45(b)(2).

Privilege and work product. A person withholding responsive information under a claim of privilege or trial-preparation protection must expressly make the claim and describe the nature of the withheld material without revealing the protected substance so that the claim can be assessed. Ark. R. Civ. P. 26(b)(5).

Service and interstate process. Arkansas Rule 45 governs issuance in the Arkansas action. Service, objections, production, and enforcement outside Arkansas are additionally governed by the law and court procedures of the state where discovery is conducted.

No attendance fee. Because this subpoena commands documents only and no personal appearance, no witness attendance or mileage fee is required by this command. Reasonable production costs remain subject to Rule 45(b)(2) and applicable law.

# ATTACHMENT A

## DOCUMENTS AND ELECTRONICALLY STORED INFORMATION TO BE PRODUCED

Burchfield v. Balance Law PLLC, et al. | Case No. ___________________

Scope limitation. This subpoena is limited to nonprivileged records dated June 29 through August 25, 2026, reflecting communications between Sullivan & Cromwell LLP and Balance Law PLLC concerning Bradley Burchfield, the SmartLinx Person Report created on August 8, 2026, or the Related Actions. It excludes unrelated client matters, substantive legal advice, counsel's mental impressions, litigation strategy, opinion work product, and testimony. It does not seek communications solely within the Recipient or solely between the Recipient and its own client that were never shared with Balance Law.

## DEFINITIONS

**"Recipient"** means Sullivan & Cromwell LLP and only the personnel, custodians, and reasonably accessible systems involved in responsive communications with Balance Law.

**"Balance Law"** means Balance Law PLLC, also known as Balance Law Firm, and its personnel, including B. Robert Liu.

**"Report"** means the LexisNexis SmartLinx Person Report created on August 8, 2026, at 1:13 p.m. EST, identifying Balance Law PLLC as the organization for which it was created, including any copy, excerpt, link, attachment, or derivative version.

**"Related Actions"** means Pulaski County Case Nos. 60CV-26-8633 and 60CV-26-9730 and federal Case Nos. 4:26-cv-00611-DPM, 4:26-cv-00826-KGB, and 4:26-cv-00827-LPR, but only to the extent a record concerns Plaintiff, the Report, its intended use, filing, redaction, sealing, restriction, or replacement.

**"Communication"** means a nonprivileged transmission of factual information by email, letter, message, memorandum, meeting note, or other medium, including attachments and available sender, recipient, date, time, subject line, file name, and transmission metadata.

## INSTRUCTIONS

**REQUEST NO. 1:** Search reasonably accessible systems and custodians using Plaintiff's name, Balance Law, B. Robert Liu, the Report date, the Related Action numbers, and known report file names or identifiers.

**REQUEST NO. 2:** Produce documents as kept in the ordinary course of business or organize and label them to correspond to the numbered requests.

**REQUEST NO. 3:** Produce ordinary documents as searchable PDF. Produce email, messages, logs, spreadsheets, database exports, and other structured data in native or reasonably usable form, preserving available sender, recipient, date, time, attachments, file names, and audit or transmission metadata.

**REQUEST NO. 4:** Electronic production is permitted. No testimony or personal appearance is required.

**REQUEST NO. 5:** Redact unrelated personal information and unrelated client-matter information. A reasonable confidentiality designation or protective-order proposal may accompany production.

**REQUEST NO. 6:** If responsive information is withheld as privileged or protected work product, expressly make the claim and provide the description required by Arkansas Rule of Civil Procedure 26(b)(5). Produce each reasonably segregable nonprivileged remainder, each attachment not independently protected, and nonprivileged transmission metadata.

**REQUEST NO. 7:** These requests seek existing documents and electronically stored information. Except for the privilege description required by applicable law, they do not command creation of a new substantive narrative or attorney testimony.

## ATTACHMENT A - DOCUMENT REQUESTS

Burchfield v. Balance Law PLLC, et al. | Case No. ____________________

**REQUEST NO. 8:** All nonprivileged communications between Sullivan & Cromwell LLP and Balance Law during the stated period concerning Plaintiff, the Report, or a Related Action.

**REQUEST NO. 9:** Every Report copy, excerpt, attachment, link, download, image, or derivative file transmitted between Recipient and Balance Law, with available file and transmission metadata.

**REQUEST NO. 10:** Documents sufficient to identify the sender, recipient, copied recipients, date, time, subject line, file name, and attachment names for each responsive communication, including nonprivileged metadata for communications whose content is withheld.

**REQUEST NO. 11:** Nonprivileged communications conveying or memorializing a request, authorization, direction, or factual instruction to obtain, search for, download, transmit, use, attach, file, redact, seal, restrict, or replace the Report.

**REQUEST NO. 12:** Nonprivileged communications concerning who selected the Report as an exhibit, prepared any exhibit version, furnished it to another firm, or technically filed or caused it to be filed in a Related Action.

**REQUEST NO. 13:** Nonprivileged communications concerning Plaintiff's requests to remove, redact, seal, restrict, or replace family names, addresses, relationship links, or other information appearing in the Report.

**REQUEST NO. 14:** Documents sufficient to identify each custodian and reasonably accessible system searched in response to this subpoena, including role and office location but excluding unrelated personnel information.

**REQUEST NO. 15:** Nonprivileged litigation-hold, preservation, deletion-suspension, or records-retention directions specifically concerning the Report or communications with Balance Law about the Report.

**REQUEST NO. 16:** A privilege log consistent with Arkansas Rule of Civil Procedure 26(b)(5) for responsive material withheld in whole or in part, identifying date, sender, recipients, document type, general subject, attachment status, privilege or protection asserted, and the basis for the claim without disclosing protected substance.

**REQUEST NO. 17:** Any existing records identifying custodians, reasonably accessible systems, date ranges, or search terms used to locate material responsive to this subpoena. This request does not require creation of a new substantive narrative or attorney testimony.

Production contact: Bradley Burchfield, burchfieldbradley123@gmail.com, 479-223-0038. Electronic production may be arranged by secure link, encrypted email, or another mutually agreeable method.

Arkansas Rule of Civil Procedure 45 - Subpoena in a Civil Case (Documents Only)

**IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS**
**3rd DIVISION**

**BRADLEY BURCHFIELD**
Plaintiff,

v.

**BALANCE LAW PLLC; and**
**MCDANIEL, WOLFF, WARD, CALHOUN, & RICHARDSON, PLLC**
**d/b/a MCDANIEL WOLFF,**
**Defendants.**

**Case No.** 60CV-26-11307

## SUBPOENA IN A CIVIL CASE
### DOCUMENTS ONLY - NO APPEARANCE

**TO: QUINN EMANUEL URQUHART & SULLIVAN, LLP, through its Custodian of Records**
2601 South Bayshore Drive, Suite 1550
Miami, FL 33133

[X] **YOU ARE COMMANDED** no later than thirty (30) business days after service of this subpoena to produce and permit inspection and copying of the documents, electronically stored information, and tangible things described in Attachment A.

[ ] **APPEARANCE OR TESTIMONY:** Not commanded. This is a document-only subpoena. No deposition, hearing, trial appearance, testimony, or inspection of premises is required.

| **Place and method of production:** | **Compliance deadline:** |
|---|---|
| 2601 South Bayshore Drive, Suite 1550<br>Miami, FL 33133<br>Electronic production is permitted to burchfieldbradley123@gmail.com by secure link, encrypted email, or another agreed method. | Thirty (30) business days after service<br>Deadline date: 10/15/26<br>5:00 p.m. local time |

This subpoena excludes privileged matter and protected trial-preparation material. Any claim of privilege or work-product protection must be made consistently with Arkansas Rule of Civil Procedure 26(b)(5).

**NOTICE TO REQUESTING PARTY: Because no appearance is commanded, Arkansas Rule of Civil Procedure 45(b)(1) requires service of a copy on every other party by email, facsimile, or hand delivery at least three (3) business days before service on the recipient. Promptly provide every other party a copy of all material produced by Quinn Emanuel Urquhart & Sullivan, LLP.**

Date issued: August 27, 2026

**CLERK OF PULASKI COUNTY CIRCUIT COURT**

Ruth Elkins

**Clerk or Deputy Clerk (Court Seal)**

**Requested for issuance by:**

Bradley Burchfield, Plaintiff Pro Se
5420 Kavanaugh Blvd #7927
Little Rock, AR 72217
Phone: 479-223-0038
Email: burchfieldbradley123@gmail.com

SEAL OF THE CIRCUIT COURT PULASKI COUNTY, ARKANSAS

# PROOF OF SERVICE

Burchfield v. Balance Law PLLC, et al. | Case No. __________________

I received this subpoena for Quinn Emanuel Urquhart & Sullivan, LLP, through its Custodian of Records, on __________________.

[ ] I served a true copy on the named recipient or an authorized representative as follows:

Name and title: ______________________________

Place of service: ______________________________

Date and time: ______________________________

Manner of service: ______________________________

[ ] I returned the subpoena unexecuted because: ______________________________

______________________________

No witness attendance was commanded; therefore no attendance or mileage fee was tendered.

I declare under penalty of perjury under the laws of the State of Arkansas that the foregoing is true and correct.

