**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF ARKANSAS**
**Central Division**

| | |
|---|---|
| BRADLEY BURCHFIELD,<br><br>Plaintiff,<br><br>v.<br><br>ALIBABA GROUP HOLDING LIMITED, *et al.*,<br><br>Defendants. | No. 4:26-cv-00826-KGB |

**FIVE DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO REMAND OR FOR EVIDENTIARY DETERMINATION REGARDING AMOUNT IN CONTROVERSY**

Five defendants—Alibaba Group Holding Limited, Alibaba.com US E-Commerce Corp., Alibaba.com U.S. LLC, Alibaba Group (U.S.) Inc., and AUS Merchant Services, Inc. (collectively, the "Opposing Defendants")—oppose Plaintiff's Motion to Remand or, in the Alternative, for an Evidentiary Determination of the Amount in Controversy ("Remand Motion") (ECF No. 15) and Brief in Support ("Remand Brief") (ECF No. 16).

**PRELIMINARY STATEMENT**

"The removal process was created by Congress to protect defendants." *Legg v. Wyeth*, 428 F.3d 1317, 1325 (11th Cir. 2005). "Congress 'did not extend such protection with one hand, and with the other give plaintiffs a bag of tricks to overcome it.'" *Id*. (quoting *McKinney v. Bd. of Trustees of Mayland Cmty. College*, 955 F.2d 924, 928 (4th Cir. 1992)). Moreover, "'the Federal courts should not sanction devices intended to prevent a removal to a Federal court where one has that right … and should be equally vigilant to protect the right to proceed in the Federal court.'" *Id*. (quoting *Wecker v. Nat'l Enameling & Stamping Co.*, 204 U.S. 176, 186 (1907)). In this case,

the Court should protect the Opposing Defendants' important right to defend themselves in federal court against Plaintiff's claims and should not allow itself to be tricked by Plaintiff's efforts to circumvent the removal legislation enacted by Congress.

The narrow argument presented in the Remand Motion—which does not dispute that complete diversity of citizenship exists in this lawsuit and "contests only whether the amount in controversy exceeds $75,000, exclusive of interest and costs," Remand Motion at 1[1]—lacks merit for the reasons discussed in more detail below. First, Plaintiff's Complaint seeks damages and other monetary relief in excess of $75,000 (not including interest and costs), so the Court should deny the Remand Motion on that basis in accordance with 28 U.S.C. § 1446(c)(2). Second, the Remand Motion is based on a fundamentally flawed interpretation of 28 U.S.C. § 1446(c)(2)(B), which does not apply to this removal and does not support Plaintiff's remand arguments. Finally, even if the Court were to hold that the Opposing Defendants need to present more regarding the amount in controversy than what was stated in the Notice of Removal (ECF No. 1), the Remand Motion should be denied because a fact finder might legally conclude that the value of this lawsuit exceeds the $75,000 jurisdictional threshold.

## ARGUMENT

### I. Plaintiff's Complaint Seeks Damages And Other Monetary Relief In Excess Of $75,000 (Not Including Interest And Costs), So The Court Should Deny The Remand Motion On That Basis In Accordance With 28 U.S.C. § 1446(c)(2).

In Paragraph 112 of his Complaint (ECF No. 2), Plaintiff unequivocally alleged that his damages exceed $75,000. He also explicitly stated that he "does not plead a monetary cap" and that he "seeks the maximum monetary, statutory, legal, and equitable relief supported by the evidence and permitted by Arkansas law." Complaint ¶ 112. But that is not all. Plaintiff also made

[1] Plaintiff recently admitted that he "was a citizen of Arkansas when the state-court action was commenced and when it was removed to this Court." Plaintiff's Rule 7.1(a)(2) Disclosure (ECF No. 17).

clear that he seeks punitive damages, *id.* ¶ 114, and a full panoply of other damages and relief, including "actual damages, compensatory damages, consequential damages, benefit-of-the-bargain damages, business interruption damages, loss-of-use damages, lost opportunity damages, … restitution, disgorgement, accounting, constructive trust, and all other legal and equitable relief supported by Arkansas law and the evidence," *id.* ¶ 113; *see id.* ¶¶ 67, 72, 73, 79, 93, 94, 98, 102. Plaintiff sued at least nine defendants (not including John Doe defendants) and asserted a breach-of-contract claim, a fraud claim, an Arkansas Deceptive Trade Practices Act ("ADTPA") claim, an Arkansas-civil-action-by-crime-victim claim, an unjust enrichment claim, and a civil conspiracy claim.

