**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF ARKANSAS**
**Central Division**

| | |
|---|---|
| BRADLEY BURCHFIELD,<br><br>Plaintiff,<br><br>v.<br><br>ALIBABA GROUP HOLDING LIMITED, *et al.*,<br><br>Defendants. | No. 4:26-cv-00826-DPM-JJV |

**FIVE DEFENDANTS' OPPOSITION TO**
**PLAINTIFF'S MOTION TO DISQUALIFY COUNSEL, OR**
**ALTERNATIVELY FOR VERIFIED CONFLICT DISCLOSURE AND HEARING**

Five defendants—Alibaba Group Holding Limited, Alibaba.com US E-Commerce Corp., Alibaba.com U.S. LLC, Alibaba Group (U.S.) Inc., and AUS Merchant Services, Inc. (collectively, the "Opposing Defendants")—oppose Plaintiff's Motion to Disqualify Counsel, or Alternatively for Verified Conflict Disclosure and Hearing ("Plaintiff's Motion") (ECF No. 22) and Brief in Support ("Plaintiff's Brief") (ECF No. 23).

The Court should deny Plaintiff's Motion as frivolous, which is how this Court ruled when summarily denying a virtually identical disqualification motion in a closely related case filed by Plaintiff in this Court (*Burchfield v. Alibaba.com Singapore E-Commerce Private Limited, et al.*, No. 4:26-cv-00611-DPM-JJV). In a text only docket entry order, this Court *sua sponte* denied that disqualification motion "as frivolous." September 1, 2026 Order (No. 4:26-cv-00611, DPM-JJV, ECF No. 73).

Plaintiff's Motion is a transparent, blatantly improper attempt to harass the Opposing Defendants and undersigned counsel by filing a frivolous lawsuit in state court against undersigned

counsel[1] for representing the Opposing Defendants in (and removing to this Court) a lawsuit filed by Plaintiff against the Opposing Defendants in state court. Plaintiff acknowledges that disqualifying counsel is an "extraordinary remedy," Plaintiff's Motion at 1, and "an extreme measure," Plaintiff's Brief at 2, that "requires strict scrutiny," *id*. He also asserts that "Plaintiff does not contend that a litigant can manufacture a conflict [between an opposing party and its chosen counsel] merely by suing opposing counsel," Plaintiff's Motion at 1, but that is exactly what Plaintiff has done here. His harassment campaign knows no bounds, and he has provided no valid basis for the Court to grant the extraordinary remedy of disqualification. Plaintiff stoops to a new low by trying to manufacture a conflict between the Opposing Defendants and undersigned counsel by filing a frivolous lawsuit against undersigned counsel in state court. If Plaintiff truly believed that undersigned counsel engaged in misconduct in connection with the Notice of Removal that undersigned counsel filed in this Court, Plaintiff could have asked this Court to impose sanctions but he did not do that, presumably because he knows that this Court would not countenance such nonsense. Instead, Plaintiff filed a separate lawsuit in state court, hoping that a judge assigned to that lawsuit will be more receptive to his scorched earth litigation strategy.[2]

Plaintiff apparently believes that his *pro se* status gives him free rein to engage in meritless, abusive litigation tactics without any adverse consequences by filing anything that he wants in court proceedings—regardless of whether his filings are frivolous or otherwise lack factual and/or

[1] A copy of the Complaint that Plaintiff filed in state court against undersigned counsel is included in Exhibit A attached to Plaintiff's Brief.

