**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

BRADLEY BURCHFIELD PLAINTIFF

v. 4:26-cv-00826-DPM-JJV

ALIBABA GROUP HOLDING LIMITED, *et al.* DEFENDANTS

**ORDER**

United States District Judge D.P. Marshall Jr. has referred this case to me to handle all pretrial matters. (Doc. No. 29.) The Court makes the following rulings on the pending motions.

1. Plaintiff Bradley Burchfield's Motion for Limited Corporate-Structure, Jurisdictional, Agency, Alter-Ego, Seller-Verification, Trade Assurance, Payment, and Actual-Control Discovery and to Defer Related Defenses (Doc. No. 3) is DENIED. The Defendants who have been served have moved for dismissal on, among other grounds, lack of personal jurisdiction. (Doc. Nos. 20-21.) Their Motion is supported by detailed Declarations setting forth the relevant facts. (*Id.*) Plaintiff seeks to conduct discovery that would lead to the same information offered in the Declarations. To the extent he suspects additional information might come to light, his request is based on speculation and conjecture. Specifically, he cites a Non-Prosecution Agreement entered into by some Defendants and the United States Attorney's Office in the District of Rhode Island, which seems to have no relevance to the claims in this case. Additionally, the discovery Plaintiff proposes in the Motion is extremely wide-ranging, getting into merits issues not appropriate for early jurisdictional discovery.

2. Plaintiff's Expedited Motion to Temporarily Restrict Access and Require a Narrowly Redacted Substitute (Doc. No. 7) is DENIED. As Defendants point out, the information contained in Exhibit 2 to their Notice of Removal (Doc. No. 1-3) is publicly available information,

and Defendants have already complied with the redaction requirements of Federal Rule of Civil Procedure 5.2(a). Plaintiff has not established good cause for requiring that the entire exhibit be filed under seal under Rule 5.2(d) or for requiring additional redactions under Rule 5.2(e)(1). Additionally, consistent with Rule 5.2(e)(2), nonparty electronic access to the exhibit is already limited to court users.

3. Plaintiff's Motion to Require Rule 7.1(a)(2) Member and Citizenship Disclosures and Corrected Rule 7.1(a)(1) Disclosures (Doc. No. 18) is DENIED. Defendants' Corporate Disclosure Statements (Doc. Nos. 9-13) identify any parent corporations and any publicly held corporations owning ten percent or more of their stock, which is all that Rule 7.1(a)(1) requires, and identify the citizenship of entities whose citizenship is attributed to them, which is all that Rule 7.1(a)(2) requires.

4. Plaintiff's Motion to Disqualify Counsel, or Alternatively for Verified Conflict Disclosure and Hearing (Doc. No. 22) is DENIED. As I previously found in denying a virtually identical motion in the related case, this Motion is frivolous. *See Bradley Burchfield v. Alibaba.com Singapore E-Commerce Pte Limited, et al.*, No. 4:26-cv-00611-DPM-JJV (E.D. Ark. Sept. 1, 2026), at Doc. No. 73.

IT IS SO ORDERED this 30th day of September 2026.

JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE