**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
OCT 01 2026
TAMMY H. DOWNS, CLERK
By: DEP CLERK

BRADLEY BURCHFIELD, Plaintiff

v. Case No. 4:26-cv-00826-DPM-JJV

ALIBABA GROUP HOLDING LIMITED, et al., Defendants

**MOTION FOR 240 DAYS TO COMPLETE FOREIGN SERVICE AND LIMITED DEFERRAL OF DISMISSAL RULINGS**

Plaintiff Bradley Burchfield requests 240 days from entry of the Court's order to verify addresses and complete service abroad in this removed action under 28 U.S.C. § 1448, Federal Rules of Civil Procedure 4(f)(1), 4(h)(2), and 81(c), and the Hague Service Convention. He also requests a defined deferral of dismissal rulings to allow the foreign defendants an opportunity to respond. In support, Plaintiff states:

1. This action was removed from Pulaski County Circuit Court Case No. 60CV-26-8633. The Notice of Removal and complaint are docketed at ECF Nos. 1 and 2. The requested service period applies to Alibaba.com Singapore E-Commerce Pte. Limited, also known as Alibaba.com Singapore E-Commerce Private Limited; AliExpress E-Commerce One Pte. Ltd.; Zichang New Materials (Shandong) Co., Ltd.; Zhishang New Materials (Shandong) Co., Ltd.; and Shaanxi Bloom Tech Co., Ltd.

2. Alibaba Group Holding Limited is excluded from the requested service extension because its Notice of Removal expressly declines to challenge service in this action. ECF No. 1 at 6 n.5. The removing parties identify Zichang and Zhishang as names for the same company. Id. at 5 ¶ 12. Plaintiff seeks to verify the correct Chinese legal name, registration identifier, and address before service; listing both names here does not decide whether they are distinct entities.

3. The international mailing packets contained both federal and state complaints. Plaintiff relies on the mailings as notice efforts for the state action now before this Court as well as the related federal action. His accompanying declaration addresses the contents from his own

knowledge. Mailing receipts and tracking results document dispatch and postal events; they do not inventory the papers enclosed or establish legally sufficient service in every case.

4. The records concern five July 24, 2026 international mailings. Exhibit A supplies the payment records and destinations; Exhibits B through F show the tracking results. The Zichang packet reached a delivering post office in China on September 12, fifty days after mailing. Exhibit C. Shaanxi Bloom Tech's record shows delivery problems on September 7, forty-five days after mailing. Exhibit E. Those records do not show completed delivery. Alibaba Singapore, Zhishang, and the Hong Kong-addressed AliExpress mailing have delivery scans, subject to the service-method and recipient issues explained in the brief.

5. These delays support the full 240-day request. The proposed period allows up to sixty days for address verification, preparation, translations, and transmission, followed by approximately six months for foreign processing. China's official HCCH profile estimates around six months to execute a request; Singapore's profile estimates about two and one-half months on average. Plaintiff will proceed promptly and report obstacles and progress.

6. Plaintiff will verify each named defendant's legal identity and service address, obtain any necessary new or amended summons bearing this federal case number, and arrange transmission through a competent Hague forwarding authority. Each request must identify the correct action and operative pleading. Including papers from more than one lawsuit in a package does not consolidate the cases or substitute service in one action for service in another.

7. ECF No. 38, entered September 30, 2026, denied Plaintiff's earlier request for broad jurisdictional and other discovery and deferral of related defenses. Plaintiff acknowledges the Court's findings that the proposed discovery was overbroad and rested on speculation. This motion seeks no discovery. It supplies a specific service schedule and documented postal results. To the extent the requested sequencing overlaps that order, Plaintiff requests only a limited prospective modification under Rule 54(b), supported by the proposed service milestones and the

need to bring the named foreign defendants before the Court. Plaintiff does not ask the Court to reopen the disclosure, counsel-disqualification, or access rulings. The service extension may be granted independently even if deferral is denied.

8. Plaintiff asks the Court to defer dismissal of the remaining defendants, including disposition of the five defendants' motion at ECF No. 20, until the foreign service targets have been properly served or waived service and have filed an initial response or their applicable initial response periods have expired. Their responses may identify or implicate moving defendants in the alleged conduct by clarifying the responsible seller, contracting entity, payment recipient, or asserted agency relationship. Plaintiff seeks the opportunity to identify specific material information actually received before a dismissal rests on a disputed factual premise. He does not represent that a favorable response is assured or that the existing dismissal grounds necessarily depend on future information.

9. The requested deferral is discretionary and subject to a sixty-day progress review and an outside limit of 270 days, allowing the full 240-day service period plus time for initial responses. It ends earlier when the required initial response opportunities are complete, unless otherwise ordered. It does not suspend briefing deadlines or the Court's obligation to address subject-matter jurisdiction and any required remand. The Court may modify or end the deferral on a supported request or further order.

10. Plaintiff preserves his pending remand request at ECF No. 15. This motion does not replace or extend the response ordered by ECF No. 37 concerning consolidation of the related cases. It seeks no voluntary dismissal of AliExpress or any other defendant in this action.

**Requested relief**

A. Allow 240 days from entry of the order to complete foreign service on the identified defendants, and decline dismissal solely for incomplete foreign service during that period while Plaintiff complies with the ordered schedule.

B. Require a report within thirty days identifying address-verification steps, sources, results, and unresolved issues. Require transmission of compliant Hague requests for verified destinations within sixty days, or a specific obstacle report and request for directions by that date. Require further reports every sixty days after the initial report until service is complete.

C. Permit issuance of new or corrected summonses for this removed action under § 1448 and Rules 4(a)(2) and 4(b). Require prompt filing of returned service or nonservice certificates and any request for further time before expiration of the allowed period.

D. Consider the accompanying declaration and Exhibits A through G under Local Rule 7.2(c) for the limited purpose of this motion. Grant express leave to file them if the Court determines that further permission is required.

E. Grant the limited deferral described above, with a sixty-day progress review and a 270-day outside limit absent further order. Preserve the Court's authority to decide jurisdiction and remand and all parties' defenses. Grant the service extension independently if the Court declines deferral.

Respectfully submitted,

Date: 10/1/26

Bradley Burchfield

Bradley Burchfield, Plaintiff pro se
5420 Kavanaugh Blvd. #7927
Little Rock, Arkansas 72217
479-223-0038
burchfieldbradley123@gmail.com

**CERTIFICATE OF SERVICE**

I certify that on 10/1/26, I served a true and correct copy of the Motion for 240 Days to Complete Foreign Service and Limited Deferral of Dismissal Rulings, its supporting

brief, the declaration with Exhibits A through G, and the proposed order in Case No. 4:26-cv-00826-DPM-JJV by ECF/EMF to:

Bart W. Calhoun, Brittany D. Webb, and Ginny Ashcraft
McDaniel Wolff PLLC
1307 West 4th Street
Little Rock, Arkansas 72201

B. Robert Liu
Balance Law Firm
1 World Trade Center, Suite 8500
New York, New York 10007

Bradley Burchfield