IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
OCT 05 2026
TAMMY H. DOWNS, CLERK
By: DEP CLERK

BRADLEY BURCHFIELD PLAINTIFF

v. Case No. 4:26-cv-00826-DPM-JJV

ALIBABA GROUP HOLDING LIMITED, et al. DEFENDANTS

**RESPONSE TO ECF 37 IN SUPPORT OF CONSOLIDATION WITH PRESERVATION OF RIGHTS AND MOTION FOR LEAVE TO FILE A UNIFIED AMENDED COMPLAINT**

Plaintiff Bradley Burchfield responds to the September 21, 2026 text-only Order, ECF No. 37, and supports consolidation of Nos. 4:26-cv-00611-DPM-JJV, 4:26-cv-00826-DPM-JJV, and 4:26-cv-00827-DPM-JJV under Federal Rule of Civil Procedure 42(a), with No. 00611 as the lead case for administration. Plaintiff requests the protections and sequence of rulings below, including a ruling on remand before merits adjudication or a unified pleading. Plaintiff also requests leave under Rule 15(a)(2) to file a complete unified amended complaint after consolidation and the jurisdictional rulings.

## I Common issues support consolidation of all three actions

1. No. 00826 was removed from Pulaski County Circuit Court No. 60CV-26-8633. No. 00827 was removed from No. 60CV-26-9730, which originated as Small Claims Case No. PCSC-26-189. No. 00611 is the related federal action. Plaintiff's earlier consolidation motion already identified the common transaction and requested preservation of the small-claims record. No. 00826, ECF No. 4 at 1–3. This response expands that request to all three federal actions as invited by ECF No. 37.

2. The common facts include Trade Assurance Order No. 91906090501027582, dated June 1, 2021; the purchase payment; alleged nondelivery; the seller's identity; Trade Assurance representations; and the handling of the resulting dispute. The cases also overlap on which entity performed the relevant platform, payment, and customer-service functions. Coordinating those

questions would reduce repeated submissions and inconsistent treatment of the same records. See Fed. R. Civ. P. 42(a).

3. Plaintiff specifically contends that the actionable purchase and nondelivery claim underlying No. 00827 engaged Trade Assurance for this product and triggered the claimed right to seek relief through that program. The contract addresses nonshipment and seller refunds in §§ 6.3.1–6.3.2, and Alibaba.com dispute determination and possible payment on the seller's behalf in §§ 6.4–6.6, subject to the contract's conditions and claim period. The original small-claims complaint alleges that the product was never delivered and that efforts through the dispute-resolution process did not resolve the loss. See also No. 00826, ECF No. 4 at 1, ¶¶ 1, 4, 6.

4. Plaintiff alleges that the transaction's payment, Trade Assurance representations, and related communications form part of the conduct underlying his federal civil RICO claims. The requested unified pleading would explain that connection through specific alleged acts and each defendant's participation. Use of Trade Assurance, a contract breach, or filing the small-claims case does not by itself establish a RICO predicate or pattern. Plaintiff must plead the applicable statutory elements, including qualifying predicate conduct and injury to his business or property caused by a RICO violation. 18 U.S.C. §§ 1961, 1962, 1964(c). The factual overlap supports consolidation without deciding those disputed elements.

## II Remand and unresolved motions require express rulings

5. Plaintiff maintains his pending Motion to Remand or, in the Alternative, for an Evidentiary Determination of the Amount in Controversy, No. 00826, ECF No. 15, and its supporting brief, ECF No. 16. His support for consolidation is subject to that objection and does not withdraw any timely preserved removal or remand argument. The Court should determine subject-matter jurisdiction separately for each removed action before reaching its merits or

requiring a unified complaint. Consolidation alone cannot supply missing jurisdiction or combine separate demands to establish a jurisdictional amount. Fed. R. Civ. P. 82; 28 U.S.C. § 1447(c).

6. Plaintiff asks the Court first to enter orders resolving remand and addressing the remaining previously filed motions. In particular, ECF No. 4 concerns consolidation, ECF No. 15 concerns remand, and ECF No. 20 concerns dismissal in No. 00826; ECF Nos. 31–32 contain Plaintiff's opposition to dismissal. The Court should expressly decide each remaining motion, retain it under advisement, or specify its treatment under an amendment schedule. Consolidation should not silently withdraw motions, erase responses, or deem objections abandoned. Plaintiff requests that merits dismissal rulings be deferred until remand and the present request for leave to amend have been addressed.

7. Plaintiff recognizes that No. 00826, ECF No. 38, and No. 00827, ECF No. 30, already denied specified motions on September 30. Those motions are not described here as undecided. This response preserves any timely available objection or review procedure; it does not replace a Rule 72 objection or reopen an expired deadline. Any remaining service, amendment, default, or other request should receive an express disposition or scheduling direction in its own procedural posture.

8. If the Court coordinates the cases administratively before deciding remand, Plaintiff requests that coordination have no effect on the jurisdictional questions. If a removed action must be remanded, that action should leave the federal consolidation without loss of its state-court claims or record. Amendment should then concern only the actions and claims properly remaining before this Court.

**III Preserve the distinct procedural position of No 00827**

9. Plaintiff is not aware of any defendant having filed a separate motion to dismiss in No. 00827. The docket identifies Alibaba.com US E-Commerce Corp.'s answer at ECF No. 4.

Defenses asserted in an answer are not a separately filed dismissal motion. Plaintiff preserves his previously raised objections concerning the timeliness and service of that answer, as described in No. 00826, ECF No. 4 at 1–2; he does not ask this response itself to determine default.

