**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

BRADLEY BURCHFIELD PLAINTIFF

v. 4:26-cv-00826-DPM-JJV

ALIBABA GROUP HOLDING LIMITED, *et al.* DEFENDANTS

**ORDER**

The Court has reviewed the parties' positions with respect to whether this case should be consolidated with two related cases, *Bradley Burchfield v. Alibaba.com Singapore E-Commerce Pte Limited, et al.*, No. 4:26-cv-00611-DPM-JJV and *Bradley Burchfield v. Alibaba.com Singapore E-Commerce Private Limited, et al.*, No. 4:26-cv-00827-DPM-JJV. (Doc. Nos. 42, 43.) After careful consideration, Plaintiff Bradley Burchfield's Motion to Consolidate, Designate Lead Case, Preserve the Transferred Record, and Establish a Single Operative Pleading (Doc. No. 4) and his related Motion for Leave to File a Unified Amended Complaint (Doc. No. 43) are DENIED without prejudice. Given some key differences among the three cases, including some differences in the named Defendants, consolidation at this stage would be unwieldy and cause confusion of the procedural issues at play. If the cases proceed to trial, the Court can reconsider consolidation at a later date. *See* Fed. R. Civ. P. 42.

Plaintiff's Motion to Remand Or, In the Alternative, For an Evidentiary Determination of the Amount in Controversy (Doc. No. 15) is also DENIED. Plaintiff acknowledges his Complaint includes a demand for more than $75,000 in damages. (Doc. No. 2 at 19.) Under 28 U.S.C. § 1446(c)(2), this amount "shall be deemed to be the amount in controversy." Plaintiff may very well be correct that the record lacks any "evidence bridging the gap" between the value of the

underlying transaction and the demand of over $75,000. (Doc. No. 16 at 5.) But that is not the standard.

IT IS SO ORDERED this 8th day of October 2026.

JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE