FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
OCT 15 2026
TAMMY H. DOWNS, CLERK
By: DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

BRADLEY BURCHFIELD PLAINTIFF

v. Case No. 4:26-cv-00826-DPM-JJV

ALIBABA GROUP HOLDING LIMITED, et al. DEFENDANTS

**MOTION TO REQUIRE B ROBERT LIU TO SHOW CAUSE AND FOR FURTHER REDACTIONS AND PROTECTIVE RELIEF**

Plaintiff Bradley Burchfield, proceeding pro se, requests an order requiring B. Robert Liu to explain under oath the acquisition, use, and disclosure of the LexisNexis report filed as Exhibit 2 to the Notice of Removal, ECF No. 1-3. Plaintiff also seeks targeted additional redactions, temporary sealing while a substitute is prepared, verification of PACER access restrictions, and reasonable efforts to remove the superseded copy from CourtListener. Plaintiff requests a sanctions determination only after a response, an opportunity to be heard, and findings supporting the applicable standard.

**Grounds for the motion**

1. The report identifies itself as a SmartLinx Person Report created on August 8, 2026, for Balance Law PLLC. ECF No. 1-3 at 2. Mr. Liu signed the Notice of Removal, which filed 35 pages as Exhibit 2. ECF No. 1 at 8; ECF No. 1-3. These records establish a basis to ask him to identify the actual requester and the persons responsible for the filing; Plaintiff does not assume that Mr. Liu personally performed every search.

2. The Notice of Removal states that the report supports Plaintiff's Arkansas citizenship. ECF No. 1 at 3, paragraph 4. Plaintiff acknowledges the purpose stated in that filing; this motion concerns the need for the accompanying personal disclosures. He asks why the particular report was obtained, what purpose was represented to its provider, and why disclosure of nonparty family information was necessary to that jurisdictional issue.

3. The exhibit includes the names of five family members sharing Plaintiff's surname in the Possible Household Members section beginning on ECF page 8. Plaintiff seeks protection of the names and the relationship information without repeating them here. The family members were minors during the period when they lived with Plaintiff, as explained in his declaration. Their ages at that earlier time are offered as context, not as proof that they were minors when the exhibit was filed.

4. The complaint already alleged the January 9, 2022 seller email telling Plaintiff that he had better keep silent. ECF No. 2 at 10, paragraph 45. That allegation preceded the report's filing. Plaintiff's safety concern is genuine, but he does not ask the Court to assume that Mr. Liu authored the email, that any client directed intimidation, or that the report was transmitted to a seller. Those questions require evidence.

5. On August 21, 2026, Plaintiff specifically requested removal of his immediate family's names and explained his concern about the seller email. Mr. Liu responded on August 24 that he would consider proposed redactions and requested a marked-up copy. On August 25, Plaintiff again specified names other than his own. Relevant email excerpts accompany Plaintiff's declaration as Exhibit A. Defendants' earlier response stated that they would not oppose sealing and would consider additional redactions; it also denied the threat-related accusations. ECF No. 14 at 2 and n.1.

6. Plaintiff acknowledges the September 30, 2026 order denying his earlier redaction motion and finding compliance with Rule 5.2(a), no sufficient showing of good cause, and an existing restriction on nonparty electronic access. ECF No. 38, paragraph 2. This renewed application identifies specific fields, continuing online availability, and narrower relief. To the extent required, Plaintiff asks the Court to revise its interlocutory privacy ruling. He does not characterize the existing ruling as a finding that counsel violated a sealing order.

7. In related case 4:26-cv-00827-DPM-JJV, Judge Lee P. Rudofsky temporarily sealed Exhibit 2 on September 1, 2026. ECF No. 20 in that case. The September 30 order later directed unsealing with restricted nonparty electronic access. Id., ECF No. 30, paragraph 2. Plaintiff cites the temporary measure as a practical means of protecting the record during review, not as a current permanent sealing order or an order striking the report.

8. The report remains available through CourtListener. A technical verification note accompanying the declaration records an unauthenticated download on October 15, 2026, matching the supplied filed exhibit. Plaintiff also reports that the report still appears through PACER. Because his own access does not establish what nonparties can access, he requests verification by the Clerk rather than a finding that the existing PACER restriction has been violated. A PACER account is available to members of the public. The phrase court users should therefore be clarified by identifying whether it means court personnel, authorized parties and counsel, or any registered PACER user, and whether an ordinary account unrelated to this case can retrieve the exhibit.

**Requested verified explanation and preservation**

9. Plaintiff requests that Mr. Liu respond within fourteen days after service of the Court's order, based on personal knowledge and reasonable inquiry, to the following subjects. Any subject outside his knowledge should be identified, together with its custodian or the person who can provide the information:

a. Who requested, ran, purchased, received, reviewed, and selected the report; the dates of those acts; the subscribing entity; the product and provider; and whether the filed pages are excerpts from a longer report. No passwords or access credentials are requested.

b. The actual reason for obtaining the report when the search was made; any purpose code, certification, request form, or representation supplied to LexisNexis; and the nonprivileged records supporting that explanation.

c. Whether counsel contends that the report or any component is a consumer report under 15 U.S.C. § 1681a(d), or instead a non-FCRA public-records product; the relevant product terms and source descriptions; and the basis for that classification.

d. Any court order relied on under FCRA § 604(a)(1), 15 U.S.C. § 1681b(a)(1), identifying the court, case, date, and permitted scope; any written consumer instruction relied on under § 604(a)(2), including the actual authorization and any electronic assent record; or the precise alternative statutory purpose claimed, with its supporting facts. If no FCRA authority was considered necessary because the product was classified as non-FCRA, the response should say so.

