FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

OCT 15 2026

TAMMY H. DOWNS, CLERK
By: DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

BRADLEY BURCHFIELD PLAINTIFF

v. Case No. 4:26-cv-00826-DPM-JJV

ALIBABA GROUP HOLDING LIMITED, et al. DEFENDANTS

# BRIEF IN SUPPORT OF THE MOTION FOR AN ORDER TO SHOW CAUSE AND FOR FURTHER REDACTIONS AND PROTECTIVE RELIEF

## The requested relief

Plaintiff seeks a focused explanation of the report's acquisition and distribution, protection of identifiable family members, and a sanctions determination only if the developed record establishes sanctionable conduct. The report's use as an exhibit is established. Its full distribution history and its status under the Fair Credit Reporting Act are not. Those distinctions matter both to the requested inquiry and to the appropriate remedy.

## The existing record and earlier rulings

The Notice of Removal used a LexisNexis SmartLinx Person Report to support Plaintiff's Arkansas citizenship. ECF No. 1 at 3, paragraph 4, and 8; ECF No. 1-3 at 2. The report was created for Balance Law PLLC. It includes a Possible Household Members section identifying nonparties. Id. at 8. Plaintiff's declaration explains his connection to the five family members and the safety concern underlying his request. The complaint had already alleged the January 2022 seller email. ECF No. 2 at 10, paragraph 45.

Defendants asserted that the exhibit's redactions exceeded Rule 5.2(a), that the information supported citizenship, and that they would not oppose complete sealing. ECF No. 14 at 1-2. They denied the threat-related accusations. Id. at 2 n.1. Plaintiff's August 21 and 25 emails requested family-name redactions; Mr. Liu's August 24 response requested a marked-up exhibit. Declaration, Exhibit A. Plaintiff relies on those exchanges as notice of his request, not as an admission of misconduct.

ECF No. 38, paragraph 2, denied the earlier motion on September 30, found no sufficient good cause for additional protection, and noted restricted nonparty electronic access. Plaintiff expressly acknowledges that ruling. The renewed request supplies a specific category-and-location redaction proposal, personal grounds for protecting the family links, and an October 15 verification that a matching copy remained publicly downloadable from CourtListener. These matters support prospective relief and clarification of access controls. They do not establish that counsel violated a prior order.

The related 00827 history must also be stated completely. Judge Rudofsky temporarily sealed the report on September 1, 2026. No. 4:26-cv-00827-DPM-JJV, ECF No. 20. On September 30, Magistrate Judge Volpe directed unsealing with restricted nonparty electronic access. Id., ECF No. 30, paragraph 2. The temporary order illustrates an available interim measure; it does not establish a current permanent seal or a finding that the report was unlawfully obtained.

**Additional privacy protection under the federal rules**

Rule 5.2(a) requires specified redactions. Rule 5.2(d) permits sealing, and Rule 5.2(e) permits additional redaction and restrictions on nonparty remote access for good cause. Compliance with the mandatory list does not eliminate that separate authority. The 2007 Committee Note also recognizes that circumstances may justify protection of information beyond the listed identifiers. Plaintiff seeks a specific good-cause finding addressing unnecessary nonparty identification and continued online distribution.

The court must account for public access to judicial records. IDT Corp. v. eBay, 709 F.3d 1220, 1222-25 (8th Cir. 2013), requires weighing competing interests and considering meaningful redaction as an alternative to complete sealing. Here, the stated judicial use is proof of Arkansas citizenship. Family names, household links, and unrelated personal detail add little to public

understanding of that issue. A public citizenship declaration or narrowly limited exhibit would preserve that understanding while reducing unnecessary exposure.

Plaintiff does not contend that every adult relative's name automatically falls within Rule 5.2(a). His statement that the relatives were minors when they lived together supplies historical context, not proof of minority at filing. The requested protection rests principally on Rule 5.2(e): the relatives are not parties, their identities are unnecessary to the stated purpose, and publicly connecting them to Plaintiff causes the safety and privacy concern described in his declaration. The disputed seller email is offered as context for that concern, not proof of an explicit physical threat or a client-directed plan.

