FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
OCT 15 2026
TAMMY H. DOWNS, CLERK
By: DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

BRADLEY BURCHFIELD PLAINTIFF

v. Case No. 4:26-cv-00826-DPM-JJV

ALIBABA GROUP HOLDING LIMITED, et al. DEFENDANTS

**DECLARATION OF BRADLEY BURCHFIELD**
**IN SUPPORT OF FURTHER REDACTIONS AND A VERIFIED EXPLANATION**

I, Bradley Burchfield, declare as follows:

1. I am the Plaintiff in this case. The personal statements below are based on my knowledge. References to court records identify those records; statements about counsel's purpose or conduct beyond my knowledge are requests for an explanation, not assertions of an established fact.

2. Five names in the Possible Household Members section beginning on ECF page 8 of Exhibit 2, ECF No. 1-3, identify members of my family and share my surname. Those relatives are not parties to this lawsuit. During the earlier period when we lived together, they were minors. I do not disclose their names or identifying details in this declaration.

3. I consider the public association of these family members with me unnecessary to establishing my Arkansas citizenship. I am concerned that persons viewing the report can identify or approach my family through those associations. My request is to protect them without requiring their names to be repeated in another public filing.

4. I previously received the seller email dated January 9, 2022, stating, "It must be a legal product, otherwise you have better keep silent." I understood that language as threatening or intimidating. The complaint alleges the email at paragraph 45. I do not claim personal knowledge that Mr. Liu sent that email or that a defendant instructed him to expose family information.

5. On August 21, 2026, I emailed Mr. Liu and copied defense counsel to request removal of my immediate family's names and to explain my safety concern. On August 24, Mr. Liu replied that he would consider proposed redactions and asked me to mark the exhibit. On August 25, I again stated that names other than my own should be redacted. Exhibit A contains identified excerpts of those messages. Unrelated text and attachments are omitted as indicated; the underlying emails are retained.

6. The report still appears on CourtListener and through PACER when I review this matter. My ability to see it through PACER does not establish the access rights of other users. I ask the Clerk to confirm those rights. Exhibit B separately records an automated public-access check conducted while preparing this motion; it identifies its method and limitations and does not reproduce the report. I have a PACER account, and I understand that members of the public can also obtain accounts. I request clarification of whether the Court's reference to court users includes ordinary PACER registrants.

7. No court order or specific written consumer authorization for obtaining this report has been identified to me in the materials cited in this motion. I request production of any authority or authorization on which counsel relied. I do not know whether counsel obtained a covered consumer report, relied solely on a non-FCRA product, or obtained additional material.

8. I do not know whether a complete or unredacted version was shared with a client, seller, affiliate, or another outside recipient. That is one reason I request a verified explanation. I ask that the report and relevant acquisition and distribution records be preserved while additional public disclosure is restricted.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 15, 2026, at Little Rock, AR.

Bradley Burchfield

Bradley Burchfield

**CERTIFICATE OF SERVICE**

I certify that on 10/15/26, 2026, I served a true and correct copy of this document and any accompanying exhibits by by email and EMF/ECF UPLOAD, on the following counsel. Additional service, if required, is identified below.

B. Robert Liu
Balance Law Firm
1 World Trade Center, Suite 8500
New York, NY 10007

Bart W. Calhoun, Brittany D. Webb, and Ginny Ashcraft
McDaniel Wolff, PLLC
1307 West 4th Street
Little Rock, AR 72201

Additional recipients or authorized service method: ______________________

______________________

Bradley Burchfield

Bradley Burchfield

## Exhibit A

Email excerpts concerning the requested redactions

These are text excerpts transcribed from the Gmail messages identified below. Bracketed omission notices are editorial. They are not native EML files or complete printouts. No image attachment or report page is reproduced.

### A1 August 21 2026 email from Plaintiff

From: Bradley Burchfield. To: B. Robert Liu; copied to Bart Calhoun, Brittany Webb, and Ginny Ashcraft. Subject: ALIBABA PAPERS RECEIVED. Sent: August 21, 2026, 4:54 p.m. CDT.

> [Earlier unrelated text omitted.]
>
> As for the 5.2 motions I field in 00826 and 00827 for the redacted lexis nexis report. Specifically, I'm requesting my immediate family's names be removed from the public record as they would be the 3rd parties not involved here.
>
> [Intervening text explaining Plaintiff's concern about threats and other events omitted.]
>
> That's what I want removed specifically.
>
> [Remaining text, signature, and attachments omitted.]

### A2 August 24 2026 response from Mr Liu

From: B. Robert Liu. To: Bradley Burchfield; copied to Bart Calhoun, Brittany Webb, and Ginny Ashcraft. Subject: Re: ALIBABA PAPERS RECEIVED. Sent: August 24, 2026, 7:15 p.m. EDT.

> Mr. Burchfield,
>
> I write solely in response to your inquiry about redacting the Lexis/Nexis report. We are willing to consider any redactions you request. Please send us a marked-up version of the exhibit we filed to show what you want redacted. You can use a pen to circle the information you want redacted. After we receive it, we will get back to you regarding what should be filed with the court in the two cases that were removed from state court.
>
> My lack of response to the other issues raised in your e-mail should not be construed as any agreement or concession by us or my clients regarding those issues.
>
> [Quoted prior message and embedded image omitted.]

### A3 August 25 2026 clarification from Plaintiff

From: Bradley Burchfield. To: B. Robert Liu, with additional recipients copied. Subject: Re: ALIBABA PAPERS RECEIVED. Sent: August 25, 2026, 4:51 p.m. CDT.

> [Earlier text omitted.]
>
> You're an intelligent person. You should know what sensitive information regarding relatives a person wouldn't want shared in a case such as this. I'm pretty busy and if you can't decipher what I want when I've stated it. That any name other than my own should be redacted.
>
> [Remaining text, signature, quoted correspondence, and attachments omitted.]

**Exhibit B**

Technical note concerning continued public access

An automated HTTP request made during preparation of this motion on October 15, 2026, at 13:28:47 UTC (8:28:47 a.m. CDT) retrieved the CourtListener-hosted PDF corresponding to ECF No. 1-3. The request did not use a signed-in session or authentication credentials. The server returned HTTP status 200 and 424,523 bytes beginning with the PDF file signature.

The downloaded bytes had the same SHA-256 value as the supplied filed exhibit reviewed for this motion. This comparison identifies the copy checked without reproducing its personal contents.

CourtListener docket: 74652475. RECAP document: 490061453. File identifier: gov.uscourts.ared.153889.1.3.pdf.

SHA-256: ba063cdb0a1b8de81f48b65e2ae898ff4039df25af77310c9811820ae189f2fa

This is a generated technical record of that retrieval, not a separately sworn eyewitness statement. It supports a request that the Court verify present accessibility. It does not establish who uploaded the document, who downloaded it, whether counsel supplied it directly to CourtListener, or the access permissions then applied by PACER. No report pages, family names, or home addresses are included.

Requested verification: check the current public availability of the identified repository document and the court's access setting for ECF No. 1-3, including any duplicate or superseded version.