**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF ARKANSAS**
**Central Division**

| | |
|---|---|
| BRADLEY BURCHFIELD,<br><br>Plaintiff,<br><br>v.<br><br>ALIBABA GROUP HOLDING LIMITED, *et al.*,<br><br>Defendants. | No. 4:26-cv-00826-DPM-JJV |

**FIVE DEFENDANTS' OPPOSITION AND RESPONSES TO PLAINTIFF'S MOTION FOR 240 DAYS TO COMPLETE FOREIGN SERVICEAND LIMITED DEFERRAL OF DISMISSAL RULINGS**

Without waiving any arguments or defenses asserted in their pending motion to dismiss, five defendants—Alibaba Group Holding Limited; Alibaba.com US E-Commerce Corp.; Alibaba.com U.S. LLC; AUS Merchant Services, Inc.; and Alibaba Group (U.S.) Inc. (collectively, "the Responding Defendants")—respond as follows to Plaintiff's Motion for 240 Days to Complete Foreign Service and Limited Deferral of Dismissal Rulings ("Plaintiff's Motion") (ECF No. 39) and Brief in Support ("Plaintiff's Brief") (ECF No. 40).

***First***, the Responding Defendants do not oppose Plaintiff's request for additional time to serve the defendants that are located abroad and have not entered an appearance in this case. As for whether Plaintiff should receive 240 days, the Responding Defendants do not take a position at this time and defer to the Court's judgment regarding that case management issue.

***Second***, the Responding Defendants oppose Plaintiff's request that the Court defer ruling on their pending motion to dismiss (ECF No. 20) until he has effected service of process on the defendants that are located abroad. The motion to dismiss is fully briefed and ready for ruling by

the Court. Plaintiff admits that "[n]either Rule 4 nor Rule 12 [of the Federal Rules of Civil Procedure] requires service on every defendant before a particular defendant may be dismissed," Plaintiff's Brief at 5, and "recognizes the appearing defendants' interest in prompt disposition [of the motion to dismiss]," *id*. at 4. Plaintiff does not offer any persuasive countervailing interest that outweighs those concessions. There is no good reason for the Court to hold off on deciding that motion to dismiss until some uncertain time potentially more than 240 days in the future, by which point Plaintiff may (or may not) have succeeded in serving all foreign defendants.[1] Plaintiff's unsupported speculation, *see* Plaintiff's Brief at 4 (using "may" to discuss potential future events) about what the foreign defendants might say when responding to the Complaint is not a good reason for the Court to delay its ruling on the motion to dismiss. To be clear, the Responding Defendants do not presume to tell the Court when it should rule on the motion to dismiss or how the Court should manage this lawsuit along with the numerous other lawsuits on the Court's docket. The Responding Defendants' point is that the Court should not sit on the motion to dismiss for a lengthy period—possibly more than eight months—to wait for events that may or may not occur.

***Third***, Plaintiff seeks leave to file various papers attached to the Declaration of Bradley Burchfield ("Burchfield Declaration") (ECF No. 41). Those papers do not need to be filed at this time because they do not go to a ripe, disputed issue requiring a ruling by the Court, as discussed below. Nevertheless, the Responding Defendants take no position regarding Plaintiff's request for leave to file the papers attached to the Burchfield Declaration.

[1] Plaintiff actually seeks to delay a ruling on the motion to dismiss for a period that may be longer than 240 days because he asks the Court to wait until the foreign defendants have responded (or had an opportunity to respond) to the Complaint before it rules on that motion. *See* Plaintiff's Brief at 4. If one or more of the defendants is not served until the last day of the 240-day period requested by Plaintiff, then any such defendant's deadline for responding to the complaint would fall after the end of that 240-day period.

***Finally***, Plaintiff's Motion, Plaintiff's Brief, and the Burchfield Declaration make numerous statements about various issues—including but not limited to: (a) what Plaintiff has already allegedly done regarding mailings to foreign defendants; (b) what he intends to do (*ad nauseam* and in excruciating detail) to effect service of process on the foreign defendants; and (c) how he interprets the Hague Convention and other legal requirements for serving defendants located in other countries. And the Burchfield Declaration submits exhibits related to some of those issues. It is unclear why Plaintiff has made those statements and submissions. Perhaps that is "AI slop" generated by a generative artificial intelligence model that lacks the guardrails that would be imposed by an attorney who would know better than to bombard the Court with such unnecessary details about issues that are not ripe for rulings. Maybe Plaintiff seeks advisory rulings from the Court regarding those issues, but that would be improper. The Court should decline to make any rulings about those issues until such time as a ripe, disputed issue is presented by Plaintiff or another party in a proper motion. In any event, the Responding Defendants should not be required to respond, at this time, on a point-by-point basis to the deluge of unripe issues presented by Plaintiff's Motion, Plaintiff's Brief, and/or the Burchfield Declaration (or the exhibits attached to that declaration) that do not require rulings by the Court. The lack of point-by-point rebuttals should not be construed as any admission or concession by the Responding Defendants as to Plaintiff's statements (whether addressing a factual or legal issue) discussed in general terms in this paragraph.

In conclusion, for the foregoing reasons, the Court should: (a) rule on certain issues addressed in Plaintiff's Motion for which the Responding Defendants set forth their positions above by adopting those positions; and (b) decline to issue any advisory rulings regarding the

various other issues and statements made in Plaintiff's Motion, Plaintiff's Brief, and/or the Burchfield Declaration.

Dated: October 15, 2026

Respectfully submitted,

McDANIEL WOLFF PLLC

Bart W. Calhoun, No. 2011221
Brittany D. Webb, No. 2023139
Ginny Ashcraft, No. 2023232
McDaniel Wolff PLLC
1307 West 4th Street
Little Rock, AR 72201
(501) 954-8000
bart@mcdanielwolff.com
bwebb@mcdanielwolff.com
gashcraft@mcdanielwolff.com

and

BALANCE LAW FIRM

B. Robert Liu (NY Bar: 5697552)
1 World Trade Center, Suite 8500
New York, NY 10007
(212) 741-8080
robert.liu@balancelawfirm.com

*Attorneys for Defendants Alibaba Group Holding Limited; Alibaba.com US E-Commerce Corp.; Alibaba.com U.S. LLC; AUS Merchant Services, Inc.; and Alibaba Group (U.S.) Inc.*

CERTIFICATE OF SERVICE

I hereby certify that on October 15, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system. I further certify that, because Plaintiff is proceeding *pro se* and is not a registered CM/ECF participant, I served a true and correct copy of the foregoing via United States First-Class Mail, postage prepaid, addressed to Plaintiff as follows:

Bradley Burchfield
5420 Kavanaugh Blvd. #7927
Little Rock, AR 72217

/s/ *Brittany D. Webb*__________
Brittany D. Webb, Ark. Bar No. 2023139