FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
OCT 23 2026
TAMMY H. DOWNS, CLERK
By: DEP CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

BRADLEY BURCHFIELD PLAINTIFF

v. Case No. 4:26-cv-00826-DPM-JJV

ALIBABA GROUP HOLDING LIMITED, et al. DEFENDANTS

# PLAINTIFF'S MOTION FOR PRIOR DETERMINATION OR CLARIFICATION OF SUBJECT-MATTER JURISDICTION AND CONDITIONAL RELIEF FOR CORRECTIVE SERVICE

Plaintiff Bradley Burchfield moves under 28 U.S.C. §§ 1447(c) and 1448 and Federal Rules of Civil Procedure 4 and 6 for an orderly determination of jurisdiction and, only if this action remains in federal court, a prospective procedure to correct any service defect affecting foreign defendants represented by counsel in this action. Plaintiff requests:

1. Jurisdiction first. Plaintiff requests a ruling on his October 20, 2026 Motion to Clarify Scope of Removal and Subject-Matter Jurisdiction, with Conditional Request for Severance and Remand (ECF 50), supported by ECF 51, before further corrective service is required. Those filings acknowledge ECF 44 and do not repeat the rejected amount-in-controversy argument. This motion adds a conditional service procedure; it does not replace or withdraw ECF 50. If the Court finds jurisdiction lacking, Plaintiff requests the relief required by § 1447(c). If the action remains here, Plaintiff requests the corrective-service relief below.

2. Limited interim protection. Pending decision on this motion, hold in abeyance any unexpired, court-imposed deadline for corrective service on the covered foreign defendants and defer dismissal based solely on a curable service defect. Plaintiff requests an express order; the filing of this motion alone does not suspend any deadline.

3. Scope. This request covers Alibaba Group Holding Limited (AGHL), represented in this action by B. Robert Liu and McDaniel Wolff PLLC, and any additional named foreign defendant whose representation here is established before relief is entered. ECF 49, pages 1 and 4, identifies five represented clients; it does not establish representation of Alibaba.com Singapore E-Commerce Pte Limited, AliExpress E-Commerce One Pte Ltd, or the Chinese seller defendants. Plaintiff requests no service on those entities through these lawyers without proof of representation and a lawful basis. Domestic affiliates are outside this request for foreign-defendant corrective service.

4. Identify counsel and authority. Require appearing defense counsel, within 14 days of an order retaining jurisdiction, to identify each foreign defendant they represent here; state whether they are authorized to accept its summons and operative complaint or will obtain a Rule 4(d) waiver; and provide the appropriate domestic delivery address and email for any authorized acceptance. No disclosure of privileged communications is requested.

5. Corrective process. If further service is required, permit amendment or issuance of properly completed federal summonses under Rule 4(a)(2), Rule 4(b), and § 1448. Identify the operative complaint by docket number if disputed. Service must include that pleading and its attachments, not an unapproved proposed amendment. Preserve any service already validly completed.

6. Service through counsel. Permit documented acceptance by authorized counsel or a proper waiver. Alternatively, authorize prospective service on AGHL under Rules 4(h)(2) and 4(f)(3) by a nonparty adult delivering AGHL's issued summons, operative complaint and attachments, and the authorizing order to B. Robert Liu at Balance Law Firm, 1 World Trade Center, Suite 8500, New York, NY 10007, with same-day PDF copies to robert.liu@balancelawfirm.com and local counsel. These are the contact details in ECF 49 at 4, subject to confirmation. Plaintiff requests 30 days after authorization and issuance, with filed proof. Any additional represented foreign defendant requires its own identification and authorization; no retroactive validation is sought.

7. Hague-service fallback. If counsel service is unavailable or impermissible, decide ECF 39–41 to the extent unresolved, allowing 240 days from the later of the service order and issuance of necessary process, with 60-day progress reports. ECF 49 at 1 does not oppose additional time for unappeared foreign defendants but leaves the duration to the Court; it is not consent to this counsel-service request. China's official HCCH estimate is "Around 6 months," not a maximum. AGHL is a Cayman Islands entity; China's estimate is not proof of the time needed to serve AGHL at a Cayman address. This motion seeks only a limited deferral of dismissal for a curable service defect, not an eight-month stay of all defenses in ECF 20.

8. Preservation. This motion supplements, rather than withdraws, ECF 39–41. It seeks no alteration of Cases 00611 or 00827, no finding that counsel represents an unnamed client, and no adjudication of liability. It does not concede personal jurisdiction or service objections, establish waiver merely from appearance, or restart an expired review period.

Respectfully submitted,

Bradley Burchfield

Bradley Burchfield, Plaintiff pro se
5420 Kavanaugh Blvd. #7927, Little Rock, AR 72217
479-223-0038 | burchfieldbradley123@gmail.com
Date: 10/23/26

**CERTIFICATE OF SERVICE**

I certify that on October 23, 2026, I submitted for filing this motion, its supporting brief, and the proposed order with the Clerk. Upon docketing through CM/ECF, the system transmitted a Notice of Electronic Filing to the registered counsel of record identified in that notice in Case No. 4:26-cv-00826-DPM-JJV.

Counsel shown in the available record include B. Robert Liu, Bart W. Calhoun, Brittany D. Webb, and Virginia Ashcraft. Electronic service is certified only for recipients actually identified in the Notice of Electronic Filing.

For any affected recipient requiring service outside CM/ECF, I served a copy as follows (complete if applicable):
Recipient and address: ____________________________________

____________________________________

Method and date: ____________________________________

This certificate concerns service of these motion papers under Rule 5. It is not proof of service of a summons and complaint under Rule 4.

Bradley Burchfield
Bradley Burchfield
Date: 10/23/26