FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
OCT 23 2026
TAMMY H. DOWNS, CLERK
By: DEP CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

BRADLEY BURCHFIELD PLAINTIFF
v. Case No. 4:26-cv-00826-DPM-JJV
ALIBABA GROUP HOLDING LIMITED, et al. DEFENDANTS

**BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR JURISDICTION CLARIFICATION AND CONDITIONAL CORRECTIVE SERVICE**

**I. Procedural posture and requested sequence**

This action was removed from Pulaski County Circuit Court Case No. 60CV-26-8633. ECF 44 at 1–2 denied ECF 15 because the complaint demanded more than $75,000; applying § 1446(c)(2), the Court rejected Plaintiff's request for evidence bridging the transaction value and that demand. ECF 44 also denied consolidation and a unified amendment without prejudice because differences among the cases and defendants would create procedural confusion. This motion respects those rulings and keeps corrective service confined to 00826.

Section 1447(c) requires remand when subject-matter jurisdiction is lacking before final judgment. Its 30-day deadline for other removal defects does not convert a lack of subject-matter jurisdiction into jurisdiction. However, an assertion that some defendants did not remove or lack counsel is not, by itself, a subject-matter defect. This motion does not use service relief to revive a forfeited procedural removal objection.

On October 20, 2026, Plaintiff filed ECF 50 and its supporting brief, ECF 51, requesting clarification of the scope of removal and jurisdiction over nonappearing defendants, with remand conditional on an actual jurisdictional deficiency. Those filings acknowledge the citizenship allegations in ECF 1 and the amount-in-controversy ruling in ECF 44. Plaintiff asks the Court to decide ECF 50 first. This motion supplies a concrete service procedure if the Court retains the action; it neither duplicates the conditional severance request nor withdraws ECF 50. No ruling disposing of ECF 50 appears in the supplied docket through October 20.

Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583–88 (1999), recognizes discretion in sequencing subject-matter and personal-jurisdiction issues. Plaintiff therefore requests priority as a practical exercise of that discretion, not as an inflexible rule. A prompt clarification can determine whether federal corrective service is necessary and avoid needless duplication if remand is required.

**II. Corrective service should be prospective and defendant-specific**

Section 1448 permits completion of service or issuance of new process in removed cases involving unserved defendants or defective pre-removal service. The Court should provide a defined cure procedure if it finds a remediable defect, rather than infer that removal itself cured service. Rules 4(a)(2) and 4(b) address amendment and issuance of summonses. The packet must contain the operative complaint; a proposed amendment should not be substituted without determining its status.

The proposed first step is voluntary, documented acceptance by counsel with actual authority for the particular defendant in this case, or a proper Rule 4(d) waiver. Rule 4(h)(1)(B) permits delivery to an authorized agent. Mere legal representation does not prove authority to receive original process. Volkswagenwerk Aktiengesellschaft v. Schlunk, 486 U.S. 694, 700, 707–08 (1988), explains that the Hague Convention does not apply where valid domestic service is complete without a required transmission abroad; a legally sufficient domestic agency basis must first exist.

ECF 36 must not be mistaken for acceptance here. Its first page, paragraph 4, expressly limits the described acceptance to state Case No. 60CV-26-11307 and says that it does not constitute service in this federal action. The proposed procedure requires an acceptance, waiver, or order applicable to 00826 and the particular defendant.

For a foreign corporate defendant lacking an accepting agent, Plaintiff alternatively seeks an express, prospective order under Rules 4(h)(2) and 4(f)(3). In Freedom Watch, Inc. v. OPEC, 766 F.3d 74, 81–84 (D.C. Cir. 2014), the court remanded for consideration of service through U.S. counsel under Rule 4(f)(3), distinguishing that discretionary request from ordinary authorized-agent service. That decision is persuasive rather than binding here and does not require approval. Its treaty analysis remained necessary. Plaintiff requests the same individualized consideration, including whether this route is legally available in this Court.

