**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF ARKANSAS**
**Central Division**

| | |
|---|---|
| BRADLEY BURCHFIELD,<br><br>Plaintiff,<br><br>v.<br><br>ALIBABA GROUP HOLDING LIMITED, *et al.*,<br><br>Defendants. | No. 4:26-cv-00826-DPM-JJV |

**FIVE DEFENDANTS' OPPOSITION**
**TO PLAINTIFF'S MOTION TO REQUIRE B. ROBERT LIU TO**
**SHOW CAUSE AND FOR FURTHER REDACTIONS AND PROTECTIVE RELIEF**

Without waiving any arguments or defenses asserted in their pending motion to dismiss, five defendants—Alibaba Group Holding Limited; Alibaba.com US E-Commerce Corp.; Alibaba.com U.S. LLC; AUS Merchant Services, Inc.; and Alibaba Group (U.S.) Inc. (collectively, "the Responding Defendants")—file this Opposition to Plaintiff's Motion to Require B. Robert Liu to Show Cause and for Further Redactions and Protective Relief ("Plaintiff's Motion") (ECF No. 46) and Brief in Support ("Plaintiff's Brief") (ECF No. 47).

The Court should deny Plaintiff's request for an order to show cause directed to undersigned counsel B. Robert Liu because that request is frivolous and part of Plaintiff's ongoing campaign of harassment of Responding Defendants and their counsel. After this lawsuit was removed from state court to this Court based, in part, on a redacted Lexis/Nexis report about Plaintiff that established his Arkansas citizenship for purposes of the Court's diversity jurisdiction, Plaintiff retaliated against Mr. Liu and other undersigned counsel by filing a frivolous lawsuit in the Circuit Court of Pulaski County, Arkansas against undersigned counsel's law firms ("Lawsuit

Against Law Firms"). Defendants in that lawsuit recently filed a motion to dismiss (based on statutory immunity, common law absolute privilege, and other arguments) and a motion for Rule 11 sanctions.

Immediately after filing the Lawsuit Against Law Firms, Plaintiff tried to take advantage of it by filing a Motion to Disqualify Counsel in this lawsuit (ECF No. 22) and in his two related lawsuits that are pending in this Court. This Court denied that motion as "frivolous" in this lawsuit, September 30, 2026 Order (ECF No. 38), and in Plaintiff's other two lawsuits.

Plaintiff apparently did not learn his lesson from those rulings. He again tries to use this lawsuit to harass counsel and now also seeks to obtain discovery—his show cause order request is a poorly disguised effort to obtain discovery—in this lawsuit that he hopes will assist him in prosecuting the Lawsuit Against Law Firms.[1] The Court should not allow Plaintiff to get away with such an abuse of the judicial process.

Other parts of Plaintiff's Motion, as well as Plaintiff's Brief and Plaintiff's Declaration (ECF No. 48), make outlandish, fanciful allegations and frivolous arguments in an effort to cover up the underlying reasons for Plaintiff's filings—namely, harassment, retaliation, and improper efforts to obtain discovery here for use in the Lawsuit Against Law Firms. Responding Defendants

[1] There was nothing improper or nefarious regarding how or why the Lexis/Nexis report was obtained. The Responding Defendants hereby disclose to this Court what the defendants in the Lawsuit Against Law Firms disclosed to the Arkansas state court presiding over that lawsuit. Balance Law Firm acquired that report from Lexis/Nexis to assist Balance Law Firm in satisfying its clients' removal burden by proving Plaintiff's Arkansas citizenship, which was necessary to establish federal subject matter jurisdiction based on diversity of citizenship. Then Balance Law Firm transmitted that report to McDaniel Wolff PLLC—in its capacity as Balance Law Firm's co-counsel—for McDaniel Wolff PLLC to make redactions to the report. Then McDaniel Wolff PLLC transmitted the redacted Lexis/Nexis report to Balance Law Firm, which resulted in the redacted report being filed as part of the notice-of-removal papers in this Court and in the Arkansas state court from which this lawsuit was removed. Balance Law Firm and McDaniel Wolff PLLC did not transmit (or otherwise provide) the redacted Lexis/Nexis report or the original, unredacted report received from Lexis/Nexis to their clients, to any other law firm, or to anybody else—except, of course, the redacted Lexis/Nexis report was transmitted to Plaintiff, to this Court, and to the Arkansas state court when the notice-of-removal papers were served and filed.

have not done anything to threaten or intimidate Plaintiff. The redacted Lexis/Nexis report was used solely for the purpose of removing this lawsuit to this Court. The Court denied Plaintiff's motion to remand, October 8, 2026 Order (ECF No. 44), and that should put an end to Plaintiff's efforts to pursue ancillary litigation related to the notice-of-removal papers that were filed (in this Court and the Arkansas state court) to effectuate that removal.

Finally, if the Court were to take steps to shield the redacted Lexis/Nexis report from public scrutiny, the Responding Defendants would not oppose such steps—not because they concede that such steps are necessary, but solely to attempt to accommodate Plaintiff's purported concerns (no matter how unfounded, paranoid, or exaggerated they may be).

Dated: October 29, 2026

Respectfully submitted,

McDANIEL WOLFF PLLC

Bart W. Calhoun, No. 2011221
Brittany D. Webb, No. 2023139
Ginny Ashcraft, No. 2023232
1307 West 4th Street
Little Rock, AR 72201
(501) 954-8000
bart@mcdanielwolff.com
bwebb@mcdanielwolff.com
gashcraft@mcdanielwolff.com

and

BALANCE LAW FIRM

B. Robert Liu (NY Bar: 5697552)
1 World Trade Center, Suite 8500
New York, NY 10007
(212) 741-8080
robert.liu@balancelawfirm.com

*Attorneys for Defendants Alibaba Group Holding Limited; Alibaba.com US E-Commerce Corp.; Alibaba.com U.S. LLC; AUS Merchant Services, Inc.; and Alibaba Group (U.S.) Inc.*

CERTIFICATE OF SERVICE

I hereby certify that on October 29, 2026, I electronically filed the foregoing opposition with the Clerk of the Court using the CM/ECF system. I further certify that, because Plaintiff is proceeding *pro se* and is not a registered CM/ECF participant, I served a true and correct copy of the foregoing opposition via United States First-Class Mail, postage prepaid, addressed to Plaintiff as follows:

Bradley Burchfield
5420 Kavanaugh Blvd. #7927
Little Rock, AR 72217

/s/ Brittany D. Webb
Brittany D. Webb, Ark. Bar No. 2023139