FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

OCT 30 2026

TAMMY H. DOWNS, CLERK
By: ______ DEP CLERK

**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

BRADLEY BURCHFIELD, Plaintiff
v. **No. 4:26-cv-00826-DPM-JJV**
ALIBABA GROUP HOLDING LIMITED, et al., Defendants

**Motion for Leave to Reply to ECF 54 and to Defer Dismissal Rulings**

Plaintiff Bradley Burchfield requests leave to file the attached proposed reply addressing the new particulars in ECF 54, page 2 footnote 1, and Defendants' page 3 statement that they would not oppose further shielding of the report. He also requests an initial 75-day deferral of pending dismissal rulings while the identified report-related subpoenas are lawfully issued and served and recipients have a reasonable opportunity to respond or assert objections.

1. The proposed reply is limited to the report's acquisition and redaction chain, the factual basis for Plaintiff's concern about family associations, and a narrower protective alternative. It acknowledges ECF 38 and does not treat a failed disqualification motion as proof of attorney misconduct. It does not claim that ECF 54 itself is a new motion for sanctions or that Plaintiff has an automatic right to another reply.

2. ECF 54 now identifies McDaniel Wolff as the firm that performed redactions and states that the report was not sent to clients or other firms. The attached reply addresses the full statement. It does not assert that the earlier, less specific description in the state dismissal motion proves a contradiction.

3. Plaintiff asks the Court to consider narrower protection of unnecessary nonparty family identifiers under Rule 5.2(e)(1), or another narrowly tailored access measure, in light of Defendants' new express nonopposition. Plaintiff acknowledges the existing electronic-access limitation and prior denial of greater protection. He requests directions for identifying disputed

passages to the Court and counsel through an approved protected submission, without publicly refiling the report.

4. For the requested deferral, Plaintiff identifies pending document subpoenas to Sullivan & Cromwell in New York and Quinn Emanuel in Florida. The October 30 service-order screen shows review in progress, not successful service. The attached declaration identifies unavailable records and the limited factual uses proposed for them. Plaintiff requests time for lawful local issuance, service, responses, and objections; he does not seek federal enforcement of state process or discovery to override an existing stay.

5. Plaintiff requests deferral of all pending dismissal rulings as an initial case-management measure. Alternatively, the deferral should cover any dismissal determination that depends on disputed outside facts about the report. If a Rule 12(b)(6) motion is converted under Rule 12(d), Rule 56(d) supplies the standard for necessary unavailable evidence. Plaintiff acknowledges that records about report handling may be immaterial to a pure question of law, personal jurisdiction, or service, and does not assert an automatic right to postpone those rulings.

WHEREFORE, Plaintiff requests leave to file the proposed reply, consideration of the narrow protective alternative, an initial 75-day deferral with 21-day status reports, and leave to request a short supplement after pertinent responses or objections are available. Alternatively, Plaintiff requests a focused opportunity to address any independently dispositive ground that the Court finds unaffected by the proposed records. No existing response deadline is extended merely by filing this motion.

Respectfully submitted,

Date: 10/30/26

Bradley Burchfield

Bradley Burchfield, Plaintiff pro se
5420 Kavanaugh Blvd. #7927, Little Rock, Arkansas 72217
479-223-0038 | burchfieldbradley123@gmail.com

**Certificate of Service**

I certify that on 10/30/26, I served a true and correct copy of this Motion for Leave to Reply to ECF 54 and to Defer Dismissal Rulings, supporting brief, proposed reply, declaration, and federal exhibits and the accompanying materials identified below on counsel of record by the method checked below.

[ ] United States first-class mail, postage prepaid, addressed to the counsel listed below.
[✓] CM/ECF electronic filing and notice, only for counsel who actually received electronic notice. Any counsel who did not receive electronic notice was served by: ____________________.
Materials served: ____________________________________________________.

Bart W. Calhoun; Brittany D. Webb; Ginny Ashcraft
McDaniel Wolff PLLC
1307 West 4th Street
Little Rock, Arkansas 72201

B. Robert Liu
Balance Law PLLC
1 World Trade Center, Suite 8500
New York, New York 10007

[signature]
Bradley Burchfield

**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

BRADLEY BURCHFIELD, Plaintiff
v. **No. 4:26-cv-00826-DPM-JJV**

ALIBABA GROUP HOLDING LIMITED, et al., Defendants

**Proposed Reply Addressing ECF 54 and Narrow Protective Relief**

Subject to leave, Plaintiff replies to ECF 54 and requests narrowly tailored protection of family information.

