**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF ARKANSAS**
**Central Division**

| | |
|---|---|
| BRADLEY BURCHFIELD,<br><br>Plaintiff,<br><br>v.<br><br>ALIBABA GROUP HOLDING LIMITED, *et al.*,<br><br>Defendants. | No. 4:26-cv-00826-DPM-JJV |

**FIVE DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO CLARIFY SCOPE OF REMOVAL AND SUBJECT-MATTER JURISDICTION, WITH CONDITIONAL REQUEST FOR SEVERANCE AND REMAND**

Five defendants—Alibaba Group Holding Limited; Alibaba.com US E-Commerce Corp.; Alibaba.com U.S. LLC; AUS Merchant Services, Inc.; and Alibaba Group (U.S.) Inc. (collectively, "the Responding Defendants")— hereby file this Opposition to Plaintiff's Motion to Clarify Scope of Removal and Subject-Matter Jurisdiction, with Conditional Request for Severance and Remand ("Plaintiff's Motion") (ECF No. 50) and Brief in Support ("Plaintiff's Brief") (ECF No. 51).

## PRELIMINARY STATEMENT

Plaintiff's Motion is an improper attempt to get a second bite of the remand apple, after this Court denied Plaintiff's remand motion. October 8, 2026 Order (ECF No. 44). Nothing has changed regarding the remand issue in the few weeks since that order was issue, and any arguments asserted in Plaintiff's Motion could have been asserted in the prior remand motion. In any event, Plaintiff's remand arguments lack merit, so the Court should reject them. Moreover, Plaintiff's Motion beats around the bush but does not make any affirmative argument or showing in support of Plaintiff's "conditional request"—whatever that means—for severance, so the Court should

deny that part of Plaintiff's Motion. Plaintiff's Motion also improperly seeks advisory rulings regarding various other issues. The Court should decline those requests as well.

## ARGUMENT

### I. The Court Should Decline Plaintiff's Improper Requests For Advisory Rulings.

In the guise of requesting "clarification" regarding various issues, Plaintiff's Motion repeatedly seeks advisory rulings from the Court. The generative artificial intelligence model that Plaintiff uses to churn out "AI slop" filings for this litigation apparently wants clarification, but neither that AI model nor Plaintiff seems to care whether those requests are proper and whether they would waste the Court's time. Those requests for advisory rulings are improper and a waste of the Court's (and the Responding Defendants') time.

For example, there is no need for the Court to issue "an order clarifying whether all claims against all defendants in 60CV-26-8633 [the case number of the state court lawsuit that was removed to this Court] remain within this removed action, including defendants who have not appeared or whose service remains unresolved," Plaintiff's Motion ¶ 1. It is well established that a notice of removal removes the entire lawsuit—*i.e.*, the "civil action," not just some parts of a civil action—from a state court to a federal district court. *See, e.g.*, 28 U.S.C. § 1441(a) (discussing removal of "any civil action" as authorized by statutes governing removals); § 1441(b) (discussing removal of "a civil action") § 1441(c) (discussing potential post-removal severance of certain claims in certain circumstances after removal of "the entire action");[1] 28 U.S.C. § 1446 (discussing procedures for "removal of civil actions" and repeatedly using the term "civil action"). Moreover,

[1] The Responding Defendants do not suggest that Section 1441(c)—which is called "Joinder of Federal Law Claims and State Law Claims"—applies to the removal at issue here. This lawsuit was removed to this Court based on diversity jurisdiction and the Complaint does not assert any federal law claims. However, the fact that Congress enacted a separate statutory provision allowing a district court, in certain kinds of cases, to issue a severance order after removal of "the entire action" further supports the conclusion that a notice of removal removes an entire lawsuit from state court to federal court.

the Notice of Removal (ECF No. 1) makes clear that the entire lawsuit—with all claims asserted against all defendants—was removed from state court to this Court. The removing defendants also complied with 28 U.S.C. § 1446(d) ("Promptly after the filing of such notice of removal of ***a civil action*** the … defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect the removal and the State court shall proceed no further unless and until ***the case*** is remanded.") (emphasis added). If only a part of this lawsuit had been removed to this Court and a part had been left for the "State court" to adjudicate, it would make no sense for that statutory provision to command "the State court" to "proceed no further unless and until the case is remanded." Indeed, Plaintiff elsewhere answers the very question for which he purportedly seeks clarification, acknowledging that "lack of representation, nonappearance, and incomplete service do not themselves defeat subject-matter jurisdiction or leave part of an otherwise removed action in state court." Plaintiff's Motion ¶ 4.

Likewise, Plaintiff requests another advisory ruling, asking "the Court to identify whether the claims concerning nonappearing foreign defendants are retained under original diversity jurisdiction or another jurisdictional basis," Plaintiff's Motion ¶ 5. The Notice of Removal invoked only one basis for subject matter jurisdiction in this case—diversity jurisdiction—and Plaintiff's Motion does not identify any other basis for subject matter jurisdiction, so this is a non-issue.

Plaintiff improperly seeks another advisory ruling when requesting "confirmation that further service proceedings concerning the named nonappearing defendants belong in this Court, subject to the Court's orders," Plaintiff's Motion ¶ 7. That issue is governed by 28 U.S.C. § 1448 and case law construing that statute.

