FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

NOV 05 2026

TAMMY H. DOWNS, CLERK
By: DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

BRADLEY BURCHFIELD PLAINTIFF

v. No. 4:26-cv-00826-DPM-JJV

ALIBABA GROUP HOLDING LIMITED, et al. DEFENDANTS

**BRIEF IN SUPPORT OF MOTION FOR LEAVE TO REPLY AND SUPPLEMENTAL MOTION FOR SEVERANCE**

## I Leave permits a focused reply and orderly briefing

Local Rule 7.2(b) supplies no automatic reply for this ordinary motion. ECF No. 58 at 4–5 relies on proper joinder, Plaintiff's initial selection of defendants, and duplication among related cases. A focused reply would address those points. The accompanying motion separately presents the expanded Rule 21 request and allows ordinary opposition briefing; it does not ask the Court to award new relief solely on reply. See Fed. R. Civ. P. 7(b)(1); Local Rule 7.2(a)–(b).

## II Rule 21 permits consideration of the specified separation

Rule 21 permits the Court to sever claims against a party. Proper initial joinder does not categorically foreclose later severance. Acevedo-Garcia v. Monroig, 351 F.3d 547, 560 n.5 (1st Cir. 2003), describes that prevailing rule in other circuits. This persuasive authority establishes that the Court may consider severance; it does not require severance here. The Responding Defendants' opposition and concerns about common evidence remain important to that discretionary decision.

ECF No. 2 ¶¶ 15–17 identifies Zichang, Zhishang, and Shaanxi Bloom. The accompanying correction motion and Schedule A identify the proposed current names as Zhishang New Materials (Jinan) Co., Ltd., formerly Zichang and Zhishang (Shandong), and Shaanxi Chuzhan Technology Co., Ltd., also identified as Shaanxi Bloom Tech Co., Ltd. The registry and mailing

exhibits support considering those corrections before implementing separation. This motion keeps the pleaded seller claims together without deciding a disputed identity or alter-ego issue.

The practical reason for separation is to manage the sellers' service and response proceedings independently while the Alibaba litigation proceeds. ECF No. 50 ¶¶ 1, 7 identifies unresolved service concerns. Separation could permit distinct service deadlines and later responsive pleadings without repeatedly altering the schedule for the Alibaba defendants. Plaintiff does not contend that a seller's nonappearance alone requires severance, or that any present order prevents separate scheduling in the existing case.

The purchase and alleged relationships also create overlapping evidence. ECF No. 58 at 4–5. A fourth action could duplicate discovery and motions or produce inconsistent rulings. Plaintiff therefore requests one seller action, with any coordination permitted by the Court's orders, and asks the Court to weigh those costs against the scheduling benefits. If separate schedules within 00826 would accomplish the same purpose more efficiently, that Rule 16 alternative should be used. No new discovery authorization or suspension of pending rulings is requested here.

**III Any severance order should address the record and fee**

Strandlund v. Hawley, 532 F.3d 741, 745–46 (8th Cir. 2008), rejected dropping misjoined plaintiffs where doing so caused limitations prejudice. It supports severance rather than dismissal if separation is ordered; it does not establish that severance is warranted here. Plaintiff requests preservation of the original filing date for the transferred claims, subject to existing limitations and service defenses. The order should specify the claims and parties transferred and direct the Clerk to copy the operative complaint and relevant filings into the separate action.

An additional filing fee may be required under 28 U.S.C. § 1914. Plaintiff requests a determination before the new action is opened and 21 days to submit a complete § 1915(a)(1)

application if prepayment is required. If prepayment remains required, he requests 14 days to elect payment or ask to retain the claims in 00826 with separate scheduling. This is a proposed sequence, not an existing right to prevent court-ordered severance, and this packet is not an application for in forma pauperis status. If the Court does not adopt that sequence, its order will control.

**IV The existing order and related cases remain relevant**

ECF No. 44 denied consolidation and leave for a unified amended complaint without prejudice, and denied the earlier remand motion. The present motions seek limited identification corrections within the respective cases and case management within 00826. They do not renew consolidation. If jurisdiction is lacking, mandatory remand must proceed without waiting for those corrections. Otherwise, the requested order should address the identities and addresses before any separate seller action is opened. Related litigation can still present duplication and preclusion issues.

Respectfully submitted,

Bradley Burchfield (signature)

Bradley Burchfield, Plaintiff pro se
5420 Kavanaugh Blvd. #7927
Little Rock, Arkansas 72217
479-223-0038 | burchfieldbradley123@gmail.com
Date: 11/5/26

**CERTIFICATE OF SERVICE**

I certify that on 11/5/26, I filed this brief with the accompanying motion and proposed reply with the Clerk for docketing in CM/ECF. The resulting Notice of Electronic Filing transmitted electronic service to the registered counsel of record identified in that notice.

Additional recipients requiring separate Rule 5 service, with the actual method and date (or "none," if applicable): ____________________

Bradley Burchfield (signature)

Bradley Burchfield