**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF ARKANSAS**
**Central Division**

| | |
|---|---|
| BRADLEY BURCHFIELD,<br><br>Plaintiff,<br><br>v.<br><br>ALIBABA GROUP HOLDING LIMITED, *et al.*,<br><br>Defendants. | No. 4:26-cv-00826-DPM-JJV |

**FIVE DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR PRIOR DETERMINATION OR CLARIFICATION OF SUBJECT-MATTER JURISDICTION AND CONDITIONAL RELIEF FOR CORRECTIVE SERVICE**

Five defendants—Alibaba Group Holding Limited ("AGHL"); Alibaba.com US E-Commerce Corp.; Alibaba.com U.S. LLC; AUS Merchant Services, Inc.; and Alibaba Group (U.S.) Inc. (collectively, "the Responding Defendants")—hereby file this Opposition to Plaintiff's Motion for Prior Determination or Clarification of Subject-Matter Jurisdiction and Conditional Relief for Corrective Service ("Plaintiff's Motion") (ECF No. 52) and Brief in Support ("Plaintiff's Brief") (ECF No. 53).

Plaintiff's Motion is another waste of the Court's time; the motion should be denied. It is a hodge-podge of requests for relief, some of which revisit requests that Plaintiff made previously in this lawsuit—and all of which lack merit.

***First***, Plaintiff requests a ruling on his Motion to Clarify Scope of Removal and Subject-Matter Jurisdiction, with Conditional Request for Severance and Remand (ECF No. 50). That motion was filed on October 20, 2026, just three days before Plaintiff's Motion was filed; Plaintiff makes the nonsensical statement that the docket, as of October 20, 2026, does not show a ruling

on ECF No. 50, *see* Plaintiff's Brief at 1. In any event, it is unnecessary and presumptuous for Plaintiff to request a ruling on ECF No. 50 so soon after that motion was filed. The Court presumably will rule on that motion in due course, consistent with the demands posed by the numerous other lawsuits requiring the Court's attention. To spare the Court further briefing, the Responding Defendants incorporate by reference here the arguments presented in their Opposition (ECF No. 58) to ECF No. 50.

***Second***, even though this Court already denied Plaintiff's remand motion, *see* October 8, 2026 Order (ECF No. 44), Plaintiff refuses to take "no" for an answer and revisits remand. That is improper, particularly given that Plaintiff's Motion presents no argument or evidence supporting remand that he did not already present in his prior briefing.

***Third***, Plaintiff discusses the need to effect service of process on AGHL, *see* Plaintiff's Motion ¶ 3; Plaintiff's Brief at 2, but this is another example of his propensity for trying to complicate these proceedings despite AGHL's effort to simplify them. There is no need for Plaintiff to effect service of process on AGHL in this lawsuit at this point. In an effort to narrow the issues in dispute, AGHL declined to challenge service of process and asserted motion-to-dismiss arguments that did not address service of process. By filing a Rule 12 motion to dismiss in August 2026 without challenging service of process in this lawsuit (ECF No. 20), AGHL made service of process a non-issue as to AGHL. Thus, Plaintiff should not waste the Court's time filing a motion requesting relief regarding that non-issue.

***Fourth***, Plaintiff's Motion includes requested relief regarding service of process on other foreign defendants, *see* Plaintiff's Motion ¶¶ 4, 6; Plaintiff's Brief at 2-3, that have not appeared in this lawsuit (and apparently have not been served)—referred to collectively below as the "Non-Appearing Defendants." The requests at issue here do not involve any of the Responding

Defendants, but the requests do involve undersigned counsel, so this Opposition addresses those requests.[1] Undersigned counsel are not authorized to accept service of process in this lawsuit for any of the Non-Appearing Defendants, so there is no need for the Court to issue the order requested by Plaintiff, see Plaintiff's Motion ¶ 4, regarding that issue.

Moreover, the Court should reject Plaintiff's effort to use undersigned counsel to effect service of process and thereby evade the requirement of serving the Non-Appearing Defendants in accordance with the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters ("Hague Service Convention"), Nov. 15, 1965, 20 U.S.T. 361, T.I.A.S. No. 6638. Plaintiff concedes that the "Court should not authorize a prohibited method [of service] merely because conventional service is slow." Plaintiff's Brief at 3 (citing *Smart Study Co. v. Shenzhenshixindajixieyouxiangongsi*, 164 F.4th 164 (2d Cir. 2025)). Although Plaintiff's Brief does not acknowledge this, the *Smart Study* case cited affirmatively in Plaintiff's Brief actually undermines his effort to evade the requirements of the Hague Service Convention by effecting service of process by serving undersigned counsel.[2] As the Second Circuit explained in similar circumstances when affirming the district court's rejection of the plaintiff's effort to evade the requirements of the Hague Service Convention: "[T]he Hague Service Convention was not designed to ensure that the service of process in China is as efficient and fast as domestic service in the United States under the Federal Rules of Civil Procedure. Given that [the plaintiff] has not even attempted to comply with the Convention's requirements, we cannot say that the district court abused its discretion in denying relief here." *Smart Study*, 164 F.4th at 173. Likewise,

[1] By addressing Plaintiff's requests regarding undersigned counsel here, this Opposition does not concede that they represent any of the Non-Appearing Defendants in this lawsuit.

[2] When a brief cites a case without acknowledging that it defeats the argument being made in the brief, that is one clue that the brief is "AI slop" that was created by a generative artificial intelligence model.

in this lawsuit, Plaintiff has not shown that he has even attempted to comply with the requirements of the Hague Service Convention to effect service of process on any of the Non-Appearing Defendants, so the Court should not allow him to serve those defendants through undersigned counsel.

