**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

BRADLEY BURCHFIELD PLAINTIFF

v. 4:26-cv-00826-DPM-JJV

ALIBABA GROUP HOLDING LIMITED, *et al.* DEFENDANTS

# ORDER

The Court makes the following rulings on the pending motions.

1. Plaintiff Bradley Burchfield's Motion for 240 Days to Complete Foreign Service and Limited Deferral of Dismissal Rulings (Doc. No. 39) is GRANTED IN PART and DENIED IN PART. He requests 240 days from the date of this Order to serve five foreign Defendants: Alibaba.com Singapore E-Commerce Pte. Limited, AliExpress E-Commerce One Pte. Ltd., Zhishang New Materials (Shandong) Co. Ltd., Shaanxi Bloom Tech. Co. Ltd., and Zichang New Materials Shandong Co. Ltd. (*Id*. at 1.) Because the Complaint has already been pending in this Court for more than 90 days, and was pending in state court for more than a month prior to that, the Court will allow Mr. Burchfield an additional 120 days from the date of this Order to effect service. All other relief requested in this Motion is denied. Mr. Burchfield should identify and serve any foreign Doe Defendants in the same timeframe.

Mr. Burchfield's Motion to Correct Defendant Identifications and Addresses and to Reissue Summons (Doc. No. 62) is DENIED at this time because it is unclear what relief he is seeking. Mr. Burchfield may seek leave to amend if and when he has finally determined the correct identities of all entities he wishes to include in this lawsuit. And he may present amended summonses under Federal Rule of Civil Procedure 4(a)(2) as needed. Otherwise, he need not file updates on his efforts to identify defendants or effect service.

2. Mr. Burchfield's Motion to Require B. Robert Liu to Show Cause and for Further Redactions and Protective Relief (Doc. No. 46) is DENIED as frivolous. The Court has already rejected Mr. Burchfield's attempt to make an issue of an exhibit containing publicly available information, as well as his attempt to manufacture a conflict arising from the use of that exhibit. (Doc. No. 38.) His efforts to further belabor this point are not well taken. Mr. Burchfield's Motion for Leave to Reply (in support of Doc. No. 46) and Defer Dismissal Rulings (Doc. No. 55) is also DENIED.

3. Mr. Burchfield's Motion to Clarify Scope of Removal and Subject Matter Jurisdiction with Conditional Request for Severance and Remand (Doc. No. 50) and his Motion for Prior Determination or Clarification of Subject-Matter Jurisdiction and Conditional Relief for Corrective Service (Doc. No. 52) are both DENIED. It is unclear what relief Mr. Burchfield is seeking, but if he needs clarification as to which claims and parties are included in this lawsuit, he should consult the docket. The Court has previously resolved the remand issue. (Doc. No. 44.) Mr. Burchfield's Motion for Leave to File Reply (in support of Doc. No. 50) and Supplemental Motion for Severance (Doc. No. 60) and his Motion for Leave to File a Reply (in support of Doc. No. 52) (Doc. No. 65) are both DENIED.

4. The Responding Defendants' Motion for Leave to File Reply in Support of Motion to Dismiss (Doc. No. 67) is GRANTED. The Clerk shall file their proposed Reply in Support of Motion to Dismiss. (Doc. No. 67-1.) Mr. Burchfield's request for leave to file a surreply, included in his Response to Defendants' Motion, is DENIED. (Doc. No. 68.)

5. Finally, the Court is working diligently to make findings and recommendations on Defendants' substantive Motions to Dismiss in this case and in Mr. Burchfield's two related actions – which are necessary hurdles for Mr. Burchfield to overcome before his cases can

continue. Mr. Burchfield is reminded that the filing of unnecessary motions will only further delay that process.

IT IS SO ORDERED this 18th day of November 2026.

JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE