**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF ARKANSAS**
**Central Division**

| | |
|---|---|
| BRADLEY BURCHFIELD,<br><br>Plaintiff,<br><br>v.<br><br>ALIBABA.COM GROUP HOLDING LIMITED, *et al.*,<br><br>Defendants. | No. 4:26-cv-00826-DPM-JJV |

**FIVE DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS**

Five defendants—Alibaba Group Holding Limited ("AGHL"), Alibaba.com US E-Commerce Corp., Alibaba.com U.S. LLC, Alibaba Group (U.S.) Inc., and AUS Merchant Services, Inc. ("AUS") (collectively, the "Moving Defendants")—file this reply in further support of their Motion to Dismiss ("Motion to Dismiss") (ECF No. 20) and in response to Plaintiff's Response in Opposition ("Opposition") (ECF No. 31) and Plaintiff's Brief in Support of Opposition ("Opposition Brief") (ECF No. 32) (collectively, "Opposition Papers").

**PRELIMINARY STATEMENT**

The Opposition Papers fail to undermine the arguments set forth in the Brief in Support of the Motion to Dismiss ("MTD Brief") (ECF No. 21). As discussed below, Plaintiff makes concessions regarding various issues that support dismissal. Moreover, he grasps at straws in a futile effort to conjure up factual disputes that do not exist and do not provide any basis for personal-jurisdiction discovery (Section I below); makes arguments opposing preclusion that are unavailing (Section II); fails to undermine the conclusion that the claims asserted against the Moving Defendants were filed too late (Section III); erroneously invokes Rule 17(a)(3) of the

Federal Rules of Civil Procedure (Section IV); and misconstrues the pleading-with-particularity requirement imposed on him by Rule 9(b) (Section V).

This frivolous lawsuit is part of Plaintiff's years-long harassment campaign against companies allegedly associated with the Alibaba.com Platform, and nothing in the Opposition Papers refutes that assessment. The Court should stop that harassment and grant the Motion to Dismiss.

## ARGUMENT

### I. Plaintiff Has No Persuasive Response To The Moving Defendants' Lack-Of-Personal-Jurisdiction Arguments, Which Are Supported By Detailed Declarations Setting Forth The Relevant Facts.

As this Court stated when discussing a motion to dismiss in Plaintiff's related lawsuit, that motion presents a lack-of-personal-jurisdiction argument that "is supported by detailed Declarations setting forth the relevant facts." August 21, 2026 Order at 1 (No. 4:26-cv-00611-DPM-JJV, ECF No. 64). Likewise, the Moving Defendants' lack-of-personal-jurisdiction arguments in this case are supported by five detailed declarations that set forth the relevant facts. *See* Declaration of Jieyun Li Regarding Alibaba Group Holding Limited ("Li AGHL Declaration") (ECF No. 21-1); Alibaba.com US E-Commerce Corp. Declaration (ECF No. 21-2); Alibaba.com U.S. LLC Declaration (ECF No. 21-3); Alibaba Group (U.S.) Inc. Declaration (ECF No. 21-4); Declaration of Jing Kang ("Kang AUS Declaration") (ECF No. 21-5).

The Opposition Papers do not present any persuasive responses to the Moving Defendants' lack-of-personal-jurisdiction arguments and fail to satisfy Plaintiff's burden of establishing that this Court has personal jurisdiction over the Moving Defendants in this lawsuit.

***First***, when presenting his personal jurisdiction arguments, Plaintiff completely ignores the "transnational context of this dispute," but that "bears attention," *Daimler AG v. Bauman*, 571 U.S.

117, 140 (2014). It is undisputed that AGHL is a foreign company; it is incorporated under the laws of, and has its principal place of business in, other countries. Thus, in accordance with *Daimler*, this Court should take "international comity" and "[c]onsiderations of international rapport," *id*. at 141-42, into account when deciding whether to accept Plaintiff's unduly broad arguments regarding personal jurisdiction as to AGHL.

***Second***, Plaintiff does not even try to rebut the showing made in the MTD Brief that this Court does not have general jurisdiction over the Moving Defendants in this lawsuit. He does not—and cannot—contend that the Moving Defendants are "at home" in Arkansas within the meaning of *Daimler*, 571 U.S. at 137, so this Court does not have general personal jurisdiction over the Moving Defendants.