Executed on: __________________

______________________________
Signature of server

______________________________
Printed name and title

______________________________
Address of server

## NOTICE TO PERSONS SUBJECT TO SUBPOENAS

Document-only subpoena. Arkansas Rule of Civil Procedure 45(b)(1) permits a subpoena to command production of designated books, papers, documents, or tangible things without requiring an appearance at a deposition, hearing, or trial. This subpoena commands no appearance.

Protection and costs. On a prompt motion made no later than the compliance deadline, the court may quash or modify a subpoena that is unreasonable or oppressive. The court may condition denial of that motion on advancement of the reasonable cost of production. Ark. R. Civ. P. 45(b)(2).

Privilege and work product. A person withholding responsive information under a claim of privilege or trial-preparation protection must expressly make the claim and describe the nature of the withheld material without revealing the protected substance so that the claim can be assessed. Ark. R. Civ. P. 26(b)(5).

Service and interstate process. Arkansas Rule 45 governs issuance in the Arkansas action. Service, objections, production, and enforcement outside Arkansas are additionally governed by the law and court procedures of the state where discovery is conducted.

No attendance fee. Because this subpoena commands documents only and no personal appearance, no witness attendance or mileage fee is required by this command. Reasonable production costs remain subject to Rule 45(b)(2) and applicable law.

# ATTACHMENT A

## DOCUMENTS AND ELECTRONICALLY STORED INFORMATION TO BE PRODUCED

Burchfield v. Balance Law PLLC, et al. | Case No. ____________________

Scope limitation. This subpoena is limited to nonprivileged records dated June 29 through August 25, 2026, reflecting communications between Quinn Emanuel Urquhart & Sullivan, LLP and Balance Law PLLC concerning Bradley Burchfield, the SmartLinx Person Report created on August 8, 2026, or the Related Actions. It excludes unrelated client matters, substantive legal advice, counsel's mental impressions, litigation strategy, opinion work product, and testimony. It does not seek communications solely within the Recipient or solely between the Recipient and its own client that were never shared with Balance Law.

### DEFINITIONS

**"Recipient"** means Quinn Emanuel Urquhart & Sullivan, LLP and only the personnel, custodians, and reasonably accessible systems involved in responsive communications with Balance Law.

**"Balance Law"** means Balance Law PLLC, also known as Balance Law Firm, and its personnel, including B. Robert Liu.

**"Report"** means the LexisNexis SmartLinx Person Report created on August 8, 2026, at 1:13 p.m. EST, identifying Balance Law PLLC as the organization for which it was created, including any copy, excerpt, link, attachment, or derivative version.

**"Related Actions"** means Pulaski County Case Nos. 60CV-26-8633 and 60CV-26-9730 and federal Case Nos. 4:26-cv-00611-DPM, 4:26-cv-00826-KGB, and 4:26-cv-00827-LPR, but only to the extent a record concerns Plaintiff, the Report, its intended use, filing, redaction, sealing, restriction, or replacement.

**"Communication"** means a nonprivileged transmission of factual information by email, letter, message, memorandum, meeting note, or other medium, including attachments and available sender, recipient, date, time, subject line, file name, and transmission metadata.

### INSTRUCTIONS

1. Search reasonably accessible systems and custodians using Plaintiff's name, Balance Law, B. Robert Liu, the Report date, the Related Action numbers, and known report file names or identifiers.
2. Produce documents as kept in the ordinary course of business or organize and label them to correspond to the numbered requests.
3. Produce ordinary documents as searchable PDF. Produce email, messages, logs, spreadsheets, database exports, and other structured data in native or reasonably usable form, preserving available sender, recipient, date, time, attachments, file names, and audit or transmission metadata.
4. Electronic production is permitted. No testimony or personal appearance is required.
5. Redact unrelated personal information and unrelated client-matter information. A reasonable confidentiality designation or protective-order proposal may accompany production.
6. If responsive information is withheld as privileged or protected work product, expressly make the claim and provide the description required by Arkansas Rule of Civil Procedure 26(b)(5). Produce each reasonably segregable nonprivileged remainder, each attachment not independently protected, and nonprivileged transmission metadata.
7. These requests seek existing documents and electronically stored information. Except for the privilege description required by applicable law, they do not command creation of a new substantive narrative or attorney testimony.

## ATTACHMENT A - DOCUMENT REQUESTS

Burchfield v. Balance Law PLLC, et al. | Case No. ___________________

**REQUEST NO. 1:** All nonprivileged communications between Quinn Emanuel Urquhart & Sullivan, LLP and Balance Law during the stated period concerning Plaintiff, the Report, or a Related Action.

**REQUEST NO. 2:** Every Report copy, excerpt, attachment, link, download, image, or derivative file transmitted between Recipient and Balance Law, with available file and transmission metadata.

**REQUEST NO. 3:** Documents sufficient to identify the sender, recipient, copied recipients, date, time, subject line, file name, and attachment names for each responsive communication, including nonprivileged metadata for communications whose content is withheld.

**REQUEST NO. 4:** Nonprivileged communications conveying or memorializing a request, authorization, direction, or factual instruction to obtain, search for, download, transmit, use, attach, file, redact, seal, restrict, or replace the Report.

**REQUEST NO. 5:** Nonprivileged communications concerning who selected the Report as an exhibit, prepared any exhibit version, furnished it to another firm, or technically filed or caused it to be filed in a Related Action.

**REQUEST NO. 6:** Nonprivileged communications concerning Plaintiff's requests to remove, redact, seal, restrict, or replace family names, addresses, relationship links, or other information appearing in the Report.

**REQUEST NO. 7:** Documents sufficient to identify each custodian and reasonably accessible system searched in response to this subpoena, including role and office location but excluding unrelated personnel information.

**REQUEST NO. 8:** Nonprivileged litigation-hold, preservation, deletion-suspension, or records-retention directions specifically concerning the Report or communications with Balance Law about the Report.

**REQUEST NO. 9:** A privilege log consistent with Arkansas Rule of Civil Procedure 26(b)(5) for responsive material withheld in whole or in part, identifying date, sender, recipients, document type, general subject, attachment status, privilege or protection asserted, and the basis for the claim without disclosing protected substance.

**REQUEST NO. 10:** Any existing records identifying custodians, reasonably accessible systems, date ranges, or search terms used to locate material responsive to this subpoena. This request does not require creation of a new substantive narrative or attorney testimony.

Production contact: Bradley Burchfield, burchfieldbradley123@gmail.com, 479-223-0038. Electronic production may be arranged by secure link, encrypted email, or another mutually agreeable method.

**IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS**
**HON. CATHLEEN V COMPTON - 3RD DIVISION 6TH CIRCUIT**

BRADLEY BURCHFIELD V BALANCE LAW PLLC ET AL

60CV-26-11307

**SUMMONS**

**THE STATE OF ARKANSAS TO DEFENDANT:**

MCDANIEL, WOLFF, WARD, CALHOUN & RICHARDSON PLLC
REG AGENT: VINCENT M WARD
1307 W 4TH STREET
LITTLE ROCK, AR 72201

A lawsuit has been filed against you. The relief demanded is stated in the attached complaint. Within 30 days after service of this summons on you (not counting the day you received it) - or 60 days if you are incarcerated in any jail, penitentiary, or other correctional facility in Arkansas - you must file with the clerk of this court a written answer to the complaint or a motion under Rule 12 of the Arkansas Rules of Civil Procedure.

The answer or motion must also be served on the plaintiff or plaintiff's attorney, whose name and address are:

BRADLEY BURCHFIELD
5420 KAVANAUGH BLVD #7927
Little Rock, AR 72217

If you fail to respond within the applicable time period, judgment by default may be entered against you for the relief demanded in the complaint.

Additional notices:
• Notice of Right to Consent to Disposition of Case by a State District Court Judge

CLERK OF COURT

Ruth Elkins

Ruth Elkins, DC

Date: 08/27/2026

Address of Clerks Office

TERRI HOLLINGSWORTH, CIRCUIT CLERK
CIRCUIT COURT OF PULASKI COUNTY
401 W. MARKHAM
LITTLE ROCK, AR 72201

## NOTICE OF RIGHT TO CONSENT
## TO DISPOSITION OF CASE BY A STATE DISTRICT COURT JUDGE

In accordance with Administrative Order Number 18, you are hereby notified that upon the consent of all the parties in a case, a State District Court Judge may be authorized to conduct all proceedings, including trial of the case and entry of a final judgment. Copies of appropriate consent forms are available from the Circuit Clerk.

You should be aware that your decision to consent or not to consent to the disposition of your case before a State District Court Judge is entirely voluntary, and by consenting to the reference of this matter to a State District Court Judge, the parties waive their right to a jury trial, and any appeal in the case shall be taken directly to the Arkansas Supreme Court or Court of Appeals as authorized by law.

You should communicate your consent by completing the Form -- CONSENT TO PROCEED BEFORE A STATE DISTRICT COURT JUDGE -- and return to the Circuit Clerk.

Circuit Clerk

Date: 08/27/2026

No. 60CV-26-11307 This summons is for MCDANIEL, WOLFF, WARD, CALHOUN & RICHARDSON PLLC (name of Defendant).