Relying on the unequivocal allegations in the Complaint regarding damages and other monetary relief sought by Plaintiff, the Opposing Defendants timely removed this lawsuit from state court to this Court. The Notice of Removal stated that the amount in controversy exceeds $75,000 (not including interest and costs), which satisfies the jurisdictional limit set by 28 U.S.C. § 1332(a). Notice of Removal ¶¶ 2-3, 15 (ECF No. 1). That straightforward analysis should end the Court's inquiry and lead the Court to deny the Remand Motion.

Plaintiff repeatedly admits that his amount-in-controversy challenge is a difficult argument. For example, he "recognizes that an express damages allegation and a punitive-damages request weigh strongly in favor of federal jurisdiction." Remand Motion at 2. Plaintiff also concedes that this is a "difficult jurisdictional challenge." Remand Brief at 1. After acknowledging his damages allegation in Paragraph 112 of the Complaint, he admits that that "allegation is a substantial obstacle to remand," Remand Brief at 1, and is "powerful evidence supporting removal," *id.* at 5.

Having made those admissions—which are correct—Plaintiff does not present any meritorious arguments to support his request that this Court send this lawsuit back to state court. He tries to minimize the impact of his Paragraph 112 allegation that his damages exceed $75,000 by asserting that it "is expressly conditional on evidence and state law," Remand Motion at 1, and states that some of his requested "remedies are unliquidated," *id*. at 2.[2] Plaintiff also contends that his Paragraph 112 damages allegation is "open-ended," Remand Brief at 3; that it "does not identify what component of recoverable damages supplies the difference between the approximately $736.38 payment and an award above $75,000," *id*.; and that it "makes recovery contingent on what the evidence supports and Arkansas law permits," *id*. at 5.

However, those arguments all miss the mark; they prove too much and, if accepted, would create a huge loophole that would make removal impossible in every case. Every damages allegation in a complaint is "conditional" or "contingent" in the sense that damages would be properly awarded only if supported by the evidence and applicable state law. And many complaints seek unliquidated damages and/or other monetary relief in amounts that are not specified in the complaint. Pleading requirements do not require that level of specificity, and there is a strong disincentive for plaintiffs to state specific dollar amounts in damages allegations in their complaints because plaintiffs want to maintain flexibility to ask jurors to award damages based on what is presented at trial (not what is known and can be alleged years earlier, when the complaint is filed).

---

[2] Plaintiff's effort to take advantage of the fact that some parts of his Complaint seek monetary awards for unliquidated amounts lacks merit because asserting unliquidated claims does not prevent removal. "If access to federal district courts is to be further limited[,] it should be done by statute and not by court decisions that permit a district court judge to prejudge the monetary value of an unliquidated claim." *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 350 (8th Cir. 2007) (quotation marks omitted).

In this case, Plaintiff's effort to disavow the damages allegations in the Complaint is a transparent trick to try to evade having to litigate this lawsuit in this Court while maintaining maximum flexibility for Plaintiff to seek damages in state court that far exceed the amount-in-controversy threshold set by 28 U.S.C. § 1332(a). If Plaintiff had wanted to limit his damages in this lawsuit, he could have unequivocally done so in his Complaint. He knows how to do that. In a frivolous lawsuit that he filed recently against undersigned counsel in state court, Plaintiff specifically limited the damages sought to $75,000. Complaint ¶¶ 11, 44, *Burchfield v. Balance Law PLLC and McDaniel, Wolff, Ward, Calhoun & Richardson, PLLC d/b/a McDaniel Wolff*, No. 60CV-26-11307 (Circuit Ct. of Pulaski County, Arkansas) (attached as **Exhibit 1**). By contrast, in this lawsuit, Plaintiff did not cap the damages sought. He specifically stated that he "does not plead a monetary cap." Complaint ¶ 112. On this record, there is no basis for the Court to remand this lawsuit for failure to satisfy the Section 1332(a) amount-in-controversy requirement.