[2] Plaintiff asserts that "[t]he current evidence indicates that McDaniel Wolff filed the [SmartLinx Lexis/Nexis] report [at issue in Plaintiff's state court lawsuit against undersigned counsel] as Exhibit 2 in Pulaski County case 60CV-26-8633 on August 10, 2026, before that action was removed into this case," Plaintiff's Motion ¶ 4, but that is false. In fact, excerpts of the Lexis/Nexis report (with appropriate redactions) were first filed in this Court on August 13, 2026 (as an exhibit attached to the Notice of Removal) and then those same redacted excerpts were filed in state court as part of the Notice of Filing Notice of Removal, in accordance with 28 U.S.C. § 1446(d).

legal support—but that is not correct, *see, e.g.*, *In re Tyler*, 839 F.2d 1290 (8th Cir. 1988); *see also* Local Rule 5.5(c)(2) ("Any party proceeding pro se shall be expected to be familiar with and follow the Federal Rules of Civil Procedure."). As the Eighth Circuit acknowledged when affirming an en banc district court order and "endors[ing] the policy and rationale of the district court," *Tyler*, 839 F.2d at 1290-91, the "'most apparent effect of excessive litigation is the imposition of unnecessary burdens on, and the useless consumption of, court resources,'" *id*. at 1292 (quoting affirmed district court order). "'[A]busive litigation results in prolonged, repetitive harassment of defendants[,] causing frustration and often extraordinary and unreasonable expenditures of time and money defending against unfounded claims'" *Id*. at 1293. Here, Plaintiff's campaign of litigation harassment of the Opposing Defendants and undersigned counsel shows that he does not have any respect for the legal principle that "'[d]efendants have a right to be free from harassing, abusive, and meritless litigation.'" *Id*. Moreover, "'[f]ederal courts have a clear obligation to exercise their authority to protect litigants from such behavior.'" *Id*.[3]

The Opposing Defendants expect that Plaintiff's litigation harassment will continue unabated unless this Court admonishes Plaintiff that he will be subject to sanctions if he submits improper filings to this Court. Such an admonition may deter Plaintiff from continuing to file motions and other submissions that impose unnecessary burdens on the Court; waste court resources; and harass the Opposing Defendants and undersigned counsel.

In conclusion, for the foregoing reasons, the Opposing Defendants request that the Court: (a) deny Plaintiff's Motion as frivolous; (b) warn Plaintiff that he will be subject to sanctions (including but not limited to being required to pay the Opposing Defendants' attorneys' fees) for

[3] Since issuing *Tyler*, the Eighth Circuit repeatedly has cited that opinion with approval, including as recently as 2022, *see Devisme v. City of Duluth*, No. 22-1572, 2022 WL 6872000 (8th Cir. Oct. 12, 2022).

any future improper filings; and (c) award any other relief that the Court may deem appropriate in these circumstances.

Dated: September 8, 2026

Respectfully submitted,

McDANIEL WOLFF, PLLC

Bart W. Calhoun, No. 2011221
Brittany D. Webb, No. 2023139
Ginny Ashcraft, No. 2023232
McDaniel Wolff, PLLC
1307 West 4th Street
Little Rock, AR 72201
(501) 954-8000
bart@mcdanielwolff.com
bwebb@mcdanielwolff.com
gashcraft@mcdanielwolff.com

and

BALANCE LAW FIRM

B. Robert Liu (NY Bar: 5697552)
1 World Trade Center, Suite 8500
New York, NY 10007
(212) 741-8080
robert.liu@balancelawfirm.com

*Attorneys for Defendants Alibaba Group Holding Limited, Alibaba.com US E-Commerce Corp., Alibaba.com U.S. LLC, Alibaba Group (U.S.) Inc., and AUS Merchant Services, Inc.*

CERTIFICATE OF SERVICE

I hereby certify that on September 8, 2026, I electronically filed the foregoing Opposition with the Clerk of the Court using the CM/ECF system. I further certify that, because Plaintiff is proceeding *pro se* and is not a registered CM/ECF participant, I served a true and correct copy of the foregoing Opposition via United States First-Class Mail, postage prepaid, addressed to Plaintiff as follows:

Bradley Burchfield
5420 Kavanaugh Blvd. #7927
Little Rock, AR 72217

/s/ Brittany D. Webb
Brittany D. Webb, Ark. Bar No. 2023139