10. Motions directed to the complaints in Nos. 00611 or 00826 should not automatically be treated as motions to dismiss No. 00827. Before applying a common dismissal argument to that action, the Court should identify the affected claims, defendants, and grounds and permit a meaningful response. This request does not restrict the Court's duty to examine subject-matter jurisdiction or a defendant's right to present a procedurally proper defense. See Fed. R. Civ. P. 12(h)(3).

11. No. 00827, ECF No. 30, ¶ 1, denied advance permission to proceed on an alter-ego theory because the theory is a matter for dispositive motions or trial. It did not dismiss the complaint or finally adjudicate that theory on its merits. Consolidation should preserve Plaintiff's opportunity to plead and support that theory under the governing law, while preserving defendants' ability to contest it.

**IV Consolidation should preserve substantive and procedural rights**

12. Consolidation alone should not merge the actions' substantive rights, make a defendant in one action a defendant in every action, or convert a ruling against one claim into dismissal of all claims. The order should preserve the independent character of each action and applicable judgment and appeal rights. See Johnson v. Manhattan Ry. Co., 289 U.S. 479, 496–97 (1933); Hall v. Hall, 584 U.S. 59 (2018). Common evidence may be considered where properly presented and admissible, with notice and an opportunity to address its relevance to the particular action.

13. The complete transferred PCSC-26-189 record should be retained, including the complaint, answer, service papers, objections, and transfer order. Preserve the original filing and

service history of all three cases and all legally available limitations, relation-back, service, and default arguments. Consolidation itself should neither cure a service defect nor decide a default dispute. Any separately submitted request for 240 days to complete foreign service should receive its own ruling; the requested period should not be lost merely because a lead docket is designated.

14. Preserve existing redactions and restrictions on nonparty electronic access, including those recognized in No. 00826, ECF No. 38, ¶ 2, and directed in No. 00827, ECF No. 30, ¶ 2. Linking or copying records to a lead docket should not broaden access to restricted material without a further order. Preserve any valid jury demand and available district-judge review. Agreement to consolidation is not consent to final disposition by a magistrate judge under 28 U.S.C. § 636(c); existing referrals under § 636(b) remain subject to their lawful scope.

15. Plaintiff's position requesting dismissal without prejudice of AliExpress alone in No. 00611 is limited to that defendant in that action. This response does not extend that request to other defendants or to No. 00826. Consolidation should preserve the scope of any case-specific dismissal or agreement. Plaintiff seeks one lawful recovery for each injury and does not seek duplicative compensation.

## V Grant leave to file a unified amended complaint after consolidation

16. Plaintiff expressly moves for leave under Rule 15(a)(2) to file a complete Unified Consolidated Amended Complaint within 30 days after the later of the consolidation order and the order resolving the pending remand issues. The amendment would organize the common facts, distinguish each defendant's alleged conduct and jurisdictional contacts, separately state the state-law and federal claims being pursued, and explain the Trade Assurance transaction's alleged connection to the RICO claims. It would also address Plaintiff's asserted personal

payment and injury in light of the business name appearing on the transaction documents, including the matters raised in No. 00826, ECF No. 33.

17. The proposed amendment would identify each claim's originating action, the defendants against whom it is asserted, and the relief requested. It would specify the communications and conduct relied on for any fraud or RICO allegation, subject to Rules 8, 9(b), and 11, and eliminate unnecessary duplication. Plaintiff would proceed only on claims he may lawfully assert in his own capacity. He would provide a concise explanation of substantive changes and reproduce the complete amended pleading. This request does not ask the Court to approve unspecified new parties or unrelated claims in advance.

18. Local Rule 5.5(e) expressly excepts pro se parties from that subsection's amendment requirements. Plaintiff therefore requests leave now, with the scope and deadline stated above. If the Court requires review of the complete proposed pleading before granting leave, Plaintiff alternatively requests 30 days on the same schedule to submit that proposal with a further or amended motion for leave. Plaintiff also requests permission to file any specifically necessary amended motion concerning the unified pleading or implementation of consolidation, subject to the Court's directions and ordinary briefing requirements. Later substantive amendments would remain governed by Rule 15 and any scheduling order.

19. Until an authorized amended complaint becomes operative, the existing complaints and responses should remain in place. The Court should specify which pleadings the unified complaint supersedes and in which actions it operates, and set any new response deadlines under Rule 15(a)(3). Consolidation and leave to amend should not themselves decide relation back, standing, preclusion, or other contested defenses. Plaintiff requests that the Court expressly identify the effect of amendment on existing motions rather than treating them as granted by default or transferring them automatically to every action.

**REQUESTED DISPOSITION**

Plaintiff asks the Court to consolidate all three actions with No. 00611 as the administrative lead, subject to separate jurisdictional determinations; first resolve remand and expressly address outstanding motions; preserve the records and rights described above; prevent automatic application of other cases' dismissal motions to No. 00827; and grant the requested post-consolidation leave and 30-day amendment schedule, or the stated alternative procedure for submitting the proposed unified complaint. Existing deadlines remain effective unless the Court expressly changes them.

Respectfully submitted,

Date: 10\5\26

Bradley Burchfield

Bradley Burchfield, Plaintiff pro se
5420 Kavanaugh Blvd. #7927
Little Rock, Arkansas 72217
479-223-0038
burchfieldbradley123@gmail.com

**CERTIFICATE OF SERVICE**

I certify that on 10\5\26, I served the foregoing response and motion by filing in the EMF/ECF system to attorneys of record:

Bart W. Calhoun, Brittany D. Webb, and Ginny Ashcraft
McDaniel Wolff PLLC
1307 West 4th Street
Little Rock, Arkansas 72201

B. Robert Liu
Balance Law Firm
1 World Trade Center, Suite 8500
New York, New York 10007

Additional parties or counsel served, if any, and the method of service:

Bradley Burchfield

Bradley Burchfield