e. Why nonparty names, household associations, and other unrelated personal information were included in a citizenship exhibit; who approved those choices; and what alternatives or corrections were considered after Plaintiff's August requests.

f. Each known recipient of the complete report, filed excerpts, or other versions, including any client, affiliate, seller, investigator, or outside person; the date, method, purpose, and redacted or unredacted status of each disclosure. For ordinary intra-firm handling, identify custodians and functions without disclosing legal advice. State expressly whether any unredacted copy was shared outside the law firms.

g. The nonprivileged facts identifying whether a client or another person requested acquisition, inclusion of family names, or further distribution. For any responsive information withheld as privileged or protected work product, identify the withheld material

and the specific basis in a log sufficient for the Court to assess the claim. Plaintiff does not seek a blanket waiver or unrestricted access to attorney-client communications.

h. Steps taken to restrict access, replace the public exhibit, notify recipients, or request removal of third-party copies. Preserve the original report, versions, order records, purpose certifications, access and transmission logs, and relevant communications without public refiling.

**Requested redactions and protective measures**

10. Under Rule 5.2(d) and (e), Plaintiff requests temporary sealing of ECF No. 1-3 pending a public substitute, followed by retention of the existing version under seal and public access to a narrowly redacted version. The requested redactions are:

a. All nonparty natural-person names in the report and associated household or relationship links, particularly the Possible Household Members section beginning on ECF page 8 and any repetitions. This does not seek anonymity for parties or counsel in the case caption.

b. Nonparty contact information, residential locations, personal identifiers, and identifying dates. Preserve existing redactions and avoid leaving surrounding text that defeats a name redaction.

c. Unnecessary personal identifiers and detailed asset, vehicle, financial, or unrelated court-record information that do not establish Plaintiff's Arkansas citizenship. The later report sections at ECF pages 14-35 should be limited to genuinely necessary citizenship information, if any.

d. Any identifying material embedded in searchable text, document layers, annotations, or attachments corresponding to the visible redactions. The substitute should preserve page references and label omitted material without naming the protected people.

11. A short declaration or stipulation identifying Plaintiff's Arkansas citizenship would serve the stated purpose with less disclosure. If the Court requires supporting records, Plaintiff requests that the public version retain only the minimum non-sensitive information needed to understand the jurisdictional issue. He seeks protection independently of any FCRA determination.

12. Plaintiff asks the Clerk to verify the access level for ECF No. 1-3 and any duplicate, attachment, or superseded version within this case; maintain restricted access pending review; and ensure that the older version is not served as the public substitute. No deletion of evidence is requested.

13. Within seven days after a sealing or substitution order, Plaintiff requests that filing counsel transmit the order and replacement identifier to CourtListener/Free Law Project and any other repository counsel actually supplied, request voluntary removal or replacement of the superseded copy and its extracted text or previews, and file a status notice. This request is directed to counsel's remedial efforts; it does not purport to bind a nonparty publisher or guarantee deletion of independently retained copies.

**Sanctions procedure and other relief**

14. The Court should require Mr. Liu to show cause why corrective measures and, if bad-faith litigation conduct is established, an appropriate sanction should not follow. Plaintiff requests an evidentiary hearing if material facts are disputed. Any monetary request is limited to proven, recoverable out-of-pocket expenses caused by established misconduct. Plaintiff does not request attorney fees for his own pro se time, an automatic fine, or statutory FCRA damages through this motion.

15. The Court's inherent authority is invoked for proven abuse connected to this litigation, not merely a suspected independent statutory violation. Plaintiff does not invoke Rule 11 as a substitute for its separate-motion and safe-harbor requirements. Any separate FCRA claim would require an appropriate pleading and the ordinary procedures for adjudicating liability.

16. Counsel should be allowed to submit genuinely sensitive information under seal, with a public summary and service consistent with the Court's directions. The Court may consider in camera review if needed to decide a particular privilege dispute. Plaintiff requests no general merits discovery and no determination of an unproved instruction by a client.

For these reasons and those in the accompanying brief, Plaintiff requests the proposed protective measures, a verified response, and a reserved sanctions determination after appropriate notice and hearing.

**Good faith conference certification**

The August 21-25 correspondence reflects Plaintiff's prior effort to resolve the family-name redaction issue. To comply with Local Rule 7.2(g) for the specific renewed relief requested here, Plaintiff certifies that he also conferred in good faith as follows:

Date and method of supplemental conference: 10/15/26 - Email

Counsel contacted and participants: Attorneys of Record

Relief discussed and counsel's position: No answer by filing 2:31pm

_______________________________________________

The matters remaining unresolved after that conference are: All of them

_______________________________________________

Respectfully submitted,

Dated: 10/15/26, 2026

Bradley Burchfield

Bradley Burchfield, Plaintiff pro se

Current mailing address: 5420 Kavanaugh Blvd #7927

City, state, ZIP: Little Rock, AR 72217

Telephone: 479-223-0038

Email: burchfieldbradley123@gmail.com

**CERTIFICATE OF SERVICE**

I certify that on 10/15/26, 2026, I served a true and correct copy of this document and any accompanying exhibits by email and EMF/ECF UPLOAD, on the following counsel. Additional service, if required, is identified below.

B. Robert Liu
Balance Law Firm
1 World Trade Center, Suite 8500
New York, NY 10007

Bart W. Calhoun, Brittany D. Webb, and Ginny Ashcraft
McDaniel Wolff, PLLC
1307 West 4th Street
Little Rock, AR 72201

Additional recipients or authorized service method: ______________________________

Bradley Burchfield

Bradley Burchfield