The requested interim seal covers only ECF No. 1-3 while a substitute is prepared. The proposed final treatment leaves a public substitute and preserves the older version under seal. Plaintiff asks for prospective modification of the interlocutory privacy ruling to the extent necessary, consistent with Rule 54(b) and the Court's continuing control over its record. This request does not extend the deadline for objections under Rule 72(a) or replace any separately required objection.

**Section 604 requires an identified permissible purpose when the FCRA applies**

FCRA § 604(a)(1)-(2), codified at 15 U.S.C. § 1681b(a)(1)-(2), recognizes a qualifying court order and the consumer's written instructions as distinct permissible bases. Other statutory purposes also exist. Thus, absence of a court order alone does not establish a violation. Section 1681b(f) prohibits obtaining or using a consumer report without an authorized purpose and the required certification. Counsel should identify the precise basis relied upon if the report or any component is covered.

The explanation of Section 604 supplied by Plaintiff is supported in relevant part by the FTC's published staff interpretations. The FTC states: "A subpoena is not an 'order of a court' unless it is signed by a judge." FTC, 40 Years of Experience with the Fair Credit Reporting Act: An FTC Staff Report with Summary of Interpretations 42 (July 2011), comment 604(a)(1)-1. The same report explains that consumer instructions must clearly authorize procurement and that electronic assent can qualify depending on the facts. Id. at 43, comments 604(a)(2)-1 and -2. These are historical staff interpretations, not a substitute for the statute's current text and express subpoena exceptions.

Accordingly, if counsel relies on a court order, he should identify and produce it. If he relies on written instructions, he should identify the authorization, its scope, and any record of electronic assent. If he invokes another purpose, he should identify that statutory provision and the facts satisfying it. A reference to litigation generally should not replace that explanation.

The FTC's staff report distinguishes litigation itself from an underlying transaction that independently supplies a permissible purpose. Id. at 48, comment 604(a)(3)(F)-4. In Bakker v. McKinnon, 152 F.3d 1007, 1011-12 (8th Cir. 1998), the court rejected an attorney's asserted litigation-related business need for opposing parties' credit reports. That decision involved actual credit reports and an earlier version of the statute. It supports careful scrutiny of a claimed purpose; it does not decide the classification of this SmartLinx product.

**The SmartLinx designation is a threshold issue**

Under 15 U.S.C. § 1681a(d)(1) and (f), statutory coverage depends on the report, the provider, and the purposes for which information is used, expected to be used, or collected. Personal information alone does not establish coverage. LexisNexis's SmartLinx Person Report product page expressly states that its SmartLinx service is not a consumer-reporting-agency product and does not constitute consumer reports under the FCRA. LexisNexis Risk Solutions, SmartLinx

Person Report, product disclaimer (accessed October 15, 2026). Plaintiff discloses that contrary indication and asks for the applicable product and source records rather than presuming coverage.

Bakker also explains that an ultimate litigation use does not remove coverage from information originally collected for consumer-report purposes. 152 F.3d at 1011. The appropriate inquiry therefore concerns the actual report and any covered component, not merely its label or the recipient's later description. If the record confirms a non-FCRA product without a covered component, the FCRA theory cannot supply a sanctions basis. The Court may still decide the independent request concerning what belongs in its public record.

Sections 1681n and 1681o provide civil remedies for qualifying willful or negligent violations through an appropriate action. They do not automatically convert this motion into a damages claim against counsel, and Plaintiff does not ask the Court to adjudicate a new unpleaded claim or impose criminal penalties. Any such civil claim would require proper pleading, jurisdiction, service, and proof.