ECF 49 at 1 and 4 establishes counsel's representation of AGHL and four domestic entities. Plaintiff proposes physical delivery of AGHL's packet to B. Robert Liu at the address in that filing, plus email copies to him and local counsel, subject to confirmation and prior authorization. Counsel's active defense of AGHL provides a practical notice channel. No representation of a Singapore entity or Chinese seller is inferred. AGHL's Cayman incorporation also means that China's estimated service time cannot substitute for analysis of the proper destination and applicable treaty rules for AGHL.

**III. China's execution estimate supports time to cure, not a treaty exception**

The HCCH's China Central Authority information, updated January 15, 2026 and accessed October 23, 2026, gives the time for execution as "Around 6 months." It also identifies Chinese translation requirements for documents and evidence and China's objections to Article 10 channels. See https://www.hcch.net/en/states/authorities/details3/?aid=243 (sections "Translation requirements," "Time for execution of request," and "Oppositions and declarations"). The estimate concerns China requests; it does not establish a maximum completion time or govern service in the Cayman Islands or Singapore.

The Court should not authorize a prohibited method merely because conventional service is slow. Smart Study Co., Ltd. v. Shenzhenshixindajixieyouxiangongsi, 164 F.4th 164 (2d Cir. 2025), affirmed rejection of email service on China-based defendants under the Convention. Although not binding in this Circuit, it underscores the need to distinguish lawful domestic acceptance or properly authorized counsel service from simply emailing process into China. Plaintiff requests no direct email or postal service into China contrary to applicable treaty restrictions.

ECF 49 at 1 does not oppose more time for foreign defendants who have not appeared, while leaving the length to the Court. That supports deciding the extension separately from counsel service. ECF 49 at 1–2 opposes waiting for all foreign defendants before deciding ECF 20. Plaintiff requests only a short, express deferral of dismissal based on a service defect that the proposed procedure could cure. This request does not require postponement of independent defenses until all defendants are served. If the Hague route is needed, Plaintiff requests the 240-day period in ECF 39 with documented progress. Rule 4(m)'s foreign-service exception does not excuse inactivity or automatically govern a domestic service method.

Regular status reports should identify the defendant, method, transmission date, receiving authority, tracking or acknowledgment, remaining impediment, and next step. If an existing deadline has expired, Rule 6(b)(1)(B) requires a supported showing of excusable neglect; this motion does not manufacture such a showing. A limited opportunity to supplement the service chronology is preferable to a dismissal based only on an otherwise curable defect.

**IV. Requested disposition**

Plaintiff requests clarification or resolution of any remaining subject-matter issue first; remand if jurisdiction is lacking; and otherwise the defendant-specific procedure in the motion and proposed order. The requested interim protection and future service period should be expressly ordered. Any existing deadlines remain effective unless modified by the Court.

Respectfully submitted,
Bradley Burchfield (signature)
Bradley Burchfield, Plaintiff pro se
5420 Kavanaugh Blvd. #7927, Little Rock, AR 72217
479-223-0038 | burchfieldbradley123@gmail.com
Date: 10/23/26

**CERTIFICATE OF SERVICE**

I certify that on October 23, 2026, I submitted for filing this supporting brief with the Clerk. Upon docketing through CM/ECF, the system transmitted a Notice of Electronic Filing to the registered counsel of record identified in that notice in Case No. 4:26-cv-00826-DPM-JJV.

Counsel shown in the available record include B. Robert Liu, Bart W. Calhoun, Brittany D. Webb, and Virginia Ashcraft. Electronic service is certified only for recipients actually identified in the Notice of Electronic Filing.

For any affected recipient requiring service outside CM/ECF, I served a copy as follows (complete if applicable):
Recipient and address: ______________________________________
____________________________________________________________
Method and date: ___________________________________________

This certificate concerns service of these motion papers under Rule 5. It is not proof of service of a summons and complaint under Rule 4.

Bradley Burchfield
Bradley Burchfield
Date: 10/23/26