**I The footnote identifies the redactor and the claimed custody chain**

Both the September 28 state dismissal motion and ECF 54 identify Balance Law as the firm that obtained the report. Federal Exhibit B at 2 n.2; ECF 54 at 2 n.1. The earlier statement says the report was then redacted. ECF 54 specifies that Balance Law sent it to McDaniel Wolff for redaction and received the redacted version back. That is meaningful additional detail about each firm's role; the wording alone does not establish a contradictory account.

The footnote also expressly denies transmission to clients or other firms. If a factual dispute about handling must be resolved, Plaintiff seeks the relevant versions, redactions, and factual transmittal records, without assuming that outside sharing occurred or seeking counsel's legal advice.

**II The safety concern has a specific source and a limited evidentiary use**

The January 9, 2022 seller email states, "It must be a legal product, otherwise you have better keep silent." Federal Exhibit A at 2. Plaintiff understood that language as a warning. When the report later associated him with family members, he was concerned that additional exposure could affect them. This is the factual context for his concern and requests for redaction.

The source is an email and does not expressly name his relatives or threaten physical violence. Plaintiff does not claim that the defendant law firms sent it or that the email proves their clients authorized it. He requests no finding of criminal conduct on that basis. The Court can take his stated reaction into account while deciding the objective need for a particular protective measure.

Plaintiff also corrects the description of the government resolutions: the combined $600 million represents agreed penalties and forfeitures in the Alibaba and AUS agreements, not admitted fentanyl sales of that amount. The agreements do not prove that Plaintiff's transaction or family was targeted. ECF 38 already rejected use of the NPA material to justify broad discovery on the substantive claims. Plaintiff does not ask to reopen that ruling through this reply.

**III The new nonopposition supports a practical protective alternative**

ECF 54 at 3 says the responding defendants would not oppose steps shielding the report from public scrutiny. Plaintiff asks the Court to use that narrowed disagreement to consider removal of unnecessary nonparty family identifiers and relationship links from the public copy, while preserving evidence relevant to his own citizenship and authorized Court and counsel access.

Plaintiff recognizes that ECF 38 denied his earlier protective request, found the existing mandatory redactions sufficient, and limited nonparty electronic access. He does not contend that adult family names automatically fall within Rule 5.2(a), that access was unrestricted despite the order, or that the new nonopposition reverses the prior finding. He requests consideration under Rule 5.2(e)(1), based on the specific proposed passages and the stated concern, rather than an order that counsel committed misconduct.

Plaintiff requests permission to identify the exact passages to the Court and opposing counsel through a protected submission, followed by a limited replacement public version if approved. He will not publicly attach the report again merely to explain the requested redactions. Any protection should reach only material for which the Court finds good cause.

**IV Dismissal rulings should await a reasonable response opportunity where the records matter**

For the reasons in the accompanying motion, Plaintiff requests an initial 75-day deferral of dismissal rulings while the report-related subpoenas are lawfully issued and served and their recipients have an opportunity to respond or object. Federal Exhibit C is offered for the subpoenas' actual contents and the pending service status, not as proof of completed service or entitlement to compel compliance.

If a pending dismissal question can be decided as a matter of law without those records, Plaintiff requests that the Court identify that ground and avoid resolving disputed outside facts under the guise of a facial motion. If the Court relies on such facts after conversion, Plaintiff requests the limited opportunity contemplated by Rules 12(d) and 56(d). Neither this reply nor the deferral motion extends an existing filing deadline without an order.

Plaintiff requests leave to file this reply, consideration of the narrowed protective alternative, and the limited deferral described in the accompanying motion. He asks the Court to decide the specific factual and legal questions rather than infer that seeking privacy protection, without more, establishes a sanctionable purpose.

Respectfully submitted,

Date: 10/30/26

Bradley Burchfield

Bradley Burchfield, Plaintiff pro se
5420 Kavanaugh Blvd. #7927, Little Rock, Arkansas 72217
479-223-0038 | burchfieldbradley123@gmail.com

## Exhibit Index for Proposed Federal Reply

Exhibit A: Seller email and later forwarding chain (3 source pages)

Exhibit B: State dismissal-motion excerpt (2 source pages)

Exhibit C: Subpoena copies and service-order screen (9 source pages)

Exhibit page references in the briefs use the source page number, not the combined PDF page number.

## Exhibit A

Seller email and later forwarding chain

Complete three-page source with only the two unrelated forwarding-recipient email addresses redacted as identified in the state exhibit book.

3 source pages follow.