In sum, if Plaintiff wants legal advice, he should consult an attorney, instead of repeatedly imposing on this Court to give him legal advice and requiring the Court (and the Responding

Defendants) to spend time reviewing and responding to his requests. The Court should decline his requests for advisory rulings.

## II. The Court Should Deny Plaintiff's "Conditional" Severance Request Because Plaintiff Does Not Present Any Valid Basis For Severance And The Responding Defendants Oppose Severance At This Time.

This lawsuit arises out of a June 1, 2021 alleged purchase or attempted purchase ("June 1 Purchase") of a chemical product via Alibaba.com from a third-party seller located in China—Zichang New Materials (Shandong) Co. Ltd.—which is a named defendant in the Complaint (ECF No. 2). Another defendant named in the Complaint is Alibaba.com Singapore E-Commerce Private Limited, which the receipt for the June 1 Purchase identifies as the "Operator" of the Alibaba.com marketplace. The Responding Defendants also are named in the Complaint.

Although the Responding Defendants have denied (and continue to deny) any liability arising out of the June 1 Purchase, the Responding Defendants do not contend, at this time, that the claims alleged against them should be severed from the claims asserted against the other defendants. To the contrary, the Responding Defendants acknowledge that, based on Rule 20(a)(2) of the Federal Rules of Civil Procedure, it was permissible—assuming solely for the sake of argument that Plaintiff has claims against them arising out of the June 1 Purchase—for him to join those claims with the claims asserted in the Complaint against the other defendants. On the current record, the claims alleged against the Responding Defendants appear to satisfy Rule 20(a)(2) because they "aris[e] out of the same transaction [the June 1 Purchase]" at issue in the claims alleged against the other defendants and common questions of law or fact will arise in this lawsuit, so the Responding Defendants oppose severance at this time.

Plaintiff was the master of his Complaint when he selected which defendants to sue. He should not now be allowed to reverse course and seek severance—whether outright or by a

"conditional" request for severance. On the current record, it appears that the claims and defendants are not misjoined in this lawsuit within the meaning of Rule 21 of the Federal Rules of Civil Procedure, and Plaintiffs' motion papers do not present a valid basis for severance. In fact, Plaintiff undercuts any argument for severance by acknowledging that this lawsuit involves a "common transaction [referring to the June 1 Purchase] and overlapping allegations," Plaintiff's Brief at 2. Plaintiff already has three related, overlapping lawsuits pending in this Court arising out of the June 1 Purchase. Using severance to create a fourth lawsuit would unnecessarily complicate the litigation involving the June 1 Purchase and would fail to "secure the just, speedy, and inexpensive determination of [this] action," Fed. R. Civ. P. 1.

This Court is not required to do Plaintiff's work regarding this severance issue. Plaintiff does not—and cannot—present a valid severance argument, and the Responding Defendants oppose severance at this time, so the Court should reject Plaintiff's "conditional" request for severance.

## III. The Court Should Reject Plaintiff's "Conditional" Remand Request Because There Is No Valid Basis For Remand.

Plaintiff's Motion was filed on October 20, 2026—more than 30 days after the Notice of Removal was filed (on August 13, 2026). Therefore, Plaintiff has waived the right to seek remand based on any argument asserting a non-jurisdictional defect in the manner in which this lawsuit was removed to this Court. *See* 28 U.S.C. § 1447(c) (stating that a "motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)").

Plaintiff's Motion makes a wishy-washy "conditional" request for remand but fails to establish any jurisdictional defect requiring remand. In other words, Plaintiff fails to rebut the

showing in the Notice of Removal that this Court has subject matter jurisdiction based on diversity of citizenship—a showing that this Court already accepted when denying his prior remand motion.

Although Plaintiff makes a brief detour to discuss 28 U.S.C. § 1441(c), he admits that this lawsuit was removed to this Court based on diversity jurisdiction, so he does not invoke Section 1441(c). *See* Plaintiff's Brief at 2. Likewise, Plaintiff makes a brief detour when discussing 28 U.S.C. § 1367(c), but he concedes that it does not apply here "if all relevant claims are within [the Court's] original jurisdiction." Plaintiff's Brief at 2-3. When denying Plaintiff's prior remand motion, the Court necessarily concluded that it has subject matter jurisdiction over this lawsuit based on diversity jurisdiction, so Section 1367(c) does not apply.

## CONCLUSION

For the foregoing reasons, the Court should deny Plaintiff's Motion.

Dated: November 4, 2026

Respectfully submitted,

McDANIEL WOLFF PLLC

Bart W. Calhoun, No. 2011221
Brittany D. Webb, No. 2023139
Ginny Ashcraft, No. 2023232
1307 West 4th Street
Little Rock, AR 72201
(501) 954-8000
bart@mcdanielwolff.com
bwebb@mcdanielwolff.com
gashcraft@mcdanielwolff.com

and

BALANCE LAW FIRM

B. Robert Liu (NY Bar: 5697552)
1 World Trade Center, Suite 8500
New York, NY 10007
(212) 741-8080
robert.liu@balancelawfirm.com

*Attorneys for Defendants Alibaba Group Holding Limited; Alibaba.com US E-Commerce Corp.; Alibaba.com U.S. LLC; AUS Merchant Services, Inc.; and Alibaba Group (U.S.) Inc.*