That conclusion is not undermined by the other case—*Freedom Watch, Inc. v. Organization of the Petroleum Exporting Countries (OPEC)*, 766 F.3d 74 (D.C. Cir. 2014)—upon which Plaintiff relies heavily. He characterizes that D.C. Circuit opinion as "persuasive," Plaintiff's Brief at 2, but the opinion does not support his effort to evade the requirements of the Hague Service Convention. For example, although Plaintiff seems to think that actual notice to a defendant is what matters for purposes of the service-of-process analysis, the *Freedom Watch* opinion says otherwise. *See Freedom Watch*, 766 F.3d at 81 (rejecting plaintiff's "actual notice" argument and stating that, "'before a court may exercise personal jurisdiction over a defendant, there must be more than notice to the defendant'" (quoting *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987))). Moreover, a material distinction between *Freedom Watch* and this lawsuit makes that D.C. Circuit opinion inapposite and therefore not supportive of Plaintiff's argument. Unlike this lawsuit, which involves Non-Appearing Defendants located in signatories to the Hague Service Convention, the defendant in *Freedom Watch* had its headquarters in a country (Austria) that was not a signatory to that convention, *see id*. at 79 (stating that Austria "is not" a signatory to the Hague Service Convention), so the D.C. Circuit was not constrained by the Hague Service Convention when discussing the service-of-process arguments at issue in that appeal. The subsequent history of the *Freedom Watch* lawsuit further undermines Plaintiff's request for an order authorizing service of process on the Non-Appearing Defendants through undersigned counsel. After remand by the D.C. Circuit, the district court repeatedly rejected the plaintiff's

arguments that service of process on OPEC's United-States-based counsel should be permitted, *see Freedom Watch*, 107 F. Supp. 3d 134 (D.D.C. 2015), *plaintiff's reconsideration motion denied*, 2015 WL 11347966 (D.D.C. July 1, 2015), and the D.C. Circuit affirmed that ruling in a second appeal, *Freedom Watch*, No. 15-7155, 2016 WL 3049521 (D.C. Cir. May 4, 2016).

***Finally***, Plaintiff purportedly seeks "an orderly determination of jurisdiction," Plaintiff's Motion at 1, but his flood of repetitive, overlapping motions shows instead that he seeks to harass the Responding Defendants by requiring them to respond to unnecessary motions—AI slop created by an out-of-control generative AI model—that sow confusion and undermine the goal of "secur[ing] the just, speedy, and inexpensive determination of [this] action," Fed. R. Civ. P. 1. Since the Responding Defendants filed their Motion to Dismiss (ECF No. 20) on August 20, 2026, Plaintiff has filed ***eight motions*** (ECF Nos. 22, 39, 43, 46, 50, 55, 60, 62), not including Plaintiff's Motion.[3] That is excessive and out-of-control harassment.

As part of its broad discretion to control its docket, the Court should issue an order prohibiting Plaintiff from filing any further motions in this lawsuit until the Court rules on the pending Motion to Dismiss. He has subjected the Court and the Responding Defendants to more than enough motions practice. Plaintiff should do what the Responding Defendants are doing—waiting for the Court to issue rulings on the pending motions—instead of creating more work for the Court and the Responding Defendants by using his generative AI model to crank out more unnecessary motions. Plaintiff has "multiplie[d] the proceedings in [this] case unreasonably and vexatiously," 28 U.S.C. § 1927. If he were an attorney, such misconduct would subject him to Section 1927 sanctions. His status as a *pro se* plaintiff should not give him free rein to harass the

[3] The eight motions cited above are in addition to: (a) other filings by Plaintiff in this lawsuit; (b) motions that Plaintiff filed in this lawsuit before the Motion to Dismiss was filed; and (c) a flood of motions filed by Plaintiff in his two related lawsuits that are pending in this Court.

Responding Defendants and waste the Court's time by filing motions that unreasonably, vexatiously multiply the proceedings in this lawsuit.

For the foregoing reasons, the Court should deny Plaintiff's Motion and issue the order requested above.

Dated: November 6, 2026

Respectfully submitted,

McDANIEL WOLFF PLLC

Bart W. Calhoun, No. 2011221
Brittany D. Webb, No. 2023139
Ginny Ashcraft, No. 2023232
1307 West 4th Street
Little Rock, AR 72201
(501) 954-8000
bart@mcdanielwolff.com
bwebb@mcdanielwolff.com
gashcraft@mcdanielwolff.com

and

BALANCE LAW FIRM

B. Robert Liu (NY Bar: 5697552)
1 World Trade Center, Suite 8500
New York, NY 10007
(212) 741-8080
robert.liu@balancelawfirm.com

*Attorneys for Defendants Alibaba Group Holding Limited; Alibaba.com US E-Commerce Corp.; Alibaba.com U.S. LLC; AUS Merchant Services, Inc.; and Alibaba Group (U.S.) Inc.*

CERTIFICATE OF SERVICE

I hereby certify that on November 6, 2026, I electronically filed the foregoing Opposition with the Clerk of the Court using the CM/ECF system. I further certify that, because Plaintiff is proceeding *pro se* and is not a registered CM/ECF participant, I served a true and correct copy of the foregoing Opposition via United States First-Class Mail, postage prepaid, addressed to Plaintiff as follows:

Bradley Burchfield
5420 Kavanaugh Blvd. #7927
Little Rock, AR 72217

/s/ *Brittany D. Webb*
Brittany D. Webb, Ark. Bar No. 2023139