***Third***, the Opposition Papers also fail to satisfy Plaintiff's burden of establishing that this Court has specific personal jurisdiction over the Moving Defendants in this lawsuit. The due process inquiry to determine whether a court can assert specific personal jurisdiction over a nonresident defendant "focuses on the relationship among the defendant, the forum, and the litigation." *Walden v. Fiore*, 571 U.S. 277, 283-84 (2014) (quotation marks omitted), so "the defendant's suit-related conduct must create a substantial connection with the forum State," *id*. at 284. Moreover, the relationship among the defendant, the forum, and the litigation "must arise out of contacts that the defendant *himself* creates with the forum State." *Walden*, 571 U.S. at 284 (emphasis in original; quotation marks omitted). It "is the defendant, not the plaintiff or third parties, who must create contacts with the forum State." *Id*. at 291. As established in the MTD Brief (page 4), Plaintiff is required to establish personal jurisdiction as to each defendant and is not allowed to aggregate multiple defendants' forum contacts when trying to satisfy his personal jurisdiction burden. Plaintiff agrees. *See* Opposition Brief at 3 ("Personal jurisdiction must

ultimately be established as to each defendant. Plaintiff does not ask the Court to aggregate contacts.”).

The personal jurisdiction arguments in the Opposition Brief (pages 3-4) fail to show that any of the Moving Defendants engaged in suit-related conduct that created a substantial connection with Arkansas. Plaintiff presents nothing to establish that the Moving Defendants (as opposed to Plaintiff himself or another defendant) created ***any*** contacts with Arkansas—let alone the kind of contacts sufficient to satisfy the applicable legal standards, *see Walden*, 571 U.S. at 286 (stating that a defendant’s “random, fortuitous, or attenuated contacts” or “the unilateral activity of a plaintiff” do not suffice to give a court specific personal jurisdiction (quotation marks omitted)); *Viasystems, Inc. v. EBM-Papst St. Georgen GmbH & Co., KG*, 646 F.3d 589, 594 (8th Cir. 2011) (holding that defendant’s contacts with the forum State—“scattered e-mails, phone calls, and a wire-transfer of money” to plaintiff in the forum State—were “the sort of random, fortuitous, and attenuated contacts that cannot justify the exercise of personal jurisdiction”). Thus, ***Plaintiff’s*** decision to cause his company (Burchfield Sales and Consulting LLC (“BSAC LLC”)) to enter into a purchase-sale transaction (via the Internet) with a seller located in China, Defendant Zichang New Materials (Shandong) Co. Ltd. (“Zichang”), does not satisfy Plaintiff’s burden of establishing that any of the ***Moving Defendants*** created sufficient contacts with Arkansas to give this Court specific personal jurisdiction over any of them in this lawsuit.

Although Plaintiff discusses various documents related to the order placed by BSAC LLC for the product offered for sale by Zichang, *see* Opposition Brief at 3, he fails to tie any of the Moving Defendants to that order or those materials. Indeed, Plaintiff admits that those “materials do not prove that all five movants had Arkansas contacts.” *Id*. To be more precise, the materials presented by Plaintiff do not prove that ***any of the Moving Defendants*** had Arkansas contacts.

Moreover, Plaintiff misses the mark by trying to raise a question about "the responsible entity." Opposition Brief at 3 (stating that the materials Plaintiff presents "show that the responsible entity and records can be identified through a modest search). Despite Plaintiff's efforts to muddy the waters, there is no unresolved question regarding the entities that were involved in the June 2021 transaction at issue in this lawsuit and no need to search for records. The documents already in Plaintiff's possession that are part of the record in this lawsuit—the contract and the receipt for that transaction (ECF No. 1-2, at ECF pages 367 *et seq*.)—show that Zichang was the seller and that Alibaba.com Singapore E-Commerce Private Limited ("Alibaba Singapore") was the operator of the Alibaba.com Platform where Zichang offered the product for sale. That is consistent with the sworn statement presented in support of the Motion to Dismiss. *See* Li AGHL Declaration ¶ 8 (stating that Alibaba Singapore "owns and operates the Alibaba.com Platform") (ECF No. 21-1). Alibaba Singapore is a defendant in this lawsuit but, as discussed above, that defendant's alleged connection to the Internet transaction at issue in this lawsuit does not satisfy Plaintiff's burden of establishing that this Court has specific personal jurisdiction over any of the Moving Defendants in this lawsuit.[1]

The Moving Defendants presented detailed declarations establishing that they had no connection to, or involvement with, the transaction at issue in this lawsuit. *See* Li AGHL Declaration (ECF No. 21-1); Alibaba.com US E-Commerce Corp. Declaration (ECF No. 21-2); Alibaba.com U.S. LLC Declaration (ECF No. 21-3); Alibaba Group (U.S.) Inc. Declaration (ECF

---

[1] Nothing in this reply should be construed as a concession that this Court has personal jurisdiction over Alibaba Singapore. To the knowledge of undersigned counsel—who have not entered their appearances for Alibaba Singapore in this lawsuit—Plaintiff has not effected service of process on that defendant. If he does so, Alibaba Singapore will have the opportunity to present arguments regarding personal jurisdiction and other issues as it deems appropriate.