PROOF OF SERVICE

☐ On ________________ [date] I personally delivered the summons and complaint to the defendant at ______________________________________________ [place]; or

☐ After making my purpose to deliver the summons and complaint clear, on ________________ [date] I left the summons and complaint in the close proximity of the defendant by ________________________________________________________ [describe how the summons and complaint was left] after he/she refused to receive it when I offered it to him/her; or

☐ On ________________ [date] I left the summons and complaint with ________________, a member of the defendant's family at least 18 years of age, at _________________________ [address], a place where the defendant resides; or

☐ On ________________ [date] I delivered the summons and complaint to _________________ [name of individual], an agent authorized by appointment or by law to receive service of summons on behalf of _________________________ [name of defendant]; or

☐ On ________________ [date] at ___________________________ [address], where the defendant maintains an office or other fixed location for the conduct of business, during normal working hours I left the summons and complaint with

____________________________________________________________________________

[name and job description]; or

☐ I am the plaintiff or an attorney of record for the plaintiff in a lawsuit, and I served the summons and complaint on the defendant by certified mail, return receipt requested, restricted delivery, as shown by the attached signed return receipt.

☐ I am the plaintiff or attorney of record for the plaintiff in this lawsuit, and I mailed a copy of the summons and complaint by first-class mail to the defendant together with two copies of a notice and acknowledgment and received the attached notice and acknowledgment form within twenty days after the date of mailing.

☐ Other [specify]:

____________________________________________________________________________

☐ I was unable to execute service because:

____________________________________________________________________________

____________________________________________________________________________

My fee is $ ____.

**To be completed if service is by a sheriff or deputy sheriff:**

Date: ______________ SHERIFF OF ________ COUNTY, ARKANSAS

By: ____________________________
[Signature of server]

____________________________
[Printed name, title, and badge number]

**To be completed if service is by a person other than a sheriff or deputy sheriff:**

Date: ______________ By: ____________________________
[Signature of server]

____________________________
[Printed name]

Address: ____________________________________________________________
____________________________________________________________

Phone: ____________________________

Subscribed and sworn to before me this date: _____________

____________________________
Notary Public

My commission expires: ___________________

Additional information regarding service or attempted service:
________________________________________________________________________________
________________________________________________________________________________

ELECTRONICALLY FILED
Pulaski County Circuit Court
Terri Hollingsworth, Circuit/County Clerk
2026-Aug-27 08:42:07
60CV-26-11307
C06D03 : 7 Pages

**IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS**
**____________________ DIVISION**

**BRADLEY BURCHFIELD**
Plaintiff,

**v.**

**BALANCE LAW PLLC; and MCDANIEL, WOLFF, WARD, CALHOUN, & RICHARDSON, PLLC d/b/a MCDANIEL WOLFF,**
**Defendants.**

**Case No. ____________________**

**COMPLAINT AND JURY DEMAND**

Plaintiff Bradley Burchfield, appearing pro se, brings this individual action against Balance Law PLLC and McDaniel, Wolff, Ward, Calhoun, & Richardson, PLLC d/b/a McDaniel Wolff. Plaintiff alleges the following facts from personal knowledge, the public court records identified below, and, where expressly stated, information and belief.

## I. PARTIES, JURISDICTION, AND VENUE

1. Plaintiff Bradley Burchfield is a natural person residing in Pulaski County, Arkansas.
2. Defendant Balance Law PLLC is, on information and belief, a New York professional limited liability company, New York Department of State ID No. 5566949, with a reported process address at 1 World Trade Center, Suite 8500, New York, New York 10007. The New York Secretary of State is the statutory agent for service on the entity.
3. Defendant McDaniel, Wolff, Ward, Calhoun, & Richardson, PLLC is an Arkansas professional limited liability company, Arkansas filing No. 811194601, doing business as McDaniel Wolff. Its principal and registered-agent address is 1307 W. 4th Street, Little Rock, Arkansas 72201, and its registered agent is Vincent M. Ward at that address.
4. This Court has subject-matter jurisdiction over this Arkansas tort action. The amount sought is within the jurisdiction of the Pulaski County Circuit Court.
5. Arkansas Code Annotated section 16-4-101(B) extends personal jurisdiction to the maximum extent permitted by due process. Plaintiff invokes specific, case-linked jurisdiction over Balance Law and does not allege that Balance Law is generally at home in Arkansas.
6. On July 20, 2026, B. Robert Liu filed an entry of appearance, ECF No. 15, in Burchfield v. Alibaba Group Holding Limited, No. 4:26-cv-00611-DPM (E.D. Ark.). The filing identified Liu's firm as Balance Law and entered his appearance for Alibaba Group Holding Limited

and Alibaba.com U.S. E-Commerce Corp. On July 29, 2026, Liu, using his Balance Law email signature, sent Plaintiff a proposed service-of-process agreement addressing Alibaba Group Holding Limited in No. 4:26-cv-00611-DPM and Pulaski County Circuit Court Case No. 60CV-26-8633.

7. The removal papers for Pulaski County Circuit Court Case No. 60CV-26-8633, later docketed as No. 4:26-cv-00826-KGB in the Eastern District of Arkansas, identify Liu and Balance Law as counsel for Alibaba Group Holding Limited, Alibaba Group (U.S.) Inc., Alibaba.com U.S. E-Commerce Corp., Alibaba.com U.S. LLC, and AUS Merchant Services Inc. Balance Law also filed the removal papers described below in No. 4:26-cv-00827-LPR.

8. McDaniel Wolff is an Arkansas entity located in Pulaski County. Its challenged filing was made in Pulaski County Circuit Court Case No. 60CV-26-8633.

9. Plaintiff's claims arise from or relate to Defendants' Arkansas-directed representation, their handling and alleged transmission of the report described below for use in Arkansas litigation, and the filing of that report in a Pulaski County court record.

10. Venue is proper in Pulaski County under Arkansas Code Annotated section 16-60-101(a)(1) and (3) because a substantial part of the alleged publication occurred through a Pulaski County court filing, the resulting public-record exposure occurred here, and Plaintiff resided here at the time.

11. Plaintiff brings an individual action only. The total monetary recovery sought or accepted on all claims against all Defendants combined is irrevocably limited to not more than $75,000 in the aggregate, exclusive only of taxable costs and post-judgment interest. Plaintiff waives any recovery above that aggregate ceiling and files a separate binding stipulation contemporaneously with this Complaint.

## II. FACTUAL ALLEGATIONS

12. On August 8, 2026, at 1:13 p.m. EST, a LexisNexis SmartLinx Person Report concerning Plaintiff was created. The report states on its face that it was created for Balance Law PLLC and labels itself "FOR INFORMATIONAL PURPOSES ONLY."

13. The report is approximately forty-five pages. It aggregates and links information concerning Plaintiff and nonparty family members and associates, including names, relationship links, current and historical addresses, contact and location information, personal and real-property information, and other identifying or locating data. Plaintiff alleges that the report's face also restricts reproduction outside the organization for which it was obtained per Lexis Nexis

employee Howard McCray who will be subpoenaed for deposition or statement. This Complaint intentionally does not reproduce those details in the report.

14. The immediate family members identified in the report were not parties to the litigation in which the report was filed. By linking those persons, relationships, addresses, and assets to Plaintiff, the report disclosed information about Plaintiff's private family and personal life as well as about the nonparties.

15. The compiled report went materially beyond the narrow facts needed to identify Plaintiff's state of residence or to address service, standing, jurisdiction, or another discrete issue. Plaintiff alleges on information and belief that the unnecessary use of the complete report was intended, at least in part, to pressure or intimidate him. Plaintiff bases that belief in part on a prior communication from an Alibaba-related sender directing him to "keep silent."

16. On August 10, 2026, at 3:37:09 p.m., McDaniel Wolff electronically filed Five Defendants' Opposition to Plaintiff's Motion in Pulaski County Circuit Court Case No. 60CV-26-8633 and attached the SmartLinx report as Exhibit 2. The opposition bears the names of McDaniel Wolff attorneys Bart Calhoun, Brittany Webb, and Ginny Ashcraft, and the certificate of service was executed by Brittany Webb. The attached report continued to identify Balance Law PLLC as the organization for which it had been created.

17. A copy of the report also appears in the record of No. 4:26-cv-00827-LPR, which was removed from Pulaski County Circuit Court Case No. 60CV-26-9730. Plaintiff's presently available records do not identify the individual who selected, transmitted, or uploaded the state-court copy in that matter. Plaintiff therefore does not attribute that particular state-court upload to a specific Defendant except as otherwise alleged on information and belief below.

18. On August 13, 2026, Balance Law, through B. Robert Liu, filed notices of removal in Burchfield v. Alibaba Group Holding Limited, No. 4:26-cv-00826-KGB, and Burchfield v. Alibaba.com Singapore E-Commerce Private Limited, No. 4:26-cv-00827-LPR. Paragraph 4 of each notice expressly relied on the August 8 SmartLinx report and attached excerpts as Exhibit 2. Each notice stated that the exhibit had been redacted in certain respects and was filed under Balance Law's signature block.