The conclusion that this Court should accept the damages amount alleged in the Complaint when evaluating the amount-in-controversy issue to decide the Remand Motion is supported by: (1) a strong presumption discussed in a Supreme Court case; and (2) a statutory provision enacted by Congress.

***First***, the Supreme Court distinguished between a plaintiff's damages allegation in a diversity jurisdiction complaint filed in federal court and a plaintiff's damages allegation in a complaint for a lawsuit that was initially filed in state court and then removed to federal court based on diversity jurisdiction. *See St. Paul Mercury Indemn. Co. v. Red Cab. Co.*, 303 U.S. 283, 288-91 (1938). When a plaintiff files a diversity jurisdiction lawsuit in federal court, his damages allegation is subject to scrutiny for potential dismissal for failure to satisfy the jurisdictional amount-in-controversy requirement because it may "well be that plaintiff and defendant have

colluded to confer jurisdiction by the method of one claiming a fictitious amount and the other failing to deny the veracity of the amount in controversy." *Id*. at 290. However, a "different situation is presented in the case of a suit instituted in a state court and thence removed. There is a ***strong presumption*** that the plaintiff has not claimed a large amount in order to confer jurisdiction on a federal court or that the parties have colluded to that end." *Id*. (emphasis added). That "strong presumption" applies to this lawsuit, which was filed in state court and then removed to this Court. Based on *St. Paul Mercury*, this Court should accept the damages allegation made in the Complaint because the strong presumption in favor of that damages allegation is not rebutted—there is no basis to conclude that Plaintiff claimed more than $75,000 in damages in state court for the purpose of conferring jurisdiction on a federal court or that Plaintiff and any defendant colluded to confer jurisdiction on a federal court.

***Second***, 28 U.S.C. § 1446(c)(2) compels the conclusion that, when evaluating the amount-in-controversy issue to decide the Remand Motion, this Court should accept the damages amount that Plaintiff alleged in the Complaint. Section 1446(c)(2) addresses different removal scenarios. The first part of that statutory provision applies here because it addresses removal of a lawsuit in which the complaint (*i.e.*, "the initial pleading") demands a damages amount in excess of the Section 1332(a) amount-in-controversy requirement: "[I]f removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy, except that-- …." Section 1446(c)(2).[3] At this stage of these proceedings, there is no basis for the Court to conclude that the damages amount alleged by Plaintiff in the Complaint was not demanded in good faith; nothing in

[3] The rest of Section 1446(c)(2)—which does not apply to this lawsuit and is discussed below—creates an exception for other kinds of removals involving cases where a complaint does not seek money damages in excess of the Section 1332(a) amount-in-controversy requirement.

the Remand Motion or the Remand Brief establishes that Plaintiff did not make his damages demand in good faith.

In sum, in accordance with Section 1446(c)(2) and other applicable law, the Court should accept the damages demanded by Plaintiff in his Complaint as the amount in controversy and accordingly should deny the Remand Motion.

**II. The Remand Motion Is Based On a Fundamentally Flawed Interpretation Of 28 U.S.C. § 1446(c)(2)(B), Which Does Not Apply To This Removal And Does Not Support Plaintiff's Remand Arguments**.