**A sanctions inquiry must be confined to supported litigation misconduct**

Chambers v. NASCO, Inc., 501 U.S. 32, 43-46, 50 (1991), recognizes inherent authority to address abuse of the judicial process while requiring restraint and due process. The request here concerns the filing and handling of an exhibit in this action and the response to identified privacy concerns. Neither unsuccessful opposition to redaction nor the mere existence of personal information proves bad faith. Plaintiff requests a verified account and an opportunity to address any disputed facts before a sanctions decision.

If bad-faith conduct is proved, any compensatory award must be causally limited to expenses that would not have been incurred without that misconduct. Goodyear Tire & Rubber Co. v.

Haeger, 581 U.S. 101, 108-10 (2017). Plaintiff seeks no fees for his own pro se time and no automatic punitive award. Corrective redaction and preservation can be considered independently of monetary sanctions.

This is not a Rule 11 sanctions motion. A party seeking Rule 11 sanctions must comply with its separate-motion and service requirements, including the applicable safe harbor. Fed. R. Civ. P. 11(c)(2). The present request does not ask the Court to dispense with those requirements. Inherent authority is invoked only for conduct meeting its own standard.

The requested explanation is limited to the report at issue. It seeks factual acquisition and dissemination information, applicable product terms, and nonprivileged records. It does not request an unrestricted search of counsel's communications or assume that a client directed publication. Particular privilege claims should be logged and resolved as needed; no automatic crime-fraud exception or general waiver is asserted. The Court may decline unnecessary discovery while still requiring counsel to explain a filing made in this case.

**Effective relief must address the remaining public copy**

The technical note records a successful unauthenticated retrieval of the filed exhibit from CourtListener on October 15. That is a distinct issue from PACER permissions. Plaintiff requests that the Clerk verify the court's actual settings and that counsel use any resulting sealing or substitution order to request removal of the superseded repository copy. Free Law Project's published policy generally permits removal on receipt of a valid sealing order or verification that an item has been removed from PACER, subject to its policy qualifications. No order against that nonparty is requested. Public PACER registration alone is not a privacy restriction. The Court should specify the authorized user categories rather than leave the meaning of court users uncertain.

Plaintiff therefore requests the targeted relief in his motion, with immediate attention to the privacy issue, a verified response from Mr. Liu, protection for privileged and sensitive materials, and a later sanctions determination only if supported by the evidence and governing law.

**Online authorities**

FTC staff report (July 2011), printed pp. 42-43, 48 (PDF pp. 48-49, 54): https://www.ftc.gov/sites/default/files/documents/reports/40-years-experience-fair-credit-reporting-act-ftc-staff-report-summary-interpretations/110720fcrareport.pdf

LexisNexis SmartLinx product disclaimer: https://risk.lexisnexis.com/products/smartlinx-person-report

Free Law Project removal policy: https://wiki.free.law/c/courtlistener/help/recap/will-free-law-project-remove-sealed-content-from-the-recap-archive

Respectfully submitted,

Dated: 10/15/26, 2026

Bradley Burchfield

Bradley Burchfield, Plaintiff pro se

Current mailing address: 5420 Kavanaugh Blvd #7927

City, state, ZIP: Little Rock, AR 72217

Telephone: 479-223-0038

Email: burchfieldbradley123@gmail.com

**CERTIFICATE OF SERVICE**

I certify that on 10/15/26, 2026, I served a true and correct copy of this document and any accompanying exhibits by by email and EMF/ECF UPLOAD, on the following counsel. Additional service, if required, is identified below. Additional service, if required, is identified below.

B. Robert Liu
Balance Law Firm
1 World Trade Center, Suite 8500
New York, NY 10007

Bart W. Calhoun, Brittany D. Webb, and Ginny Ashcraft
McDaniel Wolff, PLLC
1307 West 4th Street
Little Rock, AR 72201

Additional recipients or authorized service method: ______________________________

Bradley Burchfield

Bradley Burchfield