Gmail

Burchfield Bradley <burchfieldbradley123@gmail.com>

## Details N-Isopropylbenzylamine

4 messages

**sales@bloomtechz.com** <sales@bloomtechz.com> Sun, Jan 9, 2022 at 8:47 PM
To: burchfieldbradley123@gmail.com

**Fresh batch out!**
**Only 16kg Blue Pure N iso crystal in stock, if miss each other, wait another month.**
**Price list (EXW USD$):**
**100g, $298usd, 500g, $496, 1kg, $820**



**Very Important information of Isopropylbenzylamine, CAS 102-97-6 crystal series product:**
Welcome to become a new comer of our group of buyers, I am Aurora Song, sales manager.
**WhatsApp/WeChat: +86 17791833715**
Frankly, the most we have been asked is the **effect.**

We have made many kinds of chemicals into crystals successfully. The **FAQ** pls check below:
**1.How we set the price**
We set the product price according to the price of raw materials and product production cycle, The price has nothing to do with whether the product is nice to use.
**2.Which is the best**
From shape, Pure N ISO is big bar, it is the best. From smell, the 170N ISO and 2A4P is the best. Or some other new kinds of chemical, we researched it for our stable buyers, we can't disclose it to you.
If you request the big bar crystal is no smell, it is impossible. Because it is the theory of chemistry, it is nothing to do with capacity.
**Each words and pictures here is real, dont talk about any fake here!**
**3.Could you disclose the shortcoming of our product?**
Yes, Pure N ISO has a bit of smell, and our 170MP N ISO is little smell. 2A4P is also little smell, in addition, it

has many other positive comments from other users.

**4.Crystal Mixed service**

It must be a legal product, otherwise you have better keep silent.

**Welcome to buy more chemicals from our company, welcome to be the senior buyer of our company and we can share more technology support for you!**

Maybe some of yours want to use the crystal for diluting, or want it has some effect of you want.

From the opinion of chemical researching, this is the Same Molecule Formula of C10H15N.

Does this chemical meet your requirements? Is it easy to use? This depends not only on his molecule formula, but also on his chemical space structure and the pharmaceutical properties that this structure should give.

## Price List(Without Shipping fee)

**1.CAS 102-97-6, N-Isopropylbenzylamine(N ISO)**

100g,$168, 500g,$389, 1kg,$650/kg

Please choose one specification below:

(1)Pure N iso 210, Largest crystal, smell

Pink/Blue/Yellow/Green etc. color N ISO,

1kg, $980/kg, Customization, Food grade

(2)N-ISO mixed 180 Medium

(3)N-ISO mixed 170, Smallest crystal, No smell

**2.CAS 4395-73-7, 4-Isopropylbenzylamine(4 ISO)**

100g,$280, 500g,$900, 1kg,$1,500/kg

**3.CAS 22374-89-6, 2-Amino-4-phenylbutane(2A4P)**

100g,$280, 500g,$900, 1kg,$1,500/kg

---

**Burchfield Bradley** <burchfieldbradley123@gmail.com> Sun, Apr 10, 2022 at 10:12 AM
To: sales@bloomtechz.com

Alex how you doing? Actually this product doesn't have a schedule with the DEA. But it's illegal in this state. I use it for a rust inhibitor, as was advertised. It didn't work.

[Quoted text hidden]

--
Hope credit

---

**Burchfield Bradley** <burchfieldbradley123@gmail.com> Fri, Jun 10, 2022 at 12:43 PM
To: [redacted]

[Quoted text hidden]

---

**Burchfield Bradley** <burchfieldbradley123@gmail.com> Mon, Jun 13, 2022 at 11:01 AM
To: [redacted]

---------- Forwarded message ---------
From: <sales@bloomtechz.com>
Date: Sun, Jan 9, 2022 at 8:47 PM
Subject: Details N-Isopropylbenzylamine
To: <burchfieldbradley123@gmail.com>

[Quoted text hidden]

## Exhibit B

State dismissal-motion excerpt

Source pages 1 and 2 of the September 28, 2026 state dismissal motion. This is an expressly identified excerpt, not the complete 39-page filing. The full filing is reproduced as State Exhibit 2.

2 source pages follow.

ELECTRONICALLY FILED
Pulaski County Circuit Court
Terri Hollingsworth, Circuit/County Clerk
2026-Sep-28 15:31:02
60CV-26-11307
C06D03 : 39 Pages

**IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS**
**CIVIL DIVISION**

| | |
|---|---|
| BRADLEY BURCHFIELD,<br><br>Plaintiff,<br><br>v.<br><br>BALANCE LAW PLLC; and MCDANIEL, WOLFF, WARD, CALHOUN, & RICHARDSON, PLLC d/b/a MCDANIEL WOLFF,<br><br>Defendants. | No. 60CV-26-11307 |