No. 21-4); Kang AUS Declaration (ECF No. 21-5). Plaintiff does not present any evidence to rebut—or even cast doubt on—the evidence presented in those detailed declarations.

***Fourth***, Plaintiff's requests for wide-ranging, burdensome discovery (interrogatories, document requests, and Rule 30(b)(6) deposition testimony) regarding personal jurisdiction issues, *see* Opposition Brief at 3-5, lack merit because—as discussed below—those requests are based entirely on speculation and/or conclusory assertions and involve issues that have been conclusively addressed by the Moving Defendants' detailed declarations.[2]

As established by the Eighth Circuit's *Viasystems* case, personal jurisdiction discovery is not appropriate when the plaintiff requesting such discovery presents nothing more than speculation or conclusory assertions in support of his request. The Eighth Circuit affirmed a district court's denial of a plaintiff's motion for jurisdictional discovery, stating that the plaintiff's "assertion that jurisdictional discovery 'would likely' reveal these facts is entirely speculative," *Viasystems*, 646 F.3d at 598, and that, when "a plaintiff offers only speculation or conclusory assertions about contacts with a forum state, a court is within its discretion in denying jurisdictional discovery," *id.* (quotation marks omitted).

That language from the *Viasystems* opinion describes what Plaintiff has done here; his request for jurisdictional discovery is based on speculation or conclusory assertions. Thus, the

[2] Plaintiff's request for discovery regarding personal jurisdiction also makes no sense because he requests, as an alternative to Rule 30(b)(6) deposition testimony, a "sworn entity-identification declaration" and promises that, "[i]f verified records establish that a movant had no transaction-related or forum-related role, Plaintiff will dismiss that movant from claims tied to this order," Opposition Brief at 4-5. The papers submitted in support of the Motion to Dismiss already include five sworn declarations that conclusively establish that none of the Moving Defendants had a transaction-related or forum-related role. And the evidence presented in those declarations is entirely consistent with the key documents that Plaintiff has that are already in the record—namely, the contract at issue in this lawsuit and the order placed by BSAC LLC for the product that Zichang offered for sale. Those documents identify three companies (the buyer, the seller, and the operator of the Alibaba.com Platform), but none of them are Moving Defendants. If Plaintiff were a man of his word, he would have already dismissed the Moving Defendants. However, he has not done so because that would reduce the harassment aspect of this lawsuit. Maximum harassment impact is why he filed this sprawling, frivolous lawsuit.

Court should not let him use jurisdictional discovery to continue his harassment campaign and delay dismissal of the Moving Defendants from this lawsuit. For example, Plaintiff makes far too much of a procedural order issued years ago in another lawsuit (*Burchfield v. Alibaba.com LLC, et al.*, No. 4:22-cv-00861-LPR (E.D. Ark.)) filed by Plaintiff, *see* Opposition Brief at 4; Opposition at 1, to try to create confusion regarding AGHL's role vis-à-vis Alibaba Group (U.S.) Inc., but the Court should not allow itself to be misled. Plaintiff cannot take advantage of a mistake, which he may have made in that lawsuit regarding which defendant should be sued, to try to confuse the Court in this lawsuit about those two defendants. There is no "genuine naming issue," *id*. And there is a simple explanation regarding why the "same two names now appear simultaneously as separate movants," *id*. Plaintiff chose to name AGHL and Alibaba Group (U.S.) Inc. as defendants in this lawsuit, so that is why both defendants seek dismissal. There is nothing mysterious about that. Whatever mistaken impression Plaintiff may have had about those two companies has been conclusively laid to rest by evidence presented in support of the Motion to Dismiss. "AGHL is a separate legal entity from all of its subsidiaries," and "AGHL maintains its own books and records separate from those of any subsidiary." Li AGHL Declaration ¶ 6 (ECF No. 21-1); *see* Alibaba Group (U.S.) Inc. Declaration ¶ 5 ("Alibaba Group (U.S.) Inc. is a separate legal entity and maintains its own books and records.") (ECF No. 21-4).