19. The filing in Case No. 60CV-26-8633 made the report available through a Pulaski County court record, and the removed records made the report or excerpts available through records of the United States District Court for the Eastern District of Arkansas.

20. On August 24, 2026, B. Robert Liu emailed Plaintiff, copying McDaniel Wolff attorneys Bart Calhoun, Brittany Webb, and Ginny Ashcraft. Liu referred to "the exhibit we filed" and stated that counsel would address what should be filed with the court in "the two cases that were removed from state court." Liu stated that counsel was willing to consider requested redactions and asked Plaintiff to provide a marked-up version of the exhibit.

21. Before and after that email, Plaintiff made repeated written requests that family-member names, relationship links, addresses, and other nonparty information be removed or sealed. Plaintiff identified the categories to be redacted without publicly filing another unredacted copy. Plaintiff does not characterize Liu's August 24 response itself as an express refusal, but alleges that the continued exposure after repeated notice intensified the pressure and fear caused by the filing.

22. **Balance Law's conduct.** Balance Law's separately documented conduct includes obtaining or causing the creation of the report under its organization name, expressly relying on the report in two removal notices, attaching report excerpts to those notices, and later referring to "the exhibit we filed."

23. **McDaniel Wolff's conduct.** McDaniel Wolff's separately documented conduct includes possessing the report identifying Balance Law as the requesting organization and filing it as Exhibit 2 in Case No. 60CV-26-8633 on August 10, 2026.

24. **Transmission alleged on information and belief.** Plaintiff was not a participant in, and lacks access to, Defendants' internal communications. Based on the report's identification of Balance Law as the organization for which it was created; McDaniel Wolff's possession and filing of that report less than two days later; the firms' representation of overlapping Alibaba defendants; Balance Law's subsequent use of the report in both removed cases; and Liu's August 24 statement, Plaintiff alleges on information and belief that Balance Law caused a copy of, or access to, the report to be furnished to McDaniel Wolff after 1:13 p.m. EST on August 8 and before 3:37:09 p.m. on August 10, 2026, for use in the litigation.

25. The individual sender and recipient, precise time and method, any instructions concerning exhibit use or redaction, and the accompanying communications are principally within Defendants' and their agents' possession. Plaintiff will seek those facts through proportionate discovery, including requests for production, interrogatories, depositions, and nonparty subpoenas.

26. Plaintiff further alleges on information and belief that one or more of the Alibaba entities represented in the related actions directed, authorized, or participated in decisions concerning the report. Those entities include Alibaba Group Holding Limited, Alibaba.com Singapore E-Commerce Pte. Ltd., AUS Merchant Services Inc., AliExpress E-Commerce One Pte. Ltd., Alibaba Group (U.S.) Inc., Alibaba.com U.S. LLC, and Alibaba.com U.S. E-Commerce Corp. Plaintiff also believes responsive records may exist in communications between Balance Law and Sullivan & Cromwell LLP and between Balance Law and Quinn Emanuel Urquhart & Sullivan, LLP concerning Plaintiff, the report, or the related cases. Plaintiff does not allege that every interfirm communication is unprivileged; he seeks discoverable factual communications, attachments, transmission metadata, and an appropriate privilege log for material withheld.

27. The presently available source records include the report's creation page, McDaniel Wolff's August 10 opposition and Exhibit 2 in Case No. 60CV-26-8633, Balance Law's August 13 notices of removal and Exhibit 2 attachments in Nos. 4:26-cv-00826-KGB and 4:26-cv-00827-LPR, and Liu's August 24 email. Plaintiff has not attached an unredacted copy of the report to this Complaint.

28. Plaintiff's safety concerns were heightened by the U.S. Department of Justice's July 1, 2026 public announcement that Alibaba Group Holding Limited and AUS Merchant Services Inc. agreed to pay $600 million to resolve allegations that they failed to prevent merchants from selling and importing illegal pharmaceuticals, controlled substances, listed chemicals, pill presses, and other illegal products. Plaintiff does not allege that Defendants in this action personally committed the conduct described in that agreement; he alleges that the public announcement affected the seriousness and reasonableness of his reaction to the disclosure of family-location information.

29. Plaintiff contacted the sheriff's office in the county where immediate family members reside and requested additional patrol attention. He did so because the report linked family identities and location information to litigation involving Alibaba entities.

30. Plaintiff has taken reasonable steps to mitigate the exposure, including repeated redaction requests and requests for sealing or tailored replacement exhibits in the federal actions.

31. Plaintiff has experienced loss of privacy, fear for family safety, anxiety, emotional distress, and time and expense associated with seeking redaction, sealing, and additional safety

measures. Plaintiff will prove the nature and amount of recoverable damages through admissible evidence.

32. The challenged conduct is not alleged merely as an inaccurate or defamatory statement made in advocacy. Plaintiff challenges the alleged acquisition, interfirm transmission, selection, and public filing of a compiled personal-data report containing unnecessary information about Plaintiff's private family relationships and locations. Plaintiff alleges that publication of the complete data compilation was not reasonably necessary to establish residence or another material issue and exceeded any legitimate litigation purpose.

## III. COUNT I - PUBLIC DISCLOSURE OF PRIVATE FACTS

33. Plaintiff incorporates paragraphs 1 through 32 as if fully stated here.

34. The report disclosed facts concerning Plaintiff's private life, including his family relationships and the identities, addresses, contact details, and asset-location information linked to those relationships. Plaintiff had not placed those compiled details at issue merely by alleging Arkansas residence.

35. Filing the report in a publicly accessible court record communicated the compiled facts to the public at large or made them substantially certain to become public knowledge.

36. Disclosure of the identified family and personal-data fields would be highly offensive to a reasonable person because the report created a detailed relationship and location profile unrelated to the merits.

37. The family identities, relationship links, precise addresses, contact details, and asset-location fields were not matters of legitimate public concern and had no material litigation purpose beyond any narrowly relevant fact that could have been presented through a tailored, redacted extract.

38. **Balance Law.** Balance Law directly obtained or caused the creation of the report, used excerpts in two federal filings, and, as alleged on information and belief in paragraph 24, caused the report or access to it to be furnished to McDaniel Wolff for litigation use.

39. **McDaniel Wolff.** McDaniel Wolff possessed the report and publicly filed it as Exhibit 2 in Pulaski County Circuit Court Case No. 60CV-26-8633 on August 10, 2026.

40. Defendants knew or reasonably should have known that the report contained extensive personal and nonparty information unnecessary to the limited issues for which residence

evidence was purportedly offered and that filing it in a court record would make the information publicly available.

41. The separately alleged conduct of each Defendant was a substantial factor and proximate cause of the public exposure and Plaintiff's resulting injuries.

42. As a result, Plaintiff seeks compensatory damages and any additional monetary relief legally available on the proof, subject to the binding aggregate cap below.

## IV. DAMAGES AND BINDING AGGREGATE LIMITATION

43. Plaintiff seeks damages for legally compensable loss of privacy, emotional distress, fear, mitigation efforts, time, expense, and any other injury proved at trial. Plaintiff also requests punitive damages, prejudgment interest, and any fee or statutory addition only if authorized and proved. All monetary relief against all Defendants combined is subject to the aggregate limitation in the next paragraph.

44. The combined total of compensatory damages, punitive damages, prejudgment interest, statutory additions, fee awards, and every other form of monetary relief sought or accepted by Plaintiff against all Defendants shall not exceed $75,000 in the aggregate. Only taxable costs and post-judgment interest are excluded. Plaintiff irrevocably waives any award or recovery above that limit and seeks no class relief.

## V. JURY DEMAND

45. Plaintiff demands a trial by jury on every issue so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court: (a) enter judgment in his favor on Count I; (b) award compensatory damages and any punitive damages or other monetary relief legally available on the proof, subject in all events to the binding $75,000 aggregate cap; (c) award taxable costs and post-judgment interest as allowed by law; (d) provide a jury trial on triable issues; and (e) grant any other nonmonetary relief the Court determines proper and legally available.

Date: 8/26/26

Respectfully submitted,

*[signature]*

**Bradley Burchfield, Pro Se**
5420 Kavanaugh Blvd #7927
Little Rock, AR 72217
Phone: 479-223-0038
Email: burchfieldbradley123@gmail.com

ELECTRONICALLY FILED
Pulaski County Circuit Court
Terri Hollingsworth, Circuit/County Clerk
2026-Aug-27 08:42:07
60CV-26-11307
C06D03 : 2 Pages

**IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS**
**____ DIVISION**

**BRADLEY BURCHFIELD**
**Plaintiff,**

**v.**

**Case No.**

**BALANCE LAW PLLC; and**
**MCDANIEL, WOLFF, WARD,**
**CALHOUN, & RICHARDSON, PLLC**
**d/b/a MCDANIEL WOLFF,**
**Defendants.**

**BINDING STIPULATION AND LIMITATION OF RECOVERY**

Plaintiff Bradley Burchfield states and stipulates as follows:

1. This is an individual action. Plaintiff does not seek relief on behalf of a class, collective, or other person.

2. The maximum total monetary recovery Plaintiff seeks, will accept, or may enforce on all claims against all Defendants combined is exactly $75,000 in the aggregate.