The Remand Motion argument—that 28 U.S.C. § 1446(c)(2)(B) allows Plaintiff to create a factual dispute by contesting, in the Remand Motion, ***his own damages allegations in his own Complaint***—rests on a fundamentally flawed interpretation of Section 1446(c)(2)(B). In fact, Section 1446(c)(2)(B) does not apply here. As discussed and quoted above, the first part of Section 1446(c)(2) applies to a lawsuit in which an allegation in the complaint seeks damages in excess of the Section 1332(a) amount-in-controversy requirement. The rest of Section 1446(c)(2)—the part after the "except that--" language—creates an exception to that rule for other kinds of removals where the state court complaint (*i.e.*, "the initial pleading") seeks nonmonetary relief or seeks a money judgment in an amount that is unclear due to state court practice:

> (A) "[T]he notice of removal may assert the amount in controversy if the initial pleading seeks--
>
> (i) nonmonetary relief; or
>
> (ii) a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded; and
>
> (B) removal of the action is proper on the basis of an amount in controversy ***asserted under subparagraph (A)*** if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in Section 1332(a).

§ 1446(c)(2) (emphasis added). In other words, the language in subparagraph (B) applies only to

a notice of removal governed by subparagraph (A)—*i.e.*, a notice of removal where the defendant asserts an amount in controversy not based on a damages demand in the plaintiff's complaint but based on something else because the complaint seeks nonmonetary relief or seeks a money judgment that leaves unclear, due to the vagaries of state court practice, whether the amount sought exceeds the federal court's jurisdictional amount-in-controversy threshold.

That is not the scenario presented by the Notice of Removal at issue here—which is based on Plaintiff's own damages allegation in the Complaint, not an amount in controversy generated or calculated by any Defendant—so subparagraph (A) does not apply here, which means that subparagraph (B) also does not apply here. Thus, Plaintiff misses the mark when requesting "an order requiring the removing Defendants to submit competent proof of the amount in controversy and a prompt jurisdictional determination under 28 U.S.C. § 1446(c)(2)(B)," Remand Motion at 1. Plaintiff cannot disavow his own damages demand alleged in his Complaint to create a contested issue of jurisdictional fact requiring submission of proof and an evidentiary ruling by this Court under Section 1446(c)(2)(B) because the first part of Section 1446(c)(2)—***not*** Section 1446(c)(2)(A) and Section 1446(c)(2)(B)—governs this removal.

Plaintiff's fundamentally flawed interpretation of Section 1446(c)(2) also materially undermines Plaintiff's heavy reliance on the Supreme Court's *Dart Cherokee* opinion, *see* Remand Motion at 1; Remand Brief at 1, 4; the inapposite holding in that case does not support Plaintiff's remand argument. In *Dart Cherokee*, the Supreme Court addressed a putative class action that was removed by the defendants under the Class Action Fairness Act ("CAFA"), where the complaint filed in state court "sought 'a fair and reasonable amount' to compensate putative class members for 'damages' they sustained due to the alleged underpayments [of royalties under oil and gas leases]." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 84 (2014). The notice of

removal filed by the defendants (collectively, "Dart") stated that the applicable CAFA amount-in-controversy requirement (in excess of $5 million) was satisfied because "the purported underpayments to putative class members totaled more than $8.2 million." *Id.* at 85. After the plaintiff filed a remand motion, Dart supported its damages allegation by submitting a declaration from a Dart executive officer that included "a detailed damages calculation indicating that the amount in controversy, *sans* interest, exceeded $11 million." *Id.* In the context of that specific procedural posture—which is materially different than the procedural posture presented here—the Supreme Court held: "[A]s specified in [28 U.S.C.] § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the ***defendant's allegation***." *Dart Cherokee*, 574 U.S. at 89 (emphasis added). The Court also explained that Section 1446(c)(2)(B) "clarifies the procedure in order when ***a defendant's assertion*** of the amount in controversy is challenged. In such a case, both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Dart Cherokee*, 574 U.S. at 88 (emphasis added). In sum, the *Dart Cherokee* removal and the removal in this case differ in materially important ways:

| ***Dart Cherokee* Removal** | **Removal At Issue Here** |
| --- | --- |
| The complaint filed in state court did not allege a stated amount of damages. | The complaint filed in state court ***did*** allege a stated amount of damages—namely, damages in excess of $75,000. |
| The notice of removal alleged an amount in controversy based on defendant's calculations and assumptions regarding damages, rather than citing plaintiff's own damages allegations. | The notice of removal did ***not*** allege an amount in controversy based on defendants' calculations and assumptions regarding damages but instead cited plaintiff's own damages allegations. |
| Plaintiff contested defendant's damages allegations, not his own damages allegations. | Plaintiff tries to contest his own damages allegations, not defendants' damages allegations. |

Thus, *Dart Cherokee* does not allow the trick that Plaintiff is trying to play here—namely, conjuring up a factual dispute out of thin air by disavowing the damages allegations in his own Complaint.