**DEFENDANTS' MOTION TO STRIKE**
**DEMONSTRABLY FALSE ALLEGATIONS IN COMPLAINT AND TO**
**DISMISS FRIVOLOUS LAWSUIT AND INCORPORATED BRIEF IN SUPPORT**

Pursuant to Rule 12(f), Rule 10(d), and Rule 12(b)(6) of the Arkansas Rules of Civil Procedure and this Court's inherent authority, Defendants Balance Law PLLC ("Balance Law") and McDaniel, Wolff, Ward, Calhoun, & Richardson, PLLC d/b/a McDaniel Wolff PLLC ("McDaniel Wolff PLLC")[1] (collectively, "Defendants") hereby request that the Court: (a) strike certain demonstrably false allegations in Plaintiff's Complaint; and (b) dismiss this frivolous lawsuit for failure to state facts upon which relief can be granted.

## INTRODUCTION

Defendants represent companies that Plaintiff is suing in lawsuits that are pending in the United States District Court for the Eastern District of Arkansas ("the Arkansas Federal Court"). Plaintiff filed this *pro se* lawsuit to retaliate against and harass Defendants for doing their jobs

[1] The Complaint does not use precisely the correct name for McDaniel Wolff; this motion uses the correct name.

representing their clients' interests in two of those lawsuits—namely, exercising their clients' right to remove those lawsuits from this Court to the Arkansas Federal Court by using a redacted report involving information about Plaintiff from Lexis/Nexis ("the Redacted Lexis/Nexis Report") to satisfy their clients' burden of establishing federal subject matter jurisdiction by proving Plaintiff's Arkansas citizenship for purposes of diversity jurisdiction.[2] In other words, this public-disclosure-of-private-facts lawsuit is a frivolous abuse of the judicial process. Defendants' duties ran to their clients; not to Plaintiff, who has never been in privity with Defendants. "[A]n attorney owes a duty of care only to the client and not to third parties. This privity rule [requiring privity between a plaintiff and an attorney-defendant or a law-firm-defendant] ensures that attorneys may in all cases zealously represent their clients without the threat of suit from third parties compromising that representation." *Fleming v. Cox Law Firm*, 363 Ark. 17, 22, 210 S.W.3d 866, 869 (2005) (quotation marks omitted) (affirming dismissal of lawsuit filed against law firm and attorney by plaintiff who was not in privity with those defendants).

As discussed in more detail below, Plaintiff has abused the judicial process by filing a complaint replete with impertinent, demonstrable falsehoods, so the Court should strike those false allegations to expedite the administration of justice, prevent abuse of the judicial process, and protect the integrity of the Court. This lawsuit has other significant flaws, so the Court should dismiss it for failure to state facts upon which relief can be granted. Dismissal is required because Plaintiff violated Rule 10(d) of the Arkansas Rules of Civil Procedure by failing to attach the Redacted Lexis/Nexis Report, which is an essential document upon which this lawsuit is based, as an exhibit to the Complaint. Another basis for dismissal is that this lawsuit is barred: (a) by

---

[2] Balance Law firm obtained the report from Lexis/Nexis, and then the report was redacted before excerpts were filed in the Arkansas Federal Court and in this Court. Therefore, this motion refers to the as-filed report as "the Redacted Lexis/Nexis Report."

## Exhibit C

Subpoena copies and service-order screen

Complete four-page August 27 copy for each recipient, plus the user-supplied October 30 screen. The copies bear an October 15 date and blank service returns. They are not established as the documents submitted with the October 30 order. Updated process and actual returns must be checked.

9 source pages follow.

Arkansas Rule of Civil Procedure 45 - Subpoena in a Civil Case (Documents Only)

# IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS

3rd DIVISION

**BRADLEY BURCHFIELD**
Plaintiff,

v.

**BALANCE LAW PLLC; and**
**MCDANIEL, WOLFF, WARD, CALHOUN, & RICHARDSON, PLLC**
**d/b/a MCDANIEL WOLFF,**
**Defendants.**

Case No. 60CV-26-11307

## SUBPOENA IN A CIVIL CASE
### DOCUMENTS ONLY - NO APPEARANCE

| |
|---|
| **TO: SULLIVAN & CROMWELL LLP, through its Custodian of Records**<br>125 Broad Street<br>New York, NY 10004-2498 |

**[X] YOU ARE COMMANDED** no later than thirty (30) business days after service of this subpoena to produce and permit inspection and copying of the documents, electronically stored information, and tangible things described in Attachment A.