Moreover, although Plaintiff singles out AUS, *see* Opposition Brief at 3-4, he presents nothing more than speculation and conclusory assertions regarding jurisdictional discovery involving that defendant. Nothing presented by Plaintiff rebuts, or even raises a question about, the conclusive evidence presented by AUS, which establishes—based on AUS's search for AUS records during the relevant period for the specific transaction at issue in this lawsuit—that AUS had no connection to, or involvement with, that transaction:

> AUS searched for transactions in which the buyer was "Burchfield" amongst the Alibaba.com transactions processed by AUS between May 15, 2021 to June 15, 2021. That search would capture any transaction in which the buyer's name included the word "Burchfield," regardless of whether that word was part of an individual's name or part of a company's name. AUS did not find any such transaction. AUS did not participate in or supervise any transaction where Plaintiff Bradley Burchfield (or his company Burchfield Sales and Consulting LLC) allegedly bought or tried to buy a product on the Alibaba.com Platform between May 15, 2021 to June 15, 2021.

Kang AUS Declaration ¶ 9 (ECF No. 21-5); *see id.* ¶ 8 (explaining that several companies other than AUS provide, and have provided, payment processing service for sale/purchase e-commerce transactions consummated via the Alibaba.com Platform), ¶¶ 10-18 (discussing various ways in which AUS had no connection to, over involvement with, the transaction at issue in this lawsuit).

In response to that conclusive evidence presented to support AUS's lack-of-personal-jurisdiction argument, Plaintiff offers nothing more than unsupported speculation regarding why AUS's records search might have missed records for the transaction at issue here, *see* Opposition Brief at 3-4. That presumably is "AI slop" spewed out by the generative artificial intelligence model that Plaintiff uses to conjure up baseless arguments for this litigation. The Opposition Brief does not—and cannot—explain why Plaintiff knows better than AUS how to conduct a complete search of AUS's own records. The Court should reject Plaintiff's request for discovery to "test[] the completeness of AUS's search," *id.* at 4, because his speculation and conclusory assertions do nothing to suggest that AUS's search was incomplete.

## II. Plaintiff's Arguments Regarding Preclusion Principles Are Unavailing.

As established by the MTD Brief, Plaintiff had full and fair opportunities to litigate his claims involving the same Alibaba.com Platform transaction at issue here against various Alibaba

defendants in his prior dismissed lawsuits, so the Court should dismiss AGHL from this lawsuit based on preclusion principles (claim preclusion and/or issue preclusion).[3]

In response, Plaintiff tries to muddy the waters, *see* Opposition Brief at 5-6, but fails to present a meritorious argument to avoid preclusion. The Moving Defendants are not required "to map every present movant to every earlier party or establish privity for each," *id*. at 5, because the same plaintiff who filed the prior lawsuits is pursuing this lawsuit arising out of the same Alibaba.com Platform transaction that was at issue in those lawsuits. The key question for determining the preclusive impact of a prior lawsuit on a subsequent lawsuit is not whether the prior lawsuit and the current lawsuit allege exactly the same claims against exactly the same line-up of defendants. What matters is "whether the claims arise out of the same nucleus of operative fact or are based upon the same factual predicate" and whether the subsequent lawsuit would "relitigat[e] issues that were or ***could have been raised*** in [the prior lawsuit]." *Elbert v. Carter*, 903 F.3d 779, 782 (8th Cir. 2018) (emphasis added).

Based on those principles, the Motion to Dismiss should be granted because the claims asserted against the Moving Defendants arise out of the same nucleus of operative fact or are based on the same factual predicate as the claims alleged in Plaintiff's prior lawsuits—namely, the June 1, 2021 Alibaba.com Platform transaction involving the chemical product sold by the third-party seller Zichang—so this lawsuit relitigates issues that Plaintiff did raise, or could have raised, in those prior lawsuits. In *Elbert*, the Eighth Circuit held that "[t]here is no good reason why [plaintiff] should have a second chance to add these claims and defendants" and went on to explain that "[a]ll of his claims arise out of the same police raid"; that plaintiff "could have brought the

[3] The Supreme Court used the term "res judicata doctrines" to refer collectively to claim preclusion and issue preclusion. *New Hampshire v. Maine*, 532 U.S. 742, 748 (2001); *see Sandy Lake Band of Mississippi Chippewa v. United States*, 714 F.3d 1098, 1102 (8th Cir. 2013) ("Res judicata incorporates the concepts of both issue preclusion and claim preclusion."). The Moving Defendants invoke both preclusion doctrines.