3. The $75,000 aggregate cap includes compensatory damages, nominal damages, punitive damages, statutory damages or multipliers, restitution, disgorgement, prejudgment interest, attorney-fee awards, and every other form of monetary relief, whether pleaded now or later.

4. Only taxable court costs and post-judgment interest accruing on an entered judgment are excluded from the aggregate cap.

5. Plaintiff irrevocably waives any right to recover, accept, or enforce more than $75,000 in aggregate monetary relief against all Defendants combined and will not amend a pleading or stipulate to relief in a manner inconsistent with this limitation.

6. If a verdict or award would otherwise exceed the cap, Plaintiff asks the Court to reduce it so that the aggregate recoverable monetary relief does not exceed $75,000, exclusive only of taxable costs and post-judgment interest.

7. Plaintiff intends this stipulation to be binding as a judicial admission throughout this action, including for jurisdictional and amount-in-controversy purposes.

I declare under penalty of perjury that I have read this stipulation, understand it, and agree to be bound by it.

Date: 8/26/26

Respectfully submitted,

Bradley Burchfield

Bradley Burchfield, Pro Se
5420 Kavanaugh Blvd #7927
Little Rock, AR 72217
Phone: 479-223-0038
Email: burchfieldbradley123@gmail.com

**Optional acknowledgment**

State of Arkansas )
County of Pulaski )

Subscribed and sworn before me on August 26, 2026 by Bradley Burchfield.

Shyreen Hightower

Notary Public
My commission expires: August 14, 2035

SHYREEN HIGHTOWER
NOTARY PUBLIC
#00008102
EXPIRES AUGUST 14, 2035
SALINE COUNTY, ARKANSAS

ELECTRONICALLY FILED
Pulaski County Circuit Court
Terri Hollingsworth, Circuit/County Clerk
2026-Aug-27 08:42:07
60CV-26-11307
C06D03 : 4 Pages

**IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS**
**__________________ DIVISION**

**BRADLEY BURCHFIELD**
Plaintiff,

**v.**

**BALANCE LAW PLLC; and**
**MCDANIEL, WOLFF, WARD, CALHOUN, & RICHARDSON, PLLC d/b/a MCDANIEL WOLFF,**
**Defendants.**

**Case No. ________________**

**PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION TO BALANCE LAW PLLC**

Pursuant to Arkansas Rules of Civil Procedure 26, 26.1, and 34, Plaintiff requests that Balance Law PLLC produce the documents and electronically stored information described below. This is the first set directed to Balance Law PLLC. These requests exclude substantive legal advice, counsel's mental impressions, legal strategy, and unrelated client information.

**DEFINITIONS**

**REQUEST NO. 1:** "Report" means the LexisNexis SmartLinx Person Report created on or about August 8, 2026, at 1:13 p.m. EST, identifying Balance Law PLLC as the organization for which it was created and appearing in the records of Pulaski County Circuit Court Case No. 60CV-26-8633 and federal Case Nos. 4:26-cv-00826-KGB and 4:26-cv-00827-LPR.

**REQUEST NO. 2:** "Communication" means a nonprivileged transmission of factual information by email, letter, message, ticket, memorandum, meeting note, or other medium, including attachments and available sender, recipient, date, time, subject-line, file-name, and transmission metadata.

**REQUEST NO. 3:** "Document" includes writings, records, forms, images, reports, emails, messages, logs, audit trails, metadata, and other electronically stored information within the responding party's possession, custody, or control.

**REQUEST NO. 4:** "Filing" means the technical selection, labeling, conversion, upload, submission, acceptance, rejection, sealing, redaction, or replacement of the Report in a state or federal court record.

**REQUEST NO. 5:** "Outside Firms" means Sullivan & Cromwell LLP and Quinn Emanuel Urquhart & Sullivan, LLP.

**REQUEST NO. 6:** "Related Actions" means Pulaski County District Court Case No. PCSC-26-189; Pulaski County Circuit Court Case Nos. 60CV-26-8633 and 60CV-26-9730; and federal Case Nos. 4:26-cv-00611-DPM, 4:26-cv-00826-KGB, and 4:26-cv-00827-LPR, but only to the extent a record concerns Plaintiff, the Report, its acquisition, transmission, use, filing, redaction, sealing, or replacement.

**REQUEST NO. 7:** "Relevant Period" means June 29, 2026, through August 25, 2026.

**INSTRUCTIONS**

**REQUEST NO. 8:** Produce documents as kept in the ordinary course of business or organize and label them to correspond to each request.

**REQUEST NO. 9:** Produce emails and messages with attachments and available sender, recipient, copied-recipient, date, time, subject-line, file-name, and transmission metadata; produce structured data in native or reasonably usable form.

**REQUEST NO. 10:** The requests seek reasonably accessible sources. Identify any source withheld as not reasonably accessible and explain the burden with particularity.

**REQUEST NO. 11:** If information is withheld as privileged or work product, expressly make the claim and provide the description and privilege log required by Arkansas Rule of Civil Procedure 26(b)(5), without revealing protected substance.

**REQUEST NO. 12:** Redact unrelated personal information and unrelated client-matter information. Produce each reasonably segregable, nonprivileged remainder and any attachment not independently privileged.

**REQUEST NO. 13:** Supplement the response as Arkansas Rule of Civil Procedure 26(e) requires.

**REQUEST NO. 14:** Serve a written response within the time set by Arkansas Rule of Civil Procedure 34(b)(2): generally 30 days after service of the request, except that a defendant has the longer of 30 days after service of the request or 45 days after service of the summons and complaint, unless the Court orders or the parties agree otherwise in writing.

**REQUEST NO. 15:** Electronic production may be made to burchfieldbradley123@gmail.com by secure link, encrypted email, or another agreed method.

**REQUEST NO. 16:** State each objection with specificity, identify the part of a request to which it applies, and produce the portion to which no objection is made.

**REQUESTS FOR PRODUCTION**

**REQUEST NO. 17:** The Report in the exact form first obtained or generated, together with available file metadata, download history, order record, and report identifier.

**REQUEST NO. 18:** Documents sufficient to show the product, account, date and time, requester or user, query criteria, permissible-purpose designation, and organization associated with creation of the Report.

**REQUEST NO. 19:** The agreement, terms of use, user guide, data-use restriction, court-filing restriction, and privacy or redaction policy governing the account and product used to create the Report on August 8, 2026. Pricing may be redacted unless directly relevant.

**REQUEST NO. 20:** All nonprivileged communications transmitting the Report or a link, excerpt, or data from it to McDaniel Wolff or any defendant in Case Nos. 60CV-26-8633, 60CV-26-9730, 4:26-cv-00611-DPM, 4:26-cv-00826-KGB, or 4:26-cv-00827-LPR.

**REQUEST NO. 21:** All nonprivileged communications limited to the factual handling, intended recipient, proposed exhibit use, technical filing, sealing, redaction, or replacement of the Report. This request excludes substantive legal advice, mental impressions, and litigation strategy.

**REQUEST NO. 22:** All versions of the Report or excerpt prepared for filing, including marked, converted, compressed, OCR, redacted, sealed, and replacement versions, with available creation and modification metadata.

**REQUEST NO. 23:** All nonprivileged communications with LexisNexis concerning whether this specific SmartLinx Report could be transmitted to another organization, publicly filed, sealed, redacted, or replaced.

**REQUEST NO. 24:** Documents sufficient to identify each nonlawyer custodian, records employee, vendor contact, or other person with knowledge of the Report's acquisition, transmission, or technical handling, including role and contact information.

**REQUEST NO. 25:** All nonprivileged communications during the Relevant Period between Balance Law PLLC and Sullivan & Cromwell LLP concerning Plaintiff, the Report, or a Related Action.

**REQUEST NO. 26:** All nonprivileged communications during the Relevant Period between Balance Law PLLC and Quinn Emanuel Urquhart & Sullivan, LLP concerning Plaintiff, the Report, or a Related Action.

**REQUEST NO. 27:** Every Report copy, excerpt, attachment, link, download, image, or derivative file transmitted during the Relevant Period between Balance Law PLLC and either Outside Firm, with available file and transmission metadata.

**REQUEST NO. 28:** All nonprivileged communications during the Relevant Period between Balance Law PLLC and either Outside Firm conveying or memorializing a request, authorization, direction, or factual instruction to obtain, search for, download, transmit, use, attach, file, redact, seal, restrict, or replace the Report.

**REQUEST NO. 29:** A privilege log for responsive material withheld in whole or part, consistent with Arkansas Rule of Civil Procedure 26(b)(5), identifying the date, author or sender, recipients, document type, general subject, attachment status, privilege or protection asserted, and basis for the claim without disclosing protected substance.

**CERTIFICATE OF SERVICE**

I certify that on 8/27/26, I served these requests on counsel for Balance Law PLLC by Process Server Hired 8/27/26. These discovery requests are served, not filed, unless the Court directs otherwise.