Likewise, Plaintiff's reliance on the Eighth Circuit's *Turntine* opinion, *see, e.g.*, Remand Motion at 3, is misplaced. That inapposite opinion addressed a removed lawsuit where the complaint alleged three defamation counts and "pleaded actual damages 'in excess of $20,000' [which the court construed as alleging total damages in excess of $60,000, for purposes of the amount-in-controversy analysis] as well as 'punitive damages' in an unspecified amount," *Turntine v. Peterson*, 959 F.3d 873, 880 & n.1 (8th Cir. 2020), and there is no indication in the opinion that the plaintiffs challenged the removal for failure to satisfy the amount-in-controversy requirement. The Eighth Circuit analyzed that issue (apparently *sua sponte*) to determine subject-matter jurisdiction, *id*. at 879, and held that it had jurisdiction after stating that plaintiffs "have not shown to a legal certainty that they could not recover in excess of $75,000 in actual damages," *id*. at 882. Unlike the Complaint at issue here—which, as discussed above, falls within the scope of Section 1446(c)(2) but not subparagraph (A)—the complaint in *Turntine* fell within the scope of Section 1446(c)(2)(A) because it did not allege a damages amount that exceeded $75,000, so the amount-in-controversy analysis required the court to go beyond the allegations in the complaint. The *Turntine* opinion does not stand for the proposition that a plaintiff is allowed to make an amount-in-controversy argument to challenge a diversity-jurisdiction-based notice of removal that does not present the defendant's own damages calculation—but relies on an allegation in a complaint that specifically seeks more than $75,000 in damages—by disavowing the plaintiff's own damages allegations.[4]

[4] In the 2020 *Turntine* opinion, the Eighth Circuit relied repeatedly on an opinion decided by the Eighth Circuit in 2002—*Kopp v. Kopp*, 280 F.3d 883 (8th Cir. 2002)—but did not cite the Supreme Court's

In sum, the damages allegations in the Complaint, which specifically seeks damages in excess of $75,000, resolve the amount-in-controversy issue in the Opposing Defendants' favor. The Court should reject Plaintiff's tricky post-removal effort to disavow the damages allegation that Plaintiff made in his Complaint and should deny the Remand Motion without requiring any submissions of proof because "post-removal Plaintiff" is not allowed to conjure up an evidentiary dispute by contesting the damages allegations in the Complaint filed by "pre-removal Plaintiff."

## III. Even If The Court Were To Hold That The Opposing Defendants Need To Present More Regarding The Amount In Controversy Than What Was Stated In The Notice of Removal, The Remand Motion Should Be Denied Because A Fact Finder Might Legally Conclude That The Value Of This Lawsuit Exceeds The $75,000 Jurisdictional Threshold.

Even if the Court were to hold that the Opposing Defendants cannot rely on Plaintiff's own damages allegations and must do more at this point to satisfy the amount-in-controversy requirement, the Remand Motion should be denied. Any burden that could be imposed on the Opposing Defendants at this stage of this lawsuit is a low bar because, following a jurisdictional challenge, the amount-in-controversy requirement is satisfied if the district court determines that "a fact finder *might* legally conclude" that the value of the case exceeds that requisite amount, not that "the damages *are* greater than the requisite amount." *Leflar v. Target Corp.*, 57 F.4th 600, 603