**[ ] APPEARANCE OR TESTIMONY:** Not commanded. This is a document-only subpoena. No deposition, hearing, trial appearance, testimony, or inspection of premises is required.

| | |
|---|---|
| **Place and method of production:**<br>125 Broad Street<br>New York, NY 10004-2498<br>Electronic production is permitted to burchfieldbradley123@gmail.com by secure link, encrypted email, or another agreed method. | **Compliance deadline:**<br>Thirty (30) business days after service<br>Deadline date: 10/15/26<br>5:00 p.m. local time |

This subpoena excludes privileged matter and protected trial-preparation material. Any claim of privilege or work-product protection must be made consistently with Arkansas Rule of Civil Procedure 26(b)(5).

**NOTICE TO REQUESTING PARTY:** Because no appearance is commanded, Arkansas Rule of Civil Procedure 45(b)(1) requires service of a copy on every other party by email, facsimile, or hand delivery at least three (3) business days before service on the recipient. Promptly provide every other party a copy of all material produced by Sullivan & Cromwell LLP.

Date issued: August 27, 2026

**CLERK OF PULASKI COUNTY CIRCUIT COURT**

Ruth Elkins

**Clerk or Deputy Clerk (Court Seal)**

**Requested for issuance by:**

Bradley Burchfield, Plaintiff Pro Se
5420 Kavanaugh Blvd #7927
Little Rock, AR 72217
Phone: 479-223-0038
Email: burchfieldbradley123@gmail.com



## PROOF OF SERVICE

Burchfield v. Balance Law PLLC, et al. | Case No. ________________

I received this subpoena for Sullivan & Cromwell LLP, through its Custodian of Records, on ________________.

[ ] I served a true copy on the named recipient or an authorized representative as follows:

Name and title: ____________________

Place of service: ____________________

Date and time: ____________________

Manner of service: ____________________

[ ] I returned the subpoena unexecuted because: ____________________

____________________

No witness attendance was commanded; therefore no attendance or mileage fee was tendered.

I declare under penalty of perjury under the laws of the State of Arkansas that the foregoing is true and correct.

Executed on: ________________

____________________
Signature of server

____________________
Printed name and title

____________________
Address of server

## NOTICE TO PERSONS SUBJECT TO SUBPOENAS

Document-only subpoena. Arkansas Rule of Civil Procedure 45(b)(1) permits a subpoena to command production of designated books, papers, documents, or tangible things without requiring an appearance at a deposition, hearing, or trial. This subpoena commands no appearance.

Protection and costs. On a prompt motion made no later than the compliance deadline, the court may quash or modify a subpoena that is unreasonable or oppressive. The court may condition denial of that motion on advancement of the reasonable cost of production. Ark. R. Civ. P. 45(b)(2).

Privilege and work product. A person withholding responsive information under a claim of privilege or trial-preparation protection must expressly make the claim and describe the nature of the withheld material without revealing the protected substance so that the claim can be assessed. Ark. R. Civ. P. 26(b)(5).

Service and interstate process. Arkansas Rule 45 governs issuance in the Arkansas action. Service, objections, production, and enforcement outside Arkansas are additionally governed by the law and court procedures of the state where discovery is conducted.

No attendance fee. Because this subpoena commands documents only and no personal appearance, no witness attendance or mileage fee is required by this command. Reasonable production costs remain subject to Rule 45(b)(2) and applicable law.

# ATTACHMENT A

## DOCUMENTS AND ELECTRONICALLY STORED INFORMATION TO BE PRODUCED

Burchfield v. Balance Law PLLC, et al. | Case No. ____________________

Scope limitation. This subpoena is limited to nonprivileged records dated June 29 through August 25, 2026, reflecting communications between Sullivan & Cromwell LLP and Balance Law PLLC concerning Bradley Burchfield, the SmartLinx Person Report created on August 8, 2026, or the Related Actions. It excludes unrelated client matters, substantive legal advice, counsel's mental impressions, litigation strategy, opinion work product, and testimony. It does not seek communications solely within the Recipient or solely between the Recipient and its own client that were never shared with Balance Law.

### DEFINITIONS

**"Recipient"** means Sullivan & Cromwell LLP and only the personnel, custodians, and reasonably accessible systems involved in responsive communications with Balance Law.

**"Balance Law"** means Balance Law PLLC, also known as Balance Law Firm, and its personnel, including B. Robert Liu.

**"Report"** means the LexisNexis SmartLinx Person Report created on August 8, 2026, at 1:13 p.m. EST, identifying Balance Law PLLC as the organization for which it was created, including any copy, excerpt, link, attachment, or derivative version.

**"Related Actions"** means Pulaski County Case Nos. 60CV-26-8633 and 60CV-26-9730 and federal Case Nos. 4:26-cv-00611-DPM, 4:26-cv-00826-KGB, and 4:26-cv-00827-LPR, but only to the extent a record concerns Plaintiff, the Report, its intended use, filing, redaction, sealing, restriction, or replacement.