new claims against [the defendant] in the first action and failed to do so"; and that plaintiff "could have joined the other police officers as defendants in the first action but failed to do so in a timely manner." *Elbert*, 903 F.3d at 784. After all, any "other rule would enable plaintiff to avoid the doctrine of res judicata by the simple expedient of not naming all possible defendants in [his] first action." *Id.* (alterations in original; quotation marks omitted). Likewise, this lawsuit arises out of the same June 1, 2021 Alibaba.com Platform transaction that was at issue in Plaintiff's prior lawsuits, and it does not matter whether all of the Moving Defendants was named in all of those prior lawsuits because Plaintiff could have named them as defendants. His prior lawsuits gave him "a full and fair opportunity to litigate," *Montana v. United States*, 440 U.S. 147, 153 (1979); *Elbert*, 903 F.3d at 784 (quotation marks omitted), any claims allegedly arising out of that June 1, 2021 transaction, so he is not allowed to use this lawsuit to relitigate claims that were, or could have been, asserted in those prior lawsuits. Or, as the Eighth Circuit put it, the "question here is not whether [plaintiff] is entitled to the time-honored tradition of 'his own day in court,' but whether he gets 'a second bite at the apple.'" *Elbert*, 903 F.3d at 784 (citations omitted). Of course, the situation here is even worse than the situation addressed in *Elbert*, because Plaintiff already had three bites at the apple. The Court should not allow him to take a fourth bite.

Although Plaintiff relies on 2026 customer service communications about a proposed resolution of his complaints related to the June 2021 transaction, *see* Opposition Brief at 2, 6, that argument lacks merit (and proves the adage that no good deed goes unpunished). The claims asserted against the Moving Defendants arise out of the June 2021 transaction—not out of efforts in 2026 by the customer service department for the Alibaba.com Platform to respond to Plaintiff's inquiry by offering him a credit or refund. Public policy supports such customer service efforts, so the Court should not issue a ruling here that would discourage such efforts. Those 2026

communications do not allow him to evade the preclusion arguments set forth in the MTD Brief.[4]

## III. The Opposition Papers Fail To Undermine The Conclusion That The Claims Asserted Against The Moving Defendants Were Filed Too Late.

The MTD Brief (pages 22-25) established that the claims asserted against the Moving Defendants are barred by the applicable statutes of limitations because this lawsuit was filed on July 8, 2026—more than five years after the claims accrued. In other words, some of the claims are governed by limitations periods of less than five years, and any claim governed by a five-year limitations period also is untimely.[5]

Plaintiff does not dispute those dates or the statutes of limitations cited in the MTD Brief. Moreover, he "acknowledges that the June 2021 transaction presents a substantial limitations issue for claims that accrued immediately and were not tolled," Opposition Brief at 6, but he does not—and cannot—present any argument to show that his claims are saved from dismissal by delayed

[4] The two cases cited by Plaintiff, *see* Opposition Brief at 6, do not help his argument because, unlike this lawsuit, both of those cases involved conduct that occurred after the conclusion of the prior lawsuit and gave rise to new claims. *See Lucky Brand Dungarees, Inc. v. Marcel Fashions Group, Inc.*, 590 U.S. 405, 414 (2014); *Lawlor v. National Screen Serv. Corp.*, 349 U.S. 322, 328 (1955). Plaintiff also relies on the minor procedural order, *see* Opposition Brief at 5, discussed above, but that order does not undermine the conclusion that his claims are barred by preclusion principles. The fact that Plaintiff changed his mind in a prior lawsuit regarding which defendant to sue—resulting in a change of the named defendant from AGHL to Alibaba Group (U.S.) Inc.—does not mean that preclusion principles do not bar the claims at issue here. That order actually provides further support for the preclusion argument asserted in the MTD Brief because the order shows that Plaintiff ***could have sued*** both of those defendants in that prior lawsuit. As discussed above, that is what matters more than exactly which defendants were named in the prior lawsuit. *See Elbert*, 903 F.3d at 784 (holding that "[t]here is no good reason why [plaintiff] should have a second chance to add these claims and defendants" and explaining that plaintiff "could have brought the new claims against [the defendant] in the first action and failed to do so").