Date: 8/26/26

Respectfully submitted,

Bradley Burchfield

**Bradley Burchfield, Pro Se**
5420 Kavanaugh Blvd #7927
Little Rock, AR 72217
Phone: 479-223-0038
Email: burchfieldbradley123@gmail.com

ELECTRONICALLY FILED
Pulaski County Circuit Court
Terri Hollingsworth, Circuit/County Clerk
2026-Aug-27 08:42:07
60CV-26-11307
C06D03 : 4 Pages

**IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS**
**__________________ DIVISION**

**BRADLEY BURCHFIELD**
Plaintiff,

**v.**

**BALANCE LAW PLLC; and MCDANIEL, WOLFF, WARD, CALHOUN, & RICHARDSON, PLLC d/b/a MCDANIEL WOLFF,**
**Defendants.**

**Case No. ________________**

**PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION TO MCDANIEL, WOLFF, WARD, CALHOUN, & RICHARDSON, PLLC D/B/A MCDANIEL WOLFF**

Pursuant to Arkansas Rules of Civil Procedure 26, 26.1, and 34, Plaintiff requests that McDaniel, Wolff, Ward, Calhoun, & Richardson, PLLC d/b/a McDaniel Wolff produce the documents and electronically stored information described below. This is the first set directed to McDaniel Wolff. These requests exclude substantive legal advice, counsel's mental impressions, legal strategy, and unrelated client information.

**DEFINITIONS**

**REQUEST NO. 1:** "Report" means the LexisNexis SmartLinx Person Report created on or about August 8, 2026, at 1:13 p.m. EST, identifying Balance Law PLLC as the organization for which it was created and appearing in the records of Pulaski County Circuit Court Case No. 60CV-26-8633 and federal Case Nos. 4:26-cv-00826-KGB and 4:26-cv-00827-LPR.

**REQUEST NO. 2:** "Communication" means a nonprivileged transmission of factual information by email, letter, message, ticket, memorandum, meeting note, or other medium, including attachments and available sender, recipient, date, time, subject-line, file-name, and transmission metadata.

**REQUEST NO. 3:** "Document" includes writings, records, forms, images, reports, emails, messages, logs, audit trails, metadata, and other electronically stored information within the responding party's possession, custody, or control.

**REQUEST NO. 4:** "Filing" means the technical selection, labeling, conversion, upload, submission, acceptance, rejection, sealing, redaction, or replacement of the Report in a state or federal court record.

**REQUEST NO. 5:** "Outside Firms" means Sullivan & Cromwell LLP and Quinn Emanuel Urquhart & Sullivan, LLP.

**REQUEST NO. 6:** "Related Actions" means Pulaski County District Court Case No. PCSC-26-189; Pulaski County Circuit Court Case Nos. 60CV-26-8633 and 60CV-26-9730; and federal Case Nos. 4:26-cv-00611-DPM, 4:26-cv-00826-KGB, and 4:26-cv-00827-LPR, but only to the extent a record concerns Plaintiff, the

Report, its acquisition, transmission, use, filing, redaction, sealing, or replacement.

**REQUEST NO. 7:** "Relevant Period" means June 29, 2026, through August 25, 2026.

**INSTRUCTIONS**

**REQUEST NO. 8:** Produce documents as kept in the ordinary course of business or organize and label them to correspond to each request.

**REQUEST NO. 9:** Produce emails and messages with attachments and available sender, recipient, copied-recipient, date, time, subject-line, file-name, and transmission metadata; produce structured data in native or reasonably usable form.

**REQUEST NO. 10:** The requests seek reasonably accessible sources. Identify any source withheld as not reasonably accessible and explain the burden with particularity.

**REQUEST NO. 11:** If information is withheld as privileged or work product, expressly make the claim and provide the description and privilege log required by Arkansas Rule of Civil Procedure 26(b)(5), without revealing protected substance.

**REQUEST NO. 12:** Redact unrelated personal information and unrelated client-matter information. Produce each reasonably segregable, nonprivileged remainder and any attachment not independently privileged.

**REQUEST NO. 13:** Supplement the response as Arkansas Rule of Civil Procedure 26(c) requires.

**REQUEST NO. 14:** Serve a written response within the time set by Arkansas Rule of Civil Procedure 34(b)(2): generally 30 days after service of the request, except that a defendant has the longer of 30 days after service of the request or 45 days after service of the summons and complaint, unless the Court orders or the parties agree otherwise in writing.

**REQUEST NO. 15:** Electronic production may be made to burchfieldbradley123@gmail.com by secure link, encrypted email, or another agreed method.

**REQUEST NO. 16:** State each objection with specificity, identify the part of a request to which it applies, and produce the portion to which no objection is made.

**REQUESTS FOR PRODUCTION**

**REQUEST NO. 17:** Each copy of the Report received, maintained, transmitted, or filed, in native or original received form with available metadata.

**REQUEST NO. 18:** All nonprivileged transmittal communications by which the Report or a link, excerpt, or data from it was received from Balance Law PLLC, a defendant, an Outside Firm, or another source.

**REQUEST NO. 19:** Documents sufficient to show the date, source, recipient, file name, exhibit label, and chain of custody for the Report filed as Exhibit 2 in Pulaski County Circuit Court Case No. 60CV-26-8633.

**REQUEST NO. 20:** ECF, eFlex, e-filing, upload, conversion, validation, acceptance, rejection, and receipt records for the Filing, including nonprivileged technical audit data and the identity or role of the person who performed the upload.

**REQUEST NO. 21:** All nonprivileged communications limited to the factual handling, source, recipient, technical filing, sealing, redaction, or replacement of the Report. This request excludes substantive legal advice, mental impressions, and litigation strategy.

**REQUEST NO. 22:** All marked, redacted, replacement, compressed, OCR, exhibit-stamped, sealed, or otherwise modified versions of the Report, with available creation and modification metadata.

**REQUEST NO. 23:** All nonprivileged communications received from Plaintiff on or after August 24, 2026, identifying requested redactions, and all factual or administrative responses concerning whether and when a sealed, redacted, or replacement version would be submitted.

**REQUEST NO. 24:** Documents sufficient to identify each nonlawyer records custodian, staff member, or vendor with knowledge of the Report's receipt, technical processing, upload, sealing, or redaction, including role and contact information.

**REQUEST NO. 25:** All nonprivileged communications during the Relevant Period between McDaniel, Wolff, Ward, Calhoun, & Richardson, PLLC d/b/a McDaniel Wolff and Sullivan & Cromwell LLP concerning Plaintiff, the Report, or a Related Action.

**REQUEST NO. 26:** All nonprivileged communications during the Relevant Period between McDaniel, Wolff, Ward, Calhoun, & Richardson, PLLC d/b/a McDaniel Wolff and Quinn Emanuel Urquhart & Sullivan, LLP concerning Plaintiff, the Report, or a Related Action.

**REQUEST NO. 27:** Every Report copy, excerpt, attachment, link, download, image, or derivative file transmitted during the Relevant Period between McDaniel Wolff and either Outside Firm, with available file and transmission metadata.

**REQUEST NO. 28:** All nonprivileged communications during the Relevant Period between McDaniel Wolff and either Outside Firm conveying or memorializing a request, authorization, direction, or factual instruction to obtain, receive, transmit, use, attach, file, redact, seal, restrict, or replace the Report.

**REQUEST NO. 29:** A privilege log for responsive material withheld in whole or part, consistent with Arkansas Rule of Civil Procedure 26(b)(5), identifying the date, author or sender, recipients, document type, general subject, attachment status, privilege or protection asserted, and basis for the claim without disclosing protected substance.

**CERTIFICATE OF SERVICE**

I certify that on 8/27/26, I served these requests on counsel for McDaniel, Wolff, Ward, Calhoun, & Richardson, PLLC d/b/a McDaniel Wolff by Process Server hired 8/27/26. These discovery requests are served, not filed, unless the Court directs otherwise.

Date: 8/26/26

Respectfully submitted,

Bradley Burchfield

**Bradley Burchfield, Pro Se**
5420 Kavanaugh Blvd #7927
Little Rock, AR 72217
Phone: 479-223-0038
Email: burchfieldbradley123@gmail.com

Arkansas Rule of Civil Procedure 45 - Subpoena in a Civil Case (Documents Only)

# IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
## 3rd DIVISION

| | |
|---|---|
| **BRADLEY BURCHFIELD**<br>Plaintiff,<br><br>v.<br><br>**BALANCE LAW PLLC; and**<br>**MCDANIEL, WOLFF, WARD, CALHOUN, & RICHARDSON, PLLC**<br>**d/b/a MCDANIEL WOLFF,**<br>**Defendants.** | **Case No.**<br>60CV-26-11307 |

## SUBPOENA IN A CIVIL CASE
### DOCUMENTS ONLY - NO APPEARANCE

**TO: SULLIVAN & CROMWELL LLP, through its Custodian of Records**
125 Broad Street
New York, NY 10004-2498

**[X] YOU ARE COMMANDED** no later than thirty (30) business days after service of this subpoena to produce and permit inspection and copying of the documents, electronically stored information, and tangible things described in Attachment A.