intervening 2014 *Dart Cherokee* ruling, which clarified how federal courts should interpret and apply 28 U.S.C. § 1446 when deciding whether to remand lawsuits removed from state courts. The *Turntine* opinion also did not discuss Section 1446 or the intervening amendment to Section 1446 enacted by Congress in the Federal Courts Jurisdictional and Venue Clarification Act of 2011, *see Dart Cherokee*, 574 U.S. at 88 (explaining how Federal Courts Jurisdictional and Venue Clarification Act of 2011 amended Section 1446). Thus, it is unclear whether the *Turntine* opinion is contrary to *Dart Cherokee* and/or the version of Section 1446 that is in effect now (and was in effect when *Turntine* was decided). Perhaps *Turntine* can best be explained as a narrow ruling that arose from the appellate court *sua sponte* addressing the amount-in-controversy issue on a record where: (a) the complaint filed in state court did not include a damages allegation for a stated sum in excess of $75,000; and (b) neither the plaintiff nor the district court had challenged the removal for failure to satisfy the amount-in-controversy requirement. In any event, this Court need not address whether *Turntine* is good law because that opinion is inapposite and does not govern this Court's ruling on the Remand Motion.

(8th Cir. 2023) (quotation marks omitted; emphasis in original).[5] After a defendant "has explained plausibly" how a lawsuit satisfies the amount-in-controversy requirement, "then the case belongs in federal court ***unless it is legally impossible*** for the plaintiff to recover that much." *Raskas v. Johnson & Johnson*, 719 F.3d 884, 888 (8th Cir. 2013) (emphasis added; quotation marks omitted). Thus, "[e]ven if it is highly improbable that the Plaintiffs will recover the amounts Defendants have put into controversy, this does not meet the legally impossible standard." *Id*.

***First***, a straightforward analysis demonstrates how a fact finder might legally conclude that the value of this lawsuit exceeds $75,000 (exclusive of interest and costs). When analyzing that issue, it is important to keep in mind that the Complaint names at least nine defendants (including defendants other than the five Opposing Defendants and not including "John Doe" defendants) and asserts several claims (in addition to the breach-of-contract claim), including a fraud claim and an ADTPA claim. Plaintiff accuses defendants of "failing to honor Trade Assurance remedies, concealing or denying material records, and using coercive or misleading communications to discourage complaints, reports, or refund demands." Complaint ¶ 2. He also alleges that the goods he purchased "were not as represented, were not fit for the lawful commercial, industrial, rust-inhibitor, or similar represented use, and did not satisfy the contract, advertising, seller representations, or Trade Assurance promises." *Id*. ¶ 3. Plaintiff claims that defendants' alleged fraud caused him various kinds of damages, including "money paid, loss of use, loss of the benefit of the bargain, [and] business and property losses." *Id*. ¶ 72. For the ADTPA claim, he alleges various kinds of damages, including "the amount paid, loss of use of money, lost goods, … [and] damages to his reputation." *Id*. ¶ 79. Plaintiff also seeks "consequential damages, benefit-of-the-

[5] Moreover, "[t]here is good reason to believe that the anti-removal presumption … has no place in ordinary diversity cases after Congress passed the Federal Courts Jurisdiction and Venue Clarification Act of 2011." *Leflar*, 57 F.4th at 604 n.2.

bargain damages, business interruption damages, loss-of-use damages, lost opportunity damages, … disgorgement, accounting, [and] constructive trust." *Id.* ¶ 113. A fact finder might legally conclude that the nine defendants are jointly and severally liable for $5,000 on the fraud claim. In addition, a fact finder might legally conclude that one of the defendants is liable on the breach-of-contract claim for the amount ($736.38, *see id.* ¶ 28) allegedly paid by Plaintiff. Thus, $5,736.38 is a potential compensatory damages award in this lawsuit.