**"Communication"** means a nonprivileged transmission of factual information by email, letter, message, memorandum, meeting note, or other medium, including attachments and available sender, recipient, date, time, subject line, file name, and transmission metadata.

### INSTRUCTIONS

**REQUEST NO. 1:** Search reasonably accessible systems and custodians using Plaintiff's name, Balance Law, B. Robert Liu, the Report date, the Related Action numbers, and known report file names or identifiers.

**REQUEST NO. 2:** Produce documents as kept in the ordinary course of business or organize and label them to correspond to the numbered requests.

**REQUEST NO. 3:** Produce ordinary documents as searchable PDF. Produce email, messages, logs, spreadsheets, database exports, and other structured data in native or reasonably usable form, preserving available sender, recipient, date, time, attachments, file names, and audit or transmission metadata.

**REQUEST NO. 4:** Electronic production is permitted. No testimony or personal appearance is required.

**REQUEST NO. 5:** Redact unrelated personal information and unrelated client-matter information. A reasonable confidentiality designation or protective-order proposal may accompany production.

**REQUEST NO. 6:** If responsive information is withheld as privileged or protected work product, expressly make the claim and provide the description required by Arkansas Rule of Civil Procedure 26(b)(5). Produce each reasonably segregable nonprivileged remainder, each attachment not independently protected, and nonprivileged transmission metadata.

**REQUEST NO. 7:** These requests seek existing documents and electronically stored information. Except for the privilege description required by applicable law, they do not command creation of a new substantive narrative or attorney testimony.

## ATTACHMENT A - DOCUMENT REQUESTS

Burchfield v. Balance Law PLLC, et al. | Case No. ____________________

**REQUEST NO. 8:** All nonprivileged communications between Sullivan & Cromwell LLP and Balance Law during the stated period concerning Plaintiff, the Report, or a Related Action.

**REQUEST NO. 9:** Every Report copy, excerpt, attachment, link, download, image, or derivative file transmitted between Recipient and Balance Law, with available file and transmission metadata.

**REQUEST NO. 10:** Documents sufficient to identify the sender, recipient, copied recipients, date, time, subject line, file name, and attachment names for each responsive communication, including nonprivileged metadata for communications whose content is withheld.

**REQUEST NO. 11:** Nonprivileged communications conveying or memorializing a request, authorization, direction, or factual instruction to obtain, search for, download, transmit, use, attach, file, redact, seal, restrict, or replace the Report.

**REQUEST NO. 12:** Nonprivileged communications concerning who selected the Report as an exhibit, prepared any exhibit version, furnished it to another firm, or technically filed or caused it to be filed in a Related Action.

**REQUEST NO. 13:** Nonprivileged communications concerning Plaintiff's requests to remove, redact, seal, restrict, or replace family names, addresses, relationship links, or other information appearing in the Report.

**REQUEST NO. 14:** Documents sufficient to identify each custodian and reasonably accessible system searched in response to this subpoena, including role and office location but excluding unrelated personnel information.

**REQUEST NO. 15:** Nonprivileged litigation-hold, preservation, deletion-suspension, or records-retention directions specifically concerning the Report or communications with Balance Law about the Report.

**REQUEST NO. 16:** A privilege log consistent with Arkansas Rule of Civil Procedure 26(b)(5) for responsive material withheld in whole or in part, identifying date, sender, recipients, document type, general subject, attachment status, privilege or protection asserted, and the basis for the claim without disclosing protected substance.

**REQUEST NO. 17:** Any existing records identifying custodians, reasonably accessible systems, date ranges, or search terms used to locate material responsive to this subpoena. This request does not require creation of a new substantive narrative or attorney testimony.

Production contact: Bradley Burchfield, burchfieldbradley123@gmail.com, 479-223-0038. Electronic production may be arranged by secure link, encrypted email, or another mutually agreeable method.

Arkansas Rule of Civil Procedure 45 - Subpoena in a Civil Case (Documents Only)

**IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS**
**3rd DIVISION**

| | |
|---|---|
| **BRADLEY BURCHFIELD**<br>Plaintiff,<br><br>v.<br><br>**BALANCE LAW PLLC; and**<br>**MCDANIEL, WOLFF, WARD, CALHOUN, & RICHARDSON, PLLC**<br>**d/b/a MCDANIEL WOLFF,**<br>**Defendants.** | **Case No.**<br>60CV-26-11307 |

## SUBPOENA IN A CIVIL CASE
**DOCUMENTS ONLY - NO APPEARANCE**

**TO: QUINN EMANUEL URQUHART & SULLIVAN, LLP, through its Custodian of Records**
2601 South Bayshore Drive, Suite 1550
Miami, FL 33133

[X] **YOU ARE COMMANDED** no later than thirty (30) business days after service of this subpoena to produce and permit inspection and copying of the documents, electronically stored information, and tangible things described in Attachment A.