[5] When discussing the breach-of-contract claim, the MTD Brief contended that a three-year limitations period—or, in the alternative, a five-year limitations period—applies to that claim. There is another alternative. If the contract at issue here is deemed to be a contract for sale of goods under the Uniform Commercial Code, then the breach-of-contract claim could be governed by the four-year limitations period set forth in Ark. Code Ann. § 4-2-725. *See Church on the Rock – Texarkana v. Ace Signs of Arkansas, LLC*, 2025 Ark. App. 35, 706 S.W.3d 734 (affirming trial court's ruling applying Section 4-2-725 four-year limitations period). In this lawsuit, the Court need not decide which of those limitations periods applies to the breach-of-contract claim because, even if the five-year limitations period applies, it is undisputed that this lawsuit was filed more than five years after that claim accrued.

accrual or tolling. Plaintiff wisely admits that he does not offer the 2026 customer service communications "to restart an expired limitations period for the original payment [made in June 2021] merely because a compromise proposal was made" *Id*. The statute-of-limitations arguments in the MTD Brief present more than "a substantial" issue; they are dispositive and lead inexorably to the conclusion that the claims must be dismissed.[6]

In a last-ditch effort to avoid dismissal, Plaintiff makes a mealy-mouthed, equivocal request for leave to amend the Complaint—"[i]f the Court finds the Complaint insufficiently distinguishes timely later conduct from the original transaction, Plaintiff requests leave to amend," Opposition Brief at 6—but that misses the mark. The problem for Plaintiff regarding this issue is ***not*** how the Complaint is drafted. Dismissal is required not because that pleading "insufficiently distinguishes" between timely and untimely conduct but because there is no "later conduct" that would change the statute-of-limitations-dismissal conclusion by giving Plaintiff a meritorious argument for delayed accrual or tolling. Thus, the Court should reject his request for leave to amend as a delaying tactic designed to postpone the day of reckoning and allow him to continue this litigation harassment.

## IV. Plaintiff's Effort To Invoke Rule 17(a)(3) Lacks Merit Because His Decision To Name Himself (Instead Of His Company) As Plaintiff Was a Litigation Strategy And Deliberate Tactical Maneuvering—Not A Mistake Due To A Difficult Determination Regarding The Proper Plaintiff.

The MTD Brief (pages 25-27) established: (a) that Plaintiff's breach-of-contract claim (Count I) fails as to the Moving Defendants because there was no contract between any of them and Plaintiff; and (b) that the other claims fail because Plaintiff is not the proper party to assert

[6] Plaintiff cites an Eighth Circuit case for the proposition that a statute-of-limitations defense "may be resolved at the pleading stage only when the complaint itself establishes the bar," Opposition Brief at 6, but that does not help his argument. The Moving Defendants' statute-of-limitations arguments are based on a limited set of facts (dates and key documents) that: (a) Plaintiff does not dispute; and (b) are based on the Complaint and exhibits that Plaintiff himself incorporated by reference in that pleading.

them. Plaintiff admits that the "contract record names BSAC LLC as buyer" and that this fact "creates a serious question as to who owns the contract claim." Opposition Brief at 5. Moreover, he "does not ask the Court to ignore that document." *Id.*

On this record, the Court should not allow Plaintiff to take advantage of Rule 17(a)(3) because he did not mistakenly name himself (instead of BSAC LLC) as the plaintiff in this lawsuit but rather engaged in deliberate tactical maneuvering in an effort to prosecute this lawsuit as a *pro se* plaintiff and avoid the need to have an attorney represent BSAC LLC. Rule 17(a)(3) does not allow a plaintiff to resort to such procedural gamesmanship and then, when the defendant objects, use that rule to request more time to reconfigure his lawsuit. Although that rule, when "[r]ead literally, … would appear to require that a party *always* be given a reasonable time to substitute the real party in interest where objection has been made[,] … [s]uch a literal reading … would countenance conduct in violation of the spirit of the Rules …." *Esposito v. United States*, 368 F.3d 1271, 1275 (10th Cir. 2004) (emphasis in original); *see Sisson v. Patel*, No. 20-05101-CV-SW-BP, 2021 WL 9958730, at *2 (W.D. Mo. Mar. 8, 2021) (quoting Advisory Committee Notes to Rule 17 and stating that "it has been held that[,] when the determination of the right party to bring the action was not difficult and when no excusable mistake had been made, then Rule 17(a)(3) is not applicable and the action should be dismissed" (quotation marks omitted)). Thus, "'[m]ost courts have interpreted this sentence [in Rule 17(a)(3)] as being applicable only when the plaintiff brought the action in her own name as the result of an understandable mistake, because the determination of the correct party to bring the action is difficult.'" *Taylor v. Comcast Cablevision of Arkansas, Inc.*, 252 F. Supp. 2d 793, 795 (E.D. Ark. 2003) (quoting *Wieburg v. GTE Southwest Inc.*, 272 F.3d 302, 308 (5th Cir. 2001)); *see Crowder v. Gordons Transports, Inc.*, 387 F.2d 413, 418 (8th Cir. 1967) (Rule 17 "is intended to prevent forfeiture when determination of the proper