**[ ] APPEARANCE OR TESTIMONY:** Not commanded. This is a document-only subpoena. No deposition, hearing, trial appearance, testimony, or inspection of premises is required.

| **Place and method of production:** | **Compliance deadline:** |
|---|---|
| 125 Broad Street<br>New York, NY 10004-2498<br>Electronic production is permitted to burchfieldbradley123@gmail.com by secure link, encrypted email, or another agreed method. | Thirty (30) business days after service<br>Deadline date: 10/15/26<br>5:00 p.m. local time |

This subpoena excludes privileged matter and protected trial-preparation material. Any claim of privilege or work-product protection must be made consistently with Arkansas Rule of Civil Procedure 26(b)(5).

**NOTICE TO REQUESTING PARTY: Because no appearance is commanded, Arkansas Rule of Civil Procedure 45(b)(1) requires service of a copy on every other party by email, facsimile, or hand delivery at least three (3) business days before service on the recipient. Promptly provide every other party a copy of all material produced by Sullivan & Cromwell LLP.**

Date issued: August 27, 2026

**CLERK OF PULASKI COUNTY CIRCUIT COURT**
Ruth Elkins
**Clerk or Deputy Clerk (Court Seal)**

**Requested for issuance by:**

Bradley Burchfield, Plaintiff Pro Se
5420 Kavanaugh Blvd #7927
Little Rock, AR 72217
Phone: 479-223-0038
Email: burchfieldbradley123@gmail.com

SEAL OF THE CIRCUIT COURT PULASKI COUNTY, ARKANSAS

# PROOF OF SERVICE

Burchfield v. Balance Law PLLC, et al. | Case No. __________________

I received this subpoena for Sullivan & Cromwell LLP, through its Custodian of Records, on __________________.

[ ] I served a true copy on the named recipient or an authorized representative as follows:

Name and title: ______________________________

Place of service: ______________________________

Date and time: ______________________________

Manner of service: ______________________________

[ ] I returned the subpoena unexecuted because: ______________________________

______________________________

No witness attendance was commanded; therefore no attendance or mileage fee was tendered.

I declare under penalty of perjury under the laws of the State of Arkansas that the foregoing is true and correct.

Executed on: __________________

______________________________
Signature of server

______________________________
Printed name and title

______________________________
Address of server

# NOTICE TO PERSONS SUBJECT TO SUBPOENAS

Document-only subpoena. Arkansas Rule of Civil Procedure 45(b)(1) permits a subpoena to command production of designated books, papers, documents, or tangible things without requiring an appearance at a deposition, hearing, or trial. This subpoena commands no appearance.

Protection and costs. On a prompt motion made no later than the compliance deadline, the court may quash or modify a subpoena that is unreasonable or oppressive. The court may condition denial of that motion on advancement of the reasonable cost of production. Ark. R. Civ. P. 45(b)(2).

Privilege and work product. A person withholding responsive information under a claim of privilege or trial-preparation protection must expressly make the claim and describe the nature of the withheld material without revealing the protected substance so that the claim can be assessed. Ark. R. Civ. P. 26(b)(5).

Service and interstate process. Arkansas Rule 45 governs issuance in the Arkansas action. Service, objections, production, and enforcement outside Arkansas are additionally governed by the law and court procedures of the state where discovery is conducted.

No attendance fee. Because this subpoena commands documents only and no personal appearance, no witness attendance or mileage fee is required by this command. Reasonable production costs remain subject to Rule 45(b)(2) and applicable law.

# ATTACHMENT A

## DOCUMENTS AND ELECTRONICALLY STORED INFORMATION TO BE PRODUCED

Burchfield v. Balance Law PLLC, et al. | Case No. ____________________

Scope limitation. This subpoena is limited to nonprivileged records dated June 29 through August 25, 2026, reflecting communications between Sullivan & Cromwell LLP and Balance Law PLLC concerning Bradley Burchfield, the SmartLinx Person Report created on August 8, 2026, or the Related Actions. It excludes unrelated client matters, substantive legal advice, counsel's mental impressions, litigation strategy, opinion work product, and testimony. It does not seek communications solely within the Recipient or solely between the Recipient and its own client that were never shared with Balance Law.

### DEFINITIONS

**"Recipient"** means Sullivan & Cromwell LLP and only the personnel, custodians, and reasonably accessible systems involved in responsive communications with Balance Law.

**"Balance Law"** means Balance Law PLLC, also known as Balance Law Firm, and its personnel, including B. Robert Liu.

**"Report"** means the LexisNexis SmartLinx Person Report created on August 8, 2026, at 1:13 p.m. EST, identifying Balance Law PLLC as the organization for which it was created, including any copy, excerpt, link, attachment, or derivative version.

**"Related Actions"** means Pulaski County Case Nos. 60CV-26-8633 and 60CV-26-9730 and federal Case Nos. 4:26-cv-00611-DPM, 4:26-cv-00826-KGB, and 4:26-cv-00827-LPR, but only to the extent a record concerns Plaintiff, the Report, its intended use, filing, redaction, sealing, restriction, or replacement.

**"Communication"** means a nonprivileged transmission of factual information by email, letter, message, memorandum, meeting note, or other medium, including attachments and available sender, recipient, date, time, subject line, file name, and transmission metadata.

### INSTRUCTIONS

**REQUEST NO. 1:** Search reasonably accessible systems and custodians using Plaintiff's name, Balance Law, B. Robert Liu, the Report date, the Related Action numbers, and known report file names or identifiers.

**REQUEST NO. 2:** Produce documents as kept in the ordinary course of business or organize and label them to correspond to the numbered requests.

**REQUEST NO. 3:** Produce ordinary documents as searchable PDF. Produce email, messages, logs, spreadsheets, database exports, and other structured data in native or reasonably usable form, preserving available sender, recipient, date, time, attachments, file names, and audit or transmission metadata.

**REQUEST NO. 4:** Electronic production is permitted. No testimony or personal appearance is required.

**REQUEST NO. 5:** Redact unrelated personal information and unrelated client-matter information. A reasonable confidentiality designation or protective-order proposal may accompany production.

**REQUEST NO. 6:** If responsive information is withheld as privileged or protected work product, expressly make the claim and provide the description required by Arkansas Rule of Civil Procedure 26(b)(5). Produce each reasonably segregable nonprivileged remainder, each attachment not independently protected, and nonprivileged transmission metadata.

**REQUEST NO. 7:** These requests seek existing documents and electronically stored information. Except for the privilege description required by applicable law, they do not command creation of a new substantive narrative or attorney testimony.

## ATTACHMENT A - DOCUMENT REQUESTS

Burchfield v. Balance Law PLLC, et al. | Case No. ____________________

**REQUEST NO. 8:** All nonprivileged communications between Sullivan & Cromwell LLP and Balance Law during the stated period concerning Plaintiff, the Report, or a Related Action.

**REQUEST NO. 9:** Every Report copy, excerpt, attachment, link, download, image, or derivative file transmitted between Recipient and Balance Law, with available file and transmission metadata.

**REQUEST NO. 10:** Documents sufficient to identify the sender, recipient, copied recipients, date, time, subject line, file name, and attachment names for each responsive communication, including nonprivileged metadata for communications whose content is withheld.

**REQUEST NO. 11:** Nonprivileged communications conveying or memorializing a request, authorization, direction, or factual instruction to obtain, search for, download, transmit, use, attach, file, redact, seal, restrict, or replace the Report.

**REQUEST NO. 12:** Nonprivileged communications concerning who selected the Report as an exhibit, prepared any exhibit version, furnished it to another firm, or technically filed or caused it to be filed in a Related Action.

**REQUEST NO. 13:** Nonprivileged communications concerning Plaintiff's requests to remove, redact, seal, restrict, or replace family names, addresses, relationship links, or other information appearing in the Report.

**REQUEST NO. 14:** Documents sufficient to identify each custodian and reasonably accessible system searched in response to this subpoena, including role and office location but excluding unrelated personnel information.

**REQUEST NO. 15:** Nonprivileged litigation-hold, preservation, deletion-suspension, or records-retention directions specifically concerning the Report or communications with Balance Law about the Report.

**REQUEST NO. 16:** A privilege log consistent with Arkansas Rule of Civil Procedure 26(b)(5) for responsive material withheld in whole or in part, identifying date, sender, recipients, document type, general subject, attachment status, privilege or protection asserted, and the basis for the claim without disclosing protected substance.

**REQUEST NO. 17:** Any existing records identifying custodians, reasonably accessible systems, date ranges, or search terms used to locate material responsive to this subpoena. This request does not require creation of a new substantive narrative or attorney testimony.

Production contact: Bradley Burchfield, burchfieldbradley123@gmail.com, 479-223-0038. Electronic production may be arranged by secure link, encrypted email, or another mutually agreeable method.

Arkansas Rule of Civil Procedure 45 - Subpoena in a Civil Case (Documents Only)

**IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS**
**3rd DIVISION**

**BRADLEY BURCHFIELD**
Plaintiff,

v.