Plaintiff also seeks punitive damages, alleging that defendants' "fraud was intentional, reckless, malicious, or in conscious disregard of Plaintiff's rights." Complaint ¶ 73; *see id.* ¶ 114. Potential punitive damages can be included when a court determines whether a lawsuit satisfies the amount-in-controversy requirement. *See, e.g.*, *OnePoint Solutions*, 486 F.3d at 350. In this case, a fact finder might legally conclude that each of the nine defendants is liable for $8,000 in punitive damages for defrauding Plaintiff fraud, which would result in $72,000 in total punitive damages on those fraud claims. Although that ratio (14.4:1 in total punitive damages to total compensatory damages for fraud) would be high, it would much lower than the ratio of approximately 27:1 approved by the Eighth Circuit as not impermissibly excessive in a lawsuit filed by a plaintiff against an automobile dealership and four defendants for fraudulently selling her an automobile that had been damaged in a collision. *See Grabinski v. Blue Springs Ford Sales, Inc.*, 203 F.3d 1024, 1026-27 (8th Cir. 2000) (acknowledging that ratio of collective punitive damages award to collective actual damages award of "approximately 27:1" was "somewhat high" but affirming trial court's ruling that, although punitive damages award was generous, it was "far from grossly excessive" (quotation marks omitted)). The punitive damages awards approved in *Grabinski* included punitive damages imposed on three individuals (employees of the retailer). Here, by contrast, none of the defendants are individuals; they all are companies. As the Eighth

Circuit acknowledged when affirming a punitive damages award imposed on a company, net worth is a factor that is considered when evaluating punitive damages. *See May v. Nationstar Mortgage LLC*, 852 F.3d 806, 817 (8th Cir. 2017) (affirming punitive damaged award that "account[ed] for thirty-three thousandths of one percent of [company's] … net worth").

In sum, based on the foregoing discussion, a fact finder might legally impose a total compensatory damages award of $5,736.38 in this lawsuit and a total punitive damages award of 72,000. That would amount to $77,736.38 (not including interest and costs), which exceeds the $75,00 amount-in-controversy threshold for this Court to exercise diversity jurisdiction. That potential damages total does not include any damages that a fact finder might legally impose for other claims asserted by Plaintiff and does not include any equitable monetary relief (*e.g.*, disgorgement) that might be imposed by a fact finder, so that potential damages total understates the amount in controversy for this lawsuit.[6]

***Second***, the conclusion that this lawsuit satisfies the amount-in-controversy requirement is further supported by a $3 million settlement demand that Plaintiff made, shortly before the Notice of Removal was filed, regarding the closely related lawsuit that he filed in Arkansas state court against some of the same defendants sued in this lawsuit arising out of the same June 2021 Alibaba.com transaction at issue here. *See* August 6, 2026 Email from Plaintiff (attached as **Exhibit 2**).[7] A settlement demand can be used to assess whether the amount-in-controversy

[6] To be clear, the Opposing Defendants deny Plaintiff's allegations and assert that Plaintiff has no valid claims against them, so nothing in the foregoing discussion of potential damages should be construed as any admission or concession by the Opposing Defendants that Plaintiff is entitled to recover even one dollar of damages from them. The foregoing discussion has been presented to respond to arguments in the Remand Motion, in the event that the Court were to determine that the Opposing Defendants are required to present more regarding the amount-in-controversy issue than what is set forth in the Notice of Removal.

[7] That settlement demand was limited to claims asserted against only two "Alibaba" defendants. By contrast, this lawsuit involves nine defendants. Moreover, the Opposing Defendants are permitted to present that settlement here in opposition to the Remand Motion. As the Eighth Circuit explained, a notice of removal does not need to be accompanied by evidence, and parties can submit post-removal evidence, so

requirement has been met. *See, e.g.*, *LaPree v. Prudential Financial*, 385 F. Supp. 2d 839, 848-50 (S.D. Iowa 2005); *Dozier v. Kentucky Finance Co.*, 319 F. Supp. 2d 716, 718 (S.D. Miss. 2003).