[ ] **APPEARANCE OR TESTIMONY:** Not commanded. This is a document-only subpoena. No deposition, hearing, trial appearance, testimony, or inspection of premises is required.

| **Place and method of production:** | **Compliance deadline:** |
|---|---|
| 2601 South Bayshore Drive, Suite 1550<br>Miami, FL 33133<br>Electronic production is permitted to burchfieldbradley123@gmail.com by secure link, encrypted email, or another agreed method. | Thirty (30) business days after service<br>Deadline date: 10/15/26<br>5:00 p.m. local time |

This subpoena excludes privileged matter and protected trial-preparation material. Any claim of privilege or work-product protection must be made consistently with Arkansas Rule of Civil Procedure 26(b)(5).

**NOTICE TO REQUESTING PARTY:** Because no appearance is commanded, Arkansas Rule of Civil Procedure 45(b)(1) requires service of a copy on every other party by email, facsimile, or hand delivery at least three (3) business days before service on the recipient. Promptly provide every other party a copy of all material produced by Quinn Emanuel Urquhart & Sullivan, LLP.

Date issued: August 27, 2026

**CLERK OF PULASKI COUNTY CIRCUIT COURT**
Ruth Elkins
**Clerk or Deputy Clerk (Court Seal)**

**Requested for issuance by:**

Bradley Burchfield, Plaintiff Pro Se
5420 Kavanaugh Blvd #7927
Little Rock, AR 72217
Phone: 479-223-0038
Email: burchfieldbradley123@gmail.com

SEAL OF THE CIRCUIT COURT PULASKI COUNTY, ARKANSAS

# PROOF OF SERVICE

Burchfield v. Balance Law PLLC, et al. | Case No. ________________

I received this subpoena for Quinn Emanuel Urquhart & Sullivan, LLP, through its Custodian of Records, on ________________.

[ ] I served a true copy on the named recipient or an authorized representative as follows:

Name and title: ________________

Place of service: ________________

Date and time: ________________

Manner of service: ________________

[ ] I returned the subpoena unexecuted because: ________________

________________

No witness attendance was commanded; therefore no attendance or mileage fee was tendered.

I declare under penalty of perjury under the laws of the State of Arkansas that the foregoing is true and correct.

Executed on: ________________

________________
Signature of server

________________
Printed name and title

________________
Address of server

## NOTICE TO PERSONS SUBJECT TO SUBPOENAS

Document-only subpoena. Arkansas Rule of Civil Procedure 45(b)(1) permits a subpoena to command production of designated books, papers, documents, or tangible things without requiring an appearance at a deposition, hearing, or trial. This subpoena commands no appearance.

Protection and costs. On a prompt motion made no later than the compliance deadline, the court may quash or modify a subpoena that is unreasonable or oppressive. The court may condition denial of that motion on advancement of the reasonable cost of production. Ark. R. Civ. P. 45(b)(2).

Privilege and work product. A person withholding responsive information under a claim of privilege or trial-preparation protection must expressly make the claim and describe the nature of the withheld material without revealing the protected substance so that the claim can be assessed. Ark. R. Civ. P. 26(b)(5).

Service and interstate process. Arkansas Rule 45 governs issuance in the Arkansas action. Service, objections, production, and enforcement outside Arkansas are additionally governed by the law and court procedures of the state where discovery is conducted.

No attendance fee. Because this subpoena commands documents only and no personal appearance, no witness attendance or mileage fee is required by this command. Reasonable production costs remain subject to Rule 45(b)(2) and applicable law.

# ATTACHMENT A

## DOCUMENTS AND ELECTRONICALLY STORED INFORMATION TO BE PRODUCED

Burchfield v. Balance Law PLLC, et al. | Case No. ____________________

Scope limitation. This subpoena is limited to nonprivileged records dated June 29 through August 25, 2026, reflecting communications between Quinn Emanuel Urquhart & Sullivan, LLP and Balance Law PLLC concerning Bradley Burchfield, the SmartLinx Person Report created on August 8, 2026, or the Related Actions. It excludes unrelated client matters, substantive legal advice, counsel's mental impressions, litigation strategy, opinion work product, and testimony. It does not seek communications solely within the Recipient or solely between the Recipient and its own client that were never shared with Balance Law.