party to sue is difficult or when an understandable mistake has been made" (quotation marks omitted)); *Anderson v. Bristol, Inc.*, 847 F. Supp. 2d 1128, 1135 (S.D. Iowa 2012) (quoting *Crowder*, 387 F.2d at 418, with approval). When deciding whether to dismiss a lawsuit or allow substitution of the real party in interest, a court "should consider whether the plaintiff engaged in deliberate tactical maneuvering (i.e. whether his mistake was honest)." *Suda v. Weiler Corp.*, 250 F.R.D. 437, 440 (D.N.D. 2008) (quotation marks omitted).

Here, the Opposition Papers and the Complaint show that Plaintiff knew exactly what he was doing when he decided to file this lawsuit in his own name, instead of naming BSAC LLC as the plaintiff. That decision was intentional—not a mistake. The Opposition Papers do not claim that it was a mistake. For more than five years before this lawsuit was filed, Plaintiff knew that BSAC LLC was identified as the buyer in the June 1, 2021 Trade Assurance Purchase Contract that is at the center of this lawsuit. Moreover, Plaintiff's decision to invoke in the Complaint (paragraph 7) the "real party in interest" concept and request (among other relief) leave for "appearance of counsel" for BSAC LLC, as well as his description of himself as the "beneficial owner of the subject claim" in the caption of the Complaint, further support the conclusion that Plaintiff did not make a mistake regarding the proper plaintiff but instead engaged in tactical maneuvering to try to serve his perceived litigation interest.[7]

The issue here is not whether Plaintiff failed to name the correct "Alibaba" company as a ***defendant***; it is whether he mistakenly named the wrong ***plaintiff***. He did name the wrong plaintiff, but it was not a mistake within the meaning of the Rule 17(a)(3) case law, so he is not entitled to the benefit of Rule 17(a)(3). *Compare Bell v. Mine Safety Appliances*, No. 1:13-cv-01075, 2015

[7] Now that the Moving Defendants have objected based on the lack of a proper plaintiff, Plaintiff may regret his tactical decision and may conclude that it was a mistake, but such hindsight-driven regret is not the kind of mistake that matters for purposes of the Rule 17(a)(3) case law discussed above.

WL 10939715, at *3 (W.D. Ark. Nov. 17, 2015) (rejecting plaintiffs' Rule 17(a)(3) argument and stating: "The determination of the real party in interest was not difficult for the Plaintiffs in this case; nor was there an understandable or excusable mistake in this regard.") *with Applied Risk Servs., Inc. v. Beemac Driver Mgmt., LLC*, No. 8:15CV110, 2016 WL 3033704, at *3 (D. Neb. May 26, 2016) (allowing the named plaintiff to file a Rule 17(a) motion to substitute to name a different plaintiff, provided that the named plaintiff "can show it made an honest or understandable mistake as to the identification of the real party in interest"); *Suda*, 250 F.R.D. at 441 (declining to dismiss lawsuit based on Rule 17(a) because "[t]here is no evidence that [plaintiff] engaged in deliberate tactical maneuvering when he brought this action in his own name based on his mistaken belief that his insurance policy had a deductible").[8]

## V. Plaintiff's Cursory Argument Regarding Rule 9(b) Misconstrues The Pleading-With-Particularity Requirement Imposed On Plaintiff By That Rule.

The MTD Brief established (pages 22-25) that Plaintiff's vague claims for alleged fraud (Count II) and alleged violations of the Arkansas Deceptive Trade Practices Act ("ADTPA") (Count III) should be dismissed as to the Moving Defendants because those claims fail to satisfy the heightened pleading requirement of Rule 9(b) of the Federal Rules of Civil Procedure.