**Case No. [redacted] 60CV-26-11307**

**BALANCE LAW PLLC; and**
**MCDANIEL, WOLFF, WARD, CALHOUN, & RICHARDSON, PLLC**
**d/b/a MCDANIEL WOLFF,**
**Defendants.**

## SUBPOENA IN A CIVIL CASE
### DOCUMENTS ONLY - NO APPEARANCE

**TO: QUINN EMANUEL URQUHART & SULLIVAN, LLP, through its Custodian of Records**
2601 South Bayshore Drive, Suite 1550
Miami, FL 33133

[X] **YOU ARE COMMANDED** no later than thirty (30) business days after service of this subpoena to produce and permit inspection and copying of the documents, electronically stored information, and tangible things described in Attachment A.

[ ] **APPEARANCE OR TESTIMONY:** Not commanded. This is a document-only subpoena. No deposition, hearing, trial appearance, testimony, or inspection of premises is required.

| Place and method of production: | Compliance deadline: |
|---|---|
| 2601 South Bayshore Drive, Suite 1550<br>Miami, FL 33133<br>Electronic production is permitted to burchfieldbradley123@gmail.com by secure link, encrypted email, or another agreed method. | Thirty (30) business days after service<br>Deadline date: 10/15/26<br>5:00 p.m. local time |

This subpoena excludes privileged matter and protected trial-preparation material. Any claim of privilege or work-product protection must be made consistently with Arkansas Rule of Civil Procedure 26(b)(5).

**NOTICE TO REQUESTING PARTY:** Because no appearance is commanded, Arkansas Rule of Civil Procedure 45(b)(1) requires service of a copy on every other party by email, facsimile, or hand delivery at least three (3) business days before service on the recipient. Promptly provide every other party a copy of all material produced by Quinn Emanuel Urquhart & Sullivan, LLP.

Date issued: August 27, 2026

**CLERK OF PULASKI COUNTY CIRCUIT COURT**
Ruth Elkins
**Clerk or Deputy Clerk (Court Seal)**

**Requested for issuance by:**

Bradley Burchfield, Plaintiff Pro Se
5420 Kavanaugh Blvd #7927
Little Rock, AR 72217
Phone: 479-223-0038
Email: burchfieldbradley123@gmail.com



## PROOF OF SERVICE

Burchfield v. Balance Law PLLC, et al. | Case No. ________________

I received this subpoena for Quinn Emanuel Urquhart & Sullivan, LLP, through its Custodian of Records, on ________________.

[ ] I served a true copy on the named recipient or an authorized representative as follows:

Name and title: ________________

Place of service: ________________

Date and time: ________________

Manner of service: ________________

[ ] I returned the subpoena unexecuted because: ________________

________________

No witness attendance was commanded; therefore no attendance or mileage fee was tendered.

I declare under penalty of perjury under the laws of the State of Arkansas that the foregoing is true and correct.

Executed on: ________________

________________
Signature of server

________________
Printed name and title

________________
Address of server

## NOTICE TO PERSONS SUBJECT TO SUBPOENAS

Document-only subpoena. Arkansas Rule of Civil Procedure 45(b)(1) permits a subpoena to command production of designated books, papers, documents, or tangible things without requiring an appearance at a deposition, hearing, or trial. This subpoena commands no appearance.

Protection and costs. On a prompt motion made no later than the compliance deadline, the court may quash or modify a subpoena that is unreasonable or oppressive. The court may condition denial of that motion on advancement of the reasonable cost of production. Ark. R. Civ. P. 45(b)(2).

Privilege and work product. A person withholding responsive information under a claim of privilege or trial-preparation protection must expressly make the claim and describe the nature of the withheld material without revealing the protected substance so that the claim can be assessed. Ark. R. Civ. P. 26(b)(5).

Service and interstate process. Arkansas Rule 45 governs issuance in the Arkansas action. Service, objections, production, and enforcement outside Arkansas are additionally governed by the law and court procedures of the state where discovery is conducted.

No attendance fee. Because this subpoena commands documents only and no personal appearance, no witness attendance or mileage fee is required by this command. Reasonable production costs remain subject to Rule 45(b)(2) and applicable law.

# ATTACHMENT A

## DOCUMENTS AND ELECTRONICALLY STORED INFORMATION TO BE PRODUCED

Burchfield v. Balance Law PLLC, et al. | Case No. ___________________

Scope limitation. This subpoena is limited to nonprivileged records dated June 29 through August 25, 2026, reflecting communications between Quinn Emanuel Urquhart & Sullivan, LLP and Balance Law PLLC concerning Bradley Burchfield, the SmartLinx Person Report created on August 8, 2026, or the Related Actions. It excludes unrelated client matters, substantive legal advice, counsel's mental impressions, litigation strategy, opinion work product, and testimony. It does not seek communications solely within the Recipient or solely between the Recipient and its own client that were never shared with Balance Law.

### DEFINITIONS

**"Recipient"** means Quinn Emanuel Urquhart & Sullivan, LLP and only the personnel, custodians, and reasonably accessible systems involved in responsive communications with Balance Law.

**"Balance Law"** means Balance Law PLLC, also known as Balance Law Firm, and its personnel, including B. Robert Liu.

**"Report"** means the LexisNexis SmartLinx Person Report created on August 8, 2026, at 1:13 p.m. EST, identifying Balance Law PLLC as the organization for which it was created, including any copy, excerpt, link, attachment, or derivative version.

**"Related Actions"** means Pulaski County Case Nos. 60CV-26-8633 and 60CV-26-9730 and federal Case Nos. 4:26-cv-00611-DPM, 4:26-cv-00826-KGB, and 4:26-cv-00827-LPR, but only to the extent a record concerns Plaintiff, the Report, its intended use, filing, redaction, sealing, restriction, or replacement.

**"Communication"** means a nonprivileged transmission of factual information by email, letter, message, memorandum, meeting note, or other medium, including attachments and available sender, recipient, date, time, subject line, file name, and transmission metadata.

### INSTRUCTIONS

1. Search reasonably accessible systems and custodians using Plaintiff's name, Balance Law, B. Robert Liu, the Report date, the Related Action numbers, and known report file names or identifiers.
2. Produce documents as kept in the ordinary course of business or organize and label them to correspond to the numbered requests.
3. Produce ordinary documents as searchable PDF. Produce email, messages, logs, spreadsheets, database exports, and other structured data in native or reasonably usable form, preserving available sender, recipient, date, time, attachments, file names, and audit or transmission metadata.
4. Electronic production is permitted. No testimony or personal appearance is required.
5. Redact unrelated personal information and unrelated client-matter information. A reasonable confidentiality designation or protective-order proposal may accompany production.
6. If responsive information is withheld as privileged or protected work product, expressly make the claim and provide the description required by Arkansas Rule of Civil Procedure 26(b)(5). Produce each reasonably segregable nonprivileged remainder, each attachment not independently protected, and nonprivileged transmission metadata.
7. These requests seek existing documents and electronically stored information. Except for the privilege description required by applicable law, they do not command creation of a new substantive narrative or attorney testimony.

## ATTACHMENT A - DOCUMENT REQUESTS

Burchfield v. Balance Law PLLC, et al. | Case No. ___________________

**REQUEST NO. 1:** All nonprivileged communications between Quinn Emanuel Urquhart & Sullivan, LLP and Balance Law during the stated period concerning Plaintiff, the Report, or a Related Action.

**REQUEST NO. 2:** Every Report copy, excerpt, attachment, link, download, image, or derivative file transmitted between Recipient and Balance Law, with available file and transmission metadata.

**REQUEST NO. 3:** Documents sufficient to identify the sender, recipient, copied recipients, date, time, subject line, file name, and attachment names for each responsive communication, including nonprivileged metadata for communications whose content is withheld.

**REQUEST NO. 4:** Nonprivileged communications conveying or memorializing a request, authorization, direction, or factual instruction to obtain, search for, download, transmit, use, attach, file, redact, seal, restrict, or replace the Report.

**REQUEST NO. 5:** Nonprivileged communications concerning who selected the Report as an exhibit, prepared any exhibit version, furnished it to another firm, or technically filed or caused it to be filed in a Related Action.

**REQUEST NO. 6:** Nonprivileged communications concerning Plaintiff's requests to remove, redact, seal, restrict, or replace family names, addresses, relationship links, or other information appearing in the Report.

**REQUEST NO. 7:** Documents sufficient to identify each custodian and reasonably accessible system searched in response to this subpoena, including role and office location but excluding unrelated personnel information.

**REQUEST NO. 8:** Nonprivileged litigation-hold, preservation, deletion-suspension, or records-retention directions specifically concerning the Report or communications with Balance Law about the Report.

**REQUEST NO. 9:** A privilege log consistent with Arkansas Rule of Civil Procedure 26(b)(5) for responsive material withheld in whole or in part, identifying date, sender, recipients, document type, general subject, attachment status, privilege or protection asserted, and the basis for the claim without disclosing protected substance.

**REQUEST NO. 10:** Any existing records identifying custodians, reasonably accessible systems, date ranges, or search terms used to locate material responsive to this subpoena. This request does not require creation of a new substantive narrative or attorney testimony.

Production contact: Bradley Burchfield, burchfieldbradley123@gmail.com, 479-223-0038. Electronic production may be arranged by secure link, encrypted email, or another mutually agreeable method.