The lawsuit in which Plaintiff made that settlement demand was originally a small claims case, before it was transferred to the Circuit Court of Pulaski County, Arkansas (on Plaintiff's motion) and then removed to this Court (where it is pending before Judge Rudofsky (No. 4:26-cv-00827-LPR)). Before that lawsuit and this lawsuit were removed to this Court, Plaintiff filed a motion to consolidate the two lawsuits, which asserted that both lawsuits "arise from the same Alibaba.com Trade Assurance transaction" and that the "two cases share the same transaction, witnesses, documents, Trade Assurance records, … and questions concerning which Alibaba-related entity controlled or administered the order and seller relationship." Plaintiff's Notice of Related Case and Motion to Consolidate at 1 (ECF No. 4).[8] Thus, it is appropriate to consider that $3 million settlement demand when evaluating whether this lawsuit satisfies the amount-in-controversy requirement.[9]

***Finally***, this lawsuit belongs in federal court because Plaintiff has not established, and cannot establish, that "it is legally impossible," *Raskas*, 719 F.3d at 888, for him to recover a monetary award that exceeds the amount-in-controversy requirement. Even if the Court were to

---

long as the "additional proof sheds light on the situation [that] existed when the case was removed." *Leflar*, 57 F.4th at 605 (quotation marks omitted; alteration in original).

[8] Plaintiff also filed a RICO lawsuit in this Court against the same defendants sued in this lawsuit, arising out of the same June 2021 Alibaba.com transaction at issue here. That lawsuit (No. 4:26-cv-00611-DPM-JJV), which is pending before Judge Marshall and Magistrate Judge Volpe, asserts many of the same Arkansas state law claims that Plaintiff asserts in this lawsuit. So Plaintiff seeks to litigate his state law claims in this Court in the Marshall/Volpe lawsuit while seeking remand, in this lawsuit, of those same state law claims. Such duplicative litigation is inefficient and a waste of judicial and litigants' time and resources.

[9] Of course, the Opposing Defendants do not concede that Plaintiff's settlement demand is an accurate valuation of how much this lawsuit is worth, but that does not matter for purposes of the analysis that applies at this stage of these proceedings. Even if one assumes that Plaintiff's settlement demand is inflated by a factor of 30, it nevertheless provides further support for the conclusion that the amount-in-controversy is satisfied in this lawsuit.

conclude that "it is highly improbable," *id.*, that Plaintiff will recover more than $75,000 (not including interest and costs) in this lawsuit, that does not mean that he has satisfied the "legally impossible standard," *id*. Nothing in the Remand Motion or the Remand Brief comes close to satisfying that standard.

## CONCLUSION

An Arkansas federal district court judge criticized a plaintiff seeking remand for "attempt[ing] to 'have her cake and eat it too …'" by arguing in federal "court that she is only entitled to crumbs … but … carefully preserv[ing] her right to insist that she is entitled to the whole cake when she gets back to state court." *Gilmer v. Walt Disney Co.*, 915 F. Supp. 1001, 1011 (W.D. Ark. 1996) (denying plaintiff's remand motion). Here, Plaintiff is trying to do the same thing. According to the damages allegations in his Complaint and his pre-removal settlement demand (Exhibit 2), Plaintiff seeks the whole cake. This Court should not let him rob the Opposing Defendants of their important right to litigate his claims in federal court by claiming that he is seeking only crumbs.

For the foregoing reasons, the Court should deny the Remand Motion.

Dated: September 1, 2026

Respectfully submitted,

MCDANIEL WOLFF, PLLC

Bart W. Calhoun, No. 2011221
Brittany D. Webb, No. 2023139
Ginny Ashcraft, No. 2023232
McDaniel Wolff, PLLC
1307 West 4th Street
Little Rock, AR 72201
(501) 954-8000
bart@mcdanielwolff.com
bwebb@mcdanielwolff.com
gashcraft@mcdanielwolff.com

and

BALANCE LAW FIRM

B. Robert Liu (NY Bar: 5697552)
1 World Trade Center, Suite 8500
New York, NY 10007
(212) 741-8080
robert.liu@balancelawfirm.com

*Attorneys for Defendants Alibaba Group Holding Limited, Alibaba.com US E-Commerce Corp., Alibaba.com U.S. LLC, Alibaba Group (U.S.) Inc., and AUS Merchant Services, Inc.*

CERTIFICATE OF SERVICE

I hereby certify that on September 1, 2026, I electronically filed the foregoing opposition with the Clerk of the Court using the CM/ECF system.

/s/ Brittany D. Webb
Brittany D. Webb, Ark. Bar No. 2023139