### DEFINITIONS

**"Recipient"** means Quinn Emanuel Urquhart & Sullivan, LLP and only the personnel, custodians, and reasonably accessible systems involved in responsive communications with Balance Law.

**"Balance Law"** means Balance Law PLLC, also known as Balance Law Firm, and its personnel, including B. Robert Liu.

**"Report"** means the LexisNexis SmartLinx Person Report created on August 8, 2026, at 1:13 p.m. EST, identifying Balance Law PLLC as the organization for which it was created, including any copy, excerpt, link, attachment, or derivative version.

**"Related Actions"** means Pulaski County Case Nos. 60CV-26-8633 and 60CV-26-9730 and federal Case Nos. 4:26-cv-00611-DPM, 4:26-cv-00826-KGB, and 4:26-cv-00827-LPR, but only to the extent a record concerns Plaintiff, the Report, its intended use, filing, redaction, sealing, restriction, or replacement.

**"Communication"** means a nonprivileged transmission of factual information by email, letter, message, memorandum, meeting note, or other medium, including attachments and available sender, recipient, date, time, subject line, file name, and transmission metadata.

### INSTRUCTIONS

1. Search reasonably accessible systems and custodians using Plaintiff's name, Balance Law, B. Robert Liu, the Report date, the Related Action numbers, and known report file names or identifiers.
2. Produce documents as kept in the ordinary course of business or organize and label them to correspond to the numbered requests.
3. Produce ordinary documents as searchable PDF. Produce email, messages, logs, spreadsheets, database exports, and other structured data in native or reasonably usable form, preserving available sender, recipient, date, time, attachments, file names, and audit or transmission metadata.
4. Electronic production is permitted. No testimony or personal appearance is required.
5. Redact unrelated personal information and unrelated client-matter information. A reasonable confidentiality designation or protective-order proposal may accompany production.
6. If responsive information is withheld as privileged or protected work product, expressly make the claim and provide the description required by Arkansas Rule of Civil Procedure 26(b)(5). Produce each reasonably segregable nonprivileged remainder, each attachment not independently protected, and nonprivileged transmission metadata.
7. These requests seek existing documents and electronically stored information. Except for the privilege description required by applicable law, they do not command creation of a new substantive narrative or attorney testimony.

## ATTACHMENT A - DOCUMENT REQUESTS

Burchfield v. Balance Law PLLC, et al. | Case No. ____________________

**REQUEST NO. 1:** All nonprivileged communications between Quinn Emanuel Urquhart & Sullivan, LLP and Balance Law during the stated period concerning Plaintiff, the Report, or a Related Action.

**REQUEST NO. 2:** Every Report copy, excerpt, attachment, link, download, image, or derivative file transmitted between Recipient and Balance Law, with available file and transmission metadata.

**REQUEST NO. 3:** Documents sufficient to identify the sender, recipient, copied recipients, date, time, subject line, file name, and attachment names for each responsive communication, including nonprivileged metadata for communications whose content is withheld.

**REQUEST NO. 4:** Nonprivileged communications conveying or memorializing a request, authorization, direction, or factual instruction to obtain, search for, download, transmit, use, attach, file, redact, seal, restrict, or replace the Report.

**REQUEST NO. 5:** Nonprivileged communications concerning who selected the Report as an exhibit, prepared any exhibit version, furnished it to another firm, or technically filed or caused it to be filed in a Related Action.

**REQUEST NO. 6:** Nonprivileged communications concerning Plaintiff's requests to remove, redact, seal, restrict, or replace family names, addresses, relationship links, or other information appearing in the Report.

**REQUEST NO. 7:** Documents sufficient to identify each custodian and reasonably accessible system searched in response to this subpoena, including role and office location but excluding unrelated personnel information.

**REQUEST NO. 8:** Nonprivileged litigation-hold, preservation, deletion-suspension, or records-retention directions specifically concerning the Report or communications with Balance Law about the Report.

**REQUEST NO. 9:** A privilege log consistent with Arkansas Rule of Civil Procedure 26(b)(5) for responsive material withheld in whole or in part, identifying date, sender, recipients, document type, general subject, attachment status, privilege or protection asserted, and the basis for the claim without disclosing protected substance.

**REQUEST NO. 10:** Any existing records identifying custodians, reasonably accessible systems, date ranges, or search terms used to locate material responsive to this subpoena. This request does not require creation of a new substantive narrative or attorney testimony.

Production contact: Bradley Burchfield, burchfieldbradley123@gmail.com, 479-223-0038. Electronic production may be arranged by secure link, encrypted email, or another mutually agreeable method.

October 30, 2026 service-order status




User-supplied screenshot. The status reads Under Review. It does not establish completed servicc, local issuance, or a compliance deadline.