Plaintiff does not dispute that those claims are subject to Rule 9(b), *see* Opposition Brief at 6-7, but he misconstrues the pleading-with-particularity requirement that is imposed on him by

[8] Plaintiff unsuccessfully tries to conjure up a factual dispute by relying on his declaration and arguing that "he personally supplied the money, the LLC had no bank account, and he personally bore the alleged loss." Opposition Brief at 5. Those facts are within Plaintiff's knowledge, so he could have alleged them in the Complaint. In any event, that is not a genuine factual dispute because, even if Plaintiff made that payment from his own credit card or bank account, he would have made that payment for or on behalf of BSAC LLC, in his capacity as a member and/or officer of that company. Plaintiff cannot invoke or disavow the limited-liability-company form whenever it suits him, depending on whether it hurts or helps his litigation position, because Plaintiff and BSAC LLC are separate and distinct. *See Thomason v. Randall*, No. 4:12-cv-4155, 2015 WL 247707, at *3 & n.1 (W.D. Ark. Jan. 20, 2015) (stating that "Arkansas has recognized the nearly universal rule that a corporation and its stockholders are separate and distinct" and that "Arkansas courts have applied the same rule to limited liability companies and their members" (citing cases)).

that rule. Although Plaintiff points to certain details that might satisfy Rule 9(b) as to his claims ***against Zichang*** (which are not challenged by the Motion to Dismiss[9]), those details do not involve the ***Moving Defendants*** and therefore fail to satisfy Rule 9(b) as to claims asserted against those defendants. Each defendant is entitled to the pleading particularity required by Rule 9(b)—so that each defendant is put on notice of what it allegedly did wrong—and lumping multiple defendants together through group pleading violates Rule 9(b). *See Christopherson v. Bushner*, 33 F.4th 495, 502-03 (8th Cir. 2022) (holding that a fraud claim that lumped multiple defendants together violated Rule 9(b) because it did "not plead with particularity which defendant made what representation to the [plaintiffs], let alone the nature of any Defendant's participation in a specific misrepresentation"); *Streambend Properties II, LLC v. Ivy Tower Minneapolis, LLC*, 781 F.3d 1003, 1013 (8th Cir. 2015) (holding that a fraud claim "d[id] not come close" to satisfying Rule 9(b) because the complaint "attributed fraudulent representations and conduct to multiple defendants generally, in a group pleading fashion"); *U.S. ex rel. Beck v. Truradiation Partners Arkansas LLC*, No. 5:15-CV-5275, 2018 WL 2993539, at *2 (W.D. Ark. June 14, 2018) (dismissing fraud and ADTPA counterclaims based on Rule 9(b) because "the facts supporting each of these Counts fail to reveal what alleged wrongs each Plaintiff/Relator committed, and thus fail to put these individuals on notice as to the claims asserted against them").

Here, Plaintiff's fraud and ADTPA claims run afoul of the Rule 9(b) requirements discussed in *Christopherson*, *Streambend*, and *Truradiation Partners*. Plaintiff cannot use group pleading or vague arguments that lump defendants together to evade the requirement of pleading fraud with particularity as to ***each*** defendant, so the Court should dismiss both claims as to the

[9] Plaintiff states that the Court should not dismiss Zichang based on the Moving Defendants' arguments. *See* Opposition Brief at 7. That states the obvious and is unnecessary. Undersigned counsel do not represent Zichang, and the Motion to Dismiss does not seek dismissal of claims asserted against that defendant.

Moving Defendants. Moreover, the Court should not grant leave to amend regarding those claims because nothing in the Opposition Papers provides any basis for the Court to conclude that Plaintiff can fix the Rule 9(b) flaws at issue here.[10]

## CONCLUSION

For the reasons set forth above and in the MTD Brief, the Court should grant the Motion to Dismiss.

Dated: November 13, 2026

Respectfully submitted,

McDANIEL WOLFF PLLC

Bart W. Calhoun, No. 2011221
Brittany D. Webb, No. 2023139
Ginny Ashcraft, No. 2023232
1307 West 4th Street
Little Rock, AR 72201
(501) 954-8000
bart@mcdanielwolff.com
bwebb@mcdanielwolff.com
gashcraft@mcdanielwolff.com

and

BALANCE LAW FIRM

B. Robert Liu (NY Bar: 5697552)
1 World Trade Center, Suite 8500
New York, NY 10007
(212) 741-8080
robert.liu@balancelawfirm.com

*Attorneys for Defendants Alibaba Group Holding Limited, Alibaba.com US E-Commerce Corp., Alibaba.com U.S. LLC, Alibaba Group (U.S.) Inc., and AUS Merchant Services, Inc.*

[10] Plaintiff also asks the Court for leave to pursue discovery in the hope that discovery will allow him to satisfy Rule 9(b), *see* Opposition Brief at 7, but that is backwards—and not how Rule 9(b) and the pleading requirements work in federal court. He is not allowed to shoot first (by filing a complaint) and then ask questions later (by seeking discovery). To unlock the discovery door, Plaintiff first must plead a valid claim in accordance with the applicable pleading requirements, including Rule 9(b) for the two claims at issue here. He has not done so, which means that he